IN THE UNITED STATES DISTRICT COURT FOR

THE MIDDLE DISTRICT OF ALABAMA

---

FEDERAL DISTRICT COURT CASE NO: TO BE SUPPLIED    *3:05cv470-T*

ALABAMA COURT OF CRIMINAL APPEALS CASE NO:  CR-03-1286

CIRCUIT COURT CASE NO: CC-1997-95.62

---

MELVIN SMITH,

PETITIONER


VS.


WARDEN, ARNOLD HOLT,

RESPONDENTS

---

## MEMORANDUM BRIEF IN SUPPORT OF PETITION

## FOR WRIT OF HABEAS CORPUS,

## PURSUANT TO 28 USC 2254

---

MELVIN SMITH, AIS# 204766

BULLOCK CORRECTIONAL FACILITY

P.O. BOX 5107

UNION SPRINGS, AL. 36089

## TABLE OF CONTENTS

TABLE OF AUTHORITIES........................................ ii

GROUNDS RAISED IN FIRST RULE 32 PETITION................... iii,iiii-iv

GROUNDS RAISED IN SECOND RULE 32 PETITION................. iv

STATEMENT OF THE CASE AND FACTS........................... 1-3

ISSUES PRESENTED FOR REVIEW............................... 4

GROUND NO: I AND ARGUMENT................................. 5-7

GROUND NO: II AND ARGUMENT............................... 7-8

GROUND NO: III AND ARGUMENT.............................. 9-10

GROUND NO: IV AND ARGUMENT............................... 11-12

GROUND NO: V. AND ARGUMENT............................... 13-15

GROUND NO: VI AND ARGUMENT............................... 16-17


CONCLUSION............................................... 18


CERTIFICATE OF SERVICE...................................18

EXHIBIT # A CONSIST OF 9 PAGES ATTACHED HERETO

EXHIBIT # B CONSIST OF 2 PAGES ATTACHED HERETO

COURT OF CRIMINAL APPEALS MEMORANDUM OPINION OF
SEPTEMBER 20, 2002 consist of 3 Pages

COURT OF CRIMINAL APPEALS MEMORANDUM OPINION OF
AUGUST 20, 2004 CONSIST OF 3 PAGES ATTACHED HERETO

CIRCUIT COURT OF RUSSELL COUNTY'S ORDER OF
FEBRUARY 14, 2002 CONSIST OF 2 PAGES
**NOTE. ALL EXHIBITS ARE NECESSARY IN THIS PETITION**

-

## TABLE OF AUTHORITIES

BATSON V. KENTUCKEY, 90 Led 2d 89......................... 14

BRYANT V. STATE, 793 So. 2d 1138 (Ala. Crim. App. 1998).... 17

BERGER V. U. S., 79 Led 2d 1314 (1985)..................... 5

DAVIS  V. ANGELES, 200 U.S. Dist. LEXIS. 3259.............. 13

DUNN V. U. S., 307 F. 2d 883 (5th Cir. 1962................ 5

EX PART FLOYD, 457 So. 2d 961 (Al. 1984).................. 9

EX PART RICE, 546 So. 2d 606 (Al. 1990)................... 9

EX PART GODBOLT, 546 So. 2d 991 (Al. 1987)................5,16

EX PART WILBITE, 485 So. 2d 787, 789 (Al. 1986)........... 16

EVITTS V. LUCEY, 83 Led 2d 821............................ 16

FRETWELL V. LOCKHEART, 122 Led 2d 180 (1992)............... 15

FARETTA V. CALIFORNIA, 45 Led 2d 562...................... 7

FORD V. STATE, 515 So. 2d 34 (Ala. Crim. App. 1986)........ 7

GLASS V. STATE, ]MS CR-03-0136] April 30, 2004............ 7

GREY V. GREENE, 778 F. 2d 350 (11th Cir. 1985)............ 17

HANSEN V. U.S956  F. 2d 245 (11th Cir. 1992)............. 5

HALE V. COCKRELL, 306 F. 3d 257 (11th Cir. 2003).......... 12

HARDY V. U.S., 11 Led 2d 331 (1964)...................... 5, 16

HICKS V. STATE, 733 So. 2d 895 (Ala. Crim. App. 1999)..... 7

HORTON V. ZANT, 941 F. 2d 1449 (11th Cir. 1991)............13

HUGHLEY V. STATE, 615 So. 2d 1244 (Ala. Crim. App. 1992)... 9

J.E.B.  V. ALABAMA, 128 Led 2d 89 (1994).................. 14

JOHNSON V. ZEBEST, 82 Led 2d 1461........................ 8

KYLE V. WHITLEY, 131 Led 2d 490 (1995)................... 15

LEE V. ALABAMA, 291 F.S. 921............................. 10

NELSON V. ALABAMA, 292 F. 3d 1221 (11th Cir. 2002)........ 7

PAYNE V. STATE, 791 So. 2d 383 (Ala. Crim. App. 1999)...... 17

STRICKLAND V. WASHINGTON, 80 Led 2d 647.................. 15

SNEED V. U.S. 527 F. 2d 590, 591 (4th Cir. 1975).......... 6

STIRONE V. U.S., 341 F. 2d 353-14 Led 2d 284.............. 6

U.S. V. CASH, 47 F. 3d 1083 (11th Cir. 1995).............. 7

U.S. V. HANNA, 21 F. 3d 42 (4th Cir. 1994)................ 6

U.S. V. PRECIADO, 981 F. 2d 1206 (11th Cir. 1993)..........5, 16

U.S. V. ROGERS, 981 F. 2d 497 (11th Cir. 1993)............ 6

U.S. V. RUSSELL, 703 F. 2d 1243,1248 (11th Cir. 1983)...... 6

U.S. V. YOUNG, 84 Led 2d 1 (1985)........................ 5

WOODS V. STATE, 2004 Ala. Crim. App. LEXIS 164, AUGUST 2004  9

## OTHER AUTHORITY

ALABAMA RULES OF APPELLATE PROCEDURE, RULE 10(g)............ 3

A. B. A. STANDARDS OF CRIM. JUSTICE........................ 5,15

ALABAMA RULES OF CRIM PROC. RULE 32.2...................... 7

ALABAMA RULES OF CRIM. PROC RULE 32.7 (a).................. 9

COURT REPORTER'S ACT 28 U. S. C. 753 (b).................. 5,16

28 U. S. C. 2254 (b), 2254 (d)(1).......................... 11

ACTS OF ALABAMA 1978 NO: 474.............................. 14

CODE OF ALABAMA 1975 TITLE 12-16-56....................... 14

## GROUNDS RAISED IN FIRST RULE 32 PETITION

(A). THE CONSTITUTION OF THE UNITED STATES OR THE STATE OF ALABAMA REQUIRES A NEW TRIAL, NEW SENTENCING PROCEEDING OR OTHER RELIEF;

(1) Conviction infringed upon Defendant's 1st Amendment right to freedom of religion;

(a) Defendant cannot be accused of Rape by only one witness, Annett Thomas, because doing so violated Defendant's free practice of religion. In the Bible, Deutermony 19:15 provides that a single witness may not testify against another person for any reason/ trespass or sin-any whatsoever-that he may have committed. A Matter may be legal only on the testimony of two or three witnesses;

DENIAL OF EFFECTIVE ASSSITANCE OF TRIAL COUNSEL:

(a) No Defense based on Defendant's freedom of religion was ever presented by any attorney

(b) Counsel Greg Kelley fail to study the police report and to investigate surronding facts which were necessary to sufficiently prepair for preliminary Hearing;

(c) Counsel Greg Kelley fail to visit Defendant in Jail to learn facts that were necessary to prepair for a successful preliminary Hearing;

(d) Counsel Greg Kelley fail to learn that Defendant desired to subpoena witnesses to testify on his behalf at preliminary Hearing;

(e) Counsel Greg Kelley fail to file a Motion to challenge the legality of the complaint and warrant of arrest;

(f) Counsel Greg Kelley fail to obtain D.N.A. test result so that they may have been used as favorable evidence at the preliminary hearing;

(g) Counsel Greg Kelley waivered the  Preliminary Hearing without the Defendant's concent;

(h) Counsel Greg Kelley fail to file for a Preliminary Hearing;

(i) Counsel Greg Kelley fail to file a Motion challenging the legality of the complaint and warrant of arrest;

(j) Counsel Greg Graham fail to file a Motion to dismiss the Indictment which omitted the essential elements of the offense and did not apprise the Defendant of charges against him;

(k) Counsel Greg Graham fail to inform Defendant of the relevant LAw in regard to the charges against him;

(1)Counsel Greg Graham fail to file a Motion to supress the testimony of Detective Leon Russell, who interrogated the Defendant concerning the present case before reading Defendant his Maranda Rights;

(m) Counsel Greg Graham failed to object to testimony given at trial by detective Lon Russell's testimony for the reasons stated in paragraph (1), and therefore not preserving the issue for Appeal;

(n) Counsel Greg Graham fail to investigate the surronding facts of the case so that he may present an effective defense at Trial;

(o) Counsel Greg Graham fail to learn that Defendant desired to subpoena witnesses at trial to testify on his behalf who would have testified concerning the Defendant's relationship with the victim, Annett Thomas, and that the tissues found under the victim's fingernails did not belong to the Defendant;

(p) Counsel Greg Graham fail to present an effective opening argument concerning Defendant's mistake of maintaining an adulterous relationship with the victim, Annett Thomas;

(q) Counsel Greg Graham fail to introduce into evidence the RapeKit which was favorable evidence to the Defendant;

(r) Counsel Greg Graham fail to file for acquittal when the State's Evidence was insufficient to sustain a Prima Facie case against Defendant on the Charge of Rape, not preserving this issue for Appeal;

(s) Counsel Greg Graham fail to protect Defendant's desire to have a Non-Jury Trial, which the Court had previously consented to;

(t) Counsel Richard Chancy fail to file a Motion for a New Trial on the basis of Ineffective Trial Counsel for the reasons stated in paragraph (i-t), and therefore not preserving  the issue for appeal;

(u) Counsel Richard Chancy fail to file a Motion for additional time so that he may study the Trial Court's Transcript to better prepare an Appellate argument;

-iiii-

(3) CONVICTION OBTAIN BY USE OF UNCONSTITUTIONAL WARRANT OF ARREST.

(a) Arrest warrant violates Defendant's rights to due process of law because the affidavit was signed only by Jay King, who had no personal knowledge of the incident;

(b) The affidavit accompanying the arrest warrant contains only a conclusion and omitted facts from which the conclusion is based;

(c) The Victim's deposition was not recorded into writing and therefore n.t offered to Magisterate Dennis Boswell before executing the arrest warrant;

## GROUNDS RAISED IN SECOND RULE 32 PETITION

(1) That there is no indication of record that this information was made in the manner prescribed by law, nor supported by Oath

(2) that the indictment in this case is void of any legal factual specificity;

(3) That the conviction was totally devoid of evidentiary support;

(4) That the Indictment fail to charge an Offense;

(5) That Petitioner was deprived of his Federal Equal Civil Rights, illegally, corruptly and knowingly in advance of Trial;

(6) That equal Protection of Law is Non-Existant under Alabama Law;

-iv-

## STATEMENT OF THE CASE AND FACTS

On October 25, 1996 Melvin Smith was arrested for the crime of Rape 1st degree of Annett Thomas.

Smith has always maintained that, during the time of the alleged Rape, he was working at the Veterans Administration (V.A. HOSPITAL) in Tuskegee, Alabama and Annett Thomas was employed at Tuskegee University;

Prior to and during the time given rise to the incident, Smith and Thomas was riding to and from work together from Hurtsboro Alabama to Tuskegee, Alabama.

Smih and Thomas car pooled to and from work together for approximately (5) five Years, meanwhile, a romantic relationship developed and exculated to the point where Smith had promised Annett Thomas that he would leave his wife and the two of them would move to Washington D.C..

Dr. Robert Kim, one of Smith's Supervisor's, and Co. Workers at the V.A. Hospital had made arrangements to obtain employment for Annett Thomas in Washington D.C..

On the day of the alleged Rape, Melvin Smith had gone to Annett Thomas's house to tell her that the relationship was over.

Smith has always admitted that he and Annett Thomas had consentual Sex, and afterwords, is when he told her that he and his wife had decided he would NOT leave his wife for the sake of their three Children; Thomii llet lt.,y uutd'ŋ and vowed that she would get even with him.

Later that same day, Annett Thomas held true to her word, and Smith was arrested for the crime of rape, and placed on $50.000 Bond.

On January 9, 1997 the Attorney of Record, GREGORY KELLEY filed a

STATEMENT OF THE CASE AND FACTS CONTINUE

Motion for Bond reduction (RT.006-0007), and on January 22, 1997 the motion was denied;

The record shows that on January 28, 1997 Smith was released on bond. After his release he spoke with Attorney Gregory Kelley about representing him in this case, along with an unrelated offense..

The record before this court clearly shows that the Trial Court Appointed ATTORNEY L. JOEL COLLINS to represent Smith (RT.00016).

Smith appeared at his arraignment without the benefit of counsel, and the Trial Court Judge compelled him to enter a plea;

On April 29, 1997 Circuit Court Judge, JOHNSON ORDERED SMITH TO EITHER RETAIN COUNSEL, OR, IF HE WISHES, THE COURT WOULD APPOINT COUNSEL TO REPRESENT HIM.

Mistakenly, and without a KNOWINGLY and VOLUNTARILY WAIVER, Smith elected to represent himself.

The record does-not contain either a written waiver or a Colloquay (**FARETTA HEARING**) TO DETERMINE WHETHER SMITH KNEW WHAT RIGHTS HE WAS GIVING UP BY SELF REPRESENTATION:

Smith was in fact represented at trial by Attorney, yet the Trial Court says that Smith represented himself at Trial.

Smith was found Guilty of Rape first Degree, as charged in the Indictment and the Alabama Court of Criminal Appeals affirmed on Direct Appeal.

On or About July 10, 2001 Smith filed a Rule 32 Petition(HIS FIRST), and evidentiary hearing was set for October 10, 2001, and Attorney L. JOEL COLLINS was retained to represent Smith, and on February 14, 2002 the Circuit Court of Russell County, Alabama Denied his Petition.

A Second Rule 32 Petition was filed on or about January 9, 2003 and the Circuit Court denied Smith IN FORMA PAUPERIS DECOLORATION ON MARCH 12,2003;

STATEMENT OF THE CASE AND FACTS CONTINUE

Smith filed a WRIT OF MANDAMUS to the ALABAMA SUPREME COURT which was denied;

On December 3, 2003 the current Rule 32 Petition was mailed to the Circuit Court Clerk, and Smith paid the $182.00 filing fee on February 4, 2004;

After the (30) Thirty Day time limit had expired for the District Attorney to Respond, Smith filed a Motion to compell the District Attorney to respond on March 17, 2004 (R.44-45), and on March 19, 2004 the Circuit Court denied the Motion. (R.47).

On April 5, 2004 the Trial Court denied the Petition without requiring the District Attorney to respond to the allegations in the Petition.

Timely notice of Appeal was filed and the ALABAMA Court of Criminal Appeals required Smith to Pay a $100.00 DOCKETING FEE, which was paid on May 24, 2004;

The Alabama Cour tof Criminal Appeals affirmed the Denial of the Rule 32 Petition by memorandum opinion on August 20, 2004 . On September 2, 2004 Smith filed an APPLICATION FOR REHEARING PURSUANT TO ALABAMA RULES OF APPELLATE PROCEDURE RULE 39(k).

On or about. SEPTEMBER 27, 2004 Smith filed a PETITION FOR WRIT OF CERTORARI TO THE ALABAMA SUPREME COURT, WHICH WAS DENIED ON DECEMBER 10, 2004.

This is the first Habeas Corpus Petition filed into this Honorable Court, to review Smith conviction/Sentence, .

## ISSUES PRESENTED FOR REVIEW

### GROUND NO: I

WHETHER SMITH WAS ENTITLED TO AN EVIDENTIARY HEARING, OR A NEW TRIAL
BECAUSE HE WAS DENIED A FULL AND COMPLETE TRIAL TRANSCRIPT
PURSUANT TO THE COURT REPORTER'S ACT, AND WAS HE PREJUDICED ON APPEAL BY
THE MISSING PORTIONS NOT BEING MADE AVAILABLE TO HIM?OR APPELLATE COUNSEL?

### GROUND NO: II

DID THE PETITIONER PRESENT A SUBSTANTITIVE DUE PROCESS CLAIM REGARDING HIS
COMPENTENCY TO STAND TRIAL, AND DID HE KNOWINGLY WAIVER HIS
CONSTITUTIONAL RIGHTS TO HAVE COUNSEL REPRESENT HIM?

### GROUND NO: III

WHETHER OR NOT THE DISTRICT ATTORNEY IS
REQUIRED TO RESPOND TO EACH AND EVERY ALLEGATION CONTAINED IN
A POST CONVICTION PETITION, AND WHETHER THE TRIAL COURT COMMITTED REVERSIBLE
ERROR IN DENYING THE PETITION WITHOUT CONDUCTING AN EVIDENTIARY
HEARING ON THE MERITS OF THE PETITION?

### GROUND NO: IV

DID THE PETITIONER PROVE THAT HE WAS ACTUALLY INNOCENT OF THE CRIME FOR
WHICH HE WAS CONVICTED?

### GROUND NO: V

DID THE PETITIONER PROVE HIS INEFFECTIVE ASSISTANCE OF TRIAL COUNSEL CLAIM(S)

DID THE PETITIONER PROVE HIS INEFFECTIVE ASSISTANCE OF APPELLATE COUNSEL
AND WAS AN EVIDENTIARY HEARING REQUIRED ON THIS GROUND FOR RELIEF?

GROUND NO: I AND ARGUMENT

**GROUND**

WHETHER SMITH WAS ENTITLED TO AN EVIDENTIARY HEARING OR A NEW TRIAL

BECAUSE HE WAS DENIED A COMPLETE TRIAL TRANSCRIPT PURSUANT TO THE COURT REPORTER'S ACT AND WAS HE

PREJUDICED ON APPEAL BY THE MISSING PORTIONS NOT BEING MADE AVAILABLE TO HIM/OR APPELLATE COUNSEL ?

Petitioner, Melvin Smith was denied due Process and equal protection of Law, pursuant to the 6th

and 14th Amendment of the United States Constitution and the Constitution of Alabama, when he was

not afforded a full/complete Trial Transcript and record on Appeal;

In Smith's Post conviction Rule 32 Petition, on Appeal to the Alabama Court of Criminal Appeals,

and the Alabama Supreme Court, from the denial of his Petition, he has alleged with Specifics, which

portions of the record was missing, and how he was prejudiced by the missing portions of the record;

It has been shown, that Smith was represented on Appeal by counsel other than the Attorney at

trial, and the Alabama Supreme Court, Federal District Court and the United States Supreme Court has

Held;        "Where a criminal defendant is represented on appeal by counsel other than the Attorney

at Trial, the absence of a substantial and siginificant portion of the record, even

absent any showing of specific prejudice or error is sufficient to mandate a reversal;

EX PART GODBOLT: 546 So. 2d 991 (Al. 1987)...U.S. V. PRECIADO; 981 F. 2d 1206 (11th Cir. 1993)..

HARDY V. U. S. : 375 U.S. 277, 84 S. Ct. 424, 11 Led 2d 331 (1964)..

The 11th Circuit Court of Appeals went on to say in HANSEN V. UNITED STATES; 956 f 2d 245 (11th

Cir. 1992) " denying access to Court files to prisoner's, given the statutory inspection right granted

by 28 u. s. c. 753 (b) works an invidious discrimination which cannot past muster under the Equal

Protection pregnant of the fifth Amendment Due Process Clause when the : .......important Substantial

right of access to the Court is implicated"

Petitioner, Melvin Smith pointed out in his Post Conviction Rule 32 Petition, that the District

Attorney refered to him as a RAPEIST AND A LIER during Closing arguments to the Jury, in violation

of the american bar association A. B. A. STANDARD OF CRIMINAL JUSTICE 3-5-8  . (b)

This Court as well as the 11th Circuit Court of Appeals and the U.S. Supreme Court has condemed

this practice in the Case of DUNN V. UNITED STATES 307 F. 2d 883 (5th Cir. 1962)...BERGER V. UNITED

STATES: 79 Led 1314 (1935) ..UNITED STATES V. YOUNG,84^ Led 2d  1 (1985).

GROUND NO: I AND ARGUMENT CONTINUE

**Even** though defense Counsel fail to object to these comments, this court has the authority to review the record, using the PLAIN ERROR STANDARD which applies in determining whether Prosecutor's remarks offended due process, where Defendant did-not- object at Trial U.S. V. RODGERS , 981 F. 2d. 497 (11th Cir. 1993)

Plain error is error which, when examined in the context of the entire case is so obvious that failure to notice it would seriously affect the Judicial fairness, interguity and public reputation of Judicial proceedings UNITED STATES V. RUSSELL, 703 F. 2d 1243, 1248 (11th Cir. 1983)

In Petitioner's Rule 32 Petition he also pointed out that missing portions of the Voir Dire examination of the Petit Jury was missing, where one Juror responded in the affirmative, when ask "whether she or a close friend or relative had ever been the victim of rape". The Petitioner believes that this Juror went on to serve on his Jury, and this was error on the Court to allow a Juror to serve on the Jury, where they have been the victim of the same type of crime that the Petitioner is being tried for see STIRONE V. U. S. , 341 F. 2d 353- 85 S. ct 1446, 381 U.S. 902, 14 Led 2d 284.

While some Circuits has held that, District Court should have recorded proceeding in which Juror who had been selected for Defendant's Drug prosecution was removed for cause U.S. V. HANNA , 21 F. 3d 42 (4th Cir. 1994)

As the Court noted in SNEED V. UNITED STATES 527 F.2d 590,591 (4th Cir. 1975) "]t]he direction is simple and clear, the statute should be obeyed". Although prejudice may be required for reversal for violation of the statute, non-compliance seems fraught with potential for mistake and possible prejudice" 527 F. 2d at 591..

The writer of this Petition believes that, had this Juror who stated that she or her relative or close friend had been the victim of rape HAD BEEN REMOVED FROM THE JURY, it would have been recorded. The fact that it was not, lead a person to believe that she actually served on Smith's Jury;

For the reason's stated herein, the Petitioner believes that the proper course would be to ORDER an evidentiary Hearing, and reconstruct the record, or, ORDER A NEW TRIAL

## GROUND NO: II AND ARGUMENT

DID THE PETITIONER PRESENT A SUBSTANTITAVE DUE PROCESS CLAIM, REGARDING HIS INCOMPENIENCY TO
STAND TRIAL, AND DID HE KNOWINGLY WAIVER HIS CONSTITUTIONAL RIGHTS TO HAVE COUNSEL
REPRESENT HIM ?

In Petitioner, Melvin Smith's POST CONVICTION RULE 32 PETITION, he asserted that, his Counsel
was Ineffective for failure to present an INSANITY DEFENSE:

Smith presented Court Documents, and Medical evidence that proves he was not competent to stand
Trial ( SEE EXHIBIT # A AND EXHIBIT B ATTACHED HEREIO AND SUBMITTED IN THE RULE 32 PETITION)

The Issue/Ground of being Incompetent to stand Trial is a SUBSTANTITAVE DUE PROCESS CLAIM, that
is NOT subject to any of the procedural Bars in Rule 32.2  ALABAMA RULES OF CRIMINAL PROCEDURE, including
the limitation period GLASS V. STATE [MS. CR-03-0136[ APRIL 30, 2004, ___So. 2d _____(Ala. Crim.
App. 2004)   HICKS V. STATE, 733 So. 2d 895 (Ala. Crim. App. 1999).

These were the Holdings of the Alabama Court of Criminal Appeals, yet, this same Court has fail
to address this claim in Melvin Smith's Case;

Further, Petitioner was denied due process and equal protection of Law, pursuant to the 6th and
14th Amendment of the UNITED STATES Constitution and the Constitution of Alabama when the Trial Court
fail to conduct a colleguey with the Petitioner and explain the danger(s) Of self representation/or
hybird representation before compelling him to represent himself at a x critical stage of the proceeding,
THE ARRAINMENT.

The Trial Court Committed Reversable Error when it fail to conduct a Hearing in compliance with
the Holdings of FARETTA V. CALIFORNIA, 422 U.S. 806, 45 Led 2d 562, 92 S. Ct 2525.

The 11th Circuit Court of Appeals and the Federal District Court's has held, and followed the
Holdings of Faretta see NELSON V. ALABAMA 292 F.3d 1221 ( 11th Cir 2002)
UNITED STATES V. CASH, 47 F. 3d 1083 (11th Cir. 1995);

The Alabama Supreme Court and the Court of Criminal Appeals has  held that THE RECORD MUST AFFIRMAT-
IVELY  SHOW THAT THE ACCUSED WAS LITERATE, COMPETENT, AND UNDERSTANDING, AND THAT HE WAS VOLUNTARILY
EXERCISING HIS INFORMED FREE WILL EX PART ARTHUR, 711 So. 2d 1097 (Al. 1997) ..FORD V. STATE, 515
So. 2d 34 (Ala. Crim. App. 1986)...

## GROUND NO: II CONTINUE

A Defendant need not himself have the skills and experience of a Lawyer in order to compently and intelligently choose self-representation, he should be made aware of the danger and Disadvantages of self representation so that **"THE RECORD"** will establish that he knows what he is doing and his choice is made with eye's open; JOHNSON V. ZERBEST, 304 U.S. 458 id at 462-465, 58 S. Ct. 1019, 1023, 82 Led . . 1461.

In the present case, the record is devoid of any entries where the Petitioner was made aware of the disadvantages of self representation, therefore, this proves that he was never advised.

The Petitioner believes that, if this Court review the documents presented   it will be obvious that Smith DID-NOT- have the mental capacity to make an informed decision as to represent himself, at any of the stages of his Trial/Proceeding.

When Smith filed his first Rule 32 Petition, he raised the issue of Ineffective assistance of Trial Counsel and the Issue of Ineffective assistance of Counsel claim was dismissed, because the Trial Court stated that  SMITH KNOWINGLY AND VOLUNTARILY WAIVED THE ASSISTANCE OF Counsel **( SEE EXHIBIT # C, THE TRIAL COURT"S WRITTEN ORDER ENTERED FEBRUARY 14, 2002 attached hereto).**

When Smith filed the latest Post Conviction Rule 32 Petition, he raised the Ground that, HE WAS NOT GIVEN A FARETTA HEARING, before allowing him to represent himself, however, the Alabama Court of Criminal Appeals stated in it's AUGUST 20, 2004 MEMORANDUM OPINION EXHIBIT D AT FOOTNOTE NO: 2

"      that, WE ALSO NOTE THAT OUR RECORD INDICATE, AND SMITH ADMITTS IN HIS PETITION THAT HE WAS REPRESENTED BY COUNSEL FROM ARRAIGNMENT TO SENTENCING, BY COUNSEL: APPARENTLY **THE COURT CLERK AT ONE POINT MISTAKENLY NOTED ON A FORM THAT SMITH REPRESENTED HIMSELF, AND HE HAS BEEN TRYING TO USE THIS AS A WAY TO PRESENT YET ANOTHER  MENTAL COMPENTENCY CLAIM".**

It appears in Smith's Trial Transcript that he took part in his Opening and closing arguments, yet, he did not ask any questions to the witnesses, and this would constitute Hybird Representation, and Smith, as a matter of law, and facts, should have been informed of his rights that he was giving up by hybird representation, especially, the right to later  raise an Ineffective assistance of Trial Counsel Claim.

For these reasons, this Pro-Se Petitioner respectfully request that this Honorable Court will review the issue and exhibits, and remand this case back to the Circuit Court of Russell County, Alabama for a New Trial, and Order that Counsel be Appointed to represent him at the Trial, or in the Alternative, vacate the conviction/ sentence .

## GROUND NO: III AND ARGUMENT

WHETHER OR NOT THE DISTRICT ATTORNEY IS REQUIRED TO RESPOND TO
EACH AND EVERY ALLEGATION CONTAINED IN THE POST CONVICTION PETITION, AND,
WHETHER THE TRIAL COURT COMMITTED REVERSIBLE ERROR IN
DENYING THE PETITION WITHOUT CONDUCTING AN EVIDENTIARY HEARING
ON THE MERITS OF THE PETITION ?

The Alabama Supreme Court and the Alabama Legislature has established
clear rules and guidelines for the Circuit Court's and the Alabama Court
of Criminal appeals to follow.

The Rule in question here is, <u>ALABAMA RULES OF CRIMINAL PROCEDURE</u> RULE
32.7(a);

Even though this Court is not bound by Alabama Case Law, it could compell
the lower Court's to follow/honor their own Laws.

The Alabama Court of Criminal appeals has continueally held that; "Summary
Dismissal of a Rule 32 Petition will be reversed where the State is not
given the opportunity to respond to the Petition;

<u>HUGLEY V. STATE</u>, 615 So. 2d 1244 (Ala. Crim. App. 1992) see also, <u>WOODS</u>
<u>V. STATE,</u> 2004 Ala. Crim. App. LEXIS 164 AUGUST 27, 2004.

On or about December 31, 2003 the Petitioner filed the current Rule 32
Petition, pursuant to ALABAMA RULES OF CRIMINAL PROCEDURE RULE 32.7 (a),
the District Attorney of Russell County, Alabama had (30) Thirty days in
which to respond to the allegation contained in the Petition;

After the 30 day time limit had expired, the Petitioner filed a Motion
to compell a response to the Trial Court on MArch 17, 2004, and on MARCH
19, 2004 the Circuit Court denied the Motion, without requiring a response
from the District attorney; And on April 5, 2004 the Trial Court dismissed
the Rule 32 Petition as barred by the Statute of Limitation, even though
the issues presented in the Petition had never been adjudicated on the merits,
and the Prosecution did not argue that it was precluded.

On December 10, 2004 a Certificate of final judgement was issued bu
the Alabama Supreme Court.

It is the Petitioner's contentions to this Court that, because the District
Attorney fail to respond to the allegations in the Petition, these allegations
are to be accepted as true on the authority of the Alabama Supreme Court.

<u>EX PART FLOYD</u> , 457 So. 2d 961, 962 (Al. 1984)... <u>EX PART RICE:</u> 565 So.
2d 606 (Al. 1990)

GROUND NO: III CONTINUE

LEE V. ALABAMA, 291 F.S. 921

    For these reasons, this Pro-Se Petitioner respectfully request that this Honorable Court will either, Remand this Case  for a New Trial or Conduct an Evidentiary Hearing;

## GROUND NO: IV AND ARGUMENT

DID THE PETITIONER PROVE THAT HE WAS ACTUALLY INNOCENT
OF THE CRIME FOR WHICH HE WAS CONVICTED ?

It has always bee the Petitioner's contention that he
is not guilty of the crime of Rape, for which he is convicted.

It was his statement to the Police, and his testimony
at Trial that, he and Annett Thomas had had a long term relati-
onship, (an extra Marital Affair), and on the Day in question,
they engaged in sexual intercorse, and Oral Sex, and it was
consentual.

It was only after The Petitioner told Thomas that he
and his Wife was getting back together that she promised
that she would get him, and she did so the very same Day,
by calling the Police and said he had raped her.

The only thing that Melvin Smith is Guilty of is not
being faithful to his Wife, even though it is morally wrong,
there is no Criminal implications in the State Of Alabama,
and surely no Rape has occured.

The Antiterrorism and effective Death Penality Act (AEDPA)
provide for deference for reviewing claims in a State Prisoner's
Habeas Corpus Application that were adjudicated on the Merits
in State Court proceedings 28 U.S.C. 2254(b). A Federal
Court "MUST" defer a State Court's resolution of both pure
question of Law and Mix Question of LAw and facts unless
the State Court's determination was CONTRARY TO or Unreasonable
application of clearly established Federal LAw as determined
by the Supreme Court § 2254 (d)(1). A 2254 Application MAy
also receive Habeas Corpus claim regarding a claim adjudicated
on the Merits in State Court if the Claim requested in a
decision that was based on a unreasonable determination of

-11-

**GROUND NO: IV CONTINUE**

the facts in light of the evidence presented in State Court
Proceeding <u>HALE V. COCKRELL</u>, 306 F. 3d 257 (11th Cir. 2003).

In the Present Case, the Petitioner is clearly outside
of the (1) One Year Statute of Limitation period, and he
fail to raise the actual innocense claim in his first Rule
32 Petition in State Court, and due to his Mental Condation,
and with him not being trained or schooled in the Law, he
fail to Appeal the Denial of his First  Rule 32 Petition.
Now, through an Inmate's Assistance, Smith has presented
this Ground in the Alabama State Trial Court, the Alabama
Court of Criminal Appeals, as well as the Supreme Court of
Alabama, therefore, it is fully exhausted, and is ripe for
review by this Court. Further, the District Attorney fail
to respond to the allegations, and the Trial Court has fail
to adjudicate this claims on the Merits, therefore Smith
is entitled to relief from his Conviction/Sentence, or he
respectfully request that this Court either, Conduct an Eviden-
tiary Hearing, or, Order a New Trial.

## GROUND NO: V AND ARGUMENT

### INEFFECTIVE ASSISTANCE OF TRIAL COUNSEL

(A). COUNSEL WAS INEFFECTIVE FOR HIS FAILURE TO

HIS FAILURE TO INVESTIGATE  AND PUT ON WITNESSES:

Petitioner Melvin Smith was denied due process and equal protection of Law pursuant to the 6th and 14th Amendment of the United States Constitution, because his trial Counsel fail to investigate and put on witnesses during his Trial, which this Witness could have proven Smith's Claim that he did not Rape Annett Thomas.

In the Petitioner's Post Conviction Rule 32  Petition and on Appeal from the Denial of the Pet-ition, he pointed out that his Trial Counsel fail to investigate his assertion that he and Annett Thomas had made plans to move th Washington D.C., and Smith's Co-Worker, Dr. Robert Kim had talk to some friends of his in the Washington D.C. area to obtain employment for Annett Thomas, once they had moved there.

Trial Counsel fail to subpeno Dr. Kim, or Question him concerning the expected testimony.

Dr. Kim would have substantiated Smith's Statement and testimony, yet he fail to subpeno this witness for Trial.

Had the Jury believed Smith's testimony, and it  was substantiated  by the testimony of Dr. Kim, a reasonable Jury would not have returned a Guilty verdict of Rape first degree, but more likley than not, would have voted to acquitt Smith of all charges.

The failure to investigate and the failure  to put on witnesses cannot be cateorgorized as sound trial stragety; HORTON V. ZANT, 941 F. 2d 1449 (11th Cir. 1991)...DAVIS V. ANGELES, 200 U.S. Dist. Lexis 3259.  But for Counsel's unprofessional error, the Result of the Trial would have been different.


(B). COUNSEL WAS INEFFECTIVE BEFORE AND DURING TRIAL FOR

HIS FAILURE TO PRESENT AN INSANITY DEFENSE:

Smith presented Exhibits a and b to show unto the Trial Court and the State Appellate Court's, and now this Court that, prior to and during the time of the alleged incident Smith had been diagnosed with Schizophrena Cronic undifferentiated type; Paranoid personality with Cronic Brain Syndrom, and was being treated with medication for this disorder;.

-13-

GROUND NO: V CONTINUE

Petitioner had lost his Job for these reasons and was trying to get disability for these condations, which was believed to be linked to his military duties.

Smith had informed Attorney Greg Graham that he was going through the process of getting his disiability benefits due to his mental condation;

Attorney Greg Graham knew, or reasonably should have known that the Proper Defense under these circumstances would have been NOT GUILTY AND NOT GUILTY BY REASON OF MENTAL DISEASE OR DEFECT. Had this measure been taken, a reasonable probability exist that Melvin Smith would not have been convicted of rape, and would not have received the sentence that he did.

### (C). COUNSEL WAS INEFFECTIVE FOR HIS FAILURE TO OBJECTTO THE COMPOSITION OF THE PETIT JURY:

Melvin Smith's Constitutional rights to due process and Equal protection of law was violated, pursuant to the 6th and 14th Amendment of the United States Constitution and the authority of the United States Supreme Court, when his Attorney fail to Object to the District Attorney striking Men from the Petit Jury in violation of the Holdings of J. E. B. V. ALABAMA 128 Led 2d 89, 114 S. Ct 1471 (1994).

Trial Counsel also fail to object to the District Attorney striking African American's from the Petit Jury.

It is well established Law in alabama pursuant to THE CODE OF ALABAMA 1975 title 12-16-56 "That a Citizen shall not be excluded from Jury service on account of Race, Color, Religion, Sex, National Orgin or Economic Status (ACT 1978 NO: 474 at Page 712-21)

Smith was tried before a Jury not made up of his peers and no objection was made to compell the District Attorney to explain why he struck African American's from the Jury Venire in compliance with the Holdings of BATSON V. KENTUCKEY, 90 Led 2d 89, 114 S. Ct 1491 (1985).

Smith was severly prejudiced by this fact because African Americans would have been more understanding of how other African American Females think/and act in those situations when they are rejected..

But for Counsel's unprofessional conduct/or error, the Result of the Trial would have been different.

-14 -

GROUND NO: V AND ARGUMENT CONTINUE

(D). COUNSEL WAS INEFFECTIVE DURING TRIAL FOR HIS FAILURE TO OBJECT TO
THE COMMENTS MADE BY THE DISTRICT ATTORNEY DURING CLOSING ARGUMENTS:

The Petitioner was denied due process and equal protection of Law pursuant to the 6th and 14th
Amendment of the United States Constitution when Defense Counsel fail to Object to the District Attorney
refering to him as a rapeist during closing arguments to the Jury.

These prejudicial comments runs afoul of the AMERICAN BAR ASSOCIATION ( A. B. A. ) Standard
of Criminal Justice.

To prevail on a claim of Ineffective assistance of Trial Counsel, the Petitioner MUST meet the
(2) two prong test as set fourth in  STRICKLAND V. WASHINGTON, 80 Led 2d 647, 104 S. Ct. 2025.

Petitioner MUST show that Counsel's performance was deficient, this requires a showing that
Counsel was not functioning as counsel guaranteed by the 6th Amendment of the UNITED STATES CONSTITUTION.

Second, the Defendant Must show that the deficient performance prejudiced the defense, this
requires a showing that Counsel's error were so serious as to deprive the Defendant of a fair Trial,
a Trial who's results is reliable;

In More recent holdings from the United  States Supreme Court seems to clairify STRICKLAND,
AND LESSON THE STANDARD OF PROOF AS REQUIRED  to prove Ineffective assistance of Trial Counsel, stating
that;        Defendant need only establish that Attorney's performance more likeley than not altered
             the outcome in order to estaBLISH PREJUDICE: and, a reasonable probability is  a probability
             sufficient to undermine confidence in the outcome . A Counsel's unprofessional error
             must so upset the adversarial balance between the Defense and Prosecution that the Trial
             was rendered unfair;FREIWELL V. LOCKHEART, 122 Led 2d 180 (1992)---
KYLE V. WHITLEY 131 Led 2d 490 1995)

In the instant case, Defense Counsel fail to put the Prosecution through any meaningful adversarial
testing, tye kind envisioned by the Six Amendment, in order to protect the Petitioner's rights.

The Petitioner has pointed out in hisRule 32 Petition and on Appeal how  he was Prejudiced by
Counsel's actions/or inactions, and the State Court has fail to adjudicate these claims on the merits,
therefore, this Petition is ripe for review by this Court.

## GROUND NO: VI AND ARGUMENT

### INEFFECTIVE ASSISTANCE OF APPELLATE COUNSEL

#### (A). COUNSEL WAS INEFFECTIVE ON APPEAL FOR HIS FAILURE TO
#### SECURE A COMPLETE TRIAL TRANSCRIPT:

Petitioner Melvin Smith was denied due process and equal Protection of Law on his first Appeal as a right because, Appellate Counsel fail to file a Motion pursuant to ALABAMA RULES OF APPELLATE PROCEDURE RULE 10 (g), for a complete Transcript;

Pursuant to THE COURT REPORTER'S ACT 28 U.S.C. 753 (b) insure a Defendant the right to a complet record on Appeal.

> "Where a criminal Defendant is represented on Appeal by Counsel other that the Attorney at Trial, the absence of a substantial and significient portion of the record, even absent any showing of specific prejudice or error is sufficient to mandate a reversal; EX PART GODBOLT, 546 So. 2d 991 (Ala. 1987).. U.S. V. PRECIADO, 981 F. 2d 1206 (11th

Cir. 1993)... HARDY V. UNITED STATES 11 Led 2d 331.

Had Appellate Counsel took the necessary steps, he would have been able to obtain the complete Transcript, and record , and a great probability exist that the Appeal would had been different;

#### (B). COUNSEL WAS INEFFECTIVE ON APPEAL FOR HIS FAILURE TO RAISE THE
#### MORE VIABLE ISSUES ON APPEAL:

Melvin Smith was denied due process and equal protection of law pursuant to the 6th and 14th Amendment of the United States Constitution when Appellate Counsel fail to raise the stronger and more viable issues on his first appeal as a right SEE EVITTS V LUCEY 83 Led 2d 821.

Alabama Case Law clearly states "If Counsel wishes to preserve for review any ruling of the Trial Court made during closing arguments, he must OBJECT and point out to the Court that portion of the argument to which he objects and when that is done it is made a part of the record for appellate review;

EX PART WILBITE, 485 So. 2d 787,789 (Al. 1986)

In the present case, Trial Counsel made valid objections in which the Trial Court Overruled (rt 004,046,073,and 103), and Appellate Counsel fail to raise these issues on direct Appeal

ROUND NO: VI: CONTINUE

**The eleventh circuit court  of appeals** and the State Appell-
ate Court's has held in other cases that" When a claim of
      ineffective assistance of Appellate Counsel is based
      on failure to raise viable issues, the Trial Court
      record Must be examined to determine whether Counsel
      fail to present signifficient and obvious issues;
       Only when ignored issues are clearly stronger than
      those presented can the presumption of effective ass-
      istance be overcome" GREY V. GREENE,778 F. 3d 350
(11th Cir. 1985)...

    Whether Appellant Counsel was ineffective depends

    on whether Appellant proved that Appellant Counsel

    fail to present an issue on direct Appeal that would

    entitle him to relief BRYANT V. STATE, 793 So. 2d
1138 (Ala. Crim. App. 1998)...PAYNE V. STATE 791 So. 2d 383
(Ala. Crim. App. 1999).

It is obvious from the record  before this Court, the
Rule 32 Petition and the Appellate Brief's as well as this
Habeas Petition, Smith has proved his Ineffective Assistance
of Appellate Counsel Claims, and has shown how he was Prejudiced
by the Appellate Counsel's actions.

                 RESPECTFULLY SUBMITTED

                 *Melvin Smith #204766*

                 MELVIN SMITH

## CONCLUSION

For all of the reasons stated in this Habeas Petition, and in all other pleadings filed in State Court, this Pro-Se Petitioner respectfully request that this Honorable Court will order that an evidentiary Hearing be conducted on all of the Issues presented.

*Melvin Smith #204766*

MELVIN SMITH

## CERTIFICATE OF SERVICE

I hereby certify that I have served the Original and (2) two copies of this Petition to the UNITED STATES DISTRICT COURT FOR THE MIDDLE DISTRICT OF ALABAMA, PO. BOX 711 MONTGOMERY, ALABAMA, BY PLACING SAME IN THE UNITED STATES MAIL PROPERLY ADDRESSED AND POSTAGE PRE-PAID THIS —— 15th DAY OF MAY , 2005 .

*Melvin Smith #204766*

MELVIN SMITH 204766
BULLOCK CORRECTIONAL FACILITY
P.O. BOX 5107
UNION SPRINGS, AL. 36089

-18-