IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| MELVIN SMITH, AIS #166695, ) | |
| ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| VS. ) | CIVIL ACTION NO. |
| ) | 3:05-CV-0470-T |
| ) | |
| ARNOLD HOLT, et al., ) | |
| ) | |
| Respondents. ) | |

## ANSWER

I.

### Facts and Proceedings in State Courts

1. On March 18, 1999, Melvin Smith ("Smith") was convicted of the first-degree rape of Annette Thomas. [See **Respondents' Exhibit 1,** the record of Smith's direct appeal in <u>Smith v. State</u>, CR 98-1545 mem. op. (Ala. Crim. App. Jan. 28, 2000), at R. 151]

2. On direct appeal, Smith raised the following claims:

1) the trial court erred by not conducted a hearing on his suppression motion prior to trial;

2) the trial court erred by denying his request for a continuance; and,

3) the trial court erred by not conducted a hearing on his *motion in limine* prior to trial.

[See **Respondents' Exhibits 2 and 3**]   On January 28, 2000, the Alabama Court of Criminal Appeals affirmed Smith's conviction in Smith v. State, CR 98-1545 mem. op . (Ala. Crim. App. Jan. 28, 2000).  [See **Respondents' Exhibit 4**]

3.  Smith filed an *Application for Rehearing* on February 11, 2000, which was overruled on February 25, 2000.  Smith filed a petition for writ of certiorari in the Alabama Supreme Court on March 10, 2000, which was denied on May 12, 2000.  A *Certificate of Judgment* was issued on May 12, 2000, finalizing Smith's conviction.  [See **Respondents' Exhibit 5**]

4.  On July 10, 2001, Smith filed his first Rule 32 petition.  [See **Respondents' Exhibit 6,** the record of Smith's first Rule 32 appeal in Smith v. State, CR 01-1261 mem. op. (Ala. Crim. App. Sept. 20, 2002), at C. 3-15]   On August 23, 2001, the trial court summarily denied Smith's first Rule 32 petition.  [See **Respondents' Exhibit 6,** at C. 23-24]

5.  On appeal from the denial of his first Rule 32 petition, Smith raised the following claims:

> 1) the trial court erred by failing to inquire into his mental capacity before allowing him to direct his own defense;
>
> 2) the State's indictment was void because it was factually inadequate;

    3) the State's indictment was void because it was legally inadequate;

    4) the State's evidence, which consisted primarily of the testimony of the victim, Annette Thomas, was insufficient to sustain his conviction;

    5) the State's arrest warrant was illegal;

    6) Smith's trial counsel was ineffective; and,

    7) Smith's appellate counsel was ineffective.

[See **Respondents' Exhibit 6,** at C. 3-15] On September 20, 2002, the Alabama Court of Criminal Appeals affirmed the denial of Smith's first Rule 32 petition in Smith v. State, CR 01-1261 mem. op . (Ala. Crim. App. Sept. 20, 2002). [See **Respondents' Exhibit 9**]

    6. Smith filed an *Application for Rehearing*, which was overruled on October 11, 2002. Smith filed no petition for writ of certiorari in the Alabama Supreme Court, and, on October 29, 2002, a *Certificate of Judgment* was issued. [See **Respondents' Exhibit 10**]

    7. On February 4, 2004, Smith filed his second Rule 32 petition. [See **Respondents' Exhibit 11,** the record of Smith's second Rule 32 appeal in Smith v. State, CR 02-1286 mem. op. (Ala. Crim. App. Aug. 20, 2004), at C. 3-43] On April 5, 2004, the trial court summarily denied Smith's second Rule 32 petition, on the grounds of the Rule 32 statute of limitation. [See **Respondents' Exhibit 11,** at C. 48]

  5. On appeal from the denial of his second Rule 32 petition, Smith raised the following claims:

> 1) his right to a fair trial was denied when the *voir dire* portion of his trial was not transcribed;
>
> 2) he was denied a fair trial because the record of his conviction does not affirmatively demonstrate that his election to represent himself at trial was knowing, voluntary, and intelligently made;
>
> 3) he was entitled to a lesser included charge jury instruction on sexual misconduct;
>
> 4) his trial counsel was ineffective for failing to call a Dr. Kim as a defense witness;
>
> 5) his trial counsel was ineffective for failing to make out an insanity defense; and,
>
> 6) his appellate counsel was ineffective for failing to see to it that the transcript of *voir dire* was included in the court record.

[See **Respondents' Exhibit 11,** at C. 3-43] On August 20, 2004, the Alabama Court of Criminal Appeals affirmed the denial of Smith's second Rule 32 petition in Smith v. State, CR 03-1286 mem. op . (Ala. Crim. App. Aug. 20, 2004). [See **Respondents' Exhibit 14**]

  6. Smith filed an *Application for Rehearing* on September 2, 2004, which was overruled on September 20, 2004. Smith filed a petition for writ of certiorari in the Alabama Supreme Court on October 8, 2004, and on

December 10, 2004, a *Certificate of Judgment* was issued. [See

**Respondents' Exhibit 15**]

    7. On May 20, 2005, Smith filed a federal petition for writ of habeas corpus.

## II.

### Petitioner Smith's present claims

    8. In his petition for writ of habeas corpus, Smith raises what appear to be the following claims:

> 1) his right to a fair trial was denied when the *voir dire* portion of his trial was not transcribed;
>
> 2) he was denied a fair trial because the record of his conviction does not affirmatively demonstrate that his election to represent himself at trial was knowing, voluntary, and intelligently made;
>
> 3) actual innocence;
>
> 4) his trial counsel was ineffective for failing to call a Dr. Kim as a defense witness;
>
> 5) his trial counsel was ineffective for failing to make out an insanity defense; and,
>
> 6) his appellate counsel was ineffective for failing to see to it that the transcript of *voir dire* was included in the court record.

*See* Smith's *Petition for Writ of Habeas Corpus*, at p. 4.

### III.

### Respondents' defenses

9. Respondents deny that Smith's right to a fair trial was denied when the *voir dire* portion of his trial was not transcribed.

10. Respondents deny that Smith was denied a fair trial because the record of his conviction does not affirmatively demonstrate that his election to represent himself at trial was not knowingly, voluntarily, and intelligently made.

11. Respondents deny that Smith is actually innocent.

12. Respondents deny that Smith's trial counsel was ineffective for failing to call a Dr. Kim as a defense witness.

13. Respondents deny that Smith's trial counsel was ineffective for failing to make out an insanity defense.

14. Respondents admit that Smith has exhausted in state court his claims here.

15. Respondents aver that Smith has failed to state a cause of action cognizable under Title 28 U. S. C. § 2254.

16. Respondents deny each and every other material allegation in the petition except those that may be admitted.

IV.

## Exhibits[1]

17. The following exhibits are filed herewith:

| | |
|---|---|
| Exhibit 1 | the record of the appeal of Smith's direct appeal in Smith v. State, CR 98-1545 mem. op. (Ala. Crim. App. Jan. 28, 2000); |
| Exhibit 2 | the brief filed by Smith in his direct appeal; |
| Exhibit 3 | the brief filed by the State in Smith's direct appeal; |
| Exhibit 4 | the Alabama Court of Criminal Appeals' memorandum opinion in Smith v. State, CR 98-1545 mem. op. (Ala. Crim. App. Jan. 28, 2000); |
| Exhibit 5 | the *Certificate of Judgment* from Smith's direct appeal; |
| Exhibit 6 | the record of the appeal of Smith's first Rule 32 in Smith v. State, CR 01-1261 mem. op. (Ala. Crim. App. Sept. 20, 2000); |
| Exhibit 7 | the brief filed by Smith in his first Rule 32 appeal; |
| Exhibit 8 | the brief filed by the State in Smith's first Rule 32 appeal; |
| Exhibit 9 | the Alabama Court of Criminal Appeals' memorandum opinion in Smith v. State, CR |

---

[1] Respondents' exhibits will be sent under separate cover.

|  |  |
|---|---|
|  | 01-1261 mem. op. (Ala. Crim. App. Sept. 20, 2000); |
| Exhibit 10 | the *Certificate of Judgment* from the affirmance of the denial of Smith's first Rule 32 petition; |
| Exhibit 11 | the record of the appeal of Smith's second Rule 32 in <u>Smith v. State</u>, CR 98-1545 mem. op. (Ala. Crim. App. Jan. 28, 2000); |
| Exhibit 12 | the brief filed by Smith in his second Rule 32; |
| Exhibit 13 | the brief filed by the State in Smith's second Rule 32; |
| Exhibit 14 | the Alabama Court of Criminal Appeals' memorandum opinion in <u>Smith v. State</u>, CR 03-1286 mem. op. (Ala. Crim. App. Aug. 20, 2004); and, |
| Exhibit 15 | the *Certificate of Judgment* from the affirmance of the denial of Smith's second Rule 32 petition. |

V.

**Respondents' arguments**

In support of their defenses, Respondents submit the following arguments:

A.

Procedural defense

18. **Statute of Limitation**[2]. Under the Anti-terrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Title 28 U. S. C. Section 2244(d) provides --

> (1) a 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of --
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing such by State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactive applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

---

[2] At this time, Respondents seek summary dismissal of Smith's *Petition for Writ of Habeas Corpus* only on the ground of the statute of limitation of Title 28 U .S. C. Section 2244(d)(1)(A). In the event the court determines that summary dismissal on the basis of the statute of limitation is unwarranted, Respondents seek leave of the Court to be able to supplement this response with such other defenses -- including the defense of procedural default -- as may be available to them.

> (2) The time during which a *properly filed* application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

(emphasis added)

19. The effective date of the AEDPA was April 24, 1996. *See* Hunter v. United States, 101 F. 3d 1565, 1568 (11th Cir. 1996). Because Smith was convicted after April 24, 1996, under 28 U. S. C. Section 2244(d) he had one year from the finality of his conviction in which to file his federal habeas corpus petition. By the time Smith filed his first Rule 32 petition on July 10, 2001, well over a year had lapsed from the May 12, 2000 date of the *Certificate of Judgment* from his conviction. As a result, Smith's federal habeas petition was barred by the one-year statute of limitation of Title 28 U. S. C. Section 2244 before he ever started filing his state postconviction petitions.

18. Nor should the Title 28 U. S. C. §2244 statute of limitation be equitably tolled for Smith. *See, e.g.,* Helton v. Secretary for Dept. of Corrections, 259 F. 3d 1310, 1314 (11th Cir. 2001). A legal prerequisite for eligibility for equitable tolling is that the petitioner's reason for a failure to file his petition on time be due to "extraordinary circumstances beyond his

control". <u>Sandvik v. United States</u>, 177 F. 3d 1269, 1271 (11th Cir. 1999). Smith has shown nothing here to support a contention that his failure to file his federal habeas corpus petition within one year of the finality of his conviction was for a reason or reasons "beyond his control".

WHEREFORE, PREMISES CONSIDERED, this Court should deny the petition and the relief requested herein by Smith, by dismissing his petition for writ of habeas corpus on the grounds that it is barred by the statute of limitation of Title 28 U. S. C. §2244(d)(1)(A).

                              Respectfully submitted,

                              Troy King (KIN047)
                              *Attorney General*
                              By:

                              /s/ Stephen N. Dodd
                              Stephen N. Dodd
                              *Assistant Attorney General*
                              ID #ASB-6492

## CERTIFICATE OF SERVICE

I hereby certify that on this 15th day of August 2005, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, and I hereby certify that I have mailed by United States Postal Service the document to the following non-CM/ECF participants: Melvin Smith, AIS #204766, P. O. Box 5107, Union Springs, AL 36089.

s/ Stephen N. Dodd
Stephen N. Dodd (ASB-6492)
*Assistant Attorney General*
Attorney for Respondents
Alabama Attorney General's Office
11 South Union Street
Montgomery, AL 36130
Telephone: 334-242-7378
Fax:       334-242-2848
E-mail:    sdodd@ago.state.al.us

ADDRESS OF COUNSEL:
Office of the Attorney General
Criminal Appeals Division
11 South Union Street
Montgomery, AL 36130
(334) 242-7300

215567/81910-001