IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| MELVIN SMITH, #204766, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | )   CIVIL ACTION NO. 3:05-CV-470-T |
| | ) |
| ARNOLD HOLT, *et al.*, | ) |
| | ) |
| Respondents. | ) |

**ORDER**

This cause is before the court on a 28 U.S.C. § 2254 petition for habeas corpus relief filed on May 15, 2005. In this petition, Melvin Smith ["Smith"], a state inmate, challenges a conviction for first degree rape imposed upon him by the Circuit Court of Russell County, Alabama on March 18, 1999. This conviction became final by operation of law on August 10, 2000.[1]

---

[1] The respondents erroneously argue that Smith's rape conviction became final on May 12, 2000 upon issuance of the certificate of judgment after the denial of the petitioner's petition for writ of certiorari by the Alabama Supreme Court. However, the law is well settled that the federal period of limitation begins to run "when the ninety-day period in which to seek *certiorari* from the United States Supreme Court expired. *See* 28 U.S.C. § 2244(d)(1); *Jackson v. Sec'y for Dep't of Corr.*, 292 F.3d 1347, 1349 (11th Cir.2002)." *Wade v. Battle*, 379 F.3d 1254, 1256 (11th Cir. 2004). "Section 2244(d)(1)(A) provides that the one-year limitations period in which a state prisoner has to file a writ for habeas corpus begins to run from 'the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review.' Supreme Court Rule 13.1 provides that a petition for a writ of *certiorari* is timely when filed within ninety days after entry of judgment or denial of discretionary review by the state court of last resort. . . .   Section 2244(d)(1)(A) permits a defendant to petition for habeas corpus relief for a period of up to one year beginning from 'the date on which the judgment became final by the conclusion of direct review *or the expiration of the time for seeking such review*' (emphasis added). Because the time for seeking direct review of a criminal conviction does not expire until after the ninety-day period for filing for *certiorari* with the Supreme Court has ended, the most straightforward and reasonable interpretation of § 2244(d)(1)(A) is that the ninety-day *certiorari* period does not count towards the one-year limitations period." *Nix v. Secretary for Dept. of Corrections*, 393 F.3d 1235, 1236 -1237 (11th Cir. 2004) (citation omitted).

Pursuant to the orders of this court, the respondents filed an answer in which they argue that the instant habeas petition is barred by the one-year limitation period applicable to 28 U.S.C. § 2254 petitions. *See* 28 U.S.C. § 2244(d)(1).[2] The respondents contend that because Smith's rape conviction became final in 2000 -- **after** the effective date of the statute of limitations -- he must have filed his § 2254 petition within a year of this conviction becoming final, exclusive of the time that any properly filed state post-conviction petition was pending in the state courts.[3]

The respondents acknowledge that the petitioner filed a Rule 32 petition with the trial court on July 10, 2000. However, it is clear to this court that even allowing a tolling of the limitation period during the pendency of this Rule 32 petition the limitation period expired prior to Smith filing the present federal habeas petition. Additionally, although Smith filed a second Rule 32 petition in February of 2004, this petition was filed after expiration of the one-year period of limitation and therefore did not toll the limitation period relevant to the filing of a federal habeas petition as there was no period remaining to be tolled. *See Webster v. Moore*, 199 F.3d 1256, 1259 (11th Cir.), *cert. denied*, 531 U.S. 991, 121 S.Ct. 481, 148 L.Ed.2d 454 (2000); *Tinker v. Moore*, 255 F.3d 1331, 1333-1335(11th Cir. 2001).

Thus, it appears that the applicable limitation period expired on November 25, 2002 and the instant federal habeas petition is precluded from review by this court as it was filed outside the applicable one-year period of limitation.

---

[2]Subsection (d) was added by the Anti-Terrorism and Effective Death Penalty Act of 1996 (the "AEDPA"). This Act became effective on April 24, 1996.

[3]Although the respondents improperly calculate the expiration of the limitation period, the petition is nonetheless untimely.

Section 28 U.S.C. § 2244(d)(1)(A) directs that the limitation period for filing a 28 U.S.C. § 2254 petition begins to run on the date when the time for seeking direct review of the challenged judgment expires. The petitioner was convicted of first degree rape by the Circuit Court of Russell County, Alabama on March 18, 1999. He filed a direct appeal of this conviction and the conviction was affirmed by the Alabama Court of Criminal Appeals on January 28, 2000. His application for rehearing was denied by the appellate court. Smith subsequently filed a petition for writ of certiorari with the Alabama Supreme Court. This petition was denied and the certificate of judgment affirming Smith's rape conviction was issued on May 12, 2000. The petitioner did not further appeal his rape conviction.

Consequently, this conviction became final on August 10, 2000 -- ninety (90) days after the Alabama Supreme Court's entry of judgment affirming the convictions -- as this is the date on which the time expired for the petitioner to file a petition for writ of certiorari with the United States Supreme Court. *Coates v. Byrd*, 211 F.3d 1225 (11th Cir. 2000), *cert. denied*, 531 U.S. 1166, 121 S.Ct. 1129 (2001) ("A judgment does not become 'final by the conclusion of direct review or by the expiration of the time for seeking such review,' *see* 28 U.S.C. § 2244(d)(1)(A), until the Supreme Court has had an opportunity to review the case or the time for seeking review has expired."); *Nix v. Secretary for Dept. of Corrections*, 393 F.3d 1235, 1236-1237 (11th Cir. 2004) ("[T]he ninety-day *certiorari* period does not count towards the one-year limitations period.); *Wade v. Battle*, 379 F.3d 1254, 1256 (11th Cir. 2004) (The one-year period of limitation contained in the federal habeas statute begins to run "when the ninety-day period in which to seek *certiorari* from the United States Supreme Court expired.").

Title 28 U.S.C. § 2244(d)(2) provides that "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this section." The court finds that the limitation period ran for 333 days after the petitioner's conviction became final until his filing of a Rule 32 petition in the Circuit Court of Russell County on July 10, 2001. This Rule 32 petition remained pending in the state courts until October 24, 2002 upon issuance of the certificate of judgment by the Alabama Supreme Court. At such time, the petitioner had 32 days of the applicable limitation period remaining within which to file a federal habeas petition.

The limitation period therefore expired on November 25, 2002. Smith, however, did not file the instant federal habeas petition until May 15, 2005. Under the circumstances of this case as outlined in this order, the one-year period of limitation contained in 28 U.S.C. § 2244(d)(1) expired over two years and five months prior to Smith filing the instant § 2254 petition. Accordingly, it is

ORDERED that on or before September 6, 2005 the petitioner shall show cause why his federal habeas petition should not be dismissed as it was not filed within the one-year limitation period established by 28 U.S.C. § 2244(d)(1).

Done this 17th day of August, 2005.

/s/ Vanzetta Penn McPherson
UNITED STATES MAGISTRATE JUDGE