IN THE

COURT OF CRIMINAL APPEALS

STATE OF ALABAMA

---

CRIMINAL APPEALS
NUMBER CR-98-1545

---

MELVIN SMITH

    Appellant

VS.

STATE OF ALABAMA

    Appellee

ON APPEAL FROM THE

CIRCUIT COURT OF RUSSELL COUNTY, ALABAMA

---

APPELLANT'S BRIEF

---

RICHARD L. CHANCEY
Attorney for Appellant
P. O. Box 1369
Phenix City, AL 36868-1369
(334) 297-6478



EXHIBIT 2

# TABLE OF CONTENTS

TABLE OF CONTENTS.................................................. i.

TABLE OF CASES, STATUTES AND OTHER AUTHORITIES ................................................... ii.

STATEMENT OF THE CASE.............................................. 1.

STATEMENT OF FACTS................................................. 4.

STATEMENT OF ISSUES PRESENTED FOR REVIEW........................... 7.

ARGUMENT........................................................... 8.

CONCLUSION......................................................... 12.

CERTIFICATE OF SERVICE............................................. 13.

# TABLE OF AUTHORITIES

## CASES:

1.  Brown v. State, 395 So. 2d 121, (Ala.Cr.App.1980) cert. denied, 395 So. 2d 124 (Ala. 1981).........  10.

2.  Ex parte Callahan, 471 So. 2d 463 (Ala. 1985.)........................................  8.

3.  Long v. State, 611 So. 2d 443, cert. denied. (Ala. Cr. App 1992)........................................  10.

4.  Smith v. State , 1997 WL 779039, (Ala. Crim. App.1997)...............................  8.

5.  Swicegood v. State, 50 Ala. App. 105, 277 So. 2d 380(1973)..................................  8.

## CONSTITUTIONS, STATUTES, AND RULES:

1.   United States Constitution, 5th Amendment...................................... 9, 11.

2.   United States Constitution, 14th Amendment................................... 9, 11

3.   Alabama Rules of Criminal Procedure Rule 15.6(c)................................................................................. 9, 11

ii.

## STATEMENT OF THE CASE

This is an appeal from the Circuit Court of Russell County in which a jury convicted Melvin Smith [here-in-after "Appellant"] for the offense of Rape 1st Degree. The proceedings which precipitated this conviction and appeal are as follows:

The January 1997 term of the Russell County Grand Jury indicted the Appellant on January 10, 1997 for the offense of Rape 1st Degree. (C. 009). On March 18, 1997 the Appellant appeared before the Court for Arraignment. (C. 017, 021). The Appellant informed the Court that he wished to represent himself and did not want an attorney. The Court read the indictment to him.

On October 13, 1998 the State filed a Motion For Taking of Hair and Blood Samples from the Appellant for comparison to samples obtained from a rape test kit administered to the victim. (C. 029). On October 19, 1998 the Court granted said motion without a hearing. (C. 031).

On February 16, 1999 the Court appointed the Hon. Greg Graham to assist the Appellant in presenting his case at trial. (C. 038). Said attorney subsequently

1

filed several motions on the Appellants behalf. One of the motions filed was a Motion to Restrict Use of the Word Rape filed on March 8, 1999. (C. 044). The second motion was a Motion to Suppress The Defendants Statements filed on March 8, 1999. (C. 046). The case proceeded to trial without a hearing or ruling on said motions.

The Appellants Attorney also filed a Motion to Continue on March 8, 1999 in which the attorney indicated he had received a copy of the Defendants statement to the police on March 5, 1999 and the contents of said statement "will significantly alter the theory in defending this case". (C. 048). No hearing was held with regard to said motion. The Court denied the request by a handwritten notation dated March 16, 1999 at the bottom of said Motion. There is also in the record a written order denying the Motion to Continue. Said Order was dated March 16, 1999 and filed March 26, 1999. (C. 067).

At sentencing on April 30, 1999 the Court sentenced the Appellant to 20 years in prison; ordered him to reimburse the Alabama Crime Victims Compensation Fund in the amount of $853.50; ordered him to pay costs and

$100.00 to the Alabama Crime Victims Compensation Fund; and ordered him to reimburse the State for court appointed attorney fees. (C. 068). The Appellant was represented at sentencing by the Hon. Richard L. Chancey. On May 12, 1999 the Appellant filed his Notice of Appeal.

## STATEMENT OF THE FACTS

At the Appellants trial the State elicited the following evidence:

The States first witness was the victim who testified that she had known the Appellant since elementary school. She stated that in October of 1996 she and the Appellant rode to work together to Tuskegee, Alabama. They had been riding together for over a year. She would drive and he would reimburse her for gas money. On October 25, 1996 she was at home getting ready for work when the Appellant came to her house. She said they were not supposed to be riding together that day but that the Appellant came by under the pretense of giving her the gas money he owed her. She said once he came inside, he pulled out a pocket knife and forced her in her bedroom. Once in the bedroom he performed oral sex on her and had sexual intercourse with her. She said all of this was done against her will. During this encounter she said the Appellant struck her in the face and cut her with something. The Appellant then left the house. She further testified that she had never had sexual relations with the Appellant before that date and further that they

4

had never been any more than acquaintances. (R. 22-50).

The State further offered testimony from the emergency room doctor who conducted a rape kit test on the victim. He stated that it appeared from the victims physical appearance as well as her demeanor that she had been through some recent form of severe trauma. (R. 93-102). A witness from the Alabama Crime Lab testified that an examination of the evidence obtained from the rape test kit revealed the presence of semen and blood. (R. 61-69). There was no testimony that either the semen or the blood was compared to samples from the Appellant.

Another witness for the State was an investigator for the Russell County Sheriffs Office who took the Appellants statement. The investigator read the statement into evidence. In the statement the Appellant admitted to having sexual intercourse with the victim, but that the encounter was consensual. (R. 70-90)

The Appellant took the stand on his own behalf. He testified that he and the victim had had sexual relations on several prior occasions. He further testified that the victim initiated the encounter and that he did strike the victim but that the victim struck him first. He maintained that the victim was mad at him only because he

5

refused to leave his wife. (R. 104-123)

6

ARGUMENT

I.  WHETHER IT WAS ERROR FOR THE TRIAL COURT TO DISREGARD THE DEFENDANTS MOTION TO SUPPRESS THE DEFENDANTS STATEMENTS AND ALLOW THE CASE TO PROCEED TO TRIAL WITHOUT CONDUCTING A HEARING ON SAID MOTION?

Prior to trial the Appellants attorney filed a Motion to Suppress a statement which the Appellant had given to the police. In said statement the Appellant admitted having sex with the victim but that it was consensual in nature. (C. 046)

"An in custody statement by an accused is prima facie involuntary and inadmissible; to overcome this presumption, state must first establish that before defendant gave his statement, police informed him of his rights, as required by *Miranda*." Ex parte Callahan, 471 So. 2nd 463 (Ala.1985). See, also Swicegood v. State, 50 Ala. App. 105, 277 So. 2nd 380 (1973). To this end, the State must spell out with clarity and precision the specific Miranda warning the police gave to the Defendant. Swicegood; Smith v. State, 1997 WL 779039, (Ala. Crim. App. 1997).

The Appellant's pretrial motion was a sufficient

8

challenge to the Statement. The court pursuant to Rule 15.6(c) of the Alabama Rules of Criminal Procedure should have granted a hearing on the Appellant's motion. Said Rule provides that " the judge *shall* receive evidence on any issue of fact necessary to the determination of the motion."

If the Court would have conducted the hearing the State would have had the burden of proving that the statement was voluntarily and freely given. This was not done which resulted in a violation of the Appellant's procedural due process rights under the 5th and 14th Amendments to the United States Constitution as well as the Constitution of the State of Alabama.

The trial Court committed reversible error in not conducting a hearing on the Appellant's motion to suppress his statement.

9

II. WHETHER IT WAS ERROR FOR THE TRIAL COURT TO DENY THE APPELLANTS MOTION FOR CONTINUANCE?

" A motion for continuance is addressed to sound discretioin of trial judge, and exercise of that discretion will not be disturbed unless clearly abused." Long v. State, 611 So. 2d 443, cert. denied. (Ala. Cr. App 1992). However, this Court has also held that failure to give trial counsel adequate time to prepare the case would be abuse of discretion. See Brown v. State, 395 So. 2d 121, (Ala.Cr.App. 1980), cert. denied, 395 So. 2d 124 (Ala. 1981).

In the Appellants case his counsel was not appointed until February 16, 1999. (C. 038). He filed a motion for discovery on February 25, 1999. (C. 042). On March 8, 1999 the Appellant filed his Motion to continue citing the fact that he had only just received a copy of the Appellants statement on March 5, 1999. The Appellant noted that the statement significantly altered the theory in defending this case. (C. 048). The Appellant cited sufficient grounds for the trial court to grant a continuance. The trial court abused its discretion in denying the continuance.

III. WHETHER IT WAS ERROR FOR THE TRIAL COURT TO DISREGARD THE DEFENDANTS <u>MOTION TO RESTRICT USE OF THE WORD "RAPE"</u> AND ALLOW THE CASE TO PROCEED TO TRIAL WITHOUT CONDUCTING A HEARING ON SAID MOTION?

On March 8, 1999 the Appellant filed a Motion to Restrict Use of the Word "Rape". The trial Court did not rule on said Motion, nor did the court conduct a hearing on said Motion. The Appellant submits that he was entitled to a pretrial hearing an determination on his motion. Failure of the trial court to grant the hearing was error and violated his procedural due process rights under the 5th and 14th Amendments to the Constitution and the Constitution of the State of Alabama. See Rule 15.6(c) Alabama Rules of Criminal Procedure. The Appellant is entitled to a new trial and an opportunity to be heard in his motions.

11

## CONCLUSION

For the foregoing reasons the verdict and judgment in the Appellants case are due to be reversed and the case remanded to the Circuit Court of Russell County, Alabama for a new trial.

This the 1st day of December, 1999.

Respectfully submitted,

RICHARD L. CHANCEY
ATTORNEY FOR APPELLANT
P. O. BOX 1369
PHENIX CITY, AL 36868-1369
(334) 297-6478

## CERTIFICATE OF SERVICE

I hereby certify that I have caused to be served true and correct copies of the foregoing Brief upon the State of Alabama by depositing the proper number of same in the United States mail, postage prepaid, return receipt requested and addressed to:

Hon. Lane W. Mann, Clerk
Alabama Court of Criminal Appeals
Judicial Building, 300 Dexter Avenue
P. O. Box 301555
Montgomery, Alabama  36130-1555

Hon. Bill Pryor
Attorney General, State of Alabama
11 S. Union Street
Montgomery, Alabama 36130

MELVIN SMITH
P.O. Box 22
Hurtsboro, AL 36860

DONE this the 1st day of December, 1999.

_____
RICHARD L. CHANCEY
Attorney at Law
1507 Broad Street
P. O. Box 1369
Phenix City, AL 36868-1369

13