98-1545

IN THE COURT OF CRIMINAL APPEALS OF ALABAMA

MELVIN SMITH,

APPELLANT,

VS.

STATE OF ALABAMA,

APPELLEE.

ON APPEAL FROM THE CIRCUIT COURT OF
RUSSELL COUNTY, ALABAMA

---

BRIEF AND ARGUMENT

---

OF

BILL PRYOR
ATTORNEY GENERAL

AND

STEPHEN N. DODD
ASSISTANT ATTORNEY GENERAL

ATTORNEYS FOR APPELLEE

Office of the Attorney General
Criminal Appeals Division
Alabama State House
11 South Union Street
Montgomery, Alabama  36130-0152
(334) 242-7300



EXHIBIT
3

## TABLE OF CONTENTS

TABLE OF AUTHORITIES ............................................................ ii

STATEMENT OF THE CASE ....................................................... 1

ISSUES PRESENTED FOR REVIEW............................................. 2

STATEMENT OF THE FACTS...................................................... 3

ARGUMENT .............................................................................. 3

   I.  THE TRIAL COURT NOT DID ERR IN NOT
   CONDUCTING A HEARING ON SMITH'S <u>MOTION TO</u>
   <u>SUPPRESS</u>. ............................................................................. 3

   II.  THE TRIAL COURT DID NOT ERR IN DENYING
   SMITH'S <u>MOTION FOR CONTINUANCE</u>. .................................... 5

   III.  SMITH HAS NOT PRESERVED FOR APPELLATE
   REVIEW THE CLAIM CONCERNING HIS <u>MOTION IN</u>
   <u>LIMINE</u>. .................................................................................. 7

CONCLUSION ........................................................................... 8

CERTIFICATE OF SERVICE......................................................... 9

## TABLE OF AUTHORITIES

**Cases**

Brooks v. State, 443 So. 2d 1301 (Ala. Crim. App. 1983)...............7

Ex parte Parks, 587 So. 2d 1012 (Ala. 1991)................................7

Ex parte Rowell, 666 So. 2d 823 (Ala. 1992) .................................4

Jarmon v. State, 333 So. 2d 897 (Ala. Crim. App. 1976) ...............6

Johnson v. State, 54 Ala. App. 586, 310 So. 2d 509 (1975)...........6

Shook v. State, 1999 WL 1128979, at *2 (Ala. Crim. App.
  Dec. 10, 1999).......................................................................4, 7

Taylor v. State, 337 So. 2d 773 (Ala. Crim. App. 1976).................4

Thigpen v. State, 49 Ala. App. 233, 270 So. 2d 666 (1972)............6

**Rules**

Alabama Rules of Criminal Procedure,

  Rule 15.6(c) ..............................................................................3

## STATEMENT OF THE CASE

This is an appeal by Melvin Smith ("Smith") from his conviction in Russell County Circuit Court on a charge of first degree rape. Russell County Circuit Court Judge George R. Greene presided over Smith's trial.

On January 10, 1997, a Russell County Grand Jury indicted Smith on a charge of first degree rape in violation of ALA. CODE, Section 13A-6-61 (1975). (C. 9-10) On March 18, 1996, Smith was arraigned and entered a plea of not guilty. (C. 17)

On March 8, 1999, Smith filed a Motion to Suppress the statement he had given to authorities on December 11, 1998. (C. 46-47) On March 8, 1999, Smith also filed a Motion to Continue his trial, and a Motion in Limine. (C. 48, 49) Smith's Motion to Continue was denied on March 16, 1999. (C. 67)

On March 17, 1999, a jury was struck in the case of State of Alabama vs. Melvin Smith, CC 97-95 (Russell County Circuit Court), and Smith's trial commenced. (R. 4) At the conclusion of the evidence, the jury returned its verdict, finding Smith guilty of first degree rape as charged in the State's indictment. (R. 151)

A sentencing hearing was held on April 30, 1999, at which time Smith was sentenced to serve a 20-year term of incarceration. (R. 158)  Smith was also ordered to pay a $1,000 Alabama Crime Victim's Compensation Fund assessment, and restitution in the amount of $853.50.  (R. 159)

Smith filed pro se notice of appeal.  (C. 72-73)  This appeal ensued.

## ISSUES PRESENTED FOR REVIEW

### I.

DID THE TRIAL COURT ERR IN NOT CONDUCTING A HEARING ON SMITH'S MOTION TO SUPPRESS?

### II.

DID THE TRIAL COURT ERR IN DENYING SMITH'S MOTION FOR CONTINUANCE?

### III.

HAS SMITH PRESERVED FOR APPELLATE REVIEW THE CLAIM CONCERNING HIS MOTION IN LIMINE?

2

## STATEMENT OF THE FACTS

At approximately 7:00 a.m. on October 25, 1996, Annette Thomas was getting ready for work when Smith knocked on her door. (R. 25-26)  When Thomas answered her door, Smith told her he wanted to pay her some money he owed her for driving him to work. (R. 26)

Once inside Thomas's house, however, Smith pulled a knife and proceeded to rape Thomas. (R.26-30)  After the assault, Smith left. (R. 30)  Thomas locked her door and called her relatives for help. (R. 30-31)  Smith was subsequently arrested and charged with rape.

## ARGUMENT

I.

### THE TRIAL COURT NOT DID ERR IN NOT CONDUCTING A HEARING ON SMITH'S MOTION TO SUPPRESS.

Citing <u>Alabama Rules of Criminal Procedure</u>, Rule 15.6(c), Smith appears to argue that it was the trial court's *responsibility* to conduct a hearing on his <u>Motion to Suppress</u>.  This is not the case.

3

Smith filed his suppression motion, but failed to follow through on the motion at the time of the introduction of his statement. Once a trial court has <u>ruled</u> on a suppression motion, it is not necessary for an objection to be reasserted at the time of the introduction of evidence in order to preserve for appellate review the issue of the denial of a suppression motion. <u>See</u> <u>Taylor v. State</u>, 337 So. 2d 773, 775 (Ala. Crim. App. 1976). There must, however, at least be a *ruling* at some point on the suppression motion. <u>See</u>, <u>e.g.</u>, <u>Ex parte Rowell</u>, 666 So. 2d 823, 824 (Ala. 1992).

Here, where Smith never received a pretrial ruling on his <u>Motion to Suppress</u>, it was incumbent on him to seek such a ruling prior to the introduction of the evidence in order to preserve the suppression issue for appellate review. Smith should have taken steps during the testimony of Russell County Sheriff's Investigator Lon Russell to have a hearing conducted outside the presence of the jury. By failing to do so, Smith effectively waived his <u>Motion to Suppress</u>, because he failed to receive an adverse ruling on his motion from the trial court. <u>See</u>, <u>e.g.</u>, <u>Shook v. State</u>, 1999 WL 1128979, at *2 (Ala. Crim. App. Dec. 10, 1999). By

4

failing to receive an adverse ruling, Smith effectively waived his claim relating to his <u>Motion to Suppress</u>.

## II.

### THE TRIAL COURT DID NOT ERR IN DENYING SMITH'S <u>MOTION FOR CONTINUANCE</u>.

Smith sought to continue his trial when, on March 5, 1999 -- twelve days prior to trial --  he received through discovery a copy of the statement he gave to police on December 11, 1998.  As grounds, Smith claimed the "statement significantly alter(ed) the (defense) theory".  (C. 48)

Smith's trial counsel was appointed on February 16, 1999. (C. 38)  Newly appointed trial counsel filed his discovery motion on February 25, 1999.  (C. 42)  The statement was turned over approximately a week later.  <u>See</u> Smith's <u>Brief</u>, at p. 10.  Smith's trial commenced approximately two weeks after the statement was produced.  (R. 3)

A defendant has a duty to give whatever information he has to his counsel in order to have his defense ready when his case is called for trial.  <u>Jarmon v. State</u>, 333 So. 2d 897, 900 (Ala. Crim.

III.

### SMITH HAS NOT PRESERVED FOR APPELLATE REVIEW THE CLAIM CONCERNING HIS MOTION IN LIMINE.

Finally, Smith contends the trial court erred in failing to grant his Motion in Limine seeking to limit the use of the word "rape" at trial.  This argument is also due to fail.

The denial of a motion in limine cannot in and of itself rise to the level of reversible error.  This is true because the material against which the objection has been made has not yet been heard by the jury, and may never be heard by them.  Ex parte Parks, 587 So. 2d 1012, 1014 (Ala. 1991), citing Brooks v. State, 443 So. 2d 1301, 1303 (Ala. Crim. App. 1983).

Here, the issue of Smith's Motion in Limine was not preserved for appellate review because Smith, after raising the issue in his Motion in Limine, never re-raised the issue at trial.[1] An adverse ruling is required to preserve a claim of error.  Shook v. State, 1999 WL 1128979, *2 (Ala. Crim. App. Dec. 10, 1999).

---

[1] It is possible the reason Smith never objected at trial was because the word "rape" was never *used* at trial. Or, at least, Smith does not point out in his argument where the word was used.

Because Smith never re-raised the issue at trial, his claim of error

has not been preserved for appellate review.

CONCLUSION

Smith's rape conviction is due to be affirmed.

Respectfully submitted,

BILL PRYOR
ATTORNEY GENERAL
BY:

STEPHEN N. DODD
ASSISTANT ATTORNEY GENERAL

8

## CERTIFICATE OF SERVICE

I hereby certify that on this 22nd day of December, 1999, I served a copy of the foregoing on the attorney for Appellant, by placing the same in the United States Mail, first class, postage prepaid and addressed as follows:

> Richard L. Chancey
> P. O. Box 1369
> Phenix City, AL  36868-1369

STEPHEN N. DODD
ASSISTANT ATTORNEY GENERAL

ADDRESS OF COUNSEL:

Office of the Attorney General
Criminal Appeals Division
11 South Union Street
Montgomery, AL  36130
(334) 242-7300

16393/5295-001

9