# Court of Criminal Appeals

State of Alabama
Judicial Building, 300 Dexter Avenue
P. O. Box 301555
Montgomery, AL 36130-1555



FRANCIS ALLEN LONG, SR.
Presiding Judge
H. WARD McMILLAN
SUE BELL COBB
PAMELA W. BASCHAB
JAMES H. FRY
Judges

Clerk's Office
(334) 242-4590

## MEMORANDUM

CR-98-1545             Russell Circuit Court CC-97-95

Melvin Smith v. State

Affirmed by memorandum.

The appellant was convicted of first-degree rape, a violation of §13A-6-61, Ala. Code 1975. The trial court sentenced him to serve 20 years in prison. Before his trial, the appellant filed a motion to suppress a statement he had made to law enforcement officers and a motion in limine to restrict the use of the word "rape" during his trial. However, the trial court did not rule on these motions before the trial began. This appeal followed.

I.

The appellant argues that the trial court erred by allowing the case to proceed to trial without holding a hearing on his motion to suppress. However, he did not present this specific objection to the trial court. Therefore, he did not preserve it for our review. See Jackson v. State, [Ms. CR-97-2050, May 28, 1999] ___ So.2d ___ (Ala. Cr. App. 1999).

II.

The appellant also argues that the trial court erroneously denied his motion to continue. On February 16, 1999, the attorney who represented the appellant at his trial was appointed, and on February 25, 1999, the attorney filed a discovery motion. The trial was scheduled to begin on March 17, 1999. On March 8, 1999, counsel filed a motion to continue that stated as follows:

> "Comes now Melvin Smith, by and through his attorney of record, ..., and moves this Honorable Court for a continuance in the above cause due to the fact that



the defendant's statement was made available to defendant's attorney on March 5, 1999 and the said statement will significantly alter the theory in defending this case."

(C.R. 48.) The trial court summarily denied the motion. (C.R. 67.)

> "'A motion for continuance is addressed to the discretion of the trial court, and the court's ruling on it will not be disturbed unless there is an abuse of discretion. Ex parte Saranthus, 501 So.2d 1256, 1257 (Ala. 1986). A motion for continuance due to a lack of time for adequate preparation is a matter entirely within the sound discretion of the trial court and its ruling will not be reversed on appeal absent a plain and palpable showing of abuse. Dawkins v. State, 455 So.2d 220, 221 (Ala. Cr. App. 1984). In Johnson v. State, 500 So.2d 69 (Ala. Cr. App. 1986), we held that two months was adequate time to prepare, and in Gosha v. State, 442 So.2d 138 (Ala. Cr. App. 1983), we held 24 hours' preparation to be sufficient.'
>
> "Reynolds v. State, 539 So.2d 428, 429 (Ala. Cr. App. 1988)."

Inabinett v. State, 668 So.2d 170, 171 (Ala. Cr. App. 1995). Furthermore, in reviewing a trial court's ruling on a motion for a continuance, we must consider the circumstances surrounding the making of the motion. See R. D. v. State, 706 So.2d 770 (Ala. Cr. App. 1997), cert. deneid, ___ U.S. ___, 119 S.Ct. 79, 142 L.Ed.2d 62 (1998). For example, "'[t]he number of counts pending against a defendant, as well as the complexity of the case, are certainly factors which may be considered by the trial court in determining whether to grant a defendant's request for a continuance.'" Inabinett, 668 So.2d at 171 (citations omitted).

In this case, the defense had twelve days from the time it received a copy of the appellant's statement to reevaluate its strategy. Also, the appellant was charged with only one count of rape, and the facts of the case were not complex. Furthermore, as the State points out, "[the appellant] did not have to have a copy of his statement to know what the statement contained -- the words came out of his own mouth." (State's brief at p. 6.) Under the circumstances, we conclude that the trial court did not abuse its discretion in denying the appellant's motion to continue. See Brown v. State, 545 So.2d 106 (Ala. Cr. App. 1988), aff'd, 545 So.2d 122 (Ala.), cert. denied, 493 U.S. 900, 110 S.Ct. 257, 107 L.Ed.2d 206 (1989) (holding that the trial court did not abuse its discretion in denying a motion for a continuance even though the State produced a witness' statement on the morning the defendant's trial was scheduled to begin).

### III.

Finally, the appellant argues that the trial court erred by allowing the case to proceed to trial without holding a hearing on his motion in limine. Again, he did not preserve this issue for our review because he did not first present it to the trial court. See Jackson, supra.

For the above-stated reasons, we affirm the trial court's judgment.

Long, P.J., and McMillan, Cobb, Baschab, and Fry, JJ., concur.