Dodd

39252
SBD 8/19/02

State of Alabama
In The Court Of Criminal Appeals
(CR-01-1261)

Melvin Smith
         Appellant

vs.

State of Alabama, et al.,
         Appellee

On Appeal From The Circuit Court
Of Russell County, Alabama

Melvin Smith
Ais # 204766
P.O. Box 5107
Union Springs, Ala. 36089

EXHIBIT 7

# I. Table of Contents

| | | Page No. |
|---|---|---|
| I. | Table of Contents | i |
| II. | Table of Authorities Cited | ii |
| III. | State of The Case | 1 |
| IV. | Issues Presented For Review | 2 |
| V. | Statement of Facts | 3-6 |
| VI. | Argument | 7-12 |
| VII. | Conclusion | 12-13 |
| VIII. | Certificate of Service | 13 |
| IX. | Verification | 14 |

## II. Table of Authorities Cited

| Cases | Page No. |
|---|---|
| Kirby v. Illinois, 406 U.S. 682, 689-90, 32 L.Ed2d 411, 92 S.Ct. 1877 (1972); See Ex parte Looney, 797 So.2d 427 (Ala. 2001). | 4 |
| Parker v. State, 581 So.2d 1211 (Ala.Cr.App. 1990) (citing Lee v. State, 565 So.2d 1153 (Ala. 1989); Cady v. State, 455 So.2d 101 (Ala.Cr.App. 1984); C. Gamble, McElroy's Alabama Evidence, sec. 178.01 (4th ed. 1991). | 5 |
| Inman v. State, 585 So.2d 261 (Ala.Cr.App. 1991). | 6 |
| Walker v. City of Mobile, 508 So.2d 1209 (Ala.Cr.App. 1987) (quoting Rutledge v. Rowland, 161 Ala. 114, 49 So. 461, 466 (1909) | 7 |
| Shuttlesworth v. Birmingham, 382 U.S. 87, 15 L.Ed2d 176, 86 S.Ct. 211 (1965); Speiser v. Randall, 357 U.S. 513; Thornhill v. Alabama, 310 U.S. 88; Aptheker v. Sec. of State, 378 U.S. 500; Delgado v. Lewis, 181 F.3d 1087, 99 CDOS 4967, 99 Daily Journal DAR 6404 (1999, CA9 Cal); Caldwell v. Greene, 152 F.3d 331 (4th Cir. 1998); Gallaway, 56 F.3d 1239, 1240-41 (10th Cir. 1995). | 8 |
| Rea v. Peyton, 384 U.S. 312, 314, 16 L.Ed2d 583, 86 S.Ct. 1505 (1966) | 9 |

# Table of Authorities Cited

| Cases | Page No. |
|---|---|
| Ware v. State, 584 So.2d 939 (Ala.Cr.App. 1991); | 11 |
| U.S. v. Cameron, 907 F.2d 1051, 1061 (11th Cir. 1990); | 11 |
| Deluca v. Lord, 858 F.Supp. 1330 (S.D.N.Y 1994). | 11 |
| | 11 |
| Deluca F.Supp. at 1347; U.S. v. Teague, | 12 |
| 953 F.2d at 1525; Deluca at 1355. | 12 |

1

## III. Statement of The Case

Appellant Smith was arrested on October 25, 1996, and indicted by a Russell County Grand Jury on January 10, 1997, on a charge of Rape First degree, in violation of 13A-6-69, Ala. Code 1975. Smith entered a plea of not guilty on or about March 18, 1997. On the same date Smith was found guilty of Rape 1st degree, and on April 30, 1999, sentenced to a term of imprisonment of 20 years. The appeal followed and was affirmed on May 12, 2000, This appeal follows.

## IV. Issue Presented For Review

Whether Smith was denied a full and fair adjudication of the legality of his detention under the Constitution and laws of the United States.

## V. Statement of Facts

The Trial of Melvin Smith was plagued by fatal flaws, a wholly ineffective legal process. And the Rule 32 hearing failed to properly address the mental condition of Smith at the time he was allowed to represent himself at trial, no inquiry was made as to the mental state or element of the indicted offense.

1.) Furthermore, there is no indication of record that the information was made in the manner prescribed by law, nor supported by oath.

2.) That, the indictment in this case is void of any legal or factual specificity.

3.) That, the conviction was totally devoid of evidentiary support.

4.) That, the indictment fail to charge an offense.

5) That, the State made an end-run around a compency hearing in violation of the disability act Section 6-2-8, Ala. Code 1975, and the (A.D.A.) Americans With Disabilities Act, 42 U.S.C. 12112 thru 12131, permitting prisoners to amend complaint to add an ADA claim. And sec. 6-2-8 gives a person

under disability additional time to act.

6.) That the State simply abused its discretion allowing the prosecution to make an end-run around the jurisdictional prerequisite of the accusation base, or guarantees of the 6th Amendment, the Counsel Clause, and the overall architecture of the Bill of Rights, making mockery of the 14th Amendment.

The basis of this appeal is that there is no complaint or statement as required by law. The Supreme Court suggests that all 6th Amendment guarantees are accusation based. See Kirby v. Illinois, 406 U.S. 682, 689-90, 32 L Ed 2d 411, 92 S.Ct. 1877 (1972); See also Ex parte Looney, 797 So.2d 427 (Ala. 2001) ("a formal accusation by indictment, or information, or complaint made in the manner prescribed by law, and supported by oath is a prerequisite to the trial courts' jurisdiction and cannot be waived").

The Alabama Supreme Court held that "In sexual offense case(s), it is the general rule that 'testimony regarding a prosecutrix's complaint' in the first instance must be confined to the mere showing of the fact that a complaint was made. Details of the

occurence are not admissible." See Parker v. State, 581 So.2d 1211 (Ala.Cr.App.1990)(citing Lee v. State, 565 So.2d 1153 (Ala.1989). However, there is no complaint or statement in this case. There are certain exceptions to the general rule. In Cady v. State, 455 So.2d 101 (Ala.Cr.App.1984), the Court of Criminal Appeals wrote, "One exception is found in the "permissible introduction of evidence" as to the details of the "victims complaint" for the purpose of "corroborating the victims testimony on direct examination as to the details of the crime. Parker, 581 So.2d at 1215.

The Appellant Smith urge this Honorable Court to consider the facts herein set forth, in the entire chain of events of record, in that, there was no complaint or statement of record in which to corroborate. See also C. Gamble, McElroy's Alabama Evidence, sec. 178.01 (4th ed. 1991) ("The details of a complaint made by a rape victim cannot be elicited by the prosecution, especially when the complaint is not made within a reasonable time after the alleged occurence").

Here, it must be noted that there is no indication of record that a complaint was made in the manner prescribed by law. Further, "where the testimony of the prosecutrix is

6.

impeached by proof of self-contradictory statements,... the prosecution may prove her "complaints in detail." McElroy, supra. See, e.g., Lee v. State, supra; Parker v. State, supra; and Inmon v. State, 585 So. 2d 261 (Ala.Cr.App.1991).

7.

## VI. Argument

Appellant Smith's conviction and sentence should be reversed or set aside, because the entire chain of arrest, indictment, trial, appellate proceedings, and Rule 32 hearing leading to a final decision is subject to scrutiny to determine whether it produced a full and fair adjudication of the legality of his detention under the Constitution and laws of the United States.

That, this is a situation in which several events, whereby, the foregoing issues herein warranting post-conviction relief or further review. It is clear of record that the complaint, writ of arrest, warrant, or other information were not made in the manner prescribed by law, nor supported by oath. And "a statement of the cause of the arrest is always mandatory except when the person is arrested in commission of the act." Sec. 15-10-40, Ala. Code 1975; (also see Title 15, sec. 196 (1931, p. 652)(Rep. Atty. Gen., 1934-36, p. 288)). cf. - Walker v. City of Mobile, 508 So. 2d 1209 (Ala. Cr. App. 1987)(quoting Rutledge v. Rowland, 161 Ala. 114, 49 So. 461, 466 (1909). In short, the State simply disregarded the accusation base, and jurisdictional prerequisite of the indictment.

8.

What is at issue here is the method of litigation, not merely of an element of the charge (Rape First Degree), but of (Smith's) 5th, 6th and 14th Amendment defense of that charge. On such an issue the state may not consistently with these amendments "shift" the burden of proof (production, or persuasion) to the accused (Smith). See Shuttlesworth V. Birmingham, 382 U.S. 87, 15 L.Ed.2d 176, 86 S.Ct. 211 (1965); See also Speiser V. Randall, 357 U.S. 513; Thornhill V. Alabama, 310 U.S. 88; and Aptheker V. Sec. of State, 378 U.S. 500.

Whereas, it is self explanatory that the appellant (Smith) was denied effective assistance of counsel by appellate counsels failure to raise any arguable issues in his appellate brief (e.g., under the A.D.A. Smith is permitted to 'amend' complaint to add an ADA claim) (see 42 U.S.C.S. 12112; 28 C.F.R. Sec. 35.190), and failure raised presumption of prejudice, though it was clear that (Smith) had hardly any assistance, much less effective assistance of appointed counsel during trial. See Delgado V. Lewis, 181 F.3d 1087, 99 CDOS 4967, 99 Daily Journal DAR 6404 (1999, CA9 Cal.). Compare - Caldwell V. Greene, 152 F.3d 331 (4th Cir. 1998) (Quoting U.S. V. Galloway, 56 F.3d 1239, 1240-41 (10th Cir. 1995)

(ineffective assistance claims are not subject to procedural bar)." Thus, claims of ineffective assistance of appellate counsel clearly could not have been raised on direct appeal."

Therefore, while the record is incomplete in some respect, it contain enough to subject the actions of the State in this case to the gravest interpretations. The circumstances could easily suggest that the inept representation and defects or fatal flaws were contrived to deny Smith due process of the law — the test of disadvantage apply in this action, and the lack of familiarity with his legal Rights is also a factor. It gives concern that the appellant (Smith) filed his Notice of appeal (pro se) on or about March 12, 2002. On March 14, 2002, the Court appointed Hon. Joel Collins as appellate counsel, in which said counsel never contacted Smith as to his intentions to represent him. That, after no response or contact or client input considered by Mr. Collins, the appellant filed a "Motion to Set aside the Judgment and Sentence", on or about June 10, 2002; thus, invoking the A.D.A and the Alabama disabilities Act, seeking to amend the Rule 32 proceedings adding disability claims).

It gives further concern that the appellate counsel was allowed to withdraw just two days after the motion to set aside the judgment and sentence was filed in the trial court, in which the ADA was invoked and the Department of Justice notified to implement compliance, and investigate this matter more fully, because it was well known in advance of trial, that, the appellant (Smith) was on medication for mental defect and disabilities, since on or about 1992, as "service connected" disabled, and total disable since 1997 of record. Wherein, Smith has been under the V.A. doctors orders for prescribed medical treatment, on psychotropic, or other mental health medications, including "Divalproex and Thiothixene and other medications for more than ten years of V.A. record.

In light of the fact that Melvin Smith, the appellant, pro se, with only prison inmate assistance did he discover the material or essential facts constituting the offense in question, and incompetency to defend, and/or his capacity to appreciate his position and make a rational choice with respect to representing himself at trial, or on the

11

other hand whether he is suffering from a mental disease, disorder, or defect which may substantially affect his capacity in the premises. See Ree V. Peyton, 384 U.S. 312, 314, 16 L.Ed 2d 583, 86 S.Ct. 1505 (1966).

But having said this much concerning the ineffective "legal process, it is clear of record and report that Smith has an "Extreme Emotional Disturbance defense", and "The Reasonable Insanity Test Act" defense under Section 13A-3-1, Ala. Code 1975 ("It is an affirmative defense to a prosecution for any crime that, at the time of the commission of the acts constituting the offense, the defendant, as a result of a severe mental disease or defect, was unable to appriciate the nature and quality or wrongfulness of his acts. Mental disease or defect does not otherwise constitute a defense. See Ware V. State, 584 So.2d 939 (Ala.Cr.App.1991). See also U.S. V. Cameron, 907 F.2d 1051, 1061 (11th Cir. 1990). Also see, e.g., Deluca V. Lord, 858 F. Supp 1330 (S.D.N.Y 1994)("Extreme Emotional Disturbance" defense. EED defense is available to an individual whose mental state does not rise to the level of "insanity", but who is exposed to an extremely unusual and over-

whelming stress," and has an extreme emotional reaction to it as a result of which there is a loss of self-control and reason is overborne by 'intense feelings,' such as passion, anger, distress, grief, excessive agitation, or other similar emotions." DeLuca, 858 F.Supp. at 1347. (also see footnote, citing U.S. v. Isaque, 953 F.2d at 1525; DeLuca, at 1355. The Court stated, "an ineffective assistance of Counsel" claim, on either direct or collateral review, is the proper remedy for "any" violation of that right."

## VII. Conclusion

Based upon the foregoing arguments and authorities, the Appellant has met the two-part cognitive test under sec. 13A-3-1(a). The record show that he suffered from a serious mental disease or defect at the time of the crime. And his mental disease or defect must have prevented him from appriciating the nature and quality or wrongfulness of his acts." See Ware, supra. And accordingly, the appellant (Smith) rely on the Federal Regulation issued under the ADA acknowledging this point by identifying the Department of Justice as the agency that is

to implement compliance procedure concerning state and local correctional facilities.

Accordingly, Smith urges this Court to reverse the conviction and sentence as a matter of right.

Respectfully submitted

Dated: July 29, 2002

/s/ Melvin Smith
Melvin Smith
204766 - 15
P.O. Box 5107
Union Springs, Ala.
36089

Certificate of Service

I hereby certify that I have served a copy of the foregoing Brief and Argument upon the Attorney General, Hon Bill Pryor, Alabama Statehouse, 11 So. Union St., Montgomery, Ala. 36130, by placing a copy of same in the U.S. mail, with prepaid first class postage affixed hereto and addressed as stated, this 29 day of July 2002.

/s/ Melvin Smith
Melvin Smith
Affiant - Pro Se

14.

Verification

I swear (or affirm) under penalty of perjury that the foregoing is true and correct. (Pursuant 18 U.S.C. 1746)

Executed on July 29, 2002

/s/ Melvin Smith
Melvin Smith
Affiant - pro se