No. CR 01-1261

*In the COURT of CRIMINAL APPEALS*

*of ALABAMA*

MELVIN SMITH,

Appellant,

v.

STATE OF ALABAMA,

Appellee.

*On Appeal From the Circuit Court*
*of Russell County (CC 97-95.60)*

**BRIEF OF APPELLEE**

William H. Pryor Jr.
*Attorney General*

J. Thomas Leverette
*Assistant Attorney General*

Stephen N. Dodd
*Assistant Attorney General*
Counsel of Record *

State of Alabama
Office of the Attorney General
11 South Union Street
Montgomery, Alabama  36130
August 26, 2002    (334) 242-7300, 7378*



## STATEMENT REGARDING ORAL ARGUMENT

The State does not request oral argument.

**TABLE OF CONTENTS**

STATEMENT REGARDING ORAL ARGUMENT........................... 1

TABLE OF CONTENTS.......................................... 2

TABLE OF AUTHORITIES....................................... 3

STATEMENT OF THE CASE AND FACTS............................ 4

ISSUES PRESENTED FOR REVIEW................................ 6

STANDARD OF REVIEW......................................... 6

SUMMARY OF THE ARGUMENT.................................... 7

ARGUMENTS.................................................. 8

  I. The trial court was correct in the way it summarily disposed of all Smith's claims that were not ineffective assistance of counsel claims. ............................ 8

  II. The trial court's disposition of Smith's ineffective assistance of counsel claims was also ultimately proper.. 8

    A. Ineffective assistance of trial counsel............ 9

    1. Most of Smith's ineffective assistance of trial counsel claims are waived on appeal. .................. 9

    2. Smith's claim of ineffective assistance of advisory trial counsel, for advisory counsel's failure to suggest to Smith the idea of a pre-trial mental examination, is without merit. ................. 9

    B. Ineffective assistance of appellate counsel......... 8

CONCLUSION................................................ 11

CERTIFICATE OF SERVICE.................................... 13

# TABLE OF AUTHORITIES

**Cases**

*Coughlin v. State*, 2002 WL 1139656 (Ala. Crim. App. May 31, 2002) .................................................. 11

*Ex parte Ingram*, 675 So. 2d 863 (Ala. 1996) ............... 8

*Faretta v. California*, 422 U. S. 806, 835, 95 S. Ct. 2525, 45 L. Ed. 2d 562 (1975) ............................. 10

*Fountain v. State*, 2000 WL 572753 (Ala. Crim. App. Apr. 28, 2000) .............................................. 11

*Grady v. State*, 2001 WL 1149055 (Ala. Crim. App. Sept. 28, 2001) ............................................. 7

*Long v. State*, 675 So. 2d 532 (Ala. Crim. App. 1996) ..... 11

*Polk v. State*, 2001 WL 792631(Tenn. Crim. App. July 13, 2001) ............................................... 7

*Nicks v. State*, 783 So. 2d 895 (Ala. Crim. App. 1999) .... 10

*Strickland v. Washington*, 466 U.S. 668, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1989) ................................ 8

*Twyman v. State*, 565 So. 2d 1215 (Ala. Crim. App. 1990) ... 9

**Statutes**

*ALA. R. CRIM. P.*,

  Rule 32.2(a)(3) ........................................... 8

  Rule 32.2(a)(5) ........................................... 8

## STATEMENT OF THE CASE AND FACTS

This is an appeal by Melvin Smith ("Smith") from the denial of his postconviction petition by the Russell County Circuit Court. Russell County Circuit Court Judge George R. Greene issued the order summarily denying Smith's Rule 32 petition.

On March 17, 1999, Smith was convicted[1] in Russell County Circuit Court on a charge of first-degree rape, in violation of ALA. CODE, §13A-6-61 (1975). (DA. R. 9-10) The Alabama Court of Criminal Appeals affirmed Smith's conviction on January 28, 2000. See Smith v. State, CR 98-1545 mem. op. (Ala. Crim. App. Oct. 26, 2000).

On July 10, 2001, Smith filed a petition for postconviction relief under ALA. R. CRIM. P., Rule 32, raising the following claims:

> 1) that the trial court erred by failing to inquire into his mental capacity before allowing him to direct his own defense;
>
> 2) that the State's indictment was void because it was factually inadequate;

---

[1] The Court of Criminal Appeals can take judicial notice of its own records, and the State requests that the Court take judicial notice of its records in Smith's direct appeal, Smith v. State, CR 98-1545 (Ala. Crim. App. Jan. 28, 2000). See Ex parte Salter, 520 So. 2d 213 (Ala. Crim. App. 1987). References to the record from Smith's direct appeal will be designated "DA. C.", "DA. R.", respectively.

4

3) that the State's indictment was void because it was legally inadequate;

4) that the State's evidence, which consisted primarily of the testimony of the victim, Annette Thomas, was insufficient to sustain his conviction;

5) that the State's arrest warrant was illegal;

6) that Smith's trial counsel was ineffective; and

7) that Smith's appellate counsel was ineffective.

(C. 3-15) On August 9, 2001, the State, by and through the District Attorney of Russell County, filed an *Answer* to Smith's Rule 32 petition, arguing that summary dismissal of Ray's petition was warranted on its merits. (C. 16-18)

On August 23, 2001, the trial court entered an order summarily denying, on the basis of preclusion under ALA. R. CRIM. P., Rule 32.2(a)(3) and (a)(5), all Smith's Rule 32 claims except his ineffective assistance of appellate counsel claims. On October 10, 2001, a hearing was held on Smith's ineffective assistance of appellate counsel claims. (R. 4-62)

On February 14, 2002, the trial court issued a second Order, holding that Smith's election to direct his own defense, and only to be assisted in that defense by his trial counsel, effectively waived his ability to raise a

5

claim of ineffective assistance of trial counsel, and, by waiving ineffective assistance of trial counsel, Smith had also effectively waived any claim that his appellate counsel was ineffective for not raising, on appeal, a claim or claims of ineffective assistance of trial counsel. (C. 23-24)

Smith filed notice of appeal on April 25, 2002. (C. 37) This appeal ensued.

## ISSUES PRESENTED FOR REVIEW

1. Was the trial court correct in the way it summarily disposed of all Smith's claims except his claims of ineffective assistance of trial and appellate counsel?

2. Was the trial court disposition of Smith's ineffective assistance of counsel claims also ultimately proper?

## STANDARD OF REVIEW

1) The question of the propriety of a trial court's summary denial of a Rule 32 petition is reviewed on appeal

6

for abuse of discretion. *Grady v. State*, 2001 WL 1149055, at *1 (Ala. Crim. App. Sept. 28, 2001).

2) The question of ineffective assistance of counsel is a mixed question of fact and law, the factual component of which is reviewed for abuse of discretion, and the legal component of which is reviewed *de novo*. *Polk v. State*, 2001 WL 792631, at *2 (Tenn. Crim. App. July 13, 2001).

## SUMMARY OF THE ARGUMENT

The claims raised by Smith in his Rule 32 petition, having nothing to do with ineffective assistance of counsel, were waived because they could have been raised by him at trial and on direct appeal, but were not. Smith's claims of ineffective assistance of trial counsel are waived because Smith voluntarily elected to represent himself at trial. Because Smith voluntarily elected to represent himself at trial, his claims of ineffective assistance of appellate counsel are without merit because Smith cannot show that his appellate counsel was deficient in regard to Smith's trial counsel.

7

## ARGUMENTS

I. **The trial court was correct in the way it summarily disposed of all Smith's claims that were not ineffective assistance of counsel claims.**

Smith's Rule 32 petition raised claims concerning his arrest warrant, his indictment, the sufficiency of the State's evidence, and whether his waiver of trial counsel was intelligently made. All of these were claims Smith could and should have raised at trial, and on direct appeal. They are, therefore, as the trial court found in its August 23, 2001 Order, precluded under ALA. R. CRIM. P., Rules 32.2(a)(3) and (a)(5).

II. **The trial court disposition of Smith's ineffective assistance of counsel claims was also ultimately proper.**

The trial court was also correct in the way it disposed of Smith's ineffective assistance of trial counsel claims. Smith was convicted on March 17, 1999. (DA. R. 151) He was sentenced on April 30, 1999. (DA. R. 158) Smith's trial counsel's motion to withdraw from the case was granted on June 15, 1999. (DA. C. 77)

Because Smith's appellate counsel was not appointed until more than ~~forty-two~~ thirty days after Smith's sentencing,

8

the proper place for Smith to raise ineffective assistance of trial counsel is in Rule 32. *Ex parte Ingram*, 675 So. 2d 863, 865 (Ala. 1996). Ineffective assistance of counsel claims are analyzed under *Strickland v. Washington*, 466 U.S. 668, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1989).

In arguing that his counsel was ineffective, a petitioner like Ray must establish *both* that the performance of his attorney was deficient, *and* that the petitioner was prejudiced by the attorney's performance. 466 U.S. at 687, 104 S. Ct. at 2064. To show prejudice, the petitioner must prove that the outcome of the trial would have been different but for counsel's ineffective representation. *Twyman v. State*, 565 So. 2d 1215 (Ala. Crim. App. 1990).

### A. Ineffective assistance of trial counsel

In his Rule 32 petition, Smith raised approximately twenty ineffective assistance of counsel claims. (C. 13-14) Not so in this appeal.

#### 1. Most of Smith's ineffective assistance of trial counsel claims are waived.

In his *Brief* here, it appears Smith has re-raised only one of the multitude of ineffective assistance of trial

9

counsel claims he raised in his petition, i.e., that his advisory trial counsel was ineffective for not suggesting to Smith that he request from the trial court a mental examination. Claims raised at trial, but not re-raised on appeal, however, are waived. *Nicks v. State*, 783 So. 2d 895, 906 (Ala. Crim. App. 1999). All Smith's ineffective assistance of trial counsel claims, except the one relating to whether he should have been given a mental evaluation, are waived.

### 2. Smith's claim of ineffective assistance of advisory trial counsel, for counsel's failure to suggest to Smith the idea of a pre-trial mental examination, is without merit.

Smith knowingly and voluntarily elected to represent himself at trial. (DA. C. 21) As such, he waived his ability to come back later and claim that the counsel who was appointed *merely* to advise him, not to conduct his defense, was somehow constitutionally ineffective. *See Faretta v. California*, 422 U. S. 806, 835, 95 S. Ct. 2525, 45 L. Ed.2d 562 (1975) ("When an accused manages his own defense, he relinquishes, as a purely factual matter, many of the traditional benefits associated with the right to counsel. For this reason, in order to represent himself,

the accused must knowingly and intelligently forgo those relinquished benefits."); *see also Coughlin v. State*, 2002 WL 1139656, at *2 (Ala. Crim. App. May 31, 2002).

### B. Ineffective assistance of appellate counsel.

Finally, Smith argues that his appellate counsel was ineffective for failing to take issue on appeal with the effectiveness of the representation of his appointed advisory trial counsel. Again, however, Smith's trial counsel was not representing Smith -- Smith was representing himself. Smith's trial counsel was only assisting.

If Smith's trial counsel was not representing Smith, then Smith's advisory trial counsel cannot be said to have been deficient. If Smith's advisory trial counsel cannot be said to have been deficient, then Smith's appellate counsel cannot be said to have been deficient for failing to raise non-issues concerning Smith's trial counsel's ineffectiveness.

### CONCLUSION

Where the judgment of the circuit court denying a petition for postconviction relief is correct for any

11

reason, it will be affirmed by this Court, even if the circuit court stated an incorrect reason for its denial. *Fountain v. State*, 2000 WL 572753, at *5 (Ala. Crim. App. Apr. 28, 2000), *citing Long v. State*, 675 So. 2d 532, 533 (Ala. Crim. App. 1996). For the foregoing reasons, the denial of Smith's Rule 32 petition was proper, even if it was not wholly proper on the grounds cited by the trial court in its Orders. (C. 33-35)

                          Respectfully submitted,

                          William H. Pryor Jr.
                          *Attorney General*
                          By:

                          Stephen N. Dodd
                          *Assistant Attorney General*

## CERTIFICATE OF SERVICE

I hereby certify that on this 26th day of August, 2002, I served a copy of the foregoing on Appellant Smith, by placing the same in the United States Mail, first class, postage prepaid and addressed as follows:

Melvin Smith
AIS # 204766
P. O. Box 5107
Union Springs, AL  36089

_____
STEPHEN N. DODD
ASSISTANT ATTORNEY GENERAL

ADDRESS OF COUNSEL:

Office of the Attorney General
Criminal Appeals Division
11 South Union Street
Montgomery, AL  36130
(334) 242-7300

75068/39252-001

13