Dodd

39252

# Court of Criminal Appeals

State of Alabama
Judicial Building, 300 Dexter Avenue
P. O. Box 301555
Montgomery, AL 36130-1555



RELEASED
SEP 2 0 2002
CLERK
ALA COURT CRIMINAL APPEALS

H.W. "BUCKY" McMILLAN
Presiding Judge
SUE BELL COBB
PAMELA W. BASCHAB
GREG SHAW
A. KELLI WISE
Judges

Lane W. Mann
Clerk
Wanda K. Ivey
Assistant Clerk
(334) 242-4590
Fax (334) 242-4689

<u>MEMORANDUM</u>

CR-01-1261                          Russell Circuit Court CC-97-95.60

<u>Melvin Smith v. State of Alabama</u>

Baschab, Judge.

    On March 18, 1999, the appellant was convicted of first-degree rape. On April 30, 1999, the trial court sentenced him to serve a term of twenty years in prison. We affirmed his conviction in an unpublished memorandum and issued a certificate of judgment on May 12, 2000. See <u>Smith v. State</u>, (CR-98-1545) 805 So. 2d 784 (Ala. Crim. App. 2000) (table). On July 10, 2001, the appellant filed a Rule 32 petition, challenging his conviction. After the State responded, the circuit court conducted an evidentiary hearing and dismissed the petition. This appeal followed.

I.

    The appellant argues that "the complaint, writ of arrest, warrant, or other information were not made in the manner prescribed by law, nor supported by oath." (Appellant's brief



EXHIBIT
9

at p. 7.) However, this claim is precluded because he could have raised it at trial and on appeal, but did not. See Rule 32.2(a)(3) and (5), Ala. R. Crim. P.

II.

The appellant also argues that his appellate counsel rendered ineffective assistance. Specifically, he contends that his appellate counsel did not raise ineffective-assistance-of-trial-counsel claims on direct appeal. The record from the appellant's direct appeal indicates that he was sentenced on April 30, 1999, and that newly retained counsel represented him at sentencing.[1] However, the record on appeal was not completed until October 27, 2000.

> "[I]n any cases in which the defendant is convicted after the date this opinion is released, an ineffective-assistance-of-counsel claim must be presented in a new trial motion filed before the 30-day jurisdictional time limit set by Rule 24.1(b), Ala. R. Crim. P., expires, in order for that claim to be properly preserved for review upon direct appeal.
>
> "...
>
> "When a defendant makes a claim of ineffective assistance of trial counsel, and that claim cannot reasonably be presented in a new trial motion filed within the 30 days allowed by Rule 24.1(b), Ala. R. Crim. P., the proper method for presenting that claim for appellate review is to file a Rule 32, Ala. R. Crim. P., petition for post-conviction relief."

Ex parte Ingram, 675 So. 2d 863, 865-66 (Ala. 1996). In this case, appellate counsel did not have access to the record on appeal in time to raise ineffective-assistance-of-trial-counsel claims within 30 days after the appellant was sentenced.

---

[1] We have taken judicial notice of the record from the appellant's direct appeal in this case. See Nettles v. State, 731 So. 2d 626 (Ala. Crim. App. 1998).

2

Therefore, appellate counsel did not render ineffective assistance in this regard.

### III.

Finally, the appellant appears to argue that he was not competent to defend himself and did not have "the capacity to appreciate his position and make a rational choice with respect to representing himself at trial" (appellant's brief at p. 10); that his trial counsel rendered ineffective assistance because he did not present an insanity defense or an extreme emotional disturbance defense; and that his appellate counsel rendered ineffective assistance because he did not raise a claim about his mental status.[2] However, he did not present these claims in his original petition. Also, although his attorney elicited some testimony about his mental status during the evidentiary hearing, the circuit court specifically stated that claims regarding his mental status were not properly before that court because he had not raised them in his original petition. Therefore, these claims are not properly before this court. See Morrison v. State, 551 So. 2d 435 (Ala. Crim. App. 1989).

For the above-stated reasons, we affirm the circuit court's judgment.

**AFFIRMED.**

McMillan, P.J., and Cobb, Shaw, and Wise, JJ., concur.

---

[2] The appellant lists additional issues in his brief to this court. However, he does not include any arguments on those issues, as required by Rule 28(a)(5), Ala. R. App. P. Therefore, they are not properly before this court.