COURT OF CRIMINAL APPEALS NO. _____ CR-03-1286 _____

# Appeal To Alabama Court of Criminal Appeals

### FROM

### Circuit Court of Russell County, Alabama

CIRCUIT COURT N _____ CC-1997-95.62 _____

CIRCUIT JUDG _____ GEORGE R. GREENE _____

Type of Conviction/Order Appealed From: _____ RULE 32 PETITION _____

Sentence Imposed: _____ PETITION DISMISSED _____

Defendant Indigent:   ☐ YES   ☑ NO

**MELVIN SMITH**

<strong>Name of Appellant</strong>

MELVIN SMITH #204766
_____
(Appellant's Attorney)                    (Telephone No.)
P.O. BOX 5107
_____
(Address)
UNION SPRINGS,        AL        36089
_____
(City)              (State)           (Zip Code)

### V.

### STATE OF ALABAMA

<strong>Name of Appellee</strong>

(State represented by Attorney General)

NOTE: If municipal appeal, indicate above, and enter

name and address of municipal attorney below.

_____

_____

(For Court of Criminal Appeals Use Only)



# INDEX TO TRANSCRIPT

| | PAGE |
|---|---|
| Case Action Summary CC-1997-95.62 | 1 |
| Petition for Relief from Conviction or Sentence | 3 |
| Motion to Compel Response | 44 |
| Order of Denial on Motion to Compel Response | 47 |
| Order of Dismissal | 48 |
| Notice of Appeal | 49 |
| Reporter's Transcript Order | 50 |
| Docketing Statement | 51 |
| Notice of Appeal to the Court of Criminal Appeals | 54 |
| Notice to Defendant from the Court of Criminal Appeals | 55 |
| Affidavit of Substantial Hardship | 56 |
| Motion for Leave to Proceed on Appeal In Forma Pauperis | 59 |
| Order of Denial on Motion for Leave to Proceed In Forma Pauperis | 62 |
| Request for Extension of Time for Filing Certificate Of Completion of Entire Record | 63 |
| Motion for a Court Order | 65 |
| Response to Defendant from the Court of Criminal Appeals on Motion for a Court Order | 68 |
| Order Granting Motion for a Court Order | 69 |
| Certificate of Completion of Clerk's Record | 70 |

```
ACRO370                ALABAMA JUDICIAL INFORMATION SYSTEM      CASE: CC 1997 000095.62
OPER: JOS                      CASE ACTION SUMMARY
PAGE:  1                        CIRCUIT  CRIMINAL                RUN DATE: 06/15/2004
======================================================================================
   THE CIRCUIT COURT OF  RUSSELL                                        JUDGE: GRG

STATE  OF  ALABAMA                    VS      SMITH MELVIN
                                              204766
CASE: CC 1997 000095.62                       P.O. BOX 5107
                                              UNION SPRINGS , AL  36089 0000

DOB: 09/11/1965        SEX: M  RACE: B  HT: 5 03  WT: 190   HR: BLK EYES: BRO
SSN: 418021110  ALIAS NAMES:
======================================================================================
CHARGE01: RULE 32-FELONY        CODE01: RULE  LIT: RULE 32-FELONY TYP: F #: 001
OFFENSE DATE:                           AGENCY/OFFICER:

DATE WAR/CAP ISS:                    DATE ARRESTED:
DATE    INDICTED: 01/10/1997         DATE    FILED: 02/04/2004
DATE    RELEASED:                    DATE  HEARING:
   BOND AMOUNT:           $.00           SURETIES:

DATE 1:            DESC:                  TIME: 0000
DATE 2:            DESC:                  TIME: 0000

TRACKING NOS:                   /                    /

   DEF/ATY:                        TYPE:                       TYPE:

                        00000                      00000

PROSECUTOR:

======================================================================================
  TH CSE:   000000000000 CHK/TICKET NO:            GRAND JURY: 85
  URT REPORTER: _____ SID NO:    000000000
DEF STATUS: PRISON              DEMAND:                          OPER: JOS
======================================================================================
  TRANS DATE    ACTIONS, JUDGEMENTS, AND NOTES                        OPE
======================================================================================
| 02/04/2004 | PETITION FOR RELIEF FROM CONVICTION OR SENTENCE    | JOS |
| 02/04/2004 | ****COSTS PAID*****                                | JOS |
| 03/19/2004 | MOTION TO COMPEL RESPONSE                          | JOS |
| 03/19/2004 | ORDER OF DENIAL ON MOTION TO COMPEL RESPONSE       | JOS |
| 03/22/2004 | TRANSMITTAL NOTICE      SENT TO DEFENDANT  (AR09)  | JOS |
| 04/06/2004 | ORDER OF DISMISSAL                                 | JOS |
| 04/06/2004 | TRANSMITTAL NOTICE      SENT TO DEFENDANT  (AR09)  | JOS |
| 04/06/2004 | CASE ACTION SUMMARY PRINTED          (AR08)        | JOS |
| 05/07/2004 | CASE APPEALED ON: 05/06/2004         (AR10)        | JOS |
| 05/07/2004 | APPEAL "TO" TYPE: "R"                (AR10)        | JOS |
| 05/07/2004 | NOTICE OF APPEAL TO THE COURT OF CRIMINAL APPEALS  | JOS |
| 05/07/2004 |   OF ALABAMA                                       | JOS |
| 05/07/2004 | REPORTER'S TRANSCRIPT ORDER                        | JOS |
| 05/07/2004 | DOCKETING STATEMENT                                | JOS |
| 05/07/2004 | CLERK'S NOTICE OF APPEAL TO THE COURT OF           | JOS |
| 05/07/2004 |   CRIMINAL APPEALS                                 | JOS |
| 05/07/2004 | TRANSMITTAL NOTICE      SENT TO DEFENDANT  (AR09)  | JOS |
```

```
ACRO370              ALABAMA JUDICIAL INFORMATION SYSTEM    CASE: CC 1997 000095.62
OPER: JOS                   CASE ACTION SUMMARY
PAGE:   2                  CIRCUIT   CRIMINAL                RUN DATE: 06/15/2004
===============================================================================
  THE CIRCUIT COURT OF  RUSSELL                                   JUDGE: GRG

STATE  OF  ALABAMA              VS      SMITH MELVIN
                                       204766
CASE: CC 1997 000095.62                P.O. BOX 5107
                                       UNION SPRINGS , AL  36089 0000

DOB: 09/11/1965        SEX: M  RACE: B  HT: 5 03  WT: 190   HR: BLK EYES: BRO
SSN: 418021110  ALIAS NAMES:
===============================================================================
  TRANS DATE    ACTIONS, JUDGEMENTS, AND NOTES                          OPE
===============================================================================
```

| TRANS DATE | ACTIONS, JUDGEMENTS, AND NOTES | OPE |
|---|---|---|
| 05/11/2004 | ORDER FROM THE COURT OF CRIMINAL APPEALS FOR THE | JOS |
| 05/11/2004 | DEFENDANT TO PAY FILING FEE OR PROVIDE PROOF | JOS |
| 05/11/2004 | OF IN FORMA PAUPERIS STATUS | JOS |
| 05/18/2004 | AFFIDAVIT OF SUBSTANTIAL HARDSHIP | JOS |
| 05/18/2004 | COPY OF MOTION FOR LEAVE TO PROCEEDE ON APPEAL IN | JOS |
| 05/18/2004 | FORMA PAUPERIS, OR IN THE ALTERNATIVE, ALLOW | JOS |
| 05/18/2004 | THE APPELLANT TO PAY FEE IN INSTALLMENTS | JOS |
| 05/18/2004 | FILED WITH THE COURT OF CRIMINAL APPEALS | JOS |
| 05/19/2004 | ORDER OF DENIAL ON REQUEST TO PROCEED IN FORMA | JOS |
| 05/19/2004 | PAUPERIS | JOS |
| 05/20/2004 | TRANSMITTAL NOTICE      SENT TO DEFENDANT   (AR09) | JOS |
| 06/03/2004 | REQUEST FOR EXTENSION OF TIME FOR FILING | JOS |
| 06/03/2004 | CERTIFICATE OF COMPLETION OF ENTIRE RECORD | JOS |
| 06/04/2004 | CASE ACTION SUMMARY PRINTED                 (AR08) | JOS |
| 06/04/2004 | CASE ACTION SUMMARY PRINTED                 (AR08) | JOS |
| 06/09/2004 | MOTION FOR A COURT ORDER | JOS |
| 06/14/2004 | ORDER FROM THE COURT OF CRIMINAL APPEALS THAT THE | JOS |
| 06/14/2004 | DEFENDANT WILL BE GIVEN 28 DAYS FROM THE DATE | JOS |
| 06/14/2004 | THE RECORD IS CERTIFIED AS COMPLETE TO FILE | JOS |
| 06/14/2004 | HIS BRIEF AND HE WILL BE NOTIFIED OF THE DATE | JOS |
| 06/14/2004 | ORDER FOR THE CLERK TO SUBMIT THE REQUESTED | JOS |
| 06/14/2004 | RECORD TO THE PETITIONER BY JUNE 17, 2004. | JOS |
| 06/14/2004 | CASE ACTION SUMMARY PRINTED                 (AR08) | JOS |
| 06/14/2004 | TRANSMITTAL NOTICE      SENT TO DEFENDANT   (AR09) | JOS |
| 06/14/2004 | CLERK'S CERTIFICATE AND TRANSMITTAL OF RECORD ON | JOS |
| 06/14/2004 | APPEAL BY TRIAL CLERK | JOS |
| 06/14/2004 | CASE ACTION SUMMARY PRINTED                 (AR08) | JOS |
| 06/14/2004 | TRANSMITTAL NOTICE      SENT TO DEFENDANT   (AR09) | JOS |
| 06/15/2004 | NOTIFICATION FROM THE COURT REPORT THAT THERE | JOS |
| 06/15/2004 | WILL BE NO TRANSCRIPT | JOS |
| 06/15/2004 | CASE ACTION SUMMARY PRINTED                 (AR08) | JOS |

# PETITION FOR RELIEF FROM
# CONVICTION OR SENTENCE

### (Pursuant to Rule 32,
### Alabama Rules of Criminal Procedure)

Case Number

| CC | 97 | 095.62 |
|----|----|--------|
| ID | YR | NUMBER |

IN THE _____ CIRCUIT _____ COURT OF _____ RUSSELL COUNTY, _____ ALABAMA

MELVIN SMITH _____ vs. _____ STATE OF ALABAMA

Petitioner (Full Name) _____ Respondent

[Indicate either the "State" or, if filed in municipal court, the name of the "Municipality"]

Prison Number _____ 204766 _____ Place of Confinement _____ BULLOCK CORR. FACILITY

County of conviction _____ RUSSELL COUNTY

### NOTICE:   BEFORE COMPLETING THIS FORM, READ CAREFULLY THE ACCOMPANYING INSTRUCTIONS.

1. Name and location (city and county) of court which entered the judgment of conviction or sentence under attack _____ RUSSELL COUNTY CIRCUIT COURT

   PHENIX CITY, ALABAMA

2. Date of judgment of conviction _____ MARCH 18,  1999

3. Length of sentence _____ 20 YEARS

4. Nature of offense involved (all counts) _____ RAPE 1ST DEGREE

5. What was your plea?   (Check one)

   (a)  Guilty _____

   (b)  Not guilty _X_

   (c)  Not guilty by reason of mental disease or defect _____

6.  Kind of trial: (Check one)

(a)  Jury __X__                    (b)  Judge only _____

7.  Did you testify at the trial?

Yes __X__                          No _____

8.  Did you appeal from the judgment of conviction?

Yes __X__                          No _____

9.  If you did appeal, answer the following:

(a)  As to the state court to which you first appealed, give the following information:

(1)  Name of court _____ ALABAMA COURT OF CRIMINAL APPEALS

(2)  Result _____ AFFIRMED

(3)  Date of result _____ MAY 12, 2000

(b)  If you appealed to any other court, then as to the second court to which you appealed, give the following information:

(1)  Name of court _____ N/A

(2)  Result _____ N/A

(3)  Date of result _____ N/A

(c)  If you appealed to any other court, then as to the third court to which you appealed, give the following information:

(1)  Name of court _____ N/A

(2)  Result _____ N/A

(3)  Date of result _____

10.  Other than a direct appeal from the judgment of conviction and sentence, have you previously filed any petitions, applications, or motions with respect to this judgment in any court, state or federal?

Yes __X__               No _____

11.  If your answer to Question 10 was "yes", then give the following information in regard to the first such petition, application, or motion you filed:

(a)  (1)  Name of court __CIRCUIT COURT OF RUSSELL COUNTY, ALABAMA__

(2)  Nature of proceeding ____RULE 32 PETITION____

(3)  Grounds raised ____SEE ATTACHED STATING GROUNDS RAISED IN FIRST PETITION____

_____

_____

_____

_____

(attach additional sheets if necessary)

(4)  Did you receive an evidentiary hearing on your petition, application, or motion?

Yes __X__               No _____

(5)  Result ____DISMISSED____

(6)  Date of result ____FEBRUARY 14, 2002____

(b)  As to any second petition, application, or motion, give the same information:

(1)  Name of court ____RUSSELL COUNTY CIRCUIT COURT____

(2)  Nature of proceeding ____RULE 32 PETITION____

(3)  Grounds raised ____SEE ATTACHED STATING GROUNDS RAISED IN SECOND PETITION____

_____

_____

_____

(attach additional sheets if necessary)

(4)  Did you receive an evidentiary hearing on your petition, application, or motion?

Yes _____               No __X__

(5)  Result ____THE COURT WOULD NOT GRANT IN FORMA PAUPERIS DECOLORATION____

(6)  Date of result ____MARCH 12, 2003____

(c)  As to any third petition, application, or motion, give the same information (attach additional sheets giving the same information for any subsequent petitions, applications, or motions):

(1)  Name of court ____

(2) Nature of proceeding _____ N/A _____

(3) Grounds raised _____

_____ N/A _____

_____ N/A _____

(attach additional sheets if necessary)

(4) Did you receive an evidentiary hearing on your petition, application, or motion?

Yes _____      No _____ X

(5) Result _____

(6) Date of result _____

(d) Did you appeal to any appellate court the result of the action taken on any petition, application, or motion?

(1) First petition, etc.      Yes _____ X      No _____

(2) Second petition, etc.      Yes _____ X      No _____

(2) Third petition, etc.      Yes _____      No _____

ATTACH ADDITIONAL SHEETS GIVING THE SAME INFORMATION
FOR ANY SUBSEQUENT PETITIONS, APPLICATIONS, OR MOTIONS.

(e) If you did not appeal when you lost on any petition, application, or motion, explain briefly why you did not:

_____

_____

_____

12. Specify every ground on which you claim that you are being held unlawfully, by placing a check mark on the appropriate line(s) below and providing the required information. Include all facts. If necessary, you may attach pages stating additional grounds and the facts supporting them.

# GROUNDS OF PETITION

Listed below are the possible grounds for relief under Rule 32. Check the ground(s) that apply in your case, and follow the instruction under the ground(s):

XX    A.    The Constitution of the United States or of the State of Alabama requires a new trial, a new sentence proceeding, or other relief.

For your information

(1) Conviction obtained by plea of guilty which was unlawfully induced or not made voluntarily with understanding of the nature of the charge and the consequences of the plea.

(2) Conviction obtained by use of coerced confession.

(3) Conviction obtained by use of evidence gained pursuant to an unconstitutional search and seizure.

(4) Conviction obtained by use of evidence obtained pursuant to an unlawful arrest.

(5) Conviction obtained by a violation of the privilege against self-incrimination.

 (6) Conviction obtained by the unconstitutional failure of the prosecution to disclose to the defendant evidence favorable to the defendant.

(7) Conviction obtained by a violation of the protection against double jeopardy.

(8) Conviction obtained by action of a grand or petit jury which was unconstitutionally selected and impaneled.

(9) Denial of effective assistance of counsel.

This list is not a complete listing of all possible constitutional violations.

If you checked this ground of relief, attach a separate sheet of paper with this ground listed at the top of the page. On this separate sheet of paper list each constitutional violation that you claim, whether or not it is one of the nine listed above, and include under it each and every fact you feel supports this claim. Be specific and give details.

B. The court was without jurisdiction to render the judgment or to impose the sentence.

If you checked this ground or relief, attach a separate sheet of paper with this ground listed at the top of the page. On this separate sheet of paper list each and every fact you feel supports this claim. Be specific and give details.

C. The sentence imposed exceeds the maximum authorized by law, or is otherwise not authorized by law.

If you checked this ground or relief, attach a separate sheet of paper with this ground listed at the top of the page. On this separate sheet of paper list each and every fact you feel supports this claim. Be specific and give details.

D. Petitioner is being held in custody after his sentence has expired.

If you checked this ground or relief, attach a separate sheet of paper with this ground listed at the top of the page. On this separate sheet of paper list each and every fact you feel supports this claim. Be specific and give details.

E. Newly discovered material facts exist which require that the conviction or sentence be vacated by the court, because:

The facts relied upon were not known by petitioner or petitioner's counsel at the time of trial or sentencing or in time to file a post-trial motion pursuant to rule 24, or in time to be included in any previous collateral proceeding, and could not have been discovered by any of those times through the exercise of reasonable diligence; and

The facts are not merely cumulative to other facts that were known; and

5

The facts do not merely amount to impeachment evidence; and

If the facts had been known at the time of trial or sentencing, the result would probably have been different; and

XXXXXXX  The facts establish that petitioner is innocent of the crime for which he was convicted or should not have received the sentence that he did.

If you checked this ground or relief, attach a separate sheet of paper with this ground listed at the top of the page. On this separate sheet of paper list each and every fact you feel supports this claim. Be specific and give details.

_____  F.  The petitioner failed to appeal within the prescribed time and that failure was without fault on petitioner's part.

If you checked this ground or relief, attach a separate sheet of paper with this ground listed at the top of the page. On this separate sheet of paper list each and every fact you feel supports this claim. Be specific and give details.

13.  IMPORTANT NOTICE REGARDING ADDITIONAL PETITIONS RULE 32.2(b) LIMITS YOU TO ONLY ONE PETITION IN MOST CIRCUMSTANCES. IT PROVIDES:

"Successive Petitions. The court shall not grant relief on a second or successive petition on the same or similar grounds on behalf of the same petitioner. A second or successive petition on different grounds shall be denied unless the petitioner shows both that good cause exist why the new ground or grounds were not known or could not have been ascertained through reasonable diligence when the first petition was heard, and that failure to entertain the petition will result in a miscarriage of justice."

A.  Other than an appeal to the Alabama Court of Criminal Appeals or the Alabama Supreme Court, have you filed in state court any petition attacking this conviction or sentence?

Yes _____          No  X  .

B.  If you checked "Yes," give the following information as to earlier petition attacking this conviction or sentence:

(a)  Name of court _____

(b)  Result _____

(c)  Date of result _____
      (attach additional sheets if necessary)

C.  If you checked the "Yes" line in 13A, above, and this petition contains a different ground or grounds of relief from an earlier petition or petitions you filed, attach a separate sheet or sheets labeled: "EXPLANATION FOR NEW GROUND(S) OF RELIEF."

On the separate sheet(s) explain why "good cause exists why the new ground or grounds were not known or could not have been ascertained through reasonable diligence when the first petition was heard, and [why the] failure to entertain [this] petition will result in a miscarriage of justice."

14.  Do you have any petition or appeal now pending in any court, either state or federal, as to the judgment under attack?

Yes _____          No  XX  

6

Give the name and address, if known, of each attorney who represented you at the following stages of the case that resulted in the judgment under attack:

(a) At preliminary hearing _____ GREGORY KELLEY

(b) At arraignment and plea _____ GREG GRAHAM

(c) At trial _____ GREG GRAHAM

(d) At sentencing _____ RICHARD CHANC   GREG GRAHAM

(e) On appeal _____ RICHARD CHANCEY

(f) In any post-conviction proceeding _____ L. JOEL COLLINS

(g) On appeal from adverse ruling in a post-conviction proceeding _____ PRO-SE

16. Were you sentenced on more than one count of an indictment, or on more than one indictment, in the same court and at the same time?

    Yes _____    No __X__

17. Do you have any future sentence to serve after you complete the sentence imposed by the judgment under attack?

    Yes _____    No __X__

    (a) If so, give name and location of court which imposed sentence to be served in the future: _____
        N/A

    (b) And give date and length of sentence to be served in the future: _____

    (c) Have you filed, or do you contemplate filing, any petition attacking the judgment which imposed the sentence to be served in the future?

        Yes _____    No __X__

18. What date is this petition being mailed? _____

    Wherefore, petitioner prays that the court grant petitioner relief to which he may be entitled in this proceeding.

7

# PETITIONER'S VERIFICATION UNDER OATH
# SUBJECT TO PENALTY FOR PERJURY

I swear (or affirm) under penalty of perjury that the foregoing is true and correct.

Executed on ___December 31, 2003___.
(Date)

_____
Signature of Petitioner

SWORN TO AND SUBSCRIBED before me this the 31st day of ___December___ 2003

_____
Notary Public

NOTARY PUBLIC STATE OF ALABAMA AT LARGE
MY COMMISSION EXPIRES: Mar 18, 2007

## OR *

# ATTORNEY'S VERIFICATION UNDER OATH
# SUBJECT TO PENALTY FOR PERJURY

I swear (or affirm) under penalty of perjury that, upon information and belief, the foregoing is true and correct. Executed on _____.
(Date)

_____
Signature of Petitioner's Attorney

SWORN TO AND SUBSCRIBED before me this the _____ day of _____, 19 _____.

_____
Notary Public

Name and address of attorney representing petitioner
in this proceeding (if any)

_____

_____

_____

_____

GROUNDS RAISED IN FIRST RULE 32  PETITION

## (A) THE CONSTITUTION OF THE UNITED STATES OR THE STATE OF ALABAMA REQUIRES A NEW SENTENCING PROCEEDING OR OTHER RELIEF:

(1) Conviction infringed upon Defendant's 1st amendment right to freedom of religion.

(a) Defendant cannot be accused of rape by only one witness, Annette Thomas, because doing so violates Defendant's free practice of religion. In the Bible, Deuteromony 19:15 provides that  [a] single witness may not testify against another person for any trespass or sin—any whatsover—that he may have committed. A matter may be legal only on the  testimony of two or three witnesses".

(2)   DENIAL OF EFFECTIVE ASSISTANCE OF COUNSEL.

(a) No defense based on Defendant's freedom of religion was ever presented by any counsel.

(b) Counsel Greg Kelley failed to study the police report and to investigate surronding facts which were necessary to sufficiently prepare for a preliminary hearing.

(c) Counsel Greg Kelley fail to visit Defendant in Jail to learn facts that were necessary to prepare for a successful preliminary hearing.

(d) Counsel Greg Kelley failed to learn that Defendant desired to subpoena witnesses to testify on his behalf at preliminary hearing.

(e) Counsel Greg Kelley fail to file a Motion to challenge the legality of the complaint and warrant of arrest.

(f) Counsel Greg Kelley failed to obtain DNA test results so that they may have been used as favorable evidence at the Preliminary Hearing

(g) Counsel Greg Kelley failed to file for a Preliminary Hearing.

(h) Counsel Greg Kelley waived the Preliminary hearing without the Defendant's consent.

(i) Counsel Greg Kelley failed to file a Motion challenging the legality of the complaint and warrant of arrest.

(j) Counsel Greg Graham failed to file a Motion to dismiss the  Indictment which omitted the essential elements of the offense and did not apprise the Defendant of charges against him.

(k) Counsel Greg Graham failed to inform Defendant of the relevant law in regard to the charges against him.

(l) Counsel Greg Graham failed to file a Motion to supress the testimony of Detective Lon Russell, who interrogated the Defendant concerning the present case before reading Defendant his Miranda rights.

(m) Counsel Greg Graham failed to object to testimony given at trial by Detective Lon Russell for the reasons stated in Paragraph (l), and therefore not preserving the issue for appeal.

(n) Counsel Greg Graham failed to move for a mistrial after the introduction of Detective Lon Russel's testimony for the reasons stated in paragraph (l), and therefore not preserving the issue for appeal.

(o) Counsel Greg Graham failed to investigate the surrounding facts of the case so that he may present an effective defense at trial.

(p) Counsel Greg Graham failed to learn that Defendant desired to subpoena witnesses at trial to testify on his behalf who would have testified concerning the Defendant's relationship with the victim, Annett Thomas, and that the tissues found under the victim's fingernails did not belong to the Defendant.

(q) Counsel Greg Graham failed to present an effective opening argument concerning Defendant's mistake of maintaining an adulterous relationship with the victim, Annette Thomas.

(r) Counsel Greg Graham failed to introduce into evidence the rape kit, which was favorable evidence to the defendant.

(s) Counsel Greg Graham failed to file for acquittal when the State's Evidence was insufficient to sustain a Prima Facie case against Defendant on the charge of rape, not preserving this issue for appeal.

(t) Counsel Graham failed to protect Defendant's desire to have a non-Jury Trial, which the Court had previously consented to.

(u) Counsel Richard Chancy failed to file a Motion for a New Trial on the basis of Ineffective Trial Counsel for the reasons stated in paragraphs (i-t), and therefore not preserving the issue for appel.

(v) Counsel Richard Chancey failed to file a Motion for additional time so that he may study the Trial Court transcript to better prepare an appeallate argument.

(3) CONVICTION OBTAINED BY USE OF UNCONSTITUTIONAL WARRANT OF ARREST.

(a) Arrest warrant violates Defendant's right to due process of Law because the affidavit was signed only by Chief JAy King, who had no personal knowledge of the incident.

(b) The affidavit accompaning the arrest warrant contains only a conclusion and omitted facts from which the conclusion is based.

(c) The victim's deposition was not recorded into writing and therefore not offered to Magistrate Dennis Boswell before executing the arrest warrant.

23

## GROUNDS RAISED IN SECOND PETITION

1). that there is no indication of record that this information was made in the manner prescribed by law, nor supported by oath;

2)  That the indictment in this case is void of any legal factual specificity;

3). That the conviction was totally devoid of evidentiary support

4). That the Indictment fail to charge an offense;

5). That Petitioner was deprived of his Federal Equal Civil Rights, illegally, corruptly and knowningly in advance of Trial;

6). That  equal protection of the Law is non-existent under Alabama Law".

14

## EXPLINATION FOR NEW GROUNDS

The Petitioner, Melvin Smith is an Inmate confined at the Bullock Correctional
Facility, in Union Springs, Alabama.

The Petitioner is confined at this particular facility because, the records in-
dicates that he suffers from a Mental disorder, whereas he was dignoised with this
condition, prior to the incident .

The Issues presented in the first (2) TWO petitions was prepaired by Inmates
at this facility, who was untrained or unschooled in the LaW, and, they only
was concerned with getting store items from this Petitioner, whom they knew was un-
der Mental HeaLTH CARE:

On the First Rule 32 Petition, it may appear that Smith was represented by Coun-
sel, whereas, in reality, an Inmate prepaired the UN-artfully draFTED PLEADING, AND
ATTORNEY, L. JOEL COLLINS, had the Petition re-typed, and presented it to this court
in the same manner that the Inmate had put it together.

the Second Petition, which was un-artfully pleaded and Drafted was put together
by a 75 Year old Inmate in the Bullock Correctional Facility, who's only concern was
to collect store goods.

The Petitioner is now aware, that there is some viable Issues that will entitle
him to relief of his Conviction or sentence, and ask this Honorable Court to enter-
tain this Petition, and grant the apporpiate relief, in the intrest of justice.

RESPECTFULLY SUBMITTED

*Melvin Smith 204766*

MELVIN SMITH # 204766
BULLOCK CORRECTIONAL FACILITY
PO. BOX 5107
UNION SPRINGS, AL. 36089

## STATEMENT OF THE CASE

On October 25, 1996 Melvin Smith was arrested for the crime of Rape 1st Degree of Annett Thomas.

Smith contends that during the time he was working at the  V. A. Hospital in Tuskegee, Alabama and Annett Thomas was employed at Tuskegee University;

Prior to and during the time given rise to this incident, Smith and Thomas was riding to and from work together, from Hurtsbort, Alabama to Tuskegee, Alabama;

During the time they were riding back and fourth to work, over a period of approximately (5) Five Years, a romantic relationship had developed, and had esculated to the point where Melvin Smith had promised to leave his Wife and the two of them would move to Washington D. C.

One of Melvin Smith's Co-Workers, DR ROBERT KIM had agreed, and made preperations to obtain employment for Annett Thomas in the D. C. area.

On the Day in question October 25, 1996, Melvin Smith went to Annett Thomas's House, smith  admitts that the two of them had consentual sex, and he told Annett on that day that he had decided that he was not going to leave his wife, for the sake of their three children.

Annett Thomas got very upset, and told Melvin Smith that she would get even with him.

Later that Day, Annett Thomas held true to her promise, and Smith was arrested for Rape;

Smith was held in the Russell County Jail on a $50.000 Bond.

On January 9th, 1997 Attorney of Record, Gregory Kelley filed a MOTION FOR BOND REDUCTION (p. 0006-0007), said Motion was Denied on January 22, 1997).

The record shows that on  JAnuary 28, 1997 Smith was released on Bond;

After Smith's release on Bond, he spoke with Attorney Gregory Kelley about representing him in this case, along with an unrelated Case;

Smith appeared at his Arraignment without his Attorney of record; The Trial Court compelled Smith to enter a Plea without the benefit of Counsel.

The record shows that Judge WAYNE JOHNSON appointed Attorney L. JOEL COLLINS to represent Smith (P. 00016), which this Attorney was not present at the arraignment;

On April 29, 1997, Judge Johnson Ordered that Either Smith retain Counsel or wishes a Court Appointed Counsel, mistakenly, and without a knowingly and voluntairly waiver, Smith elected to represent himself.

If the Court will take judicial notice of the record, there is no such signed waiver in the record.

The Petitioner, Melvin Smith was in fact represented by an Attorney in this Trial, yet, the Court tries to say that Melvin smith had represented himself.

Smith was ultimately found Guilty of the Offense for which he was indicted, and the Court of Criminal Appeals affirmed the conviction and sentence.

ISSUE NO: I

THE CONSTITUTION OF THE UNITED STATES OR THE
STATE OF ALABAMA REQUIRES A NEW TRIAL, NEW SENTENCING
PROCEEDING OR OTHER RELIEF

<u>SUPPORTING FACTS</u>:

Melvin Smith, the Petitioner was denied due process and equal protection of
law pursuant to the 14th Amendment of the United States Constitution and the
Constitution of Alabama when he was not afforded a full and complete Trial Tran-
script, to aid his NEW Appellate Counsel in perfecting his First Appeal As A
Right;

The Missing portions of the Trial Transcript is, (A). The Voir-dire Examination
of the Jury Venire, located at PAge # 6. It is not known whether a Female Juror
that responded in the affirmative, that she or a close friend or relative had
been the victim of Rape, actually served on the Petit Jury.

If this Person had actually served on the Jury, she could have influenced,
or contiminated the entire Jury Trial process, and proceeding.

This Portion of the record has been excluded from the Trial Transcript, thereby
prejudicing the Petitioner to the point that an apporpiate Appellate Brief could
not have been filed ;

(B). Also missing from the Trial Transcript and record is PAge # 136, where
it appears at the preceeding page # 135, the State is attempting to admit some
Exhibits into evidence.

It is not clear from the record, what was admitted, or what effects the missing
pages had on the Appellate process;

-1-

(C). The majority of the closing arguments are missing from the Trial Transcript, starting at Page # 137, 138;

The Petitioner recall the District Attorney referring to him as a RAPEIST, and a LIER During the Closing Arguments to the Jury;

The Closing arguments runs afoul with the A. B. A. STANDARDS FOR CRIMINAL JUSTICE 3-5.8(b), as well as the Holdings of QUINLIVAN V. STATE: 579 So. 2d 1386 (Ala. Crim. App. 1991).

As the record clearly shows, Melvin Smith **DID NOT REPRESENT HIMSELF AT TRIAL, HE WAS** Represented by ATTORNEY GREG GRAHAM (0040, 0041, 0046, 0048, 0049, 0051).

Melvin Smith was Represented on Appeal by Attorney RICHARD CHANCEY


Where a Criminal Defendant is represented on Appeal by Counsel other than the Attorney at Trial, the absence of a substantial and signifficient portion of the record, even absent any showing of specific prejudice or error is sufficient to mandate a reversal;

EX PART GODBOLT; 546 So. 2d 991 (Al. 1987)

HAMMOND V. STATE: 664 So. 2d 970 (Ala. Crim. App. 1993)

U. S. V. PRECIADO; 981 F. 2d 1206 (11th Cir. 1993)

The Court Reporter's Act, 28 U. S. C. 753 (b) and HARDY V. UNITED STATES; 375 U. S. 277, 84 S. Ct. 424, 11 Led 2d 331 (1964), insure to a Defendant the right to a complete record on Appeal;


For the reason's stated herein, the Petitioner ask that this Court conduct an Evidentiary Hearing, and re-construct the record to determine the prejudicial effects of the missing portions of the record, and if this Court determine that the record can not be reconstructed, and/or the record is prejudicial, Melvin Smith ask that this Case be set for a New Trial, a New Sentencing, or Other Relief;

-2-

The Trial Court went on to have (3) Three Psychologist testify that FORD knew what he was doing;

Had any of these safeguards had been taken in the instant Case, it would have been clear to the Trial Court that the Defendant/Petitioner Did not know what he was doing, and Did Not have the Mental Capacity to make such a Serious/Informed Choice to represent himself,(SEE PETITIONER'S EXHIBIT # A ATTACHED HERETO);

Neither did the Petitioner have the education, or Legal experience with the Court System to represent himself, as was the Case in EX-PART ARTHUR:711 So. 2d 1097 (Al. 1997)..SEE ALSO FITZPATRICK V. WAINRIGHT:800 F. 2d 1057,1065 (11th Cir. 1986)...MAYNARD V. MEACHUM;545 F. 2d 273,277 (1st Cir. 1976)..

Although a Defendant need not himself have the skill and experience of a Lawyer in order to compentently and intelligently to choose SELF-REPRESENTATION, he should be made aware of the DANGER and DISADVANTAGES of Self Representation, so that the Record will establish that he knows what he is doing and his choice is made with eyes open; JOHNSON V. ZERBST: 304 U. S. 458 At 462-465, 58 S. Ct. 1019,1023, 82 Led 1461.

Because the Trial Court fail to inform/advise Melvin Smith of all the Rights he was giving up, and the consequences of Self Representation/or Hybrid Representation, he was without Jurisdiction to render a Judgement or to impose the 20 Year Sentence that he did.

For the reasons stated herein, this Case should be Remanded for a New Trial, where Melvin Smith can be represented by Competent Counsel, and safeguard all of his Constitutional Rights;

-4-

## ISSUE NO: II

THE COURT WAS WITHOUT JURISDICTION TO RENDER JUDGEMENT OR
TO IMPOSE SENTENCE

SUPPORTING FACTS:

Petitioner Melvin Smith was denied Due Process and Equal Protection of Law pursuant to the 6th Amendment of the United States Constitution and the Constitution of Alabama when the Trial Court fail to conduct a Collequay, with the Petitioner, Melvin Smith, and explain to him the danger of SELF-REPRESENTATION/ or HYBRID REPRESENTATION;

There is no showing in the record where a FARETTA V. CALIFORNIA: 422 US 806, 45 Led 2d 562, 95 S. Ct 2525 HEARING WAS CONDUCTED:

THE Alabama Supreme court has held;
   " the record [Must] affirmatively show [ ] that [the accused] was literate, competent, and understanding, and that he was voluntarily exercising his informed Free Will ...
   EX -PART ARTHUR; 711 So. 2d 1097 (Al. 1997)

In the instant case, Melvin Smith was never advised of any of the Rights he was giving up by Self-Representation/or Hybrid Representation.

In the Case of FORD  V.  STATE: 515 So. 2d 34 (Ala. Crim. App. 1986), the Trial Court conducted an extensive Collequay, using   A THROUGH Z, to make sure the Defendant FORD knew what rights he was giving up.

The last question the Trial Court ask the Defendant FORD, at (Z), the Court specifically stated "THAT BY REPRESENTING HIMSELF, HE WOULD WAIVER

THE ISSUE  OF INEFFECTIVE ASSISTANCE OF COUNSEL, IF HE APPEALED:

I.D. AT PAGE # 39 FORD SUPRA .

In that case, at each step, after the Trial Court ask a Question, the Defendant FORD acknowledged that he understood what was being said.

-3-

## ISSUE NO: III

THE CONSTITUTION OF THE UNITED STATES OR THE
STATE OF ALABAMA REQUIRES A NEW TRIAL, NEW
SENTENCING PROCEEDING OR OTHER RELIEF:

### SUPPORTING FACTS:

The Petitioner, Melvin Smith was denied Due Process and equal
protection of Law, pursuant to the 6th and 14th Amendment of the
UNITED STATES CONSTITUTION AND THE CONSTITUTION OF ALABAMA, WHEN
THE TRIAL COURT FAIL TO CHARGE THE JURY OF ANY LESSER INCLUDED OFFENSE,
when the evidence presented at Trial warranted such a charge;

Melvin Smith was Indicted by the Grand Jury of Russell County,
Alabama, of Rape 1st Degree Pursuant to THE CODE OF ALABAMA 1975,
TITLE 13A-6-61;

The Evidence presented at Trial DID NOT support a conviction
of RAPE 1st Degree;

The only evidence presented that points to the Petitioner, that
he committed the Offense of Rape 1st Degree, was the testimony
of ANNETT THOMAS, the alleged victim, who's testimony was contra-
dicted on cross examination, and controverted by Melvin Smith's
own Testimony;

Melvin Smith has never denied the fact that he engaged in Sexual
intercourse and Oral Sex with Annett Thomas (R-105), but it was
consentual sex;

It was Melvin Smith's Testimony that, he had told Annette Thomas
that he and his wife had patched theirmarriage up, and he would
not be seeing her (ANNETTE THOMAS) any more, and she slapped Smith
and told him that she would get him (R106);

From the Evidence presented at Trial,  and the testimony, Smith
was entitle to a Jury instruction of Sexual Misconduct;

    The essential difference between Rape in the first degree
    and sexual misconduct is that rape requires that the act
    be done "by forcible compulsion" and sexual misconduct
    requires that it be done without consent ± °13A.6.61

    13A-6-65 CODE OF ALABAMA 1975;

ISSUE NO: III CONT.

Annette Thomas stated in her testimony that, the Petitioner had a knife, but he never used it or threaten to use it (R.26).

The alleged knife was never admitted into evidence;

At (? R.101) Dr. Steven P. Medeiros testified on cross examination that, Annette Thomas DID NOT have any tears around the Vaginal area or in the Vaginal Walls;

> IN EX-PART CARDAR; 538 So. 2d 1246 (Ala.1988), the Alabama Court of Criminal Appeals stated that" based upon the reading of the record [t]here was some question as to why the prosecutrix did not scream for help" also, the Nurse who examined the prosecutrix at Cooper Green Hospital testified, according to the Court of Criminal Appeals, "that there were no external signs of trauma either in Pelvic area or the rest of prosecutrix body;

An accused is entitled to have the Jury charged on a lesser included offense only where there is a reasonable theory fromthe evidence to support the lesser offense; SARTIN V. STATE 615 So. 135 (Ala. Crim. App. 1992)...

The writer of this Petition believes the evidence in this case case would suggest that this case too, would require a lesser offense instruction of sexual misconduct.

For the reason's stated herein, this Court should remand this Case for a New Trial;

-6-

ISSUE NO: IV

## INEFFECTIVE ASSISTANCE OF TRIAL COUNSEL

### (A). COUNSEL WAS INEFFECTIVE FOR HIS FAILURE TO
### INVESTIGATE AND PUT ON WITNESSES:

SUPPORTING FACTS;

Melvin Smith was denied Due Process and Equal Protection of LAw pursuant

to the 6th Amendment of the United States Constitution and the Constitution

of Alabama, when his Appointed  Counsel fail to Investigate Smith's assertion

that he, and Annette Thomas had made plans to move to Washington, D. C. , and

Melvin Smith's Co-Worker, DR. ROBERT KIM had talked to some of his friends

in the Washington, D. C. area to obtain employment for Annette Thomas;


Petitioner's Trial Counsel fail to subpeno Dr. Robert Kim, or Question him

about the expected Testimony.

Dr. Kim would have substantiated Melvin Smith's testimony, yet he fail to

obtain this witness.

Had the Jury believed Melvin Smith's testimony, and it was confirmed by

Dr. Kim, a reasonable Jury could not have returned a Guilty Verdict of Rape

1st Degree, but more likely than not, they would have acquitted Smith of All

Charges;

In the Case of Horton V. Zant; 941 F. 2d 1449 (11th Cir. 1991, The failure

of Defense Counsel to Investigate and the failure to put on Witnesses, cannot

be cateorgized as Trial Stragety;


But for Counsel's unprofessional error, the Result  of the Trial would have

been different;

## ISSUE NO: IV

### INEFFECTIVE ASSISTANCE OF TRIAL COUNSEL

(B). COUNSEL WAS INEFFECTIVE BEFORE AND DURING TRIAL FOR HIS FAILURE TO
PRESENT AN INSANITY DEFENSE:

SUPPORTING FACTS:

Melvin Smith was denied Due Process and Equal Protection of Law pursuant

to the 6th and 14th Amend of the United States Constitution, and the Constitution

of Alabama, when his Attorney fail to present an Insanity Defense;


Petitioner will present (EXHIBIT NO: **B 4 A**    ), to show unto this Court

that, prior to and during the time of the alleged incident, melvin Smith had

been Diagnosed with Schizophrenia Cronic Undifferentiated type; and Paranoid

Personality with cronic brain syndrome, and was being treated with Medication

for these disorders;

In Fact, Melvin Smith had lost his employment for these reasons, and was

trying to get his Disability for these condations, which was believed was linked

to his duties in the Military Services;


Attorney GREG GRAHAM    knew, or reasonably should have known that Melvin

Smith suffered from a Mental Disorder, and further, Smith had informed him

that he was going through the Process of getting his Disability benefits due

to his mental condation.


HAd Attorney Collins entered a Plea of Not Guilty, and   Not Guilty by

Reason of Mental Disease or Defect, a reasonable Probability exist, that Melvin

smith would not have been found competent at the time of the Offense, and would

not have recieved the sentence that he did;


-8-

ISSUE NO: IV

INEFFECTIVE ASSISTANCE OF TRIAL COUNSEL

(C). COUNSEL WAS INEFFECTIVE FOR HIS FAILURE TO OBJECT
TO THE COMPOSITION OF THE PETIT JURY:

SUPPORTING FACTS:

Melvin Smith was denied Due Process and Equal Protection of Law Pursuant
to the 6th and 14th Amendment of the United States Constitution and the Const-
itution of Alabama, when Trial Counsel fail to Object to the District Attorney
Striking Men from the Petit Jury Venire, in compliance with the Holdings of
J. E. B. V. ALABAMA: 128 L Ed 2d 89, 114 S. ct 1471 (1994).

Trial Counsel also fail to Object to the District Attorney striking African
Americans from the Petit Jury as well.


It is the Law in Alabama, Pursuant to TITLE 12-16-56, CODE OF ALABAMA 1975,
that a Citizen SHALL NOT BE EXCLUDED from Jury service on account of Race,
Color, Religion, Sex, National Orgin or Economic Status, (ACT. 1978 NO. 474
at Page 712-21);

In the instant case, Trial Counsel allowed Smith to be tried and convicted
with a Jury, not made up of his peers, and No Objection was ever made, to compell
the District Attorney to explain his strikes, in compliance with the United
States Supreme Court Holdings in BATSON V. KENTUCKEY; 90 Led 2d 89, 114 S.
Ct. 1491 (1985);;

Not only was Melvin Smith Prejudiced by not being tried by an impartial
Jury, the exclusion of African Americans and Men, also violated the Constitution
of both the United States and the Alabama Constitution;

But for Counsel's unprofessional error, Melvin Smith would/Could have been
tried by a Different Jury, and Possibly, would not have received the Sentence
that he did.

## ISSUE NO: IV

## INEFFECTIVE ASSISTANCE OF TRIAL COUNSEL

(D). COUNSEL WAS INEFFECTIVE DURING TRIAL FOR HIS FAILURE
TO OBJECT TO THE DISTRICT ATTORNEY'S COMMENTS DURING CLOSING ARGUMENTS:

SUPPORTING FACTS:

Melvin Smith was Denied Due Process and Equal Protection of Law Pursuant

to the 6th and 14th amendment of the United States Constitution and the Constitution

of Alabama, when his Trial Counsel fail to Object to the Comments made by the

District Attorney during Closing Arguments to the Jury, where the District

Attorney refered to Smith as a repeist and a lier, during closing arguments.

The Closing Arguments of the District Attorney runs afoul of the A. B. A.

Standards of Criminal Justice 3-5-8 (b), as well as the Court of Criminal Appeals

decision in QUINLIVAN V. STATE: 579 So. 2d 1386 (Ala. Crim. App. 1991)..

HAd a timely Objection been made, there is no doubt that either the Alabama

Court of Criminal Appeals, the Alabama Supreme Court or the Federal District

Court would have remanded the Case back to the Trial Court for a New Trial,

because of the Comments;

The Alabama Court has held" thus this Court is prepared to reverse any

case that has been tainted by highly prejudicial prosecutoral comments to the

Jury, where the Issue has been properly preserved for review;

MOSLEY V. STATE: 448 So. 2d 450, 456-57 (Ala. Crim. App. 1984)

SEE ALSO SMILEY V. STATE: 665 So. 2d 1074 (Ala. Crim. App. 1993)

But for Counsel's unprofessional error, the result of the proceeding would

have been different;

In order to prevail on a claim of Ineffective assistanc of Trial Counsel,

the Petitioner must meet the (2) two Prong test set fourth in STRICKLAND V.

WASHINGTON : 466 U. S. 668, 80 Led 2d 647, 104 S. Ct 2025;

-10-

Defendant must show that Counsel's performance was deficient, this requires a showing that Counsel was not functioning as Counsel guaranteed by the 6th Amendment of the United States Constitution;

Second, the Defendant [m]ust show that the deficient performance Prejudiced the Defense, this required a showing that Counsel's Error(s) were so serious, as to deprive the Defendant of a fair Trial, a Trial who's results is reliable;

In more recent Holdings from the United States Supreme Court seems to  clairfy Strickland, and lesson the standard of proof as required to prove Ineffective assistance of Trial Counsel stating that;

> "Defendant need only establish that Attorney's performance more
> likely than not altered the outcome in order to establish prejudice;
> and a reasonable probability standard is not a sufficiency of the
> evidence test, rather, a reasonable probability is a probability sufficient
> to undermine confidence in the outcome;
> A Counsel's unprofessional error [M]ust so upset the adversarial balance
> between the Defense and the Prosecution, that the Trial was rendered
> unfair; FRETWELL V. LOCKHEART 113 S. Ct 838, 842, 122 Lcd 2d 180 (1992)..
> KYLE V. WHITLEY: 131 Lcd 2d 490 (1995)

Any one of Smith's claims standing alone would entitle him to relief of his conviction or sentence;

## ISSUE NO: V

### INEFFECTIVE ASSISTANCE OF APPELLATE COUNSEL

#### (A). COUNSEL WAS INEFFECTIVE ON APPEAL FOR HIS FAILURE TO SECURE A COMPLETE TRIAL TRANSCRIPT

SUPPORTING FACTS:

Petitioner was denied effective assistance of Counsel on his first appeal as a right, when Counsel fail to secure a complete Trial Transcript of all of the trial proceedings;

In Melvin Smith's ISSUE NO: 1. HE HAS SHOWN WHERE THERE ARE SUBSTANTIAL AND SIGNIFICIENT PORTIONS OF THE RECORD THAT IS MISSING FROM THE TRANSCRIPT.

The record also shows that, Melvin Smith was represented at Trial by Attorney GREG GRAHAM (0040, 0041, 44, 46, 48, 49, and 51), Attorney Richard Chancey was appointed to represent the Petitioner on Appeal.

Appellate Counsel was required to file a Motion, pursuant to ALABAMA RULES OF APPELLATE PROCEDURE RULE 10(g), once he determines that the Trial Transcript is incomplete, in order to file a Proper Appeal on behalf of Smith;

As stated in Issue No; I of this Petition, the COURT REPORTERS ACT. 28 U. S. C. 753 (b) and HARDY V. UNITED STATES: 375 U. S. 277, 84 S. Ct 424, 11 Led 2d 331 (1964) insure to a Defendant the right to a complete record on appeal;

The Alabama Court of Criminal Appeals, the Alabama Supreme Court as wellas Our 11th Circuit Court of Appeals has consistently held;

> "Where a criminal Defendant is represented on appeal by Counsel other than the Attorney at Trial, the absence of a substantial and signifficient portion of the record, even absent any showing of specific prejudice or error is sufficient to mandate a reversal;
>
> EX-PARTE GODBOLT : 546 So. 2d 991 (Al. 1987)
>
> HAMMOND V. STATE : 664 So. 2d 970 (Ala. Crim. App. 1995)
>
> U. S. V. PRECIADO: 981 F. 2d 1206 (11th Cir. 1993)...

-12-

In each of the cases cited herein, the Court(s) remanded the cases back to the Trial Court to either provide the record or to Re-Construct the missing portions of the record to determine whether the missing portions of the record was prejudicial, and if the record could not be re-constructed, a New Trial was Ordered.

The Petitioner believes that, had Appellant Counsel followed the Proper procedure ALA. RULES OF APP. PROC. RULE 10(g), it would have been discovered that the Female Juror who the Petitioner remembered answering in the affirmative, that either she or a relative of close friend had been the victim of Rape, actually served on the Petit Jury, or, whether Comments made in the Opening/or closing arguments was prejudicial;


But for Appellate Counsel's Actions, the result of the Appeal probably would have been different.

## ISSUE NO: V

### INEFFECTIVE ASSISTANCE OF APPELLATE COUNSEL

COUNSEL WAS INEFFECTIVE ON APPEAL FOR HIS FAILURE TO
RAISE THE MORE OBVIOUS AND VIABLE ISSUES ON APPEAL

### SUPPORTING FACTS:

Petitioner was denied effective assistance of Appellate Counsel when the
Newly Appointed Appellate Counsel fail to raise Ineffective assistance of Trial
Counsel on Attorney Greg Graham, where the Attorney fail to present the Issues
raised in Issue NO: IV INEFFECTIVE ASSISTANCE OF TRIAL COUNSEL:

In this Rule 32 Petition, smith has presented issues that would entitle
him to relief of his conviction and sentence, had they been preserved for appellate
review;

> "If Counsel wishes to preserve for review any ruling of the Trial
> Court made during closing arguments, he must object and point out
> to the Court that portion of the argument to which he objects and
> when that is done, it is made a part of the record for appellate review;

EX PART WILBITE; 485 So. 2d 787, 789 (Al. 1986)

In some instances, Trial Counsel did Make Objections, in which the Trial
Court overruled (044, 046, 073, and 103), and Appellant counsel fail to raise
any of  these argument on Appeal;

> When a claim of ineffective assistance of Appellate Counsel is based
> on failure to raise viable issues, the Trial Court Record [m]ust
> be examined to determine whether counsel fail to present signifficant
> and Obvious issues ; Only when ignored issues are clearly stronger
> than those presented can presumption of effective assistance be overcome;

GREY V. GREEN; 778 F. 2d 350 (11th Cir. 1985);

In the case of BRYANT V. STATE:739 So. 2d 1138 (Ala. Crim. App. 1998) The
Court of Criminal Appeals held;

> whether Appellant Counsel was Ineffective depends on whether Appellant
> proved that Appellant Counsel fail to present an Issue on [DIRECT
> APPEAL] that would entitle him to relief;

SEE ALSO PAYNE V. STATE; 791 So. 2d 383 (Ala. Crim. App. 1999)

-14-

31

Our Alabama Supreme Court has recently held;

Trial Court can not evaluate the performance of an Appellate Counsel without

first conducting an  Evidentiary hearing  EX-PART WALKER: 800 So. 2d 135

(Al. 2000)

In the Instant case the Petitioner respectfully request that the Trial Court

will set this Matter for an Evidentiary Hearing, where the Petitioner will

have the Opportunity to fully present his Ineffective assistance of Appellate

Counsel Claims;

RESPECTFULLY SUBMITTED

*Melvin Smith* 204766

MELVIN SMITH
BULLOCK CORRECTIONAL FACILITY
P. O. BOX 5107
UNION SPRINGS, ALABAMS 36089

*EXHIBIT NO: A*

32

UNITED STATES OF AMERICA
MERIT SYSTEMS PROTECTION BOARD
ATLANTA REGIONAL OFFICE

|  |  |
|---|---|
| MELVIN SMITH,<br>　　　　Appellant,<br><br>　　v.<br><br>DEPARTMENT OF VETERANS AFFAIRS,<br>　　　　Agency. | DOCKET NUMBER<br>AT-0752-99-0477-B-1<br><br><br>DATE: <u>May 3, 2000</u> |

<u>Louise Smith</u>, Hurtsboro, Alabama, for the appellant.

<u>William G. Stevens</u>, Esquire, Montgomery, Alabama, for the agency.

BEFORE

Richard P. Klein
Administrative Judge

## INITIAL DECISION

### INTRODUCTION

On January 4, 2000, the Board remanded the above-captioned matter to the Atlanta Regional Office for further adjudication regarding the issue of timeliness.[1] Specifically, the case was remanded for further consideration of the appellant's claims of mental and physical incapacity especially in connection with his wife's condition and recent motherhood.

---

[1] On July 28, 1999, I issued an initial decision dismissing the appellant's April 9, 1999 appeal of his removal from the position of Dental Assistant, GS-5, at the agency's Veterans Affairs Medical Center (now Central Alabama Veterans Health Care System - East Campus), Tuskegee, Alabama, effective October 18, 1996, as untimely filed.

Thus, by Order dated January 10, 2000, the appellant was advised that he must (1) identify the time period during which he or his spouse suffered from a physical or mental condition; (2) submit any medical evidence he has establishing that he or his spouse suffered from such a condition during this time period; and (3) explain how the physical or mental condition prevented him and/or his spouse from filing a timely appeal or requesting an extension of time. Remand File, Tab 2. The appellant filed such a response and it was received on February 4, 2000. *Id.* at 3.

A hearing was held in Montgomery, Alabama, on March 31, 2000. And, for the reasons set forth herein, I again find that the appellant has not established good cause for his more than two-year delay in filing an appeal with the Board. Accordingly, the appeal is again DISMISSED as untimely filed.

## BACKGROUND

The appellant attempted to file an appeal with the Board on November 18, 1996. However, this appeal was never received by the Board because the address which he used contained an incorrect street number and, as a result, was returned to the appellant as undeliverable by the U.S. Postal Service. And, the appellant did not attempt to file the appeal again until more than two years later on April 9, 1999, after he received a March 9, 1999 decision from the Office of Personnel Management denying his application for disability retirement.

With respect to the envelope containing the appeal which was returned as undeliverable, the entire address on the envelope was not legible because it was covered in part by a label placed thereon by the United States Postal Service. Nevertheless, the words "3RD Floor" and "North" were legible. These words indicated that the appellant was attempting to mail the appeal to the Board's Atlanta Regional Office at Third Floor, North Wing, 1776 Peachtree Street, N.E., Atlanta, Georgia, 30309--a former address. However, the Board's Atlanta Regional Office moved from this address to Suite 500, 1365 Peachtree Street, Atlanta, Georgia, 30309 in the mid-1980's. However, when the agency identified the 1365 Peachtree Street address in its October 13, 1996 decision letter as the place to file his appeal, this was also an incorrect address. *Id.* For, the Board moved to its current address, 401 West Peachtree Street, in April 1990.

## TIMELINESS

Louise Smith, the appellant's wife, testified that she had a baby on September 27, 1996, and that her mother died on September 30, 1996. And, these events in her life caused her to be "stressed out." Hearing Tape 1, Side A. She further testified that the stress due to these two events was the reason why the appeal was untimely filed. The appellant's wife also testified that the appellant "is mentally ill," but she did not attribute the untimely filing to his mental illness. *Id.*

The appellant testified that when the appeal was returned as undeliverable, he set it aside because there "was so much going on." *Id.* He was experiencing stress due to the loss of his job and he had three small children including a new baby. In addition, his wife was experiencing post-partem depression and was taking medication prescribed by Dr. Rubio, a psychologist.

The testimony of the appellant and his wife is simply not credible. For, not only is their testimony inherently improbable, but it also lacks consistency. *Hillen v. Department of the Army*, 35 M.S.P.R. 453, 459, 461 (1987).

There certainly was reason for the appellant and his wife to have experienced stress in the fall of 1996. For during an eight-day period beginning on September 27, 1996, the appellant's wife gave birth to a son, his mother-in-law died, and he received notice from his employer that he would be terminated on October 17, 1996.[2] Nevertheless, it was during this period, when the stress was at its highest level, that the appellant and/or his wife, with little or no help, completed and mailed the appeal form to the Board, albeit to an incorrect address, in a timely manner.[3] Yet, when the appeal was returned as undeliverable by the U.S. Postal Service, no action was taken because of "stress" and the fact that there "was so much going on." I also note that, during the period between the return of the appeal as undeliverable and the date the appeal was

---

[2] The appellant presented testimony during the second phase of the hearing which concerned the merits of the removal action, that, after receiving the agency's October 3, 1999 decision to terminate his employment effective October 17, 1996, he left the office on October 4, 1996, and never returned to duty.

[3] During the course of the hearing, both the appellant and his wife took credit for completing the appeal form.

refiled using the correct address, the appellant obtained the necessary forms for filing an application for disability retirement from his employing agency and filed such an application with the Office of Personnel Management. Moreover, the appellant filed for, and was awarded, disability benefits from the Social Security Administration during this same time period. Thus, there is no rational basis for the appellant's claim that neither he nor his wife was able to deal with the appeal to the Board after it was returned as undeliverable.

In fact, the appellant's wife, in response to one of my questions at the hearing, testified that there was nothing wrong with her, either mentally or physically, when the appeal was returned as undeliverable. Moreover, the appellant testified that all of the writing on the original appeal form, except for the address of his representative, was his own. And, this appeal form was signed on October 7, 1996--just three days after he was notified that he would be terminated, one week after his mother-in-law died, and ten days after his wife gave birth to his child--the central reasons for his stress.

It is clear from the record that neither a mental nor a physical condition prevented the appellant or his spouse from refiling the appeal once it was returned as undeliverable. What is apparent is that, when the appeal was returned as undeliverable, a decision had already been made to file for disability retirement rather than to challenge the removal action.[4] For, if the appellant wanted to pursue the removal action, all that he needed to do was to mail his appeal to the address which the agency provided him in its October 3, 1996 decision letter. And, the November 18, 1996 appeal would have been timely filed if it had been mailed to either the Board's correct address or to the incorrect address provided by the agency. But, it was not.

---

[4] In this regard, I note that, in addressing the issuance of timeliness in the initial appeal, the appellant's wife stated that she was told by a union official to apply for disability retirement on behalf of her husband "instead of trying to get him back working." *See Smith v. Department of Veterans Affairs*, MSPB Docket No. AT-0752-99-0477-I-1, slip. op. at 4. Moreover, in a statement dated March 29, 1999, signed by the appellant, he states that, in speaking with a union representative after his initial appeal was returned by the U.S. Postal Service, he was told that he was eligible for disability retirement because he was disabled prior to his removal. *Id.*

In this regard, I note that, in the initial appeal, the appellant's wife alleged that the union provided the incorrect address to which the appeal was originally sent. *See Smith v. Department of Veterans Affairs*, MSPB Docket No. AT-0752-99-0477-I-1, slip. op. at 3. However, at the hearing, she testified that this incorrect address was provided by the agency's personnel office. Yet, there is no explanation as to why the personnel office would provide her with a different address, or why she would request the Board's address from the personnel office, when one had already been provided in the agency's decision letter.

Clearly, the address used when the appeal was originally mailed in November 1996 came from the union. And, while the appellant's wife testified that she tried to get the correct address by telephone after it was returned as undeliverable, she does not remember whom she called. Here again there is no explanation, other than that a decision had been made to pursue disability retirement, as to why the appeal that was returned as undeliverable due to an incorrect address was not mailed to the address which was originally provided to the appellant by the agency in its October 3, 1996 decision.

The appellant's wife testified about medications that she and the appellant were taking. In fact, she testified that the appellant forgot things as a result of his medication. However, none of these medications was ever identified. And, the appellant did not attribute his failure to remail the appeal in a timely manner after it was returned as undeliverable to the medications he was taking. Moreover, as previously noted, the appellant's spouse testified that there was nothing wrong with her when the initial appeal was returned as undeliverable.

The appellant submitted 40 pages of documents in response to my January 10, 2000 Order.[5] *See* Remand Appeal, Tab 3. However, many of these documents are dated after the period of time at issue (subsequent to the April 9, 1999 refiling of the appeal). One document, completed by Albert von Oldenburg, M.D., a psychiatrist, dated August 28, 1997, describes the appellant as "like another child" and states that "his

---

[5] These 40 pages have been numbered in the lower, right-hand corner of the document. And, these numbered pages under Tab 3 have been referenced in this decision.

mental condition is deteriorating." *Id.* at p. 7. Another document signed by Dr. von Oldenburg dated May 15, 1997, describes the appellant as "dysfunctional." *Id.* at p. 9. But, Dr. von Oldenburg also notes in this document that the appellant is "waiting for SS"--an apparent reference to the Social Security disability benefits which the appellant eventually was granted. *Id.*

Dr. von Oldenburg testified at the March 31, 2000 hearing at the appellant's request. However, he did not remember the appellant. Dr. von Oldenburg further testified that, based upon his review of the medical documents bearing his signature which he was shown at the hearing, he could not determine the appellant's condition in 1996 because these records only relate to 1997. But, as to the 1997 records, Dr. von Oldenburg testified that while the appellant was able to communicate, he was not reliable.

One need only listen to the hearing tapes to conclude that the appellant was alert, aware of what was going on, and had no difficulty remembering past events on March 31, 2000.[6] Only when the appellant was asked why he did not report for work after October 4, 1996, even though the effective date of his removal was not until October 17, 1996, did the appellant become emotional. But, even then, his testimony was coherent.

This is not to say that there is no evidence that the appellant has a psychiatric disorder. For, the record reflects that a social worker noted that the appellant was experiencing chronic mental and medical health care problems during a visit on August 17, 1999. *Id.* at p. 1. But, by the appellant's own admission, his anxiety, depression, and other mental health symptoms began prior to his discharge from the Department of the Army in 1987 and existed during the entire period of his employment with the agency. *Id.* at p. 1. And, while some of his co-workers testified at his disability retirement hearing that he attributed his performance deficiencies to "personal problems," not one indicated that his problems related to a mental or physical condition. *See* Remand File, Tab 2 (Initial Decision dated August 25, 1999). Thus, OPM's reconsideration decision denying the appellant's claim for disability retirement based

---

[6] The appellant's only difficulty in testifying was related to a speech impediment.

upon paranoid schizophrenia, post traumatic stress disorder, nerves, psychosis, depression, ulcers, back injury, diabetes, and an injury to his legs was affirmed. *Id.*

In view of the foregoing, I find that the appellant has not established good cause for his delay in filing his appeal to the Board regarding his removal. Accordingly, the appeal is hereby DISMISSED again as untimely filed.

DECISION

The appeal is DISMISSED.


FOR THE BOARD:                    *Richard P. Klein*
                                 Richard P. Klein
                                 Administrative Judge


NOTICE TO APPELLANT

This initial decision will become final on <u>June 7, 2000</u>, unless a petition for review is filed by that date or the Board reopens the case on its own motion. This is an important date because it is usually the last day on which you can file a petition for review with the Board. However, if this initial decision is received by you more than 5 days after the date of issuance, you may file a petition for review within 30 days after the date you actually receive the initial decision. The date on which the initial decision becomes final also controls when you can file a petition for review with the Court of Appeals for the Federal Circuit. The paragraphs that follow tell you how and when to file with the Board or the federal court. These instructions are important because if you wish to file a petition, you must file it within the proper time period.

BOARD REVIEW

You may request Board review of this initial decision by filing a petition for review. Your petition, with supporting evidence and argument, must be filed with:

The Clerk of the Board
Merit Systems Protection Board
1120 Vermont Avenue, NW., Room 806
Washington, DC 20419

If you file a petition for review, the Board will obtain the record in your case from the administrative judge and you should not submit anything to the Board that is already part of the record. Your petition must be postmarked, faxed, or hand-delivered no later than the date this initial decision becomes final, or if this initial decision is received by you more than 5 days after the date of issuance, 30 days after the date you actually receive the initial decision. If you fail to provide a statement with your petition that you have either mailed, faxed, or hand-delivered a copy of your petition to the agency, your petition will be rejected and returned to you.

## JUDICIAL REVIEW

If you are dissatisfied with the Board's final decision, you may file a petition with:

The United States Court of Appeals
for the Federal Circuit
717 Madison Place, NW.
Washington, DC 20439

You may not file your petition with the court before this decision becomes final. To be timely, your petition must be received by the court no later than 60 calendar days after the date this initial decision becomes final.

## NOTICE TO AGENCY/INTERVENOR

The agency or intervenor may file a petition for review of this initial decision in accordance with the Board's regulations.

CERTIFICATE OF SERVICE

43

I certify that the attached Document(s) was (were) sent by regular mail, unless otherwise indicated below, this day to each of the following:

Appellant

Melvin Smith
17B Dykes Road
P.O. Box 22
Hurtsboro, AL  36860

Appellant's Representative(s)

Louise Smith
P.O. Box 22
#37 Highway 51 North
Hurtsboro, AL  36860

Agency's Representative(s)

William G. Stevens
V.A. Regional Counsel's Office
345 Perry Hill Road
Montgomery, AL  36109

Other

Kenneth L. Bates
U.S. Office of Personnel Management
Employee Relations Division
1900 "E" Street, N.W., Room 7412
Washington, DC  20415


May 3, 2000
_____
    (Date)

William Fuller, Jr.
Legal Assistant
404-730-2755 X 1023

PO BOX 23

HURTSBORO, AL 36860

MONTGOMERY, AL 36109-3798
(800) 214-8387
619    619-3183-1609
SEP 7, 1999

---

### REFILL / RENEWAL SLIP

MELVIN SMITH
DIVALPROEX NA 250MG EC TAB
Manufacturer: ABBOTT
RX# 933979A  Provider: MENA MD,FELICITAS M

TAKE TWO TABLETS TWICE A DAY

Qty: 120    TAB    ID: 418021110
Lot Number: 49820AA21  Rx Expires: MAY 19, 2000
Fill: (3of6)

**3 REFILLS REMAINING BEFORE MAY 19, 2000**

NO COPAY    Days Supply: 30

619-3085792

---

### REFILL / RENEWAL SLIP

MELVIN SMITH
THIOTHIXENE HCL 10MG CAP
Manufacturer: GENEVA
RX# 933978A  Provider: MENA MD,FELICITAS M

TAKE ONE CAPSULE AT BEDTIME

Qty: 30    CAP    ID: 418021110
Lot Number: 92149  Rx Expires: MAY 19, 2000
Fill: (3of6)

**3 REFILLS REMAINING BEFORE MAY 19, 2000**

NO COPAY    Days Supply: 30

619-3085793

---

Exhibit No: B

| PATIENT NAME | | AGE | SEX | RACE | SSN | CLAIM NUMBER |
|---|---|---|---|---|---|---|
| SMITH,MELVIN | | 31 | M | BLAC | 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 | 418021110 |

| ADM DATE | DISC DATE | TYPE OF RELEASE | INP | ABS | WARD NO |
|---|---|---|---|---|---|
| R 26, 1997 | APR 09, 1997 | OPT-SC | 14 | 0 | T44-1WU |

62

2. Pepcid 20 mg bid.
3. Xyprexia 10 mg AM.
4. Tegretol 200 mg tid.
5. Theo-Dur SR 300 mg bid.
6. ---- 20 mg hs.
7. Benadryl 50 mg hs.

He was put on a bland diet, however, he is emotionally impaired and it is difficult for him if he wants to work.

LABORATORY DATA: CBC was normal. Urinalysis was normal. Chemistry profile was normal.

He will continue his treatment as an outpatient.

A. VON OLDENBURG, M.D.

AVO/myd
Job #1467-1470
D:  04-28-97
T:  04-29-97

EXhibit No: B

SIGNATURE APPROVING PHYSICIAN/DENTIST

PATIENT: SMITH,MELVIN    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
VA FORM 10-1000 DISCHARGE SUMMARY

CHART COPY

| PATIENT NAME | AGE | SEX | RACE | SSN | CLAIM NUMBER |
|---|---|---|---|---|---|
| SMITH,MELVIN | 31 | M | BLAC | 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 | 418021110 |

| ADM DATE | DISC DATE | TYPE OF RELEASE | INP | ABS | WARD NO |
|---|---|---|---|---|---|
| MAR 26, 1997 | APR 09, 1997 | OPT/NSC | 14 | 0 | 744-1ND |

43

DICTATION DATE: APR 28, 1997          TRANSCRIPTION DATE: MAY 04, 1997
TRANSCRIPTIONIST:

DIAGNOSES:                                                              CODE:
AXIS   I:   1.  Schizophrenia  chronic undifferentiated type.           295.60
AXIS   II:  Paranoid personality with chronic brain syndrome.           301.0
AXIS   III: Deferred.                                                   310.9
AXIS   IV:  Level 3.                                                    564.0
AXIS   V:   G.A.F. 50 on admission; 60 on discharge.                    496
                                                                       272.0
                                                                       724.5

DIAGNOSES NOTED NOT TREATED:

OPERATION/PROCEDURES:                        DATE              CODE

SUMMARY:

This is a 31-year-old African/American married male admitted on 03-26-97,
because of nervousness, hearing voices.  The patient was on call in this
hospital as a dental assistant.  He lost his job because of nervousness
and hearing voices.  He was discharged on 04-09-97.

On admission he was put on Albuterol inhaler 2 puffs qid, Pepcid 20 mg
bid, Maalox 15 cc q 6 hours prn, Etrafon 2/25 bid, Benadryl 50 mg hs,
Tegretol 200 mg tid, Theo-Dur SR 300 mg bid.  Colace 100 mg hs prn was
given for constipation.  On 03-27-97, he was put on a low cholesterol
diet because his cholesterol was elevated Provistatin 20 mg hs.  On
03-27-97, he was given special privileges and referred to RMS. He was
then given partial privileges  and Dexamethasone 1 mg hs for 7 days.  On
03-31, he was discontinued from Etrafon and put on Zyprexia 10 mg AM and
was referred to Dr. Ural for his back pain.  On 04-01-97, he was given
full privileges and moved to the open ward.  On 04-02-97, he was put on a
low salt diet.  He was given Tylenol 325 mg q 4-6 hours prn for pain.
Physical Therapy was also ordered.

On 04-08-97, he was stable and could continue his treatment as an
outpatient.  Also he was very anxious because he has a wife and four
children to support, and had no income.  He hoped to somehow manage to
work and help his family.

DISCHARGE MEDICATIONS:
  1.  Albuterol inhaler 2 puffs qid.

PATIENT: SMITH,MELVIN   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

IN THE CIRCUIT COURT OF RUSSELL COUNTY, ALABAMA

MELVIN SMITH,
PETITIONER

V. S.                            CASE NO: CC-97-095.62

STATE OF ALABAMA

## MOTION TO COMPELL RESPONSE

Comes now the Petitioner MELVIN SMITH proceeding Pro Se and

through Inmate assistance moves this Honorable Court for an order,

compelling the District Attorney of Russell County, alabama

to Respond to the Allegatinon in the Rule 32 Petition filed

in this Court on February 4, 2004.

More than 30 Days has passed since the Petitioner filed his

Rule 32 Petition in this Honorable Court, and Paid the Full

filing fee of  $182.00.

Pursuant to Alabama Rules of Criminal Procedure Rule 32.7

(a), the Prosecutor's Response is due within (30) Thirty Days

after the service of the Petition, or within the Time otherwise

specified by the Court.

Therefore, Melvin Smith Respectfully request that this Honorable

Court, will issue an Order to the District Attorney to Respond

to   EACH AND EVERY ALLEGATION contained in the Petition.

RESPECTFULLY SUBMITTED

MELVIN SMITH

3/19/04- Motion denied 66

45

CONCLUSION

This Pro Se Petitioner Pray that this Honorable Court will Issue an Order for the District Attorney to respond to the allegations in the Petition, pursuant to the ALABAMA RULES OF CRIMINAL PROCEDURE RULE 32.7 (a)

_Melvin Smith_
MELVIN SMITH


CERTIFICATE OF SERVICE

I hereby certify that I have served a copy of the foregoing on KENNETH E. DAVIS, DISTRICT ATTORNEY LOCATED AT P.O. BOX 939 PHENIX CITY, ALABAMA 36868-0930, by placing same in the United States Mail properly addressed and Postage Pre-Paid, DONE THIS _17th_ DAY OF MARCH, 2004

_Melvin Smith 204766_
MELVIN SMITH   # 204766
BULLOCK CORRECTIONAL FACILITY
P. O. BOX 5107
UNION SPRINGS, ALABAMA 36089





MELVIN SMITH AIS# 204766
BULLOCK CORRECTIONAL FACILITY
P. O. BOX 5107
UNION SPRINGS, ALABAMA 36089

KATHY S. COULTER, CLERK
RUSSELL COUNTY CIRCUIT COURT
P. O. BOX 518
PHENIX CITY, ALABAMA 36868-0518

STATE OF ALABAMA                    )        IN THE CIRCUIT COURT OF

        PLAINTIFF,                 )        RUSSELL COUNTY, ALABAMA
                                   )
VS.                                )        CASE NO.: CC 97-095.62
                                   )
MELVIN SMITH                       )
                                   )
        DEFENDANT.                 )

## ORDER

    The defendant having filed a Motion to compel response and the court having reviewed and considered same it is ORDERED that the Motion is denied.

    DONE this the 19th day of March 2004.


                            _____
                          JUDGE, CIRCUIT COURT

48

IN THE CIRCUIT COURT OF RUSSELL COUNTY, ALABAMA

MELVIN SMITH                )
                            )
     PETITIONER,            )
                            )
VS.                         )      CASE NO.  CC 97-95.62
                            )
STATE OF ALABAMA            )
                            )
     RESPONDENT.            )

## ORDER

The Petitioner, Melvin Smith having filed a Petition seeking relief from conviction and sentence pursuant to Rule 32 of Alabama Rules of Criminal Procedure is hereby dismissed. Petitioner has previously filed a Rule 32 petition that has been adjudicated on its merits. Subsequent petitions are barred by statue.

DONE this the 5th day of April 2004.



JUDGE, CIRCUIT COURT

53

IN THE CIRCUIT COURT OF _____RUSSELL_____ COUNTY, ALABAMA

MELVIN SMITH
_____
    APPELLANT,

      VS.

STATE OF ALABAMA,
  APPELLEE,

           \*
           \*
           \*
           \*
           \* CASE NO: __CC-97-o95.62__
           \*
           \*
           \*

NOTICE OF APPEAL TO THE COURT OF
CRIMINAL APPEALS OF ALABAMA

__MARCH 18, 1999__      AND     __APRIL 26, 2004__
   DATE OF JUDGEMENT           POST JUDGEMENT ORDER

     Notice is hereby given that __MELVIN SMITH_____, Appeals

to the above named Court from the Judgement of Conviction (_____)
                                        or other order

entered in this Case on the _____20th_____ DAY OF __APRIL_____, 200__,

Adjudging the Defendant to be Guilty of the Offense of __RAPE 1 DEGREE__,

and punishment thereof, Sentencing the Defendant as Follows;_____

__20 YEARS__ . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . :

FILED __MAY 6, 2004_____
          DATE

CERTIFIED AS A TRUE  COPY

                _Melvin Smith_____
                MELVIN SMITH#204766
                PRO-SE APPELLANT
                BULLOCK CORR. FACILITY

                P. O. BOX 5107
                UNION SPRINGS, AL. 36089

| State of Alabama<br>Unified Judicial System<br>Form ARAP-1C       8/91 | REPORTER'S TRANSCRIPT ORDER -- CRIMINAL<br>See Rules 10(c) and 11(b) of the<br>Alabama Rules of Appellate Procedure (A.R. App. P.) | Criminal Appeal Number<br><br>_____ - _____ |

TO BE COMPLETED BY COUNSEL FOR THE APPELLANT OR BY THE APPELLANT IF NOT REPRESENTED AND FILED WITH THE WRITTEN NOTICE OF APPEAL OR FILED WITHIN 7 DAYS AFTER ORAL NOTICE OF APPEAL IS GIVEN.

☑ CIRCUIT COURT   ☐ DISTRICT COURT   ☐ JUVENILE COURT OF _____ RUSSELL _____ COUNTY

_____ MELVIN SMITH _____ , Appellant

v.   ☑ STATE OF ALABAMA   ☐ MUNICIPALITY OF _____

| Case Number<br>CC-97-095.62 | Date of Judgment/Sentence/Order<br>APRIL 26, 2004 |
| Date of Notice of Appeal<br>Oral: | Written:   MAY 6, 2004 | Indigent Status Granted:<br>☐ Yes   ☑ No |

PART 1. TO BE SIGNED IF THE APPEAL WILL NOT HAVE A COURT REPORTER'S TRANSCRIPT.
I CERTIFY THAT NO REPORTER'S TRANSCRIPT IS EXPECTED AND THAT THE RECORD ON APPEAL SHALL CONSIST OF THE CLERK'S RECORD ONLY. IF THE APPEAL IS FROM DISTRICT COURT OR JUVENILE COURT, I ALSO CERTIFY (1) THAT A STIPULATION OF FACTS WILL BE INCLUDED IN THE CLERK'S RECORD AND THAT THE APPELLANT WAIVES HIS RIGHT TO A JURY TRIAL IF SO ENTITLED; OR (2) THAT THE PARTIES HAVE STIPULATED THAT ONLY QUESTIONS OF LAW ARE INVOLVED AND THAT THE QUESTIONS WILL BE CERTIFIED BY THE JUVENILE/DISTRICT COURT FOR INCLUSION IN THE CLERK'S RECORD (SEE RULE 28(A)(1), ALABAMA RULES OF JUVENILE PROCEDURE, AND §12-12-72, CODE OF ALABAMA 1975).

_____ MAY 6, 2004 _____   _____ MELVIN SMITH _____
Signature                      Date                      Print or Type Name

PART 2. DESIGNATION OF PROCEEDINGS TO BE TRANSCRIBED. Request is hereby made to the court reporter(s) indicated below for a transcript of the following proceedings in the above referenced case (see Rule 10(c)(2), Alabama Rules of Appellate Procedure (A.R.App.P.)):

MARK PROCEEDINGS REQUESTED:                                        COURT REPORTER(S)

A. ☐ TRIAL PROCEEDINGS - Although this designation will include the judgment and sentence
proceedings, a transcript of the organization of the jury and arguments of counsel must
be designated separately.

B. ☐ ORGANIZATION OF THE JURY - This designation will include voir dire examination and
challenges for cause. Note that in noncapital cases the voir dire of the jury will not be
recorded unless the trial judge so directs. (See Rule 19.4, ARCrP.)

C. ☐ ARGUMENTS OF COUNSEL - Note that in noncapital cases the arguments of counsel will
not be recorded unless the trial judge so directs. (See Rule 19.4, ARCrP.)

IN ADDITION TO ANY PROCEEDINGS DESIGNATED ABOVE, SPECIAL REQUEST IS HEREBY MADE TO INCLUDE THE FOLLOWING
PROCEEDINGS IN THE REPORTER'S TRANSCRIPT PORTION OF THE RECORD ON APPEAL. (ATTACH ADDITIONAL PAGES IF NECESSARY):

ADDITIONAL PROCEEDINGS REQUESTED                    DATE                    COURT REPORTER(S)

D.  RULE 32 PETITION

E.  _____

F.  _____

G.  _____

IMPORTANT NOTICE: The court reporter who reported the proceedings for which a transcript is requested must be identified on this form to be
effective. Additionally, it is important to note that the appellant may not be permitted to raise any issue on appeal relating to any proceedings in
the case that are not specifically designated on this form for inclusion in the reporter's transcript. A general designation such as "all proceedings" is
not sufficient. (See Rule 10(c)(2), A.R.App.P.)

PART 3. MUST BE SIGNED IF THE APPEAL WILL HAVE A COURT REPORTER'S TRANSCRIPT.
I CERTIFY THAT I HAVE DISTRIBUTED THIS FORM AS SET OUT BELOW. I ALSO CERTIFY (1) THAT I HAVE MADE SATISFACTORY FINANCIAL
ARRANGEMENTS WITH EACH COURT REPORTER LISTED ABOVE FOR PREPARING HIS OR HER PORTION OF THE REPORTER'S TRANSCRIPT
HEREIN REQUESTED; OR (2) THAT THE APPELLANT PROCEEDED AT TRIAL AS AN INDIGENT AND THAT THAT STATUS HAS NOT BEEN
REVOKED; OR, (3) THAT THE APPELLANT HAS BEEN GIVEN PERMISSION TO PROCEED ON APPEAL IN FORMA PAUPERIS.

x _Melvin Smith_   _MAY 6, 2004_   _Melvin Smith_
Signature                  Date                  Print or Type Name

DISTRIBUTION: Original filed with Clerk of Trial Court and copies mailed to:   (1) Clerk of the Court of Criminal Appeals,   (2) the District Attorney
(3) the Attorney General or the municipal prosecutor in lieu of the District Attorney and the Attorney General if the appeal is from a
municipal conviction, and (4) to each Court Reporter who reported proceedings designated for inclusion in the reporter's transcript.

51

| State of Alabama<br>Unified Judicial System<br>n ARAP- 26 (front)    3/91 | COURT OF CRIMINAL APPEALS<br>DOCKETING STATEMENT | Criminal Appeal Number<br><br>_____ |
|---|---|---|

## A. GENERAL INFORMATION:

☒ CIRCUIT COURT  ☐ DISTRICT COURT  ☐ JUVENILE COURT OF _____ RUSSELL _____ COUNTY

MELVIN SMITH _____, Appellant

v.  ☒ STATE OF ALABAMA  ☐ MUNICIPALITY OF _____

| Case Number<br>CC-97-095.62 | Date of Complaint or Indictment<br>MARCH 8, 1999 | Date of Judgment/Sentence/Order<br>APRIL 26, 2004 |
|---|---|---|
| Number of Days of Trial/Hearing<br>0 DAYS    Days | Date of Notice of Appeal<br>Oral: | Written: MAY 6, 2004 |

Indigent Status Requested: ☒ Yes  ☐ No        Indigent Status Granted: ☐ Yes  ☒ No

## B. REPRESENTATION:

Is Attorney Appointed or Retained?  ☐ Appointed  ☐ Retained.    If no attorney, will appellant represent self?  ☒ Yes  ☐ No

| Appellant's Attorney (Appellant if pro se) (Attach additional pages if necessary)<br><br>MELVIN SMITH Pro-Se | Telephone Number<br><br>N/A |
|---|---|
| Address<br>P.O. BOX 5107 | City<br>UNION SPRINGS | State<br>ALABAMA | Zip Code<br>36089 |

## C. CODEFENDANTS: List each CODEFENDANT and the codefendant's case number.

| Codefendant<br>N/A | Case Number<br>N/A |
|---|---|
| Codefendant<br>N/A | Case Number<br>N/A |
| Codefendant | Case Number |

## D. TYPE OF APPEAL: Please check the applicable block.

1 ☐ State Conviction
2 ☒ Post-Conviction Remedy
3 ☐ Probation Revocation
4 ☐ Pretrial Order
5 ☐ Contempt Adjudication
6 ☐ Municipal Conviction
7 ☐ Juvenile Transfer Order
8 ☐ Juvenile Delinquency
9 ☐ Habeas Corpus Petition
10 ☐ Other (Specify) _____

## E. UNDERLYING CONVICTION/CHARGE: Regardless of the type of appeal checked in Section D, please check the box beside each offense category for which the appellant has been convicted or charged as it relates to this appeal. Also include the applicable section of the Code of Alabama for State convictions.

1 ☐ Capital Offense - § _____
2 ☐ Homicide - § _____
3 ☐ Assault - § _____
4 ☐ Kidnapping/Unlawful Imprisonment - § _____
5 ☐ Drug Possession - §
6 ☐ Trafficking in Drugs - §
7 ☐ Theft - § _____
8 ☐ Damage or Intrusion to Property - §
9 ☐ Escape - § _____
10 ☐ Weapons/Firearms - §
11 ☐ Fraudulent Practices - § _____
12 ☐ Offense Against Family - § _____
13 ☐ Traffic - OUI - § _____
14 ☐ Traffic - Other - § _____
15 ☒ Miscellaneous (Specify): § _____
RAPE 1 DEGREE

## F. DEATH PENALTY:

Does this appeal involve a case where the death penalty has been imposed?  ☐ Yes  ☒ No

## G. TRANSCRIPT:

1. Will the record on appeal have a reporter's transcript?  ☒ Yes  ☒ No
2. If the answer to question "1" is "Yes," state the date the Reporter's Transcript Order was filed.  MAY 6, 2004 (Date)
3. If the answer to question "1" is "No":
   (a) Will a stipulation of facts be filed with the circuit clerk?  ☐ Yes  ☐ No
   (b) Will the parties stipulate that only questions of law are involved and will the trial court certify the questions?  ☐ Yes  ☐ No

NOTE: If the appeal is from the district or juvenile court and the answer to question "1" is "No," then a positive response is required for question 3(a) or 3(b).

Form ARAP- 26 (back)    8/91                    COURT OF CRIMINAL APPEALS DOCKETING STATEMENT

**H. POST-JUDGMENT MOTIONS:** List all post-judgment motions by date of filing, type, and date of disposition (whether by trial court order or by the provisions of Rules 20.3 and 24.4 (ARCrP)):

52

| DATE OF FILING | | | TYPE OF POST-JUDGMENT MOTION | DATE OF DISPOSITION | | |
|---|---|---|---|---|---|---|
| Month | Day | Year | | Month | Day | Year |
| 2 | 4 | 04 | RULE 32 PETITION | 4 | 26 | 04 |
| | | | | | | |
| | | | | | | |
| | | | | | | |

**I. NATURE OF THE CASE:** Without argument, briefly summarize the facts of the case.

Melvin Smith Appeals the denial of the Rule 32 Petition filed in the circuit Court of Russell County, Alabama;

**J. ISSUE(S) ON APPEAL:** Briefly state the anticipated issues that will be presented on appeal. *(Attach additional pages if necessary.)*

WHETHER THE TRIAL COURT ERRED IN DISMISSING THE RULE 32 PETITION WITHOUT REQUIRING A RESPONSE FROM THE DISTRICT ATTORNEY:

WHETHER THE TRIAL COURT ERRED IN DISMISSING THE PETITION WITHOUT MAKING SPECIFIC FINDINGINGS OF FACTS

**K. SIGNATURE:**

MAY 6, 2004                         X *Melvin Smith*
Date                                 Signature of Attorney/Party filing this form





STATE OF ALABAMA
UNIFIED JUDICIAL SYSTEM

KATHY COULTER
CLERK OF CIRCUIT
P. O. BOX 518
PHENIX CITY, ALABAMA 36868-0518

36868+0518

MELVIN SMITH AIS# 204766
BULLOCK CORRECTIONAL FACILITY
P. O. BOX 5107
UNION SPRINGS, ALABAMA 36089

ALABAMA JUDICIAL DATA CENTER
NOTICE OF APPEAL TO THE ALABAMA COURT OF CRIMINAL APPEALS
BY THE TRIAL COURT CLERK
IN THE CIRCUIT COURT OF RUSSELL COUNTY
STATE OF ALABAMA VS SMITH MELVIN          JUDGE: GEORGE R. GREENE

54

APPEAL DATE: 05/04/2004

INDIGENCY STATUS:
    GRANTED INDIGENCY STATUS AT TRIAL COURT:          _____ YES   _____ NO
    APPT. TRIAL COUNSEL PERMITTED TO W/D ON APPEAL:   _____ YES   _____ NO
    INDIGENT STATUS REVOKED ON APPEAL:                _____ YES   _____ NO
    INDIGENT STATUS GRANTED ON APPEAL:                _____ YES   _____ NO

DEATH PENALTY: NO

APPEAL TYPE: RULE 32 PETITION    _filing fee paid_
THIS APPEAL IS FROM AN ORDER DENYING A PETITION (I.E., RULE 32 PETITION,
WRIT OF HABEAS CORPUS, ETC) OR FROM ANY OTHER ISSUED BY THE TRIAL JUDGE.

CC/CASE NUMBER: 57/CC 1997 000095.60

ORDER ENTERED(DATE): 04062004 PETITION: __DISMISSED  X DENIED __GRANTED

| POST-JUDGMENT MOTIONS FILED: | DT FILED | DT DENIED | CON BY AGREE |
|---|---|---|---|
| ___ MOTION FOR NEW TRIAL | _____ | _____ | _____ |
| ___ MOTION FOR JUDG. OF ACQUIT | _____ | _____ | _____ |
| ___ MOTION TO W/D GUILTY PLEA | _____ | _____ | _____ |
| ___ MOTION FOR ATTY TO W/DRAW | _____ | _____ | _____ |
| ___ OTHER _____ | _____ | _____ | _____ |

COURT REPORTER(S):          WILSON, LINDA S.
ADDRESS:                    C/O HON. GEORGE R. GREENE
                            PHENIX CITY   ,  AL  36867

APPELLATE COUNSEL #1:       _____
ADDRESS:                    _____
                            _____

PHONE NUMBER:               _____

APPELLATE COUNSEL #2:       _____
ADDRESS:                    _____
                            _____

PHONE NUMBER:               _____

APPELLANT (PRO SE):         SMITH MELVIN
ADDRESS:                    204766
                            UNION SPRINGS ,  AL  360890000
AIS #:                      000204766

APPELLEE (IF CITY APPEAL):  _____
ADDRESS:                    _____

I CERTIFY THAT THE INFORMATION PROVIDED            OPERATOR: JDS
ABOVE IS ACCURATE TO THE BEST OF MY           PREPARED: 05/07/2004
KNOWLEDGE AND I HAVE SERVED A COPY OF
THIS NOTICE OF APPEAL ON ALL PARTIES TO      _Kathy Coulter /85_
THIS ACTION ON THIS 7th DAY OF _may_ 2004      CIRCUIT COURT CLERK

# Court of Criminal Appeals

State of Alabama

Judicial Building, 300 Dexter Avenue

P. O. Box 301555

Montgomery, AL 36130-1555

**H. W. "BUCKY" McMILLAN**
Presiding Judge
**SUE BELL COBB**
**PAMELA W. BASCHAB**
**GREG SHAW**
**A. KELLI WISE**
Judges

Lane W. Mann
Clerk
Wanda K. Ivey
Assistant Clerk
(334) 242-4590
Fax (334) 242-4689

55

May 11, 2004

Melvin Smith
AIS #204766
P. O. Box 5107

Union Springs  AL  36089

Re: CR-03-1286
    Melvin Smith v. State of Alabama  (Appeal from Russell  Circuit Court: CC97-95.62).

Dear Melvin Smith:

Based on this Court's information, the above-referenced appeal is deficient in that the appellant has failed to pay the $100 docket fee prescribed in Rule 35A(b) of the Alabama Rules of Appellate Procedure, as amended effective March 1, 2004.  As such, the appellant is hereby placed on notice that this appeal will be dismissed with prejudice unless the appellant has, within 14 days from the date of this notice:

1)  paid the docket fee in full, or

2)  provided proof to this Court that he or she:

    a)  has been granted leave to proceed on appeal in forma pauperis, or

    b)  has a motion pending with the trial court seeking leave to proceed on appeal in forma pauperis pursuant to Rule 24(a) of the Alabama Rules of Appellate Procedure.

The $100 docket fee prescribed in Rule 35A(b) may be paid by cashiers check or money order.  The cashiers check or money order should be made payable to the State of Alabama and should be mailed in sufficient time for it to be received by this Court by no later than May 25, 2004.

Sincerely yours,

Lane W. Mann, Clerk
Court of Criminal Appeals

cc: Hon. Kathy S. Coulter, Circuit Clerk
    Office of Attorney General

5/17/04 ~ Motion denied.

58

# AFFIDAVIT of SUBSTANTIAL HARDSHIP and ORDER

| State of Alabama Unified Judicial System | | Case Number |
|---|---|---|
| | | CC-91-95.62 |

Form C-10   Rev 6/88

IN THE **Circuit**          COURT OF **Russell** COUNTY

Plaintiff/State          v. Defendant **Melvin Smith**

FILED IN OFFICE

IN THE MATTER OF:

TYPE OF PROCEEDING:          CHARGE: **Rape First Degree**

☐ CIVIL CASE--I, because of substantial hardship, am unable to pay the docket fee and service fees in this case. I request that payment of these fees be waived initially and taxed as costs at the conclusion of the case.

☐ CIVIL CASE (such as paternity, support, termination of parental rights) -- I request an attorney be appointed for me.

☐ CRIMINAL CASE--I am financially unable to hire an attorney and request that the Court appoint one for me.

## AFFIDAVIT

**INCOME/EMPLOYMENT**

A. Do you have a job or work for yourself? **Confined in Prison. N/A**          ___ Yes **X** No

Employer's name and address _____          + $ **0**

How much money do you take home each week? _____          **0**

B. If unemployed, give month and year of last employment and amount earned per month _____          $ **0**
          ___ Yes **✓** No

C. Does your husband or wife have a job?

Employer's name and address _____          + $ **0**

How much money does he/she take home each week? _____          ___ Yes **✓** No

D. Do you receive money or benefits from any other source?

(Example: retirement pay, social security, workmen's compensation, unemployment compensation, food stamps, rent payments, interest, dividends, etc.)          + $ **0**

How much do you receive each month?

**ASSETS**

A. Do you have any money in any bank, savings and loan, credit union, or any other place, including cash on hand?          ___ Yes ___ No
5/17/04          How much? + $

Where? **BULLOCK COUNTY CORR. FACILITY**

B. Do you own anything else of value? (Land, house, boat, television, stereo, jewelry, car, truck, van, stocks, bonds, etc.)          ___ Yes **✓** No

What? _____          Total Value + $ **0**

**DEPENDE**

A. Are you: ___ Single **✓** Married ___ Widowed ___ Divorced
___ Separated?          ___ Yes **✓** No

B. Do you have any dependents?

Who and what relationship? **Louise (wife) Jeremy (son) Shandreisha (Daughter) Demetrius (son) Dominique (Daughter) Davina (Daughter)**

What does it cost you to live each month?

| Creditor | Total Debt | Monthly Payment |
|---|---|---|
| Loans | | |
| Charge Accounts | | |
| House or rent payments | | |
| Alimony | | |
| Support | | |
| Car payment | | |
| Groceries | | |
| Utilities | | |

In support of this request, I have answered the above questions relating to my ability to pay. I swear that these answers are true and reflect my present financial status. I understand that a false statement or answer to any questions in this affidavit will subject me to penalties for perjury.

I further understand and acknowledge that if the Court appoints an attorney to represent me, the Court may require me to pay the fees and expenses of my court-appointed-counsel.

Sworn to and subscribed before me this

13th day of May 200✓

Large P. Anthony

___ge/Notary

_____ Affiant Signature

NOTARY PUBLIC STATE OF ALABAMA AT LARGE
MY COMMISSION EXPIRES: Mar 18, 2007

## ORDER

IT IS ORDERED THAT THE FOREGOING REQUEST BE:

☐ GRANTED                    ☐ DENIED

APPOINTMENT OF ATTORNEY:

IT IS THEREFORE, ORDERED AND ADJUDGED BY THE COURT THAT _____

_____ Attorney at Law, be and is hereby appointed as counsel to represent, assist and defend in this (these) case(s).

It is further ordered that the Court reserves the right and may order reimbursement of attorney's fees and expenses, approved by the Court and paid to the appointed counsel.

DONE this _____ day of _____, 19 _____

_____
Judge

58

STATE OF ALABAMA
DEPARTMENT OF CORRECTIONS
BULLOCK CORRECTIONAL FACILITY

AIS #: 204766        NAME: SMITH, MELVIN                    AS OF: 05/14/2004

| MONTH | # OF DAYS | AVG DAILY BALANCE | MONTHLY DEPOSITS |
|-------|-----------|-------------------|------------------|
| MAY | 17 | $22.76 | $55.00 |
| JUN | 30 | $29.07 | $145.00 |
| JUL | 31 | $15.27 | $115.00 |
| AUG | 31 | $12.73 | $65.00 |
| SEP | 30 | $3.37 | $20.00 |
| OCT | 31 | $9.16 | $80.00 |
| NOV | 30 | $2.12 | $55.00 |
| DEC | 31 | $68.52 | $230.00 |
| JAN | 31 | $13.51 | $85.00 |
| FEB | 28 | $24.57 | $245.00 |
| MAR | 31 | $32.13 | $120.00 |
| APR | 30 | $15.01 | $135.00 |
| MAY | 14 | $30.21 | $55.00 |

PREPARED BY _Faulkner_
BULLOCK COUNTY CORR. FACILITY
BUSINESS OFFICE/ACCOUNT CLERK
P.O. BOX 5107
UNION SPRINGS, AL 36089
DATE _5/14/2004_

53

IN THE ALABAMA COURT OF CRIMINAL APPEALS

MELVIN SMITH,
   APPELLANT

    V.S.

STATE OF ALABAMA
   APPELLEE,

)
)
)
)
)
)
)
)

CASE NO: CR-03-1286

FILED IN OFFICE
2004 MAY 18 PM 1:11

## MOTION FOR LEAVE TO PROCEED ON APPEAL IN FORMA PAUPERIS, OR IN THE ALTERNATIVE, ALLOW THE APPELLANT TO PAY FEE IN INSTALLMENTS.

Comes now the Appellant, MELVIN SMITH, proceeding Pro-se, hereby request that this Honorable Court Allow this Appellant to proceed on Appeal IN FORMA PAUPERIS, OR IN THE alternative, allow him to pay the $100.00 Docket Fee in installments of 20% of the Money that becomes available on his P. M. O. D. account.

In the past, The Appellant did have money on his Prison account, however, at this Present time, he is Unable to pay the Docket fee by the time prescribed by this Court.

Melvin Smith Respectfully request that he be allowed to proceed, or, in the alternative, Grant him an Extension of time of an additional 14 Days to pay the filing fees.

RESPECTFULLY SUBMITTED

*Melvin Smith #204766*

MELVIN SMITH AIS# 204766

## CERTIFICATE OF SERVICE

I hereby certify that I have served a copy of the foregoing on the Clerk of the Court of Russell County, Alabama, by placing same in the United States Mail Properly addressed and postage pre-paid, DONE THIS 17TH DAY OF MAY, 2004.

*Melvin Smith*

MELVIN SMITH

I am enclosing a copy of the AFFIDAVIT OF SUBSTANTIAL  HARDSHIP AND ORDER,

ALONG WITH THE FINANCIAL STATEMENT OF MY PRISON ACCOUNT.

61

MELVIN SMITH AIS# 204766
BULLOCK CORRECTIONAL FACILITY
P.O. BOX 5107
UNION SPRINGS, ALABAMA 36089

Legal Mail

KATHY COULTER
CLERK OF CIRCUIT COURT
P. O. BOX 518
PHENIX CITY, AL. 36868-0518

62

IN THE CIRCUIT COURT OF RUSSELL COUNTY, ALABAMA

MELVIN SMITH                        )
                                    )
        PETITIONER,                 )
                                    )
VS.                                 )        CASE NO.   CC 97-95.62
                                    )
STATE OF ALABAMA                    )
                                    )
        RESPONDENT.                 )

### ORDER

The Petitioner, ' having filed a request to proceed in forma pauperis and the Court having reviewed and considered same, it is ORDERED that the request is denied.

DONE this the 19th day of May 2004.


_____
JUDGE, CIRCUIT COURT

# IN THE COURT OF CRIMINAL APPEALS OF ALABAMA

| | | |
|---|---|---|
| MELVIN SMITH | ) | IN THE CIRCUIT COURT |
| | ) | |
| VS. | ) | RUSSELL COUNTY, AL |
| | ) | |
| STATE OF ALABAMA | ) | Criminal Action Numbers |
| | ) | |
| | ) | CC-1997-95.62 |
| | ) | CR-03-1286 |

## REQUEST FOR EXTENSION OF TIME
## FOR FILING CERTIFICATE
## OF COMPLETION OF ENTIRE RECORD

Comes now Kathy Coulter, Clerk of the Circuit Court of Russell County, Alabama, and moves the Court of Criminal Appeals to grant an extension of *14 days* for filing the Certificate of Completion of Entire Record for the following reasons:

1.    Due to State budget cuts, the office of the Circuit Clerk of Russell County is staffed at 75% of the manpower formula set by the Administrative Office of Courts.

2.    Because of understaffing, the Clerk's Office is struggling to maintain the highest level of efficiency as possible.  However, the Circuit Clerk is unable to complete the clerk's record in the above styled case by June 17, 2004.

Request for extension of time is hereby made to the Court of Criminal Appeals this 3rd day of June, 2004.


_____
CLERK OF THE CIRCUIT COURT
RUSSELL COUNTY, ALABAMA

TRANSMISSION VERIFICATION

| | |
|---|---|
| DATE,TIME | 06/02 19:13 |
| FAX NO./NAME | 13342424689 |
| DURATION | 00:00:21 |
| PAGE(S) | 01 |
| RESULT | OK |
| MODE | STANDARD |
| | ECM |

65

IN THE COURT OF CRIMINAL APPEALS

FOR THE STATE OF ALABAMA

MELVIN SMITH
APPELLANT,

V.S.

CR-03-1286

CIRCUIT COURT NO CC97-95.62

STATE OF ALABAMA
APPELLEE,

FILED IN OFFICE

## MOTION FOR A COURT ORDER

Comes now, Melvin Smith, Proceeding Pro-Se, hereby request that this Honorable Court Issue a COURT ORDER for the Clerk of the RUSSELL COUNTY CIRCUIT COURT to transmitt the Record on Appeal to Melvin Smith, and Foreward a Copy of Same to this Honorable Court and the Office of the Attorney General for the State of Alabama.

On MAy 11, 2004, this Honorable Court Ordered the Appellant to either Pay the $100 docket fee as prescribed in RULE 35A(B) OF THE ALABAMA RULES OF APPELLATE PROCEDURE AS AMENDED EFFECTIVE MARCH 1, 2004.

On May 17, 2004, Meelvin Smith Ask that he be allowed to proceed IN FORMA PAUPERIS AND ON May 19, 2004, the circuit Court of Russell County, Alabama., DENIED THE MOTION:

On May 24, 2004 Melvin Smith Paid the $100.00 DOCKET FEE .

The Circuit Court of Russell County, Alabama has not sent the Transmittal of Record to this Appellant, so that he can file his Appellate Brief in this Court;

Melvin Smith Respectfully request that this Honorable Court Issue an Order to the Circuit Clerk to submit the Records;

*Records to be submitted by*
*June 17th 2004.*

68

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that I have served a copy of the foregoing on the Clerk of the Circuit Court of Russell County, AlabamaKATHY COULTER P. O. BOX 518 PHENIX CITY, ALABAMA 36868-0518, and the OFFICE OF THE ATTORNEY GENERAL FOR THE STATE OF ALABAMA 11 SOUT UNION STREET MONTGOMERY, ALABAMA  36130 BY PLACING SAME IN THE UNITED STATES MAIL PROPERLY ADDRESSED AND POSTAGE PRE-PAID DONE THIS  8TH DAY OF JUNE, 2004.

*Melvin Smith 204766*
MELVIN SMITH AIS# 204766
BULLOCK CORRECTIONAL FACILITY
P. O. BOX 5107
UNION SPRINGS, ALABAMA 36089

67



GREETINGS
FROM
FAR FAR AWAY

MONTGOMERY, AL 367
PM
8 JUN
2006

MELVIN SMITH # 204766
BULLOCK CORRECTIONAL FACILITY
P.O. BOX 5107
UNION SPRINGS, ALABAMA 36089

Legal Mail

This correspondence is forwarded
from an Alabama State Prison. The
contents have not been evaluated
and the Alabama Department of
Corrections is not responsible for the
substance or content of the enclosed
communication.

STATE OF ALABAMA
UNIFIED JUDICIAL SYSTEM
KATHY COULTER
CLERK OF CIRCUIT COURT
P. O. BOX 518
phenix city, alabama 36868-0518

# Court of Criminal Appeals

## State of Alabama
### Judicial Building, 300 Dexter Avenue
### P. O. Box 301555
### Montgomery, AL 36130-1555

68

June 9, 2004

H. W. "BUCKY" McMILLAN
Presiding Judge
SUE BELL COBB
PAMELA W. BASCHAB
GREG SHAW
A. KELLI WISE
Judges

Lane W. Mann
Clerk
Wanda K. Ivey
Assistant Clerk
(334) 242-4590
Fax (334) 242-4689

Mr. Melvin Smith
AIS #204766
P. O. Box 5107
Union Springs, AL 36089

RE:    CR-03-1286
Melvin Smith v. State

Dear Mr. Smith:

This is in response to your recent motion for a court order.  Please be advised that the court reporter's transcript is not due until July 1, 2004.  After it is filed with the circuit clerk, the circuit clerk will have 7 days in which to prepare and certify the record on appeal.

You will be given 28 days from the date the record is certified as complete to file your brief, and we will notify you of the date your brief is due.

Sincerely yours,

Lane W. Mann, Clerk
Court of Criminal Appeals

LWM/jz

cc:    Kathy Coulter, Circuit Clerk
       P. O. Box 518
       Phenix City, AL 36868-0518

       Honorable Linda S. Wilson, Court Reporter
       1600 46th Street
       Phenix City, AL 36867

63

IN THE CIRCUIT COURT OF RUSSELL COUNTY, ALABAMA

MELVIN SMITH                          )
                                      )
        PETITIONER,                   )
                                      )
VS.                                   )     CASE NO.  CC 97-95.62
                                      )
STATE OF ALABAMA                      )
                                      )
        RESPONDENT.                   )

## ORDER

The Petitioner having filed a motion for a court order directing the Clerk of the Circuit Court to transmit the Record on Appeal and forward a copy of same to the defendant and the Court having reviewed and considered same, it is ORDERED that the motion is granted.  The Clerk of the Circuit Court is ORDERED to submit the requested record to the Petitioner by June 17, 2004.

DONE this the 11th day of June 2004.

_____
JUDGE, CIRCUIT COURT

STATE OF ALABAMA      )    IN THE CIRCUIT COURT OF

     vs.            )    RUSSELL COUNTY, ALABAMA

MELVIN SMITH,        )    CASE NO.:   CC 97-95.62

     Defendant.     )          CR 03-1286

## CERTIFICATE OF COURT REPORTER

I, Linda S. Wilson, an Official Court Reporter for the 26th Judicial Circuit of Alabama, certify that there was no hearing held in the above-styled matter; therefore, no appellate transcript will be filed by me with regard to this case.

DATED this 15th day of June, 2004.


*Linda Wilson*

Linda S. Wilson
Official Court Reporter

| State of Alabama<br>Unified Judicial System<br><br>Form ARAP - 14    11/91 | CERTIFICATE OF COMPLETION AND<br>TRANSMITTAL OF RECORD ON<br>APPEAL BY TRIAL CLERK | Appellate Case Number<br><br>CR-03-1286 |
|---|---|---|

| TO:  THE CLERK OF<br>     THE COURT OF CRIMINAL APPEALS OF ALABAMA | DATE OF NOTICE OF APPEAL:<br>5/6/2004 |
|---|---|

| APPELLANT | MELVIN SMITH |
|---|---|
| v. | STATE OF ALABAMA |

I certify that I have this date completed and transmitted herewith to the appellate court the record on appeal by assembling in (a single volume of ___71___ pages) ( _____ volumes of 200 pages each and one volume of _____ pages) the clerk's record and the reporter's transcript and that one copy each of the record on appeal has been served on the defendant and the Attorney General of the State of Alabama for the preparation of briefs.

I certify that a copy of this certificate has this date been served on counsel for each party to the appeal.

Dated this ___17TH___ day of _____JUNE_____ , 20 _04_ .

_Kathy Coulter (JB5_
Circuit Clerk

_____Russell County, Alabama_____