CR-03-1286     ATTORNEY GENERAL'S COPY

IN THE

ALABAMA COURT OF CRIMINAL APPEALS

MELVIN SMITH,

APPELLANTR,

V.S.

STATE OF ALABAMA

APPELLEE,

> **FILED**
>
> JUL - 7 2004
>
> CLERK
> ALA COURT CRIMINAL APPEALS

ATTORNEY GENERAL'S COPY

ON APPEAL FROM THE CIRCUIT COURT OF

RUSSELL COUNTY, ALABAMA

CRIMINAL CASE NO: CC-1997-95.62

BRIEF OF APPELLANT

ATTORNEY GENERAL'S COPY

MELVIN SMITH, PRO-SE AIS# 204766

BULLOCK CORRECTIONAL FACILITY

PO. BOX 5107

UNION SPRINGS, ALABAMA 36089



EXHIBIT

12

## STATEMENT REGARDING ORAL ARGUMENTS .

THIS IS A PRO-SE APPEAL BRIEF, NO ORAL ARGUMENTS ARE
REQUESTED AT THIS TIME, UNLESS THIS HONORABLE COURT APPOINT COUNSEL TO
PERFECT THE APPEAL AND HE/SHE DEEMS IT NECESSARY TO PRESENT ORAL ARGUMENTS;

## TABLE OF CONTENTS

STATEMENT REGARDING ORAL ARGUMENTS.................................... i

TABLE OF CONTENTS..................................................... ii

TABLE OF AUTHORITIES................................................. iii

STATEMENT OF THE CASE.............................................. 1– 2

STATEMENT OF THE ISSUES.............................................. 3

STATEMENT OF THE FACTS.............................................. 4

STATEMENT OF THE STANDARD OF REVIEW................................. 5

SUMMARY OF THE ARGUMENT(s)......................................... 6

ISSUE NO; I AND ARGUMENT.......................................... 7

ISSUE NO;II AND ARGUMENT........................................... 8

ISSUE NO;III AND ARGUMENT......................................... 8–9

ISSUE NO;IV AND ARGUMENT.......................................... 10–11

ISSUE NO;V AND ARGUMENT........................................... 12–14

ISSUE NO; VI AND ARGUMENT......................................... 15–16


CONCLUSION......................................................... 17

CERTIFICATE OF SERVICE............................................. 17

## TABLE OF AUTHORITIES

BATES V. STATE; 620 So. 2d 745,746 (Ala. Crim. App. 1992)..............

EX PART ARTHUR; 711 So. 2d 1097 (Al. 1996)............................   14

EX PART CARDAR; 538 So. 2d 1146 (Al. 1988)............................   6

EX PART FLOYD; 457 So. 2d 961,962 (Al. 1984)..........................   11

EX PART GODBOLT; 546 So. 2d 991 (Al. 1987)............................   7

EX PART WALKER; 800 So. 2d 135 (Al. 2000).............................   8, 13

FITZPATRIC V. WAINRIGHT; 545 F. 2d 1057,1065 (11th Cir. 1986).........   10

FORD V. STATE; 831 So. 2d 641 (Ala. Crim. App. 2001)..................   9

GLASS V. STATE; 627 So. 2d 1069 (ala. Crim. App. 1993)................   9, 13

**GLASS V. STATE ;[MS. CR-03-0136 APRIL 30, 2004 ___ SO. 2d __ ALA.**
**CRIM. APP 2004)**.....................................................   7

HAMMOND V. STATE; 664 So. 2d 970 (Ala. Crim. App. 1995)...............   13

HARDY V. UNITED STATES; 375 US 277, 11 Led 2d 331 (1964).............   9, 13

HENDERSON V. STATE; 586 So. 2d 1009 (Ala. Crim. App. 1991)...........   10

HORTON V. ZANT; 941 F. 2d 1149 (11th Cir. 1991)......................   7

HUGLEY V. STATE; 615 So. 2d 1244 (Ala. Crim. App. 1992)..............   12

MAKERS V. STATE; 739 So. 2d 1141 (Ala. Crim. App. 1998)..............   7

MAYNARD V. MEACHUM; 545 F. 2d 773,777 (1st Cir. 1996)................   7

NICKS V. STATE; 783 So. 2d 895 (Ala. Crim. App. 1999)................   6

PAYNE V. STATE; 791 So. 2d 383 (ala. Crim. App. 1999)................   13

SARTIN V. STATE; 615 So. 2d 135 (Ala. Crim. App. 1992)...............   15

SMITH V. STATE; 581 So. 2d 1283 (Ala. Crim. App. 1991)..............   11

TEAT V. STATE; 589 So. 2d 815 (Ala. Crim. App. 1996).................   14

U. S. V. PRECIADO; 981 F. 2d 1206 (11th Cir. 1993)..................   7
                                                                       13

## OTHER AUTHORITIES

ALABAMA RULES OF CRIM. PROCEDURE RULE 32.6 (b)......................
                                                                       12

ALABAMA RULES OF CRIM. PROCEDURE RULE 32.2 (c)......................

ALABAMA RULES OF CRIMINAL PROC. RULE 32.7 (a)......................   12

CODE OF ALABAMA 1975 TITLE 13A-6-61/13A-6-65.......................   7

28 U. S. C. 753 (b) COURT REPORTERS ACT ............................   10
                                                                       13

## STATEMENT OF THE CASE

On October 25, 1996 Melvin Smith was arrested for the Crime of Rape 1st Degree of Annett Thomas;

Smith contends that, during the time of the alleged Rape, he was working at the VETERANS ADMINISTRATION (V. A.) Hospital in Tuskeegee, Alabama, and Annett Thomas was employed at Tuskeegee University;

Prior to and during the time given rise to the alleged Rape, Smith and Thomas was riding to-and-from work together from Hurtsboro, Alabama to Tuskeegee.

Smith and Thomas Car-Pooled to and from Work together for approximately (5) Five Years, meanwhile, a romantic relationship developed, and esculated to the point where Smith had promised Thomas that he would leave his wife, and the two of them would move to Washington, D. C..

Dr. Robert Kim, one of Smith's supervisors/Co-Workers at the V. A. Hospital had made arrangements to obtain employment for Annett Thomas in the D. C. area.

On the Day of the alleged Rape, October 25, 1996 Melvin Smith had gone to Annett Thomas's House, to tell her that the relationship was over.

Smith admitts that he and Thomas had Consentual sex, and afterwords, he told Thomas that he had decided he would NOT leave his Wife for the sake of their (3) Three children;

Annett Thomas got very upset and Vowed that she would get even with him.

Later that same day, Annett Thomas held true to her word, and Smith was arrested for the Crime of Rape, and Placed on $50,000 Bond.

On January 9, 1997 the Attorney of record, GREGORY KELLEY filed a Motion for a Bond reduction (RT.0006-0007), and the Motion was denied on January 22, 1997.

The record shows that on January 28, 1997, Smith was released on Bond. After his release, he spoke with Attorney Gregory Kelley about representing him in this Case, along with an un-related Case.

STATEMENT OF THE CASE CONTINUE

The record before this Court shows that, the Trial Court Judge Johnson appointed Attorney L. JOEL COLLINS to represent Smith (TR00016).

Smith appeared at his Arraignement without the benefit of Counsel, and the Trial Court compelled Smith to enter a Plea.

On April 29, 1997 , Judge Johnson Ordered Smith to either retain Counsel, or if he wishes, the Court would Appoint Counsel; Mistakenly, and without a knowingly and voluntarily waiver, Smith elected to represent himself.

The record does not contain either a written waiver or a Collequay (FARETTA Hearing) to determine that Smith knew what Rights he was giving up.

Smith was in-fact represented at Trial by an Attorney, yet, the Trial Court tries to say that Smith represented himself at Trial;

Smith was found Guilty of Rape, as charged in the Indictment, and the Alabama Court of Criminal appeals Affirmed on Direct Appeal.

On or about July 10, 2001 Smith filed his first Rule 32 Petition, an evidentiary hearing was set for October 10, 2001, and Attorney L. JOEL Collins P.C. was retained to represent Smith, and on February 14, 2002 the Circuit Court of Russell County, alabama Denied his Petition.

A second Petition was filed on or about JAnuary 9, 2003 and the Circuit Court Denied IN FORMA PAUPERIS DECOLORATION on March 12, 2003;

On December 31, 2003, this Rule 32 Petition was filed, and Smith paid the filing fee of $182.00 on February 4, 2004;

After the (30) Thirty Day time limit had expired, Smith filed a Motion TO COMPELL THE DISTRICT ATTORNEY TO RESPOND ON MARCH 17, 2004 (R.44-45), and on March 19, 2004 the Circuit Court Denied the Motion (R.47)

On April 5, 2004, the Trial Court Denied the Petition without requiring the District Attorney to Respond (R.48).

Timely notice of Appeal was filed, and this Court required Smith to pay a $100.00 Docketing fee, which was paid in full on May 24, 2004.

## STATEMENT OF THE ISSUES

### ISSUE NO: I

DID THE TRIAL COURT ERROR IN NOT REQUIRING THE DISTRICT
ATTORNEY TO RESPOND TO THE ALLEGATIONS IN THE RULE 32 PETITION ?

### ISSUE NO: II

WAS MELVIN SMITH DENIED HIS CONSTITUTIONAL RIGHTS TO A COMPLETE
TRIAL TRANSCRIPT OF ALL PROCEEDINGS?

### ISSUE NO: III

DID MELVIN SMITH PROVE HIS JURISDICTIONAL CLAIM, REGARDING
THE FARETTA V. CALIFORNIA ISSUE ?

### ISSUE NO: IV

WAS MELVIN SMITH REQUIRED TO HAVE A LESSOR INCLUDED OFFENSE
INSTRUCTION AT HIS JURY TRIAL ?

### ISSUE NO: V

DID MELVIN SMITH PROVE HIS INEFFECTIVE ASSISTANCE OF TRIAL COUNSEL
CLAIM, AND WAS /IS AN EVIDENTIARY HEARING REQUIRED ?

### ISSUE NO: VI

IS AN EVIDENTIARY HEARING REQUIRED ON SMITH'S INEFFECTIVE
ASSISTANCE OF APPELLATE COUNSEL CLAIM ?

## STATEMENT OF THE FACTS

On January 10, 1997, Melvin Smith was Indicted for Rape first degree of Annett Thomas;

On February 11th, 1997, Attorney L. JOEL Collins was appointed to represent Melvin Smith in this case;

On MArch 18, 1997, Smith appeared at his arraingment, but his appointed Attorney was not present, and he was compelled, by the Trial Court Judge to represent himself, without ever being given a FARETTA HEARING, and Smith entered a Plea of NOT GUILTY;

Smith finally was appointed Attorney GREG GRAHAM, and Trial was Held on March 16, 1999;

On March 18, 1999, a Jury returned a verdict of Guilty;

Attorney Greg Graham filed a Motion to withdraw as Counsel, and Attorney Richard Chancey was retained to perfect the Appeal; Notice of Appeal was given, and Appellate Brief was filed;

On May 12, 2000, this court of Criminal appeals affirmed, and Attorney Richard Chancy fail to file a Petition for Writ of Certorari in the Alabama Supreme Court;

On July 10, 2001, Smith filed a Pro-Se Rule 32 Petition, and on October 10, 2001 the Circuit Court held an Evidentiary Hearing, and Denied the Petition;

On January 9, 2003 Smith filed a Second Rule 32 Petition, and the Trial Court Judge Denied the IN FORMA PAUPERIS DECLORATION:

On December 31, 2003 Smith filed this Current Rule 32 Petition, in which he paid the $182.00 filing fee, and on April 15, 2004, the Circuit Court Denied the Rule 32 Petition, and on or about May 6, 2004, Notice of Appeal was given, and on May 11, 2004, this Court informed/Ordered that Smith Pay a $100.00 Docketing fee, and on May 24, 2004, Smith paid the Docketing fee;

this Appeal follows;

-4-

## STATEMENT OF THE STANDARD OF REVIEW

Case law clearly states that in judging the Trial Court's conduct during a Rule 32 proceeding, the Standard of review is WHETHER THE PETITION, WHEN VIEWED IN THE LIGHT MOST FAVORABLE TO THE GOVERNMENT, WHETHER THE DEFENDANT PROVES HIS CLAIM BEYOND A REASONABLE DOUBT, AND WHETHER THE TRIAL COURT'S DECISION IS "CLEARLY ERRONEOUS:

AND AT THE PLEADING STAGE OF RULE 32 PROCEEDING, THE PETITIONER DOES NOT HAVE THE BURDEN OF PROVING THE CLAIM BY THE PERPONDERANCE OF THE EVIDENCE, RATHER, AT THE PLEADING STAGE, A PETITIONER MUST PROVE ONLY A CLEAR AND SPECIFIC STATEMENT OF THE GROUNDS UPON WHICH RELIEF IS SOUGHT:

## SUMMARY OF THE ARGUMENT(S)

The Circuit Court of Russell County, alabama Erred to reversal in not  requiring the District Attorney of the State of Alabama to respond to the allegations contained in the Rule 32 Petition;

Melvin smith presented in his Rule 32 Petition that, he was not afforded a full/complete Trial Transcript of all of the proceedings, when the Trial Court was required to do so when Smith was represented by a different Counsel on Appeal, than the one who represented him at Trial;

Smith strongly asserted that the Trial Court lost Jurisdiction to render Judgement or to impose Sentence, when he fail to conduct a FARETTA HEARING, and/or have Smith sign a voluntary Waiver , that he understood all the rights he was giving up by self representation;

Smith's Petit Jury was left with only (2) TWO choices in this Case, either to find Smith Guilty, or Acquitt him of all choices, there was never a Lessor Included Offense Instruction given to the Jury;

Smith presented several areas of Ineffective Assistance of Trial counsel  in his Rule 32 Petition, which if found to be true, would entitle him to relief from his conviction/ or Sentence, yet, he was not afforded an Evidentiary Hearing to present these claims

Smith has also presented  several areas of Ineffective assistance of Appellate Counsel Claims, that was never raised in any prior petition.

-6-

ISSUE NO: 1 AND ARGUMENT

DID THE TRIAL COURT ERROR IN NOT REQUIRING THE
DISTRICT ATTORNEY TO RESPOND TO THE ALLEGATIONS
CONTAINED IN THE RULE 32 PETITION ?

Melvin Smith had his RULE 32 Petition Notorized at the Bullock Correctional
Facility on DECEMBER 31, 2003 (R.10), because Smith had to pay the filing
fee, the actual petition did not get filed in the Russell County Circuit
Court until February 4, 2004;

After more than (30) Thirty Days had expired, Pursuant to A. R. C. P.
RULE 32.7(a), Smith filed a Motion to Compell the District Attorney to respond
on MArch 17, 2004 (R.44-45), which was Denied by the Trial Court on March
19, 2004 (R.47).

On April 5, 2004, the Trial Court Summarily Dismissed the Petition, without
an Evidentiary Hearing;

> This Court has held" Summary Dismissal of a Rule 32 Petition will be
> reversed where the State is not given the Opporitunity to respond to
> the Petition" HUGHLEY V. STATE; 615 So. 2d 1244 (Ala. Crim. App. 1992)
> MAKERS V. STATE; 739 So. 2d 1141 (Ala. Crim. app. 1998),

This Court Remanded with Instructions that Case because the Circuit Judge
in Jefferson County, alabama Denied Maker's Amendment to his Petition without
requiring a Response from the State SEE ALSO GLASS V. STATE; 627 So. 2d 1069
(Ala. Crim. App. 1993);

> "Where a Petition is meritorious on it's face and it's allegations
> are not refuted, they MUST be accepted as True"
> HENDERSON V. STATE: 586 So. 2d 1009 (Ala. Crim. App. 1991)
> TEAT V. STATE: 589 So. 2d 815 (Ala. Crim. App. 1996)
> EX PART FLOYD; 457 So. 2d 961, 962 (Al. 1984).

Because the Trial Court Did Not require the District Attorney to respond
to the Allegations in the Petition, as requested by Smith, this Case should
be remanded for an Evidentiary Hearing, or a New Trial Ordered.

-7-

ISSUE NO: II AND ARGUMENT

WAS MELVIN SMITH DENIED HIS CONSTITUTIONAL RIGHTS TO A COMPLETE
COMPLETE TRIAL TRANSCRIPT OF AL, PROCEEDINGS ?

In Melvin Smith's Rule 32 Petition-ISSUE NO: I, AT (R.17-19), he presented
this Issue and pointed out to the Court, which sections/or portions of the
Trial Transcript and the record is missing.

Smith, without having to do so, has pointed out how he was Prejudiced
by not having the missing portions of the record EX PART GODBOLT: 546 So.
2d 991 (Al. 1987) HAMMOND V. STATE: 664 So. 2d 970 (Ala. Crim. App. 1993),
for these reasons, Smith ask that this Honorable Court review the records,
and the Rule 32 Petition, and REMAND WITH INSTRUCTIONS, to the Trial Court,
so the record can be RE-CONSTRUCTED, and the Missing Portions be made a part
of the record;


ISSUE NO: III AND ARGUMENT

DID MELVIN SMITH PROVE HIS JURISDICTIONAL CLAIM
REGARDING THE FARETTA V. CALIFORNIA ISSUE ?

In Melvin Smith's Issue No; II, of his Rule 32 Petition (At R. 20,19)**NOTE
THE CLERK HAS MISTAKENLY GOTTEN THE PAGES OUT OF ORDER IN WHICH THE PETITION
WAS FILED"** Smith raised the Issue that the Court was Without Jurisdiction
to render Judgement or to Impose Sentence, because, The Russell County Circuit
Court said in a Previous Rule 32 Petition that, MELVIN SMITH had represented
himself at Trial"

If this is True, the Trial Court Never explained the danger of Self-Representation/
or Hybrid Representation. There is no showing in the Record where a Hearing
was conducted to insure that Smith knew what rights he was giving up in compliance
with FARETTA V. CALIFORNIA; 422 U. S. 806, 45 Led 2d 562.

The Alabama Supreme court has Held "The record Must Affirmatively show
that the accused was literate, competent, and understanding and that he was
voluntarily exercising his informed free will", EX PART ARTHUR 711 So. 2d

-8-

ISSUE NO: III CONTINUE

1097 (Al. Crim. App. 1997); In the Case of FORD .V STATE: 831 So. 2d 641

(Ala. Crim. App. 2001), The Trial Court conducted an extensive colloquay

to make sure that FORD knew what rights he was giving up. The Trial Court

specifically stated to Ford "THAT BY REPRESENTING HIMSELF, HE WOULD WAIVER

THE ISSUE OF INEFFECTIVE ASSISTANCE OF COUNSEL, IF HE APPEALED"; After each

Question, the Trial Court made sure that Ford understood what was said, and

further, the Trial Court had(3) Three Psychologist testify that Ford knew

what he was doing;

Had a minimal amount of safeguards been taken in the instant case, it

would have been clear/and obvious to the Trial Court that Smith DID NOT HAVE

the Mental capacity to make such a serious/or informed choice to represent

himself (SEE R. 32through 40 OF THE EXHIBITS ATTACHED TO THE RULE 32 PETITION)

In the Case of Arthur SUPRA , he had-had legal experience with the Criminal

Court System and a High Educational Level, SEE FITZPATRICK V. WAINRIGHT 800

F. 2d 1057, 1065 (11th Cir. 1986) and MAYNARD V. MEACHUM  545 F. 2d 273,277

(1st Cir. 1976).

Because Smith was never informed of any of the Rights he was giving up,

and the danger of self representation/or hybrid representation, and no Written

Waiver was ever signed by smith, the Trial Court lost Jurisdiction to render

Judgement or to Impose Sentence.

For these Reasons, Melvin Smith ask that this honorable Court REMAND this

Case back to the Trial Court for an Evidentiary Hearing and/or Grant a New

Trial, where Smith can be represented by competent Counsel;

ISSUE NO: IV AND ARGUMENT

WAS MELVIN SMITH REQUIRED A LESSOR INCLUDED OFFENSE

INSTRUCTION AT HIS JURY TRIAL ?

At (R.21-22) of the record on appeal, Smith alleged
that his 6th and 14th Amendment of both the United States
and the Alabama Constitution was violated when the Trial
Court would not charge the Jury on any of the lessor Included
offenses.

Smith was Indicted for Rape First Degree,m Pursuant
to THE CODE OF ALABAMA 1975  Title 13A-6-61, when the evidence
and testimony presented at Trial established that he did
not committ a Rape First Degree, but may have committed
one of the lessoᴙ Offenses.

Smith has never denied the fact that he had Sex with

annett Thomas, (TR.105), that it was consentual.

It has always been Smith's testimony that, he had told
Annett Thomas that he and his wife had gotten their marriage
back together and he would not be seeing her, (Annett Thomas)
any more, and she slapped him, and said, SHE WOULD GET
HIM (R.106)..

From the evidence presented, and the testimony, Smith
was entitled to a Jury Instruction of SexualMisconduct.

Pursuant to the Code of Alabama 1975 " the essential
diference between Rape First Degree and Sexual Misconduct
is that, Rape requires that the act be done "BY FORCIBLE
COMPULSION" and SEXUAL MISCONDUCT REQUIRES THAT IT BE DONE
WITHOUT CONCENT  13A-6-61 / 13A-6-65...

-10-

## ISSUE NO: IV CONTINUE:

It was Annett Thomas's testimony that, Melvin Smith had a knife, but he never used it, or threatened to use it (R.26).

Dr. Steven Medeiros testified on Cross Examination that, Annett Thomas DID NOT HAVE ANY TEARS AROUND THE VAGINAL AREA OR VAGINAL WALLS, WHICH WOULD BE CONSISTENT WITH RAPE (TR.101)...

In reversing another case, the Alabama Supreme Court states "based upon the reading of the record, there was some question as to why the prosecutrix did not scream for help" also, the nurse who examined the prosecutrix " . At Cooper Greene Hospital testified, according to the Court of Criminal Appeals, "That there was no external signs of trauma either in the pelvic area of the rest of prosecutrix body EX PARI GARDAR: 530 So. 2d 1246 (Al. 1988); WHICH IS THE CASE HERE:

An accused is entitled to have the jury charged on a lesser included offense where there is a reasonable theory from the evidence to support the lessor offense, SANTIN V. STATE; 615 So. 2d 155 (Ala. Crim. App. 1992).

For the reason's stated herein, this case should be Remanded back to the Circuit Court of Russell County for a New Trial, or in the Alternative, the charge. and the sentence be reduced;

ISSUE NO: V. AND ARGUMENT

DID MELVIN SMITH PROVE HIS INEFFECTIVE ASSISTANCE

OF TRIAL COUNSEL CLAIM(s), AND

IS AN EVIDENTIARY HEARING REQUIRED ?

In Melvin Smith's Rule 32 Petition at (R. 23-27), he presented (4) Four critical areas where Counsel was Ineffective at Trial, which, if found to be true, would entitle him to relief.

The first Issue (A) at (R. 23), Smith showed that Counsel Fail to investigate and Subpeno Key Witnesses that could have proved that Dr. Kim had in-fact arranged for employment for Annett Thomas in the Washington D. C. area.

The 11th Circuit Court of Appeals has held, "the failure to investigate and failure to put on Witnesses can never be cateoried as Trial Stragety" HORTON V. ZANT; 941 F, 2d 1449 (11th Cir. 1991).

In Issue NO: IV (B) at (R.24) of the Rule 32 Petition, Smith argued that his Trial Counsel was Ineffective for his failure to present an insanity defense.

The record before this Court is clear, and unrefutted by the State, that Melvin Smith DOES-IN-FACT have a Mental disorder (**SEE EXHIBIT A AND B**) **AT PAGE 32 through 42 of the RULE 32 PETITION:**

**The Circuit Court erred in finding that Smith's Petition was barred by Rule 32.2(c)** ALABAMA RULES OF CRIMINAL PROCEDURE, ALTHOUGH HIS Petition was clearly filed long after the limitation period had expired.

-12-

ISSUE NO: V. CONTINUE:

The Claim in Smith's Rule 32 Petition is, he was denied effective asistance of Trial Counsel, and, the Trial Court contends that Smith Represented himself at Trial.

The claim is also that, Smith was incompetent to stand Trial, which is a Substantative Due Process Claim that is not subject to any of the procedural Bars in Rule 32.2, including the limitation period, see NICKS V. STATE; 783 So. 2d 895 (Ala. Crim. App. 1999), Holding that Rule 32 Petitioner'sclaim that he was tried and convicted while mentally incompetent was a SUBSTANTIVE DUE PROCESS CLAIM NOT SUBJECT TO THE PROCEDURAL BARS IN RULE 32.2 GLASS V. STATE: [MS, CR-03-0136, APRIL 30, 2004] ___SO. 2d ___(Ala. Crim. App. 2004).

At the pleading stage of Rule 32 proceeding, a Petitioner does not have the burden of proving the claim by the perponderance of the evidence, rather at the pleading stage, a Petitioner MUST PROVE ONLY A CLEAR AND SPECIFIC STATEMENT OF THE GROUNDS UPON WHICH RELIEF IS SOUGHT RULE 32.6 (b) ALABAMA RULES OF CRIMINAL PROCEDURE:

Once a Petitioner has met his burden of pleading so as to avoid SUMMARY DISPOSITION PURSUANT TO RULE 32.7 (d), ALA. R. CRIM. PROC. he is entitled to an opportunity to present evidence in order to satisfy his burden of proof FORD V. STATE; 831 So. 2d 641 (Ala. Crim. App. 2001).

In the instant case, the District Attorney of Russell County, Aabama has never refuted Smith's Claim, that he was incompetent to stand Trial.

-13-

When the State does not respond to Petitioner's allegations, the unrefutted statement of Facts MUST  BE TAKEN AS TRUE

BATES V. STATE  620 So. 2d 745,746 (Ala. Cri. App. 1992)

SMITH V. STATE 581 So. 2d 1283,1284 (Ala. Crim. App. 1991)...

For the reason's stated, the Trial Court Erred in Summarily Denying Smith's Rule 32 Petition, this is especially true because Smith filed a Motion to Compell a response of the District Attorney on March 17, 2004 (r.44-45) and the Trial Court Denied his Motion on March 19, 2004 (R.47), and on April 5, 2004, the Trial Court Dismissed the Petition (R.48);

This Case should be remanded to the Trial Court to conduct an evidentiary Hearing, or in the alternative, VACATE THE CONVICTION/SENTENCE:

-14-

ISSUE NO: VI AND ARGUMENT(S

IS AN EVIDENTIARY HEARING REQUIRED ON SMITH'S INEFFECTIVE
ASSISTANCE OF APPELLATE COUNSEL;S CLAIM ?

Smith avers that he is entitled to an evidentiary Hearing on his Ineffective
Assistance of Appellate Counsel claim(s) presented in his Rule 32 Petition;

At Issue V (A) (R.28) Smith has shown that his Appellate Counsel was ineffective
for his failure to obtain a complete Trial Transcript pursuant to 28 U. S.
C. 753 (b) OF THE COURT REPORTER'S ACT, and he has pointed out the missing
portions of the record;

This Court as wellas THE ALABAMA SUPREME COURT, THE 11CIRCUIT COURT OF
APPEALS AND THE UNITED STATES SUPREME COURT HAS HELD;

"where a Criminal Defendant is represented on Appeal by Counsel other
than the Attorney at Trial, the absence of a substantial and signifficient
portion of the record, even absent any showing of specific prejudice
or error is sufficient to mandate a reversal;
EX PART GODBOLT: 546 So. 2d 991 (Al. 1987)
HAMMOND V. STATE : 664 So. 2d 970 (Ala. Crim. App. 1995)
U. S. V. PRECIADO; 981 F. 2d 1306 (11th Cir. 1993)
HARDY V. UNITED STATES, 375 US 277, 84 S. Ct 424, 11 Led 2d 331 (1964)...

Here, Smith has pointed out the specific acts of Prejudice, one of which
is, THERE IS NO FARETTA HEARING OR WRITTEN WAIVER IN THE RECORD; THE CLOSING
ARGUMENTS ARE MISSING IN WHICH THE DISTRICT ATTORNEY REFERRED TO SMITH AS
A RAPEIST; THE THE PORTION OF THE JURY VOIR DIRE WHERE ONE JUROR STATED THAT
SHE OR A CLOSE FRIEND OR RELATIVE HAD BEEN A VICTIM OF RAPE, and she went
on to serve on the Petit Jury that ultimately convicted Smith of the crime
of Rape;

Any one of the above issues, standing alone, if proven to be true, would
Mandate a reversal of the conviction/SENTENCE, BUT, with all of it taking
place in the same Trial, and it was not objected to by the Trial Counsel,
and perserved for Appellate Review, has tainted the entire adversarial process,

## ISSUE NO: VI: CONTINUE:

Therefore, a New Trial MUST be Granted.

Whether an appellate Counsel was Ineffective depends on whether Appellant proved that Appellant Counsel fail to present an Issue on Direct Appeal that would entitle him to relief, **PAYNE** V. STATE. 791 So. 2d 383 (Ala. Crim. App. 1999)..

The Trial Court Erred in not Granting an Evidentiary Hearing on Smith's Ineffective Assistance of Appellate Counsel claim, because the Trial Court is not in a position to evaluate the performance of Counsel on Appeal, EX PART WALKER    800 So. 2d 135 (Al. 2000)...

RESPECTFULLY SUBMITTED

*Melvin Smith*  #204766

MELVIN SMITH AIS# 204766
BULLOCK CORRECTIONAL FACILITY
P.O. BOX 5107
UNION SPRINGS, ALABAMA 36089

CONCLUSION

For all of the reasons stated in the Rule 32 Petition, and this Appeal, Smith Pray that this Honorable Court will remand this Case for an Evidentiary Hearing, or GRANT A NEW TRIAL

_Melvin Smith_

MELVIN SMITH

CERTIFICATE OF SERVICE

I hereby certify that I ahve mailed the Original and (4) Four copies to the Court of Criminal Appeals, and (1) ONE Copyclearly marked ATTORNEY GENERAL'S COPY, A TOTAL OF (6) copies DONE THIS 7th DAY OF JULY, 2004

_Melvin Smith # 204766_

MELVIN SMITH # 204766

BULLOCK CORRECTIONAL FACILITY

P0. BOX 5107

UNION SPRINGS, AL. 36089