CR-03-1481

*In the COURT of CRIMINAL APPEALS of ALABAMA*

Melvin SMITH,

Appellant,

v.

STATE of Alabama,

Appellee.

*On Appeal From the Circuit Court of Russell County*
(CC 02-138)

**BRIEF OF APPELLEE**

Troy King
*Attorney General*

Robin Scales
*Assistant Attorney General*

Stephen N. Dodd
*Assistant Attorney General*
Counsel of Record*

Attorneys for Appellee
Office of the Attorney General
Criminal Appeals Division
Alabama State House
11 South Union Street
Montgomery, Alabama 36130-0152
(334) 242-7300, 7378*

August 3, 2004


EXHIBIT 13

**STATEMENT REGARDING ORAL ARGUMENT**

The State does not request oral argument.

**TABLE OF CONTENTS**

STATEMENT REGARDING ORAL ARGUMENT............................ i

TABLE OF AUTHORITIES....................................... iv

STATEMENT OF THE CASE AND FACTS............................. 1

ISSUE PRESENTED FOR REVIEW.................................. 3

STANDARD OF REVIEW.......................................... 3

SUMMARY OF ARGUMENT......................................... 4

ARGUMENT.................................................... 4

   The Trial Court Was Correct In Summarily Denying Smith's Rule 32 Petition. ............................................ 4

     A.  Transcription of *voir dire*........................ 4

        1. Successive petition ............................. 6

        2. Statute of limitation ........................... 7

     B.  Faretta............................................ 7

        1. Successive petition ............................. 7

        2. Statute of limitation ........................... 8

     C.  Lesser included instruction on sexual misconduct... 8

        1. Preclusion ...................................... 9

        2. Statute of limitation ........................... 9

     D.  Ineffective assistance of trial counsel............ 9

        1. Successive petition ............................ 10

        2. Statute of limitation .......................... 10

E.  Ineffective assistance of appellate counsel....... 11

   1. Successive petition ............................ 11

   2. Statute of limitation .......................... 12

CONCLUSION............................................ 12

CERTIFICATE OF SERVICE................................ 14

# TABLE OF AUTHORITIES

**Cases**

Burton v. State, 728 So. 2d 1142 (Ala. Crim. App. 1997) ........................................... 5, 11

Colvin v. State, 521 So. 2d 1352 (Ala. Crim. App. 1987) ............................................... 5

DeBruce v. State, 2003 WL 22846752 (Ala. Crim. App. Dec. 2, 2003) ................................. 4

Fountain v. State, 2000 WL 572753 (Ala. Crim. App. Apr. 28, 2000) ............................... 12

Long v. State, 675 So. 2d 532 (Ala. Crim. App. 1996) ............................................... 13

Strickland v. Washington, 466 U. S. 668, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1989) ............... 11

Thomas v. State, 2004 WL 14118257 (Ala. Crim. App. June 25, 2004) ................................ 4

**Rules**

Alabama Rules of Criminal Procedure,

Rule 19.4 ........................................................... 5

Rule 32.2(a)(3) ..................................................... 9

Rule 32.2(a)(4) ..................................................... 6

Rule 32.2(a)(5) ..................................................... 9

Rule 32.2(b) ..................................................... 7, 8, 10, 12

Rule 32.2(c) ........................................................ 8

Rule 32.6 (b) ....................................................... 6

**STATEMENT OF THE CASE AND FACTS**

This is an appeal by Melvin Smith ("Smith") from the summary denial of his postconviction petition by the Russell County Circuit Court. Russell County Circuit Court Judge George R. Greene issued the order summarily denying Smith's Rule 32 petition.

On March 17, 1999, Smith was convicted[1] of the first-degree rape of an acquaintance with whom he had been riding to work for a period of years. (DA. R. 151) Smith's rape conviction was upheld on direct appeal. *See* Smith v. State, CR 98-1545 mem. op. (Ala. Crim. App. Jan. 28, 2000).

On July 10, 2001, Smith filed his first petition for postconviction relief under ALA. R. CRIM. P., Rule 32. (1st R.32. C. 3-15) On August 23, 2001, the trial court entered an *Order* denying all Smith's first Rule 32 petition claims -- except one -- on the grounds of preclusion under ALA. R. CRIM. P., Rules 32.2(a)(3) and (a)(5). (1st R.32 R. 4-62)

---

[1] The Court of Criminal Appeals can take judicial notice of its own records, and the State requests that this Court take judicial notice of its records in Smith's 1999 direct appeal, Smith v. State, CR 98-1545, and his 2002 Rule 32 appeal, Smith v. State, CR 01-1261. *See* Ex parte Salter, 520 So. 2d 213 (Ala. Crim. App. 1987). References herein to the transcript and court record of Smith's direct appeal will be designated "DA. R." and "DA. C," respectively." References herein to the transcript and court record of Smith's 2002 Rule 32 appeal will be designated "1st R.32 R." and "1st R.32 C.", respectively.

A hearing on Smith's remaining claim -- ineffective assistance of appellate counsel -- was held on October 10, 2001. (1st R.32 R. 4-62) On February 14, 2002, the trial court issued a second *Order*, holding that Smith had failed to show ineffectiveness on the part of his appellate counsel. (1st R.32 C. 23-24) The denial of Smith's first Rule 32 petition was upheld on appeal. See Smith v. State, CR 01-1261 mem. op. (Ala. Crim. App. Sept. 20, 2002).

On February 4, 2004, Smith filed this, his second, Rule 32 petition raising the following claims:

> 1) that his right to a fair trial was denied when the *voir dire* portion of his trial was not transcribed;
>
> 2) that he was denied a fair trial because the record of his conviction does not affirmatively demonstrate that his election to represent himself at trial was knowing, voluntary, and intelligently made;
>
> 3) that he was entitled to a lesser included charge jury instruction on sexual misconduct;
>
> 4) that his trial counsel was ineffective for failing to call a Dr. Kim as a defense witness;
>
> 5) that his trial counsel was ineffective for failing to make out an insanity defense; and,
>
> 6) that his appellate counsel was ineffective for failing to see to it that the transcript of *voir dire* was included in the court record.

2

(C. 3-43) On April 5, 2004, the trial court summarily denied Smith's Rule 32 petition on the grounds of the Rule 32 statute of limitation. (C. 48)

Smith filed notice of appeal on May 7, 2004. (C. 43) This appeal ensued.

## ISSUE PRESENTED FOR REVIEW

Was the trial court correct in summarily denying Smith's Rule 32 petition?

## STANDARD OF REVIEW

The standard of appellate review of a trial court's summary denial of a Rule 32 petition is abuse of discretion. <u>Grady v. State</u>, 831 So. 2d 646, 648 (Ala. Crim. App. 2001).

**SUMMARY OF ARGUMENT**

For one reason or another, all the claims raised here by Smith in his second Rule 32 petition are either precluded, or they are successive. Because the claims are all either precluded or successive, they do not survive the Rule 32 statute of limitation.

**ARGUMENT**

**The Trial Court Was Correct In Summarily Denying Smith's Rule 32 Petition.**

For the following reasons, the trial court was correct in summarily denying Smith's Rule 32 petition on the grounds of the Rule 32 statute of limitation.

**A. Transcription of *voir dire***

Smith has a Rule 32 burden of pleading he must meet. See DeBruce v. State, 2003 WL 22846752, at *17 (Ala. Crim. App. Dec. 2, 2003). Smith's burden is to plead sufficient facts to satisfy ALA. R. CRIM. P., Rules 32.2 and 32.6(b). See Thomas v. State, 2004 WL 14118257, at *1 (Ala. Crim. App. June 25, 2004).

It must be noted, however, that this burden is one of pleading, not of proof. Thomas. When, as here, a Rule 32

4

petitioner files a verified petition, and the State fails to file a response refuting the petitioner's allegations, the unrefuted statements of the petitioner must be taken as true. Thomas.

Usually, taking as true the Rule 32 allegations of a petitioner means that an evidentiary hearing is required. Colvin v. State, 521 So. 2d 1352, 1353 (Ala. Crim. App. 1987). There are two exceptions to this rule, however: 1) in the case of pleadings containing opposing affidavits; and, 2) where the events that serve as the basis of the petitioner's allegations were observed by the same judge as the one ruling on the postconviction petition. Burton v. State, 728 So. 2d 1142, 1145 (Ala. Crim. App. 1997). That is what happened in Smith's case.

In Smith's case, Judge Greene presided over the trial, including the *voir dire* proceedings. Judge Greene saw and knew whether the female venire member -- who Smith says stated, under *voir dire* questioning, that she had a friend who had been raped -- actually served on Smith's jury. (C. 17)

Under ALA. R. CRIM. P., Rule 19.4, the trial court gets to say whether *voir dire* will, or will not, be transcribed.

5

(DA. R. 1) Because Judge Greene did not order the *voir dire* portion of Smith's trial to be transcribed, he must have known that there was no problem with the juror Smith worries so much about here. The judge was in the position to know.

### 1. Successive petition

Under Burton, the trial court was correct in summarily denying, without an evidentiary hearing, Smith's claim that his defense was unfairly prejudiced by the failure of the record to include the *voir dire*. Because the trial court had an ALA. R. CRIM. P., Rule 32.6(b) "inadequate pleading" basis upon which to deny Smith's claim about *voir dire*, the claim is not jurisdictional.

Because the claim is not jurisdictional, to the extent Smith's claim is the same one he may have raised in his previous Rule 32 petition, the present claim is precluded here under ALA. R. CRIM., P, Rule 32.2(a)(4). To the extent Smith's claim is the same as the one he argued in his first Rule 32 petition, the present claim is precluded here under ALA. R. CRIM., P, Rule 32.2(a)(4). To the extent the claim is merely similar to Smith's earlier claim, the present

6

claim is precluded here as successive under ALA. R. CRIM., P, Rule 32.2(b)[2].

### 2. Statute of limitation

Likewise, because Smith's claim is not jurisdictional, and because more than two years have elapsed since the finality of Smith's convictions, Smith's claim is also barred by the ALA. R. CRIM. P., Rule 32.2(c) statute of limitation.

### B.  Faretta

Smith claims he was denied a fair trial because he was allowed to elect to represent himself at trial without adequately knowing, or being informed of, the legal ramifications of that election.

### 1. Successive petition

Smith argued an issue like this one in his first Rule 23 petition, except that there, he argued it in the context

---

[2] In Whitt v. State, 827 So. 2d 869, 876 (Ala. Crim. App. 2001), this Court held that, when a subsequent Rule 32 petition raises the same, or similar, claims as a previous Rule 32 petition, the claims in the subsequent petition are barred as being successive unless "the petitioner shows both that good cause exists why the new ground or grounds were not known or could not have been ascertained through reasonable diligence when the first petition was heard." Smith has failed to show that here.

7

of ineffective assistance of counsel, not directly on the issue's own merits. To the extent that the claim is merely similar to one Smith may have raised in his previous Rule 32 petition, the present claim is precluded here as successive under ALA. R. CRIM., P, Rule 32.2(b).

### 2. Statute of limitation

Because Smith's claim is barred by the Rule 32 successive petition rule, it is not jurisdictional. Because more than two years have elapsed since the finality of Smith's convictions, Smith's Faretta claim is also barred by the ALA. R. CRIM. P., Rule 32.2(c) statute of limitation.

### C. Lesser included instruction on sexual misconduct

Smith also argues here that, because there was some question in the evidence about whether the sex with he had with his victim was forced or not, he should have been entitled to a lesser included jury instruction on sexual misconduct.

8

### 1. Preclusion

A jury instruction issue is one that has to be raised at trial and on direct appeal, lest it be precluded in Rule 32 under ALA. R. CRIM. P., Rules 32.2(a)(3) and (a)(5). Smith's jury instruction claim was not so raised; therefore, it is precluded in Rule 32.

### 2. Statute of limitation

Because Smith's jury instruction claim is precluded, it is not jurisdictional. Because the claim is not jurisdictional, and because more than two years have elapsed since the finality of Smith's conviction, Smith's jury instruction claim is also barred by the ALA. R. CRIM. P., Rule 32.2(c) statute of limitation.

### D.  Ineffective assistance of trial counsel

Smith also claims that his trial counsel was ineffective because he failed to call as a witness an individual named "Dr. Kim". According to Smith, because Dr. Kim would have given testimony that would have supported Smith's claim that he and the victim were actually lovers who were planning to run away together to Washington, D.C.,

9

where Dr. Kim was going to help the victim find a job, Dr. Kim's testimony would have supported Smith's claim that the sex he had with his victim was consensual.

### 1. Successive petition

Smith argued an issue like this one in his first Rule 23 petition. (1st R.32 C. 14)  To the extent that the claim is merely similar to one Smith may have raised in his previous Rule 32 petition, the present claim is precluded here as successive under ALA. R. CRIM., P, Rule 32.2(b).

### 2. Statute of limitation

Because Smith's claim is barred by the Rule 32 successive petition rule, it is not jurisdictional. Because more than two years have elapsed since the finality of Smith's convictions, Smith's ineffective assistance of trial counsel claim is also barred by the ALA. R. CRIM. P., Rule 32.2(c) statute of limitation.

10

### E.  Ineffective assistance of appellate counsel

Finally, Smith claims that his trial counsel was ineffective in failing to see to it that the trial transcript contained Smith's voir dire proceedings. Not so.

As argued previously in *Argument A*, the trial court made a decision under Burton v. State, 728 So. 2d 1142, 1145 (Ala. Crim. App. 1997), that there was nothing untoward in the handling of the potential juror who said she had had a friend who had been raped. In other words, the trial court made an implicit finding that Smith was not prejudiced in this matter.

Because Smith was not prejudiced, his trial counsel was not ineffective under Strickland v. Washington, 466 U. S. 668, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1989). Because Smith's trial counsel was not ineffective, neither was Smith's appellate counsel for failing to take issue with trial counsel's effectiveness in connection with the matter of the female juror.

### 1.  Successive petition

Because the trial court had an ALA. R. CRIM. P., Rule 32.6(b) "inadequate pleading" basis upon which to deny

11

Smith's ineffective assistance of appellate counsel, the claim is not jurisdictional. Because the claim is not jurisdictional, to the extent the claim is merely similar to the ineffective assistance of appellate counsel claims raised in Smith's first Rule 32 petition, the present claim is precluded here as successive under ALA. R. CRIM., P, Rule 32.2(b).

### 2. Statute of limitation

Likewise, because Smith's claim is not jurisdictional, and because more than two years have elapsed since the finality of Smith's convictions, Smith's ineffective assistance of appellate counsel claim is also barred by the ALA. R. CRIM. P., Rule 32.2(c) statute of limitation.

### CONCLUSION

Where the judgment of the circuit court denying a petition for postconviction relief is correct for any reason, it will be affirmed by this Court, even if the circuit court stated an incorrect reason for its denial. Fountain v. State, 842 So. 2d 719, 725 (Ala. Crim. App. 2000), citing Long v. State, 675 So. 2d 532, 533 (Ala.

12

Crim. App. 1996). For the foregoing reasons, the summary dismissal of Smith's Rule 32 petition is due to be affirmed.

                              Respectfully submitted,

                              TROY KING
                              *Attorney General*
                              By-

                              STEPHEN N. DODD
                              *Assistant Attorney General*

13

**CERTIFICATE OF SERVICE**

I hereby certify that on this 3rd day of August, 2004, I served a copy of the foregoing on the Appellant, by placing the same in the United States Mail, first class, postage prepaid and addressed as follows:

Michael H. Smith
AIS # 204766
Bullock County Correctional Facility
P. O. Box 5107
Union Springs, AL  36089

_____
STEPHEN N. DODD
Assistant Attorney General

ADDRESS OF COUNSEL:

Office of the Attorney General
Criminal Appeals Division
11 South Union Street
Montgomery, AL  36130
(334) 242-7300

160153/66764-001

14