Notice: This unpublished memorandum should not be cited as precedent. See Rule 54, Ala.R.App.P. Rule 54(d), states, in part, that this memorandum "shall have no precedential value and shall not be cited in arguments or briefs and shall not be used by any court within this state, except for the purpose of establishing the application of the doctrine of law of the case, res judicata, collateral estoppel, double jeopardy, or procedural bar."

# Court of Criminal Appeals
State of Alabama
Judicial Building, 300 Dexter Avenue
P. O. Box 301555
Montgomery, AL 36130-1555

Dodd
66764

H.W. "BUCKY" McMILLAN
Presiding Judge
SUE BELL COBB
PAMELA W. BASCHAB
GREG SHAW
A. KELLI WISE
Judges

RELEASED
AUG 20 2004
CLERK
ALA COURT CRIMINAL APPEALS

Lane W. Mann
Clerk
Sonja McKnight
Assistant Clerk
(334) 242-4590
Fax (334) 242-4689

## MEMORANDUM

CR-03-1286                    Russell Circuit Court CC-97-95.62

Melvin Smith v. State of Alabama

Cobb, Judge.

On March 18, 1999, the appellant was convicted of first-degree rape. On April 30, 1999, the trial court sentenced him to serve a term of twenty years in prison. We affirmed his conviction in an unpublished memorandum and issued a certificate of judgment on May 12, 2000. See Smith v. State, (CR-98-1545) 805 So. 2d 784 (Ala. Crim. App. 2000) (table).

On February 4, 2004, Smith filed this, his third,[1] Rule

---

[1]The State claims this is Smith's second petition, but Smith claims this as his third petition. In this petition, he

1


EXHIBIT 14

32, Ala. R. Crim. P., petition. Without requiring a response from the State, the circuit court summarily denied the petition on April 5, 2004. This appeal followed.

In his petition, Smith claimed 1) that he was denied due process and equal protection because his appellate counsel was not provided a complete copy of the transcript of voir dire; 2) that the trial court failed to conduct a colloquy with him in accordance with Faretta v. California, 422 U.S. 806 (1975), to determine that he understood the dangers of self-representation; 3) that the trial court erred by failing to charge the jury with the lesser-included offense of sexual misconduct; 4) that trial counsel rendered ineffective assistance by failing to investigate, by failing to present witnesses, by failing to present an insanity defense, by failing to object to the composition of the jury, by failing to object to comments made during closing arguments, and by failing to request a complete trial transcript; and 5) that appellate counsel rendered ineffective assistance. On appeal, Smith reiterates his claims, complains that the circuit court did not require a response from the State, and claims that the circuit court erred by denying his petition without conducting an evidentiary hearing.

"[W]hen the facts are undisputed and an appellate court is presented with pure questions of law, that court's review in a Rule 32 proceeding is de novo." Ex parte White, 792 So. 2d 1097, 1098 (Ala. 2001). "If the circuit court is correct for any reason, even though it may not be the stated reason, we will not reverse its denial of the petition. See Roberts v. State, 516 So. 2d 936 (Ala.Cr.App. 1987)." Reed v. State, 748 So. 2d 231, 233 (Ala. Crim. App. 1999).

Rule 32.7(d), Ala. R. Crim. P., provides for the summary disposition of a Rule 32 petition only

"[i]f the court determines that the petition is not sufficiently specific [in violation of Rule

---

lists all of the claims he presented in both the first and second petitions. He further claims that this, his third petition, is necessary because the inmates that helped him compose the first two petitions were inadequate.

2

32.6(b)], or is precluded [under Rule 32.2, Ala. R. Crim. P.], or fails to state a claim, or that no material issue of fact or law exists which would entitle the petitioner to relief under this rule and that no purpose would be served by further proceedings ...."

Claims 1, 3, 4, and 5 were precluded by the period of limitations in Rule 32.2(c), Ala. R. Crim. P. Claim 2 was precluded because Smith has raised, and we have addressed, this claim in a prior Rule 32. See Smith v. State, (No. CR-01-1261) 868 So. 2d 485 (Ala. Crim. App. 2002) (table).[2] Because Smith's claims were precluded, summary disposition was appropriate and no evidentiary hearing was necessary. Rule 32.7(d). Additionally, a response from the State was not required. Burton v. State, 728 So. 2d 1142 (Ala. Crim. App. 1997) ("Where a simple reading of a petition for postconviction relief shows that, assuming the allegations of the petition to be true, it is obviously without merit or is precluded, the trial court may summarily dismiss the petition without requiring a response from the state.")

For the reasons stated above, the judgment of the circuit court is affirmed.

AFFIRMED.

McMillan, P.J., and Baschab, Shaw, and Wise, JJ., concur.

---

[2] We also note that our records indicate, and Smith admits in his petition, that he was represented by counsel from arraignment to sentencing. Apparently, the circuit clerk at one point mistakenly noted on a form that Smith represented himself, and he has been trying to use this as a way to present yet again a mental competency claim.

3