The Court Was Without Jurisdiction To Render Judgment-Sentence

## In The Circuit of Russell County

Melvin Smith
Petitioner                          Case No.   6/
    Vs.                             CC-97-095.20
State of Alabama, et al.,
    Respondent

FILED IN OFFICE
RUSSELL CIRCUIT COURT
2222 JUN 13 AM 11:48

Motion To Set Aside The Judgment and
Sentence (Rule 32.4 A.R.C.P.)(Rule 60(b)(4)
Rule Civ. Proc.)(The Judgment is Void)

Comes Now, Melvin Smith, Petitioner, pro se, by and through himself, with only prison inmate assistance, and moves this Honorable Court To set aside the Judgment and sentence entered on or about March 18, 1999, and in support thereof states as follows: To-wit; Issue Warranting Relief;

1. That, there is no indication of record that the information was made in the manner prescribed by law, nor supported by oath.

2. That, the indictment in this case is void of any legal or factual specificity.

3. That, the conviction was totally devoid of evidentiary support.

EXHIBIT
16
PENGAD 800-631-6989

2.

4. That, the indictment fail to charge an offense.

5. That, Petitioner was deprived of his Federal equal civil rights, illegally, corruptly and knowingly in advance of trial.

6. That, equal protection of the law is non-existent under Alabama law.

## The Necessity To Set Aside Judgment

The trial of Melvin Smith was plagued by the wholly ineffective state legal process, and the inept representation of counsel, which is clear of record that petitioner had hardly any assistance, much less effective assistance, of counsel during trial, in that Hon. Greg Graham was appointed to assist petitioner in presenting his case on February 16, 1999, and only withdrew as counsel on June 4, 1999, that on March 18, 1999 petitioner was found guilty, and sentence on April 30, 1999 to a term of 20 years imprisonment, plus cost.

What is at issue here is, that there is no indication of record that the appointed trial counsel assisted Petitioner in any way whatever, thus, prejudicing the entire chain of trial and appellate court

proceedings leading to this instant action, with
constitutional error in violation of the 6th and 14th
Amendment.

It is clear of record and report that the
Judgment is void on its face. And moreso, "There
may be a situation in which several events at trial
(and/or leading thereto) lead to the conclusion that a
new trial (acquittal, hearing, etc.) should be granted
to prevent injustice, even though, taken alone, the
events may not warrant the granting of a new
trial (acquittal, hearing, etc. under Alabama law).

The necessity to set aside the Judgment and
Sentence is mandated by virtue of the lack of common
sense and the irresponsibility employed by court-
administrative officials, - in that, a prosecution can-
not be conducted absent any complaint or accusation
at first instant, and made in the manner prescrib-
ed by law, supported by oath." In short, The 6th Amend-
ment is "accusation-based," because accusation itself
subjects a person to distinct risks, including but not
limited to inept representation, or lack of equal protection
of the law, but for such action or inaction, there is a
reasonable probability that the outcome of Petitioner's
trial would have been different. Also, it must be noticed
as mirrored in the record proper - "that the (Petitioner)
suffers from a "mental illness" and diabetes "for which he
requires medical treatment." See Counsels motion, or Record.

4.

Moreover, "The test of "disadvantage" apply in this case;
ignorance, illiteracy, feeblemindedness, or other like
inadequacy which makes defendant incapable of
conducting "his own defense" in that particular stage
of the proceeding" (i.e.- the trial court should have
held a compency hearing before allowing petitioner
Melvin Smith to represent himself in a court of law).
cf.- Powell, V. Alabama, 287 U.S. 45, 77 L.Ed 158, 53 S.Ct. 55,
84 ALR 52; defendant(s) lack of familiarity with his legal
rights." see also Canizo V. N.Y., 327 U.S. 81, 9 L.Ed 545,
66 S.Ct. 452.

Therefore, it is clear, this case was not held in
the manner prescribed by law, the proceedings it-
self was defective, in that, the "Americans With
Disabilities Act (ADA) 42 U.S.C.S. 12112-12131 has
been triggered — (permitting prisoners to amend com-
plaint to add an ADA claim). The Federal Regula-
tions issued under the ADA acknowledge this
point by identifying the Department of Justice as
the agency that is to implement compliance pro-
cedure concerning State and local correctional
facilities. (28 C.F.R. sec. 35.190).

The Petitioner, Melvin Smith Respectfully invoke
the authorities set forth under ADA, and requests
that the Circuit Clerk notify the Department of
Justice to implement compliance and investigate

this matter more fully, because at the time and during trial, Petitioner was under prescribed medical treatment pursuant doctors orders. and on four (4) mental or psychotropic medications; to-wit; 1) Divalproex; 2) Thiothixene; 3), and two (2) other unknown medications. including insulin due to his diabetes.

Moreover, Petitioner's motion to set aside the Judgment and sentence can be founded on a legally Justifiable base, (cf. - U.S. V. Jordan, 915 F.2d 622, 624-25 (11th Cir. 1990), and Section 6-2-8, Ala. Code 1975, gives a person under disability additional time to act (Chavers V. Mayo, 79 So. 2d 594 (1918) and 6-2-8 was enacted in response to the need to protect individuals suffering under certain disabilities, see Emerson V. Southern Ry., 404 So. 2d 576 (Ala. 1981). - The legislature intended For this section (6-2-8) to apply to prisoners who have been convicted and are serving sentences of less then life. see Whitson V. Baker, 463 So. 2d 146 (Ala. 1985) — Whitson V. Baker, 755 F.2d 1406 (11th Cir. 1985).

Further, "a 'public enitity' is defined in the ADA as including any State or local government or any department, agency, special purpose district, or other instrumentality of a State, or States or local government. 42 U.S.C. sec. 12131 (1) (A.B). This definition clearly includes correctional departments and other agencies that operate prisons

6.

and Jails, See Clarkson V. Coughlin, 145 F.R.D 339, 348 (1993), and, "There is no dispute that the Rehabilitation Act applies to prisons." Harris V. Thigpen, 941 F2d 1495, 1521-22 (11th Cir.1991). Also see Ake V. Oklahoma, 470 U.S. 68, 84 L.Ed 2d 53, 105 S.Ct. 1087 (The Supreme Court held that, as a matter of due process, an indigent criminal defendant in a capital case must be provided with psychiatrist at state expense when he make a preliminary showing that his sanity "(in this case competency)" at the time of the offense (Trial) is likely to be a significant factor at trial. While the facts of the case may confine the narrow holding of Ake to capital cases, the rational enunciated by Justice Marshall in the majority opinion seems to have application to all criminal cases in which the defendant is indigent). Accordingly, "Meaningful access to Justice has been the consistent theme of these cases. We recognized long ago that mere access to the courthouse doors does not by itself assure a proper functioning of the adversary process, and that a criminal Trial is fundamentally unfair if the state proceeds against an indigent defendant without making certain that he has access to the raw materials integral to the building of an effective defense." Ake, supra, also see — U.S. V. Cronic, 466 U.S. 648, 653-54 (1984); Hollis V. Davis, 941 F 2d 1471 (11th Cir.1991).

Based upon the above arguments and autho-rities, this Honorable Court is respectfully urged to set aside Judgment and sentence. Petitioner will continue to search for that which he has sought for from the out-set; a chance for a fair trial where a jury will be informed of all the evidence (including D.N.A.) relevant to a determi-nation of criminal culpability.

The Petitioner, Melvin Smith, by and through himself, with only advice or assistance by prison-inmate, it is clear of record and report that he had hardly any assistance, much less effective assistance, of appointed counsel during trial and appeal.

Petitioner here invokes the A.D.A.; Sections 6-2-8, 6-2-39(a)(5), 6-6-148, Ala. Code 1975 and U.S. Const. 5 and 14 Amend. And request that the Depart-ment of Justice implement compliance procedure concerning such statutes and Rules. The legislature intended for this section (6-2-8) to apply to pri-soner's who have been convicted and are serving sentences of less then life." See Whitson V. Baker, 463 So. 2d 146 (Ala. 1985) (Whitson V. Baker, 755 F. 2d 1406 (11th Cir. 1985), also see Harris V. Thigpen, 941 F. 2d 1495, 1521-22 (11th Cir. 1991) ("There is no doubt that the "Rehabilitation Act applies to prisons). The Petitioner suffers a mental disease and defect.

8.

# Argument

1.) The Trial Court was without Jurisdiction to Render Judgment or to impose sentence; Judgment is Void; There is no indication of record that the information was made in the manner prescribed by law, nor supported by oath.

The State simply abused its discretion by allowing the prosecution to make an end-run around the Jurisdictional prerequisite of the accusation base or guarantees of the 6th Amendment, Counsel Clause, and the overall architecture of the Bill of Rights; making mockery of the Counsel Clause and Due Process Clause by systematic or subtle design, deception, fraud and Trickery.

Under Alabama law, "a formal accusation by indictment, or information, or "complaint" made in the manner prescribed by law, and supported by oath is a prerequisite to the Trial Courts' Jurisdiction" and cannot be waived." Ex Parte Looney, 797 So. 2d 427 (Ala. 2001). The Alabama Supreme Court also held that, "In sexual offense cases it is the general Rule that "testimony regarding a prosecutrix's 'complaint' in the first instance "must be confined to the mere showing of the fact that a complaint was made." Details of the occurence are not admissible." See Parker V. State, 581 So.

Argument continues'                                        ●                        9.

2d 1211 (Ala. Cr. App. 1990)(citing Lee V. State, 565 So.2d 1153 (Ala. 1989). However, there are certain exceptions to that general rule. In Cady V. State, 455 So.2d 101 (Ala. Cr. App. 1984), the Court of Criminal Appeals wrote; "One exception is found in the "permissible introduction of evidence" as to the "details of the 'victims complaint'" for the purpose of 'corroborating' the victims testimony on direct examination as to the details of the crime." Parker, 581 So.2d at 1215.

The Petitioner aver that the complaint, or warrant, or writ of arrest were not made in the manner prescribed by law, nor supported by oath. And "a statement of the cause of the arrest is always mandatory except when the person is arrested in commission of the act."(See Sec. 15-10-40, Ala. Code 1975; see also Walker V. City of Mobile, 508 So.2d 1209 (Ala. Cr. App. 1987) — (Quoting - Rutledge V. Rowland, 161 Ala. 114, 49 So. 461, 466 (1909). Also see Title 15 sec. 196 (1931, p. 652)). In short, the State simply forgot to honor the accusation base', the Counsel Clause', the grand Jury Clause', the due process Clause', and the overall architecture of the bill of Rights.

The Petitioner urge the Judges and lawyers to consider the facts, and the entire chain of events of record.

Argument:                                                    10.

   2) The Indictment In This Case Is Void Of
Any Legal or Factual Specificity:

   (a). The indictment in pertinent part:

     "The grand Jury of said county charge
that, before the finding of the indictment,
Melvin Smith, whose name is otherwise
unknown to the Grand Jury than as stated,
a male, did engage in sexual intercourse
with Annette Thomas, a female, by forcible
compulsion, in violation of 13A-6-61 of the
Code of Alabama, against the peace and dignity
of the People of the State of Alabama."

   (b). The indictment is impermissible vague and
deprives the (petitioner) of proper notice of the
charge(s) against him: It is therefore impossible
for the Petitioner to prepare a reasonable and
adequate defense. And at first instance, it must
be noticed that the indictment fail to charge
an offense, omitting essential elements from
the indictment:(i.e. A) that, the age of the alle-
ged victim, or the Petitioner was omitted from the
indictment: B) That, there is no indication of
record that the complaint was made in the
manner prescribed by law, nor supported by
oath; C) That, no details of the alleged crime

or the occurrence appear in the indictment;
D.) That Criminal intent, or culpable mental
state was omitted from the indictment; E.)
The indictment contain no words that are the
equivalent of intentionally, knowingly, or
willingly.

Furthermore, In order to be valid an
indictment must:
1.) show the accused what to prepare a
defense against;
2.) identify the offense so that he is tried for
the same charge that was brought before the grand
Jury;
3.) protect somewhat against double Jeopardy;
4.) give the Court the means to accept or
Reject the verdict, pronounce Judgment and
pass sentence. See Thompson V. State, 542 So.
2d 1286, 1291 (Ala. Cr. App. 1988) (quoting Taller
V. City of Canton, 495 So. 2d 1165, 1167 (Ala. Cr. App.
1986).

And Further, Reference in indictment to stat-
ute defining the offense cannot be considered
for the purpose of supplying an allegation of
criminal intent which is an essential element
of the offense and has been omitted from the
indictment. Fitzgerald V. State, 53 Ala. App. 663, 303
So. 2d 162 (1974) (also see U.S. V. London, 550 F. 2d
206 (5th Cir. 1977) ('an indictment that fails to allege

12.

each material element (i.e. - including ages of the accused and alleged victim, acting willingly, knowledge, knowingly, etc) of an offense fails to charge that offense."). "Failure to charge specific intent is but a particular aspect of the failure to charge an offense." Purris, 580 F.2d at 858.

Therefore, your Petitioner urges the Court to reconsider his mental state at the time of the alleged occurrence, and during trial, in light of the ADA and the Rehabilitation Act, because, "It is well settled that when the law is highly debatable, a defendant - actually or imputedly - lacks the requisite intent to violate it; The U.S. Supreme Court held:

"That if "sufficient doubt exists as to the defendants present competency to stand trial (in this case represent himself), then then the defendant is constitutionally entitled to a hearing on the question." Pete V. Robinson, 383 U.S. 375 (1966), also see — Ware V. State, 584 So. 2d 939 (Ala.Cr.App. 1991) ("__- the Reasonable Insanity Test Act of 1988, 1988 Ala. Acts 1051, No. 88-654, Now codified at Ala.Code sec. 13A-3-1 (supp.1990). Subsection (a) of that statute provides that:

13.

"It is an affirmative defense to a prosecution for any crime that, at the time of the commission of the acts constituting the offense, the defendant, as a result of a severe mental disease or defect, was unable to appreciate the nature and quality or wrongfulness of his acts. Mental disease or defect does not otherwise constitute a defense."

"Section 13A-3-1(a) is virtually identical to the federal insanity defense statute, 18 USC 17(a) (1988), which "was passed in the wake of John Hinckley's acquittal of charges arising from his actions in shooting President Ronald Reagan and Press Secretary James Brady," U.S. V. Cameron, 907 F. 2d 1051, 1061 (11th Cir. 1990). The new sec. 13A-3-1(a) has only a "cognitive" test (inability to appreciate the nature and Quality or wrongfulness of ones acts) See - U.S. V. Brown, 899 F. 2d at 192; U.S. V. Cameron, 907 F. 2d at 1061.

Petitioner here, reinvokes the ADA and Rehabilitation Act(s), and requests compliance and an investigation by the Dept. of Justice, due to the defectiveness of the indictment, and the doubt factor.

14.

Argument:

3) The Conviction Was Totally Devoid Of Evidentiary Support:

The basis of Petitioner's claim is supported by the facts that, there is no indica- of record that the complaint was made as required by law, the evidence favorable to the defense (DNA) was suppressed by the prosecutor (state) i.e. (the Petitioner was denied the opportunity to develop the factual basis for post conviction claim), and a full and fair opportunity to litigate his issues, due to his mental state, and due to the fact that the prosecutor made an end run around the accusation base (including the complaint, the basis for probable cause (false) arrest, and jurisdictional prerequisite of the indictment.

There is no physical evidence, nor any real proof as to the facts of the case. The sole Question at this time is, why would any sane or competent person enter a home and close and lock the door behind him immediately, taking the alleged victim directly to her "bedroom" — "Not knowing who else was in the house, nor who was next door hearing the alleged screams? See testimony R-25 → 27.

15

Furthermore, there is some doubt as to the Petitioner's mental state and competency — there is no evidence of record to the contrary, in that there appears that petitioner was suffering from a serious mental defect or disease at the time of the commission of the crime and during trial. Plus, he was allowed by the court to perform as at trial representing himself.

It is important to note that, trial counsel was appointed to assist petitioner only for the "limited purpose" — the pretense of due process, in that counsel was aware, well in advance of trial, of the possibility that evidence might be deficient in light of the mental state of the petitioner at the time of the offense, yet failed to obtain mental health record from the V.A. Hospital, or pursue an investigation as to other evidence, or viable disable defense due to mental disease or defect.

The Petitioner requests court to grant an A.D.A. inquiry into this complex matter.

16.

Argument:

4.) The Indictment Fail To Charge An Offense:

It is settled that, the failure of an indictment to charge an offense is a Jurisdictional matter, Barbee V. State, 417 So.2d 611 (Ala.Cr.App. 1982), and is properly raised in a Rule 32 petition. See Rule 32.2 (a)(3) and 32.4, which entitles Petitioner to a hearing on this matter, as more fully appears here in the following:

The indictment speaks for itself. (see page No. ten (10) above, and Exhibit No. A annexed hereto, and made a part of this Motion as though set forth herein in full.): The indictment in question, fails to charge specific intent, - culpable mental state, acting, knowingly, willingly, etc.:

If the indictment is framed under a statute, (in this case, Statute, sec. 13A-6-61, Ala.Code 1975) which defines the offense created, and prescribes its constituents, it must allege in the words of the statute, or other words equivalent in meaning, all the statutory elements which are essentially descriptive of the offense." Heidelberg V. State, 575 So.2d 621 (Ala.Cr.App. 1991)(Quoting Barbee V. State, 417 So.2d 611 (Ala.Cr.App. 1982)(Quoting Holt V. State, 86 Ala.599,600, 5 So 793 (1888), and quoting in

17.

Tinsley V. State, 485 So.2d 1249, 1251 (Ala.Cr.App. 1986) ("Wherein the Court held that "a void indictment gives the Court no Jurisdiction to proceed against an accused and the defect of an indictment which fail to charge an offense is not waived by a plea of guilty"). The Rule is that 'the indictment must contain all the essential (elements) to constitute the offense, explicitly charged, and that they must not be left to inference." Barbee, 417 So.2d at 613 — (Quoting State V. Seay, 3 Stew. 123, 131 (Ala. 1830)).

Petitioner here aver that, it is mirrored in the Record proper, that he is a laymen at law, and suffers from an mental disease or defect. That the entire chain of trial and appellate court proceedings, including postconviction review, leading to (the) a final decision is subject to scrutiny to determine whether it produced a fair adjudication on the merits and a sufficiently explanatory decision, and whether or not the Petitioner had a full and fair opportunity to litigate the issue(s).

Moreover, the Alabama Supreme Court in Bekins Van Lines V. Beal, 418 So.2d 81 (Ala. 1982) stated "There may be a situation in which several events at trial lead to the conclusion

18.

that a new trial should be granted to prevent injustice, even though, taken alone, the events may not warrant the granting of a new trial." This instant case is such a situation.

And there may be several reasons why the indictment in question, is void, — fatally defective, or lack basis for probable cause;

Under Alabama law, "An indictment is an accusation in writing by the grand Jury, of the County charging a person with an indictable offense, Ala. Code 1975, section 15-8-1. Although an indictment is not fatally defective because purely formal defects contained therein which do not prejudice the substantial rights of the defendant, Ala. Code 1975, sec. 15-8-4, nevertheless it must state the "(Facts)" constituting the offense in ordinary and concise language, in such a manner as to enable a person of "common" understanding to know what is intended, and with such a sufficient degree of certainty as to enable the court, on conviction to pronounce the (proper) Judgment, Ala. Code 1975, sec. 15-8-25. Accord, Bowens v. State, 54 Ala. App. 491, 309 So. 2d 844 (1974), cer. den. 293 Ala. 746, 309 So. 2d 850 (1975); Gayden v. State,

19.

38 Ala.App. 39, 80 So.2d 495 (1954); Presnal V. State, 23 Ala.App. 578, 129 So.480 (1930). If an indictment fails to meet these requirements it is fatally defective. Likos V. State, 28 Ala.App. 231, 182 So. 81 (1938).

After saying this much about the cause or effect of an defective or void indictment omitting elements of the offense, subverting the function- ings of the grand Jury, (inter alia) - government action offends substantive due process only when Resulting deprivation of life, liberty, or property is so unJust that no amount of fair procedure can Rectify it.

Furthermore, the Petitioners claim, that, The indictment fails to charge an offense, and totally devoid of evidentiary support can be reconciled by the showing that no complaint appear of Re- cord, and there is no indication of record that the arrest or information was made in the manner prescribed by law, nor supported by oath. In short, "The details of a complaint made by a Rape victim (in this case "not made") cannot be elicited by the prosecution, especially when the complaint is not made within a reasonable time after the alleged occurrence." C. Gamble, McElroy's Ala. Evid. sec. 178.01 (4th ed 1991); Inmon V. State, 585 So2d 261 (1991).

20.

Argument:

5.) Petitioner Was Deprived Of His Federal Equal Civil Rights, Illegally, Corruptly And Knowingly In Advance Of Trial; And

6.) That, Equal Protection Of The Law Is Non-Existent Under Alabama Law.

Argument No. 5 and 6 above is set forth herein above, and is self explanatory proper of record and report. And counsel's performance at trial amounted to no assistance whatever.

Based on the foregoing arguments and authorities, the Petitioner urge this Honorable Court to grant this Motion to set aside the Judgment and sentence and to order a new Trial, invoking the provisions of the A.D.A. and section, 6-2-8, Ala. Code 1975.

Respectfully Submitted,

/s/ Melvin Smith

Dated: June 10, 2002

Melvin Smith
Ais. No. 204766 - 22
P.O. Box 5107
Union Springs, Ala.
36089

21.

## CERTIFICATE OF SERVICE

I certify that I have served a true and correct copy of the foregoing upon Respondents, via, the Circuit Clerk, including the U.S. Dept. of Justice, pursuant 42 U.S.C.S. 12112 and 12131(1)(A,B), by U.S. Mail, postage prepaid.

Dated: June 10, 2002

/s/ Melvin Smith
Melvin Smith
Affiant - pro se

# PETITIONER'S VERIFICATION UNDER OATH SUBJECT TO PENALTY FOR PERJURY

I swear (or affirm) under penalty of perjury that the foregoing is true and correct.

Executed on _____6-10-02_____
(Date)

_____Melvin Smith_____
Signature of Petitioner

SWORN TO AND SUBSCRIBED before me this the _____ day of _____ 9 _____

_____
Notary Public

OR *

## ATTORNEY'S VERIFICATION UNDER OATH SUBJECT TO PENALTY FOR PERJURY

I Swear (or affirm) under penalty of perjury that, upon information and belief, the foregoing is true and correct. Executed on _____
(Date)

_____
Signature of Petitioner's Attorney

SWORN TO AND SUBSCRIBED before me this the _____ day of _____ 9 _____

_____
Notary Public

**Name and address of attorney representing petitioner in this proceeding (if any)**

_____
_____
_____
_____

* If petitioner is represented by counsel, Rule 32.6(a) permits either petitioner or counsel to verify the petition.

Melvin Smith
204766 - dorm 22
P.O.Box 5107
Union Springs,Ala. 36089

Russell County Circuit Court
P.O. Box 518
Phenix City, Ala. 36 868 - 0518

2002

Case Number

CC- 97 - 95. 60
ID    YR    NUMBER
(To be completed
by Court Clerk)

FILED IN OFFICE

## IN FORMA PAUPERIS DECLARATION

Circuit Court Russell Co.
[Insert appropriate court]

Melvin Smith #204766
(Petitioner)

vs.

State of Alabama
(Respondent(s)

### DECLARATION IN SUPPORT OF REQUEST TO PROCEED
### IN FORMA PAUPERIS

I, Melvin Smith # 204766 , declare that I am the petitioner in the above entitled case; that in support of my motion to proceed without being required to prepay fees, costs, or give security therefor, I state that because of my poverty I am unable to pay the costs of said proceeding or to give security therefor; that I believe I am entitled to relief.

1.  Are you presently employed?    Yes _____    No ✓

   a.  If the answer is "yes", state the amount of your salary or wages per month, and give the name and address of your employer.

N/A

   b.  If the answer is "no", state the date of last employment and the amount of the salary and wages per month which you received.

1-10-97 - $500 per month

2.  Have you received within the past twelve months any money from any of the following sources?

   a.  Business, profession, or other form of self-employment?

     Yes _____    No ✓

   b.  Rent payments, interest, or dividends?

     Yes _____    No ✓

   c.  Pensions, annuities, or life insurance payments?

     Yes _____    No ✓

   d.  Gifts or inheritances?

     Yes _____    No ✓

   e.  Any other sources?

     Yes _____    No ✓

If the answer to any of the above is "yes", describe each source of money and state the amount received from each during the past twelve months. N/A

_____

_____

_____

_____

3. Do you own cash, or do you have money in a checking or savings account?

Yes _____          No ✓

(Include any funds in prison accounts.)

If the answer is "yes", state the total value of the items owned. N/A

_____

_____

4. Do you own any real estate, stocks, bonds, notes, automobiles, or other valuable property (excluding ordinary household furnishings and clothing)?

Yes _____          No ✓

If the answer is "yes", describe the property and state its approximate value. N/A

_____

_____

5. List the persons who are dependent upon you for support, state your relationship to those persons, and indicate how much you contribute toward their support. N/A

_____

_____

I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct.

Executed on   4-23-02
                    (Date)

_____
Signature of Petitioner

## CERTIFICATE

I hereby certify that the petitioner herein has the sum of $ _____ on account to his credit at the institution where he is confined. I further certify that petitioner likewise has the foregoing securities to his credit according to the records of said _____ BULLOCK COUNTY CORR. FACILITY _____ institution:

N/A

                                    PREPARED BY
                                    BULLOCK COUNTY CORR. FACILITY
                                    BUSINESS OFFICE/ACCOUNT CLERK
                                    P.O. BOX 5107
                                    UNION SPRING, AL 36089

_____                         DATE  5/1/2002
    DATE

_____
AUTHORIZED OFFICER OF INSTITUTION



STATE OF ALABAMA
DEPARTMENT OF CORRECTIONS
BULLOCK CORRECTIONAL FACILITY

AIS #:  204766            NAME:  SMITH, MELVIN

THESE FIGURES ARE AS OF:  05/07/2002

| MONTH | # OF DAYS | AVG DAILY BALANCE | MONTHLY DEPOSITS |
|-------|-----------|-------------------|------------------|
| NOV | 23 | $20.33 | $0.00 |
| DEC | 31 | $2.89 | $25.71 |
| JAN | 31 | $5.98 | $75.00 |
| FEB | 28 | $19.12 | $210.00 |
| MAR | 31 | $24.44 | $125.00 |
| APR | 30 | $17.53 | $125.00 |
| MAY | 7 | $0.49 | $0.00 |