IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

MELVIN SMITH, #204766,           )
                                 )
            Petitioner,           )
                                 )
      v.                          )        CIVIL ACTION NO. 3:05-CV-470-T
                                 )
ARNOLD HOLT, *et al.*,            )
                                 )
            Respondents.          )

## ORDER

This cause is before the court on a 28 U.S.C. § 2254 petition for habeas corpus relief

filed on May15, 2005.  In this petition, Melvin Smith ["Smith"], a state inmate, challenges

a conviction for first degree rape imposed upon him by the Circuit Court of Russell County,

Alabama on March 18, 1999.  The record in this case establishes that this conviction

became final by operation of law on August 10, 2000.[1]

---

[1]The respondents mistakenly argue that Smith's rape conviction became final on May 12, 2000 upon issuance of the certificate of judgment after the denial of his petition for writ of certiorari by the Alabama Supreme Court.  However, the law is well settled that the federal period of limitation begins to run "when the ninety-day period in which to seek *certiorari* from the United States Supreme Court expired.  *See* 28 U.S.C. § 2244(d)(1); *Jackson v. Sec'y for Dep't of Corr.,* 292 F.3d 1347, 1349 (11th Cir.2002)."  *Wade v. Battle*, 379 F.3d 1254, 1256 (11th Cir. 2004).  "Section 2244(d)(1)(A) provides that the one-year limitations period in which a state prisoner has to file a writ for habeas corpus begins to run from 'the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review.'  Supreme Court Rule 13.1 provides that a petition for a writ of *certiorari* is timely when filed within ninety days after entry of judgment or denial of discretionary review by the state court of last resort. . . .   Section 2244(d)(1)(A) permits a defendant to petition for habeas corpus relief for a period of up to one year beginning from 'the date on which the judgment became final by the conclusion of direct review *or the expiration of the time for seeking such review*' (emphasis added).  Because the time for seeking direct review of a criminal conviction does not expire until after the ninety-day period for filing for *certiorari* with the  Supreme Court has ended, the most straightforward and reasonable interpretation of § 2244(d)(1)(A) is that the ninety-day *certiorari* period does not count towards the one-year limitations period." *Nix v. Secretary for Dept. of Corrections*, 393 F.3d 1235, 1236 -1237 (11th Cir. 2004) (citation omitted).

The respondents have filed an answer and supplements thereto in which they argue that the instant habeas petition is barred by the one-year limitation period applicable to 28 U.S.C. § 2254 petitions. *See* 28 U.S.C. § 2244(d)(1).[2] However, the respondents base this argument on the ***erroneous*** contention "that the AEDPA statute of limitations had already run by the time Smith filed his first postconviction petition -- the 2001 Rule 32 petition -- much less by the time he filed his [June 13, 2002 and] January 2003 petition[s]." *Respondents' Second Supplemental Answer* at 2.

Section 28 U.S.C. § 2244(d)(1)(A) directs that the limitation period for filing a 28 U.S.C. § 2254 petition begins to run on the date when the time for seeking direct review of the challenged judgment expires. The petitioner was convicted of first degree rape by the Circuit Court of Russell County, Alabama on March 18, 1999. He filed a direct appeal of this conviction and the conviction was affirmed by the Alabama Court of Criminal Appeals on January 28, 2000. His application for rehearing was denied by the appellate court. Smith subsequently filed a petition for writ of certiorari with the Alabama Supreme Court. This petition was denied and the certificate of judgment affirming Smith's rape conviction was issued on May 12, 2000. The petitioner did not further appeal his rape conviction. Consequently, this conviction became final on August 10, 2000 -- ninety (90) days after the Alabama Supreme Court's entry of judgment affirming the convictions -- as this is the date on which the time expired for the petitioner to file a petition for writ of

---

[2]Subsection (d) was added by the Anti-Terrorism and Effective Death Penalty Act of 1996 (the "AEDPA"). This Act became effective on April 24, 1996.

certiorari with the United States Supreme Court. *Coates v. Byrd*, 211 F.3d 1225 (11th Cir. 2000), *cert. denied*, 531 U.S. 1166, 121 S.Ct. 1129 (2001) ("A judgment does not become 'final by the conclusion of direct review or by the expiration of the time for seeking such review,' *see* 28 U.S.C. § 2244(d)(1)(A), until the Supreme Court has had an opportunity to review the case or the time for seeking review has expired."); *Nix v. Secretary for Dept. of Corrections*, 393 F.3d 1235, 1236 -1237 (11th Cir. 2004) ("[T]he ninety-day *certiorari* period does not count towards the one-year limitations period.); *Wade v. Battle*, 379 F.3d 1254, 1256 (11th Cir. 2004) (The one-year period of limitation contained in the federal habeas statute begins to run "when the ninety-day period in which to seek *certiorari* from the United States Supreme Court expired.").

Title 28 U.S.C. § 2244(d)(2) provides that "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this section."  The court finds that the limitation period ran for 333 days after Smith's rape conviction became final until his filing of a Rule 32 petition in the Circuit Court of Russell County on July 10, 2001.[3]  This initial Rule 32 petition remained pending in the state courts until October 29, 2002 upon issuance of the certificate of judgment by the Alabama Supreme Court. At such time, the petitioner had 32 days of the applicable limitation period remaining within which to file a federal habeas petition.  However, a second Rule 32

---

[3]Contrary to the respondents' argument, Smith filed this Rule 32 petition prior to expiration of the federal limitation period.

petition, which Smith filed on June 10, 2002, was pending in the state courts at this time as it had been "**TRANSFERRED** to the trial court with directions that all further action in this cause be suspended until [the Alabama Court of Criminal Appeals] issues the certificate of judgment in [the initial Rule 32 action.]" *Respondents' Exhibit* 18.   Since Smith filed his second Rule 32 petition within the applicable time period allowed by state law, it appears that he properly filed this petition such that the federal limitation period is tolled during the pendency of such action.  Yet, it is not clear from the answers of the respondents the date on which the state courts entered final disposition on Smith's second Rule 32 petition filed in June of 2002.[4]  Smith maintains that his Rule 32 actions have "constantly" remained pending in the state courts thereby rendering his federal habeas petition timely filed.  Without adequate information establishing the date of disposition for Smith's second Rule 32 petition, this court cannot calculate the running of the federal period of limitation.  In light of the foregoing, it is

ORDERED that on or before October 19, 2005 the respondents shall file a supplemental answer providing the court with all information and state court records relevant to the disposition of Smith's second Rule 32 petition.

---

[4]The court notes that Smith likewise submitted a third Rule 32 petition on January 3, 2003.  The trial court denied him leave to proceed *in forma pauperis* in this action and returned the petition to Smith.  Smith filed a fourth Rule 32 petition on December 31, 2003 in which he paid the requisite filing fee.  "[O]n April 15, 2004, the Circuit Court [of Russell County] Denied the Rule 32 Petition . . ." and Smith appealed this denial.  *Respondents' Exhibit 12* at 8 - *Smith's Brief on Appeal of Fourth Rule 32 Petition* at 4.

4

Done this 4th day of October, 2005.


/s/ Vanzetta Penn McPherson
UNITED STATES MAGISTRATE JUDGE