IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| MELVIN SMITH, AIS #166695, )<br>)<br>)<br>Petitioner, )<br>)<br>VS. )<br>)<br>)<br>ARNOLD HOLT, et al., )<br>)<br>Respondents. ) | CIVIL ACTION NO.<br>3:05-CV-0470-T |

**THIRD SUPPLEMENTAL ANSWER**

I.

**Facts and Proceedings in State Courts** (continued)

6.3  The October 25, 2002 *Order* of the Alabama Court of Criminal Appeals says that, because Smith already had an earlier Rule 32 petition pending in CR 01-1261, the state trial court lacked jurisdiction to rule on Smith's June 13, 2002 Rule 32 petition.  [See **Respondents' Exhibit 18**] The *Certificate of Judgment* in CR 01-1261 was issued on October 29, 2002.  [See **Respondents' Exhibit 10**]

IV.

**Exhibits** continued)

17.1 The following exhibits are filed herewith:

Exhibit 22   the case action summary from Smith's June 13, 2002 Rule 32 petition, showing the petition was never amended after October 25, 2002.

V.

**Respondents' arguments** (continued)

In support of their defenses, Respondents submit the following arguments:

A.

Procedural defense (continued)

19.2  Smith's June 13, 2002 Rule 32 was not verified.  [See **Respondents' Exhibit 16**]   In Smith v. State, 2005 WL 435138, at * 12 (Ala. Crim. App. Feb. 25, 2005), the Alabama Court of Criminal Appeals held that Rule 32.6(a) of the Alabama Rules of Criminal Procedure imposes a form requirement on Rule 32 petitions, including verification, and that an

unverified Rule 32 petition was not n proper form. 2005 WL 435138, at * 12. The Court stated that such a deficiency could be corrected by amendment, and that, once corrected, the filing date would relate back to the date of the original filing. 2005 WL 435138, at * 12.

19.3 In <u>Drew v. Department of Corrections</u>, 297 F. 3d 1278, *1285 (11th Cir. 2002), the 11th Circuit Court of Appeals observed that, under <u>Artuz v. Bennett</u>, 531 U. S. 4, 121 S. Ct. 361, 148 L. Ed. 2d 213 (2000), an application for postconviction relief is properly filed when its delivery and acceptance "are in compliance with the applicable laws and rules governing filings." 297 F. 3d at 1285. Because Smith's June 13, 2002 Rule 32 petition was not verified, it was not in proper form according to state law. Because it was not in proper form, and has never been brought into proper form by amendment, under <u>Drew</u> it is not a properly filed petition. [See **Respondents' Exhibit 22**]

19.4 Because Smith's June 13, 2002 Rule 32 petition was not properly filed, it did not act to toll the statute of limitation of Title 28 U. S. C. §2244(d)(1)(A). Because Smith's June 13, 2002 Rule 32 petition did not toll the AEDPA statute of limitations, the one year Smith had in which to file his federal habeas corpus petition ran out between the October 29, 2002 date of the *Certificate of Judgment* in CR 01-1261, and the February 14,

2004 filing date of Smith Rule 32 petition in CR 03-1286.

```
                    05/12/00  08/10/00
                       COJ
   DA          ____/ - - - - -/

                  /_____/
                    90 days
                            07/10/01        10/29/02
                             Filed            COJ
   1st R. 32                   /_____/

                                      06/13/02  10/25/02
                                       Filed    Dismissed
   2nd R.32                             /_____/

                                                    01/13/03
                                                     Filed
   3rd R. 32                                         /_____ - -
   -
                                                    02/14/04
   12/10/04
                                                     Filed
              COJ
   4th R. 32                                         /_____/
```

WHEREFORE, PREMISES CONSIDERED, this Court should deny the petition and the relief requested herein by Smith, by dismissing his

petition for writ

of habeas corpus on the grounds that it is barred by the statute of limitation of Title 28 U. S. C. §2244(d)(1)(A).

    Respectfully submitted,

    Troy King (KIN047)
    *Attorney General*
    By:


    /s/ Stephen N. Dodd
    Stephen N. Dodd
    *Assistant Attorney General*
    ID #ASB-6492

## CERTIFICATE OF SERVICE

I hereby certify that on this 19th day of October, 2005, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, and I hereby certify that I have mailed by United States Postal Service the document to the following non-CM/ECF participants:

Melvin Smith, AIS #204766, P. O. Box 5107, Union Springs, AL  36089.

 

                                           **s/ Stephen N. Dodd**
Stephen N. Dodd (ASB-6492)
*Assistant Attorney General*
Attorney for Respondents
Alabama Attorney General's Office
11 South Union Street
Montgomery, AL  36130
Telephone:  334-242-7378
Fax:             334-242-2848
E-mail:        sdodd@ago.state.al.us

ADDRESS OF COUNSEL:
Office of the Attorney General
Criminal Appeals Division
11 South Union Street
Montgomery, AL  36130
(334) 242-7300

225628/81910-001