IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| MELVIN SMITH, #204766, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | CIVIL ACTION NO. 3:05-CV-470-T |
| ) | |
| ARNOLD HOLT, *et al.*, ) | |
| ) | |
| Respondents. ) | |

**ORDER**

This cause is before the court on a 28 U.S.C. § 2254 petition for habeas corpus relief in which Melvin Smith ["Smith"], a state inmate, challenges a conviction for first degree rape imposed upon him by the Circuit Court of Russell County, Alabama on March 18, 1999. The respondents have filed answers and supplements thereto in which they argue that this petition is barred by the one-year limitation period applicable to 28 U.S.C. § 2254 petitions. *See* 28 U.S.C. § 2244(d)(1).[1] In their supplemental answer filed on October 19, 2005, the respondents maintain that the Rule 32 petition filed by Smith on June 10, 2002, his second Rule 32 petition, did not toll the limitation period as it "was not verified, it was not in the proper form according to state law. Because it was not in proper form, and has never been brought into proper form by amendment, . . . it is not a properly filed petition." *Respondents' Fourth Supplemental Answer* at 3.

---

[1] Subsection (d) was added by the Anti-Terrorism and Effective Death Penalty Act of 1996 (the "AEDPA"). This Act became effective on April 24, 1996.

"The United States Supreme Court defined 'properly filed' in § 2244(d)(2) in *Artuz v. Bennett,* 531 U.S. 4, 121 S.Ct. 361, 148 L.Ed.2d 213 (2000). The Supreme Court in *Artuz* determined that 'an application is "***properly*** filed" when its delivery and acceptance are in compliance with the applicable laws and rules governing filings.' *Id.* at 8, 121 S.Ct. at 364. . . . The Supreme Court concluded that the question whether a petitioner has 'properly filed' an application 'is quite separate from the question of whether the claims *contained in the application* are meritorious and free of procedural bar.' *Id.* at 9, 121 S.Ct. at 364. Therefore, under *Artuz,* we look to the state procedural rules governing filings to determine whether an application for state post-conviction relief is 'properly filed.'" *Wade v. Battle*, 379 F.3d 1254, 1259-1260 (11th Cir. 2004). The respondents cite *Smith v. State*,____ So.2d ____, 2005 WL 435138 (Ala.Crim.App. 2005) as support for their contention that the June 10, 2002 Rule 32 petition did not constitute a properly filed action so as to toll the limitation period under 28 U.S.C. § 2244(d)(2).[2] However, a thorough review of this case does not support the respondents' argument that the petitioner's Rule 32 petition was not properly filed; rather, *Smith* refutes this argument.

In *Smith v. State*, *supra*., the Alabama Court of Criminal Appeals adopted the general rule applicable to civil pleadings in determining that the failure to verify a Rule 32 petition, even though verification is required by statute, does not constitute a jurisdictional

---

[2]This section provides that "[t]he time during which a ***properly filed*** application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this section." (emphasis added).

defect barring the petition from review by the state courts. *Id*. at *12 ("[P]roper verification of a Rule 32 petition, although required by Rule 32.6(a), was not intended to be a jurisdictional prerequisite to the filing of the petition. Instead, the verification requirement is more appropriately a matter of form, the omission or inadequacy of which amounts to an irregularity that is subject to cure by a proper and timely amendment, and may be waived by the State if not properly raised. . . . [T]his construction giv[es] legal effect to the circuit court's ruling on a petition even though the petition is not in compliance with the verification requirement."). It is clear from the reasoning and conclusion of the appellate court that a lack of verification does not effect the proper filing of a Rule 32 petition.

> "'Even if the statute requires verification, the filing of an unverified complaint will commence the action so as to toll the statute of limitations. Despite the requirement of verification, the law is definite and well settled that any objections to lack of verification must be raised immediately or not at all. Imperfect verification of a pleading is not a jurisdictional defect and is amendable under Rule 15.'
> ...
> In holding the requirement of verification was directional only, the court declared:
>   "'... It is a purely procedural direction which is formal but does not go to the essence of the law with regard to requirements for jurisdiction of the courts. The plaintiff has received no lesser day in court, and has not shown to the satisfaction of the court that he has been in any way prejudiced or harmed by the omission ....'
> ...
> "Moreover, the view is generally held that when an amendment is made, it dates back to the time of the original petition. (*Pulliam v. Pulliam,* supra.) The rule is phrased in 71 C.J.S. *Pleading* § 358, p. 761, in this fashion:
>   "'The verification of a complaint, as well as the complaint itself, speaks as of the time when the action was commenced by filing the complaint. It is sufficient if it was then true.'
> "The same principle finds expression in *Dean et al. v. First Nat'l Bank et al.*

> supra, at pages 349, 350, 341 P.2d at page 517:
>> "'The verification of a complaint speaks as of the time when the action was commenced by filing the complaint or petition and is sufficient if it was then true....
>> "'... But the verification does not constitute any part of the pleadings and cannot render it defective. 1 Bancroft, *Code Pleading,* 716, § 500. It adds no allegation. It tenders no issue. It is, as we have said, a formal matter, the omission or imperfection of which does not rise above the status of a mere irregularity that may be waived or cured by amendment. Its defects do not vitiate jurisdiction....'
>> "Our conclusion is that verification of a petition under K.S.A. 59-2201 is not a prerequisite to its being filed, but is a matter of form which falls under the aegis of that part of the statute providing that 'no defect in form shall impair substantial rights.'"
> 
> We also note the following statement in *Simonsen v. Town of Derry,* 145 N.H. 382, 384, 765 A.2d 1033, 1035 (2000):
>> "Ordinarily, however, the verification does not 'constitute a part of the pleading itself but, rather, goes to the form of the pleading.' [*Federated Mortgage and Inv. Co. v. Jones,* 798 S.W.2d 719, 721 (Mo.1990)]; *see also In re Interest of L.D.,* 224 Neb. 249, 398 N.W.2d 91, 98 (1986). *See generally* 61B Am.Jur.2d *Pleading* § 888 (1999). Accordingly, other jurisdictions liberally permit an improperly verified pleading to be amended, even beyond the jurisdictional time frame within which to file the pleading. *See, e.g., Drury Displays v. Board of Adjustment,* 760 S.W.2d 112, 114 (Mo.1988) (en banc); *In re Estate of Shaffer,* 203 Kan. 264, 454 P.2d 1, 4-6 (1969); *People v. Miller,* 282 N.Y. 5, 24 N.E.2d 722, 723-24 (1939)."

*Smith v. State*, 2005 WL 435138, at *9-*11. The case action summary of the Rule 32 petition filed in June of 2002 does not indicate that the State presented an objection to the lack of verification. As made clear in *Smith*, the verification requirement "may be waived by the State if not properly raised." *Id* at 12. Moreover, the petitioner's failure to verify the petition did not deprive the state court of jurisdiction nor did it impact the proper filing of the petition. Thus, this Rule 32 petition was properly filed and served to toll the limitation period under 28 U.S.C. § 2244(d)(2).

Contrary to the respondents' assertion, the order issued by the Alabama Court of Criminal Appeals on October 25, 2002 ***did not*** dismiss Smith's Rule 32 petition filed on June 10, 2002. Instead, this order specifically "set aside and held for naught" the trial court's judgment on the petition and "**TRANSFERRED** [the petition] to the trial court with directions that all further action in this cause be suspended until [the Alabama Court of Criminal Appeals] issues the certificate of judgment in [the initial Rule 32 action.]" *Respondents' Exhibit* 18. The Alabama Supreme Court entered the certificate of judgement in the initial Rule 32 petition on October 29, 2002. The case action summary of this second Rule 32 petition, *see Respondents' Exhibit 22*, does not indicate whether the trial court ever issued a decision on such petition after the appellate court transferred the case back to the circuit court on October 25, 2002. Accordingly, it is

ORDERED that on or before November 14, 2005 the respondents shall file a supplemental answer which:

1. Advises the court of whether, after October 29, 2005, the Circuit Court of Russell County entered an order disposing of the Rule 32 petition filed by Smith on June 10, 2002.

2. If the trial court failed to dispose of the aforementioned Rule 32 petition and this petition remains pending in the state court, the respondents shall address what effect these circumstances have on the instant federal habeas petition.

    3.  Provides the court with all information and documents relevant to the Rule 32 petition filed on June 10, 2002.

    Done this 24th day of October, 2005.

                                           /s/ Vanzetta Penn McPherson
                                           UNITED STATES MAGISTRATE JUDGE