IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

MELVIN SMITH, # 204766,
    petitioner,

V.S.

CV NO: 3;05-CV-470-T

ARNOLD HOLT, ET AL.,
    RESPONDENTS

## PETITIONER'S MOTION TO SHOW CAUSE WHY PETITION SHOULD NOT BE DISMISSED

    Comes now Melvin Smith proceeding Pro-Se, and through Inmate assistance, pursuant to this Honorable Court's Order of _December / 1st_ /2005 Order to show cause why his Habeas Corpus Petition "SHOULD NOT BE DISMISSED, Melvin Smith will show as follows;

    The Respondents and this Court acknowledge that, the Petitioner filed his first Rule 32 Petition with the Circuit Court of Russeell County, Alabama on July 10, 2000; On September 20, 2002 the Alabamaa Court of Criminal Appeals affirmeed the Denial of the Rule 32 Petition, **(SEE EXHIBIT NO; 1 ATTACHED HERETO)**

    After the Trial Court had denied Smith's first Rule 32 Petition, and it was on Appeal to the Alabama Court of Criminal Appealss, he inedvertently filed a Second Rule 32 Petition, and the Alabama Court of Criminal appeals in an ORDER DATED OCTOBER 25, 2002 STATED;

> Upon consideration of the above and because this Court should not be placed in awkard position of having to simultaneously entertain two different Rule 32 Appeals by the same Appellant attacking the same Judgement.,, the Court of Criminal Appealss ORDER the Trial Court's Judgement in Russell Circuit Court Case NO: CC97-95.61 be and the same is hereby set aside and held for naught. the Court further ORDER that this Case be , and the same is herebytransfered to the Trial Court with directions that all further actions in this Case be suspended until this Court issue the Certificate of final Judgement in CR-01-1261 (RUSSEL CIRCUIT COURT CASE NUMBER CC-97-95.60)
> **SEE EXHIBIT # 2);**

on or about January 1, 2003, Melvin Smith  filed another Rule 32 Petition in the Circuit Court of Russel County Alabama;

On March 12, 2003 the Circuit Court denied Smith's IN FORMA PAUPERIS DECLORATION **(EXHIBIT # 3)**;

On May 14, 2003 Smith filed a Petition for **WRIT OF MANDAMUS** IN THE ALABAMA COURT OF CRIMINAL APPEALS **CHALLENGING THE DENIAL OF THE RULE 32 PETITION FILED ON JANUARY 1, 2003;**

The Alabama Court of Criminal Appeals issued an ORDER for the State to respond to the Writ of Mandamus on July 7, 2003 and on AUGUST 14, 2003 the State responded to the Court of Criminal Appeals ORDER **(SEE EXHIBIT NO; 4)**.

On September 16, 2003 the Alabama Court of Criminal Appeals Dismissed the Writ of Mandamus **(SEE EXHIBIT # 5)**.

**The record provided to this Court by the Respondents made no mention of the Rule 32 Petition filed on JAnuary 1, 2003 and or the Writ of Mandamus filed on May 14, 2003, and the fact that the Rule 32 Petition and the Writ of MAndamus was pending for 9 Months and 16 Days (approximately 250 Days)**

(1)    The 28 U.S.C. 2254 Petition that Smith now presents to this Honorable Court is from the Denial of the STATE POST CONVICTION RULE 32 PETITION FILED IN THE CIRCUIT COURT OF RUSSELL COUUNTY ALABAMA ON DECEMBER 31, 2003 , APPROXIMATELY 106 DAYS AFTER THE COURT OF CRIMINAL APPEALS DISMISSED THE WRIT OF MANDAMUS;

---

(1) The Rule 32 Petition was submitted but was not actually filed until February 4, 2004 due to Smith having to pay the full filing fee in the Circuit Court.

# **PETITIONER'S LEGAL RESPONSE**

The present 28 U.S.C.2254 Petition "IS NOT TIME BARRED, because Smith filed a Rule 32 Petition in the Circuit Court of Russel County on May 4, 2003 which the Circuit Court Denied the IN FORMA PAUPERIS, causing him to file a WRIT OF MANDAMUS, AND ON April 9, 2003 the Alabama Court of Criminal appeals Dismissed the Writ of Mandamius
**(CRIMINAL APPEAL NO; CR-03-1248  EXHIBIT # 5)**

   Pursuantr to Alabama Rules of Criminal Procedure which states in Rule 32.2 (d) Footnote;

   Ordered July 1, 2002 in the Supreme Court of Alabama the Order of this Court issued on March 22, 2002 amenment of Rule 32.2 was effective - Aug. 1, 2002. **IT IS ORDERED THAT,** the effective date language SHALL be interpreted to mean that Defendant's in cases in which the Court of Criminal Appeals issued it's Certificate of Judgement or the time for filing an appeal has lapsed during the period between August 1, 2001 and August 1, 2002 would have one year from August 1, 2002, within which to file a Post Conviction Petition Pursuant to Rule 32. Alabama Rule of Crim. Procedure;

   Had the Respondents sent the entire record to this Court, it would be obvious that Smith filed this Rule 32 Petition on or about JAnuary 1, 2003;

   In this response, Smith has presented Documents/Exhibits from the Writ of Mandamus, and the Court of Criminal Appeal's Order;

   The Respondents are taking great pain, trying every trick in the books, not to get this Petition heard by this Court because the Issues presented will automatically--cause this Conviction and Sentence to be vacated;

   In Smith's Issuee NO: 1, of the Habeas Corpus Petition, he has shown thatt he was denied a Complete Trial Transcript of all of the Proceedings as required by 28 U.S.C.753 (b) of the Court Reporter's Act;
   Even in this Proceeding, the Respondents are "STILL" WITHOLDING DOCUMENTS AS IS EVIDENT BY THE EXHIBITS PRESENTED BY SMITH AND THE RESPONDENTS HAS DENIED THEY EXHIST;

   In Smith's Issue NO: 2, he presented fact and evidence of his Incompentency, and further shows that the Trial Court forced him to represent himself at a critical stage of the proceeding without conducting a compentency hearing pursuant tto ALABAMA RULE
OF CRIMINAL PROCEDURE RULE 11, AND THE HOLDINGS OF GLASS V. STATE, [MS CR-03-01362. APRIL 300, 2004]

The Trial Court violated the UNITED STATES SUPREMEE COURT'S HOLDING IN FARETTA V. CALIFORNIA, 432 U.S. 806, 45 Led 2d 562, 92 S. Ct. 2525;

If this Court will take Judicial notice of the Assistant Attorney General, STEPHEN N. DODD'S response dated August 14, 2003 (PAGE # 4), the Attorney General is saying that **"SMITH REPRESENTED HIMSELF AT TRIAL" AND THERE IS NOTHING IN THE RECORD TO SHOW WHERE A FARETTA HEARING WAS CONDICTED"**;

There is volumes of Case Law, State and Federal which states that, "THE RECORD MUST AFFIRMATIVELY SHOW THAT THE DEFENDANT KNOWS WHAT HE/SHE IS DOING; JOHNSON V. ZEBEST, 304 u.s.458, 58 s.cT. 1019,1023, 82 IED 2D 1461;-- UNITED STATES V. CASH, 47 f. 3D 1083 (11TH CIR. 2002)--EX PART ARTHUR, 711 SO. 2D 1097 (AL. 1997)-- FORD V. STATE, 515 SO. 2D 34 (ALA. CRIM. APP. 1986);

The record is silent in this regard, therefore, this Case should be remanded to the Trial Court so it can produce either a voluntary waiver signed by smith to show that he knowingly and voluntarily relinquished his right to Counsel, or show where a Faretta Hearing was conducted, or in the alternative, ORDER A NEW TRIAL;

If the Respondents are presistant in maintaining the Petition filed by Smith is outside the limitation period, the Petitioner ask this Court to apply the doctrin of EQUITABLE TOLLING of the One Year Statute of Limitation period.
Pursuant to the A.D.P.E.A effective April 24, 1996 amended 28 U.S.C. 2254 (d) (2) reads;

> The time during which a properly filed application for State Post-Conviction or other collateral review wwith respect to the pertinent judgement or claim is pending **SHALL NOT** be counted toward any period of limitation period under this section:

To trigger equitable tollingg, the Plaintiff MUST have in some extraordinary way been prevented from asserting his rights BEGAY V. ST. JOSEPH'S SCHOOL, 6 F. 3d 1474,1479 (11th Cir. 1993) ; The 11th Circuit has summarized the doctrine as follows;

> The intrest of Justice are most often aligned with the Plaintiff when the Defendant mislead her/him into allowing the statutory period to lapse; when he [or she] has no reasonable way of discovering the wrong perpetrated against him; or when he timely filed a technically defective pleading and in all other respect act with proper diligence--which-- Statute of Limitation was intended to insure;SEEMcLESTER V. HOPPER, 67 f. sUPP 2D 1308, U.S. DIST. LEXIS 14609 (JUNE 25, 1999)

    In the instant case, the Inequitable event here is when the Circuit Court denied smith' informa Pauperis Decoloration and furrther, Smith used due dilligence in filing other Petition, which tolled the limitation period, whereas, in Mclester's Case, he filed a State Court Petition for Writ of Habeas Corpus in 1984, which was denied. then Mclester filed a Petition for Writ of Habeas Corpus in Federal District Court in 1991, when said petition was denied he appealed, and the nAppellate Court affirmed, he then filed a peetition forr rrehearing, which was denied on August 9, 1993;

    Mclester filed nothing further until 1998, and provided no explanation for why the Petition was not filed sooner.

    This Court found this to eviddence a LACCK OF DUE DILLIGENCE, SEE ALSO <u>TURNER V. JOHNSON,</u> 177 F. 3d. 390, 199 W.L. 342487.

    The present case is unlike Mclester or Turner, and equitable tolling should apply;

    Smith's Delay comes from the Circuit Court Denying his INFORMA PAUPERIS DECLORATION, AND HOLDING HIS WRIT OF MANDAMUS IN THE ALABAMA COURT OFF CRIMINAL APPEALS FOR APP. NINE MONTHS, AND SMITH USED DUE DILLIGENCE IN FILING A PROPER STATE COURT POST CONVICTION RULE 32 PETITION;

    It would be a fundamental Miscarriage of Justice not to entertain this Petition because Smith has presented Issues that would entitle him to relief, qand a failure to entertain it would make a mockery out of the criminal Justice System, and undermine confidence in the United States Constitution, and the Laws set fourth by the United States supreme Court;

RESPECTFULLY SUBMITTED
*Melvin Smith #204766*
MELVIN SMITH AIS# 204766
BULLOCK CORRECTIONAL FACILITY
POST OFFICE BOX 5107
UNION SPRINGS, ALABAMA 36089

## CONCLUSION

For all of the reasons stated in the Petition ffoor Writ of Habeas Corpus Petition and in this Motion to show Cause, Melvin smith respectfully request that This Honorable Court will enteertain this Petition, and order that the Circuit Court Order a New Trial, or in the alternative, ORDER that the Conviction and Sentence be vacated, or GRANT any other such relief that this Court Deems proper and Just.

*Melvin Smith #204766*
MELVIN SMITH AIS# 204766

## CERTIFICATE OF SERVICE

I hereby certify that I have served a copy of the foregoing on the Office of the Attorney General, STEPHEN DODD, GENERAL COUNSEL, **(INCLUDING EXHIBITS) LOCATED AT 11 SOUTH UNION STREET, MONTGOMERY, ALABAMA 36130-0152 BY PLACING SAME IN THE UNITED STATES MAIL PROPERLY ADDRESSED AND POSTAGE PRE-PAID, THIS** _12th_ **DAY OF** _December_ **2005**