8-14-03

EX NO:4   Exhibit NO:4

# IN THE COURT OF CRIMINAL APPEALS OF ALABAMA

| | |
|---|---|
| EX PARTE: MELVIN SMITH, ) | |
| ) | |
| Petitioner. ) | |
| ) | |
| RE: STATE OF ALABAMA, ) | |
| ) | |
| Respondent, ) | CR 02-1622 |
| ) | |
| VS. ) | |
| ) | |
| MELVIN SMITH, ) | EXHIBIT NO: 4 |
| ) | |
| Petitioner. ) | |

## ANSWER OF RESPONDENT TO PETITION
## FOR WRIT OF MANDAMUS

COMES NOW Respondent State of Alabama in the above-styled cause, by and through the Attorney General for the State of Alabama, and, in response to this Court's Order of July 17, 2003, moves the Court to dismiss Melvin Smith's ("Smith's") petition for writ of mandamus, and deny the relief requested therein. In support of the above motion, and by way of answer, the Respondent would show unto the Court as follows:

Exhibit NO: 4

1. Following a jury trial in which Melvin Smith ("Smith") represented himself, on March 17, 1999, Smith was convicted[1] of the first-degree rape of Annette Thomas and sentenced to a term of twenty years imprisonment. The *Certificate of Judgment* from Smith's conviction was issued on May 12, 2000.

2. Smith subsequently filed a Rule 32 postconviction petition. (R.32 C. 3-15) On August 22, 2001, the trial court issued an *Order* summarily dismissing, on the grounds of preclusion, all of Smith's postconviction claims except his ineffective assistance of appellate counsel claims. (R. 32 C. 20-21)

3. On October 10, 2001, the trial court held an evidentiary hearing on Smith's postconviction claims of ineffective assistance of appellate counsel. (R.32 R. 4-62) At the conclusion of the hearing, the trial court issued an *Order* denying on the merits Smith's claims of ineffective assistance of appellate counsel. (R.32 C. 23-24)

4. On or about June 10, 2002, Smith executed the verification on what appears to be a second postconviction petition under ALA. R. CRIM. P., Rule 32. [See **Exhibit 1** hereto] The verification executed by Smith was not, however, sworn. Smith subsequently, apparently, filed a *Request for In Forma Pauperis*

---

[1] The Court of Criminal Appeals can take judicial notice of its own records, and the State requests that the Court take judicial notice of its records in Smith's direct appeal, Smith v. State, CR 98-1545 (Ala. Crim. App. Jan. 28, 2000), and in his Rule 32 appeal, Smith v. State, CR 01-1261 (Ala. Crim. App. Sept. 20, 2002). See Ex parte Salter, 520 So. 2d 213 (Ala. Crim. App. 1987). References to the record from Smith's direct appeal will be designated "DA. C.", "DA. R.", and references to Smith's Rule 32 appeal will be designated "R.32 C. and "R.32 R.", respectively.

2

status, which was denied by *Order* of the trial court on March 12, 2003. [See **Exhibit 2** hereto]

5. On or about May 14, 2003, Smith filed a *Petition for Writ of Mandamus*, seeking to have this Court compel the trial court to rule on his *Request for In Forma Pauperis* status.

6. On July 17, 2003, this Court issued the *Order* requiring the instant response.

7. A petition for writ of mandamus is to be issued only when there is:

(1) [A] clear legal right in the petitioner to the order sought;

(2) [A]n imperative duty upon the respondent to perform, accompanied by a refusal to do so;

(3) [T]he lack of another adequate remedy; and

(4) [P]roperly invoked jurisdiction of the court.

*Ex parte Miles*, 2002 WL 1398027, at *1 (Ala. June 28, 2002). Irrespective of whether Smith is indigent for the purposes of his second postconviction petition, any error committed by the trial court in denying his *in forma pauperis* status request is harmless.

8. The claims of Smith's second Rule 32 petition are all precluded -- the claims that are not ineffective assistance of trial or appellate counsel claims are precluded either because they should have been raised by Smith at trial and on

3



direct appeal, or they were raised by Smith at trial and on direct appeal. The claims of ineffective assistance of trial counsel raised by Smith in his latest Rule 32 petition are facially without merit, seeing as how Smith represented himself at trial.

9. Finally, any claims of ineffective assistance of appellate counsel claims raised by Smith in his latest Rule 32 petition are also due to fail as precluded, because: 1) any of the claims Smith says his appellate counsel should have raised on appeal -- that <u>did</u> <u>not</u> have to do with ineffective assistance of trial counsel, and that were not, in fact, raised by Smith at trial and on direct appeal -- are precluded under ALA. R. CRIM. P., Rule 32.2(b)(3) and (5), because they should have been so raised; 2) any claims of ineffective assistance of appellate counsel previously raised by Smith in his first Rule 32 petition are precluded under ALA, R. CRIM. P., Rule 32.2(4), because they were so raised; and, 3) any *new* claims of ineffective assistance of appellate counsel -- ones not previously raised by Smith in his first Rule 32 petition -- are barred by the two-year statute of limitations of ALA. R. CRIM. P., Rule 32.2(c). *See, e.g.,* <u>Cummings v. State</u>, 687 So. 2d 1290, 1291 (Ala. Crim. App. 1996) (no error in denying otherwise meritorious *in forma pauperis* application where all claims raised in related postconviction petition are, in fact, precluded).

10. Because of the unique circumstances created when Smith chose to represent himself at trial, the Rule 32 petition filed by Smith subsequent to his

4

original petition is precluded, either under ALA. R. CRIM. P., Rule 32.2(b), or under ALA. R. CRIM. P., Rule 32.2(c).

11.  As a result, whether right or wrong, the trial court's March 12, 2003 decision not to grant Smith *in forma pauperis* status for his June 10, 2002 Rule 32 petition cannot be said to have prejudiced him (Smith).

WHEREFORE, PREMISES CONSIDERED, Smith's petition for writ of mandamus is due to be denied because Smith has failed to demonstrate a clear legal right to the relief sought.

Respectfully submitted,

WILLIAM H. PRYOR JR.
ATTORNEY GENERAL
BY-

STEPHEN N. DODD
ASSISTANT ATTORNEY GENERAL



## CERTIFICATE OF SERVICE

I hereby certify that on this 14th day of August, 2003, I served a copy of the foregoing on the Petitioner Smith, by placing the same in the United States Mail, first class, postage prepaid and addressed as follows:

Melvin Smith
AIS # 204766
Bullock Correctional Facility
P. O. Box 5107
Union Springs, AL  36089

_____
STEPHEN N. DODD
ASSISTANT ATTORNEY GENERAL

ADDRESS OF COUNSEL:

Office of the Attorney General
Criminal Appeals Division
11 South Union Street
Montgomery, AL  36130
(334) 242-7300

115164/54690-001