IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

MELVIN SMITH, #204766,
   PETITIONER,

V.S.                                  CIVIL ACTION NO; 3:05-CV-470-T

ARNOLD HOLT, et al.,
   RESPONDENTS,

## SUPPLEMENTAL MOTION TO SHOW CAUSE WHY PETITION SHOULD NOT BE DISMISSED

    Comes now the Petitioner, MELVIN SMITH proceeding pro-se and through Inmate assistance and submitt his supplemental motion to sho cause why the petition should not be dismissed in compliance with this court's December 1, 2005 ORDER, he will show as follows;

    It appears from the several responses filed by the Respondents that, they don't know which defense that they wont to use.
    First, the respondentss alleged in their August 15, 2005 answer that "BY THE TIME SMITH FILED HIS FIRST RULE 32 petition on july 10, 2001, well over the one-year had lapsed from may 12, 2000 date of the certificate of judgement from his conviction" and they further stated, as a result, Smith 's Federal Habeas Petition was barredby the one-year statute of limitation of 28 U.S.C. SECTION 2244, before he ever started filing his State Postconviction;

    This court then issued an Order on August 17, 2005 for the etitioner to show cause why the Habeas Petition should not bee dismissed, and Smith has shown in his response dated _August 23 Rd_ /2005, that the Petition was not time-barred, and this Court agreed with Smith in this regard;

    The Respondent's second response dated October 3, 2005, in their procedural defensee, they make reference to the rule 32 Petition filed June 13, 2002, but DID NOT ASSERT THAT, **IT WAS STILL PENDING IN COURT, BUT ALLEGED THAT THE PETITION WAS SUCCESSIVE;**

-1-

In the Respondents suppleemeental answer ffiled on October 19, 2005, the alleged that the Rule 32 Petition filed June 13, on June 13, 2002 was not varified, and thei Court issued an Order on October 24, 2005 stating in substance 'THAT THE PETITION WAS DULY FILED"

Now, it is the States contention that Smith have not exhausted his State Court Remedies, because his June 2002 Rule 32 Petition is still pending;

Under Alabama Rules of Criminal Procedure, RULE 24.4 STATES "THAT PETITION/MOTION FOR NEW TRIAL WAS DENIED BY OPERATION OF LAW WHEN THE TRIAL COURT FAIL TO RULE ON THE PETITION WITHIN 60 (SIXTY) DAYS .

The Law is clear and well settled in State Court, and if that June 2002 Rule 32 Petition was-in-fact- still pending in the Circuit Court when smith filed his third rule 32 petition, the District Attorney would have said it at that timee; And after the third Petition was denied in the Circuit Court, and Smith appealeed to the Alabama Court of Criminal appeals, and the Alabama Supreme Court, a person would think that the Alabama Attorney General's Office would have informed the Court of appeals "THAT SMITH HAD A PENDING RULE 32 PETITION IN THE CIRCUIT COURT, AND THAT PETITION WOULD HAVE BEEN EITHER RETURNED TO SMITH OR, IT SHOULD HAVE BEEN HELD IN ABEYANCE IN COMPLIANCE WITH EX PART HARGETT, 722 so 2d 481 (Al. 1999);

In the Instant case, the Alabama Court of Criminal Appeals did not order that the Petition filed in 2002 be held in abeyance, it stated that the Petition be held for "NAUGHT" and the Petition be transfered to the Trial Court with Directions that all further action in this case be suspended until the Court Issuee the Certificate off Judgement in CR-01-12261;

The record before this Court at Smith's EXHIBIT # 4 CLEARLY SHOWS THAT . Smith filedd a Writ of Mandamus in the alabama Court of Criminal appeals, and the State filed a response to the Writ of Mandamus, in which they Denied the allegations of the Second Rule 32 Petition;
The Alabama Court off Criminal Appeals Dismissed the Writ of Mandamus see EXHIBIT # 5;

For all of the reasons stated, this Honorablee Court should GRANT the Currrent Habeas Corpus Petition, and set this matter for an Evidentiary Hearing. vacate the sentence etc...

It would be futile for this Honorable court to compell the Petitioner to go back and exhaust the Second Rule 32 Petition, because the Exhibitss # 4 and 5 clearly shows that, the assistant Attorney general, Hon Stephen N. Dodd has Denied the allegations in that Petition and has admitted that Smith represented himself at the trial of this case; And the record is silent as to whether the Trial Court conducted a collequay with Smith to determine what rights he was giving up by self representation, as alleged and proven in this Petition;

RESPECTFULLY SUBMITTED
*Melvin Smith 204766*
MELVIN SMITH # 204766

## CONCLUSION

For all of the reassons stated herein, and in smith's First response, he respectfully request that this Court either ORDER an Evidentiary Hearring in this court or Vacate the Conviction and Sentence;

## CERTIFICATE OF SERVICE

I hereby certify that I ahve served a copy of the foregoiung on the Office of the Attorney General by placing same in the United States Maail properly adddressed and postage pre-paid this _____12th_____ Day of DECEMBER, 2005

*Melvin Smith 204766*
MELVIN SMITH# 204766
BULLOCK CORR. FACILITY
PO. BOX 5107
UNION SPRINGS, Alabama 36089