IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| MELVIN SMITH, #204766, )<br>                              )<br>       Petitioner, )<br>                              )<br>v.                                 )   CIVIL ACTION NO. 3:05-CV-470-T<br>                              )<br>ARNOLD HOLT, *et al.*, )<br>                              )<br>       Respondents. ) | |

**ORDER**

This cause is before the court on a 28 U.S.C. § 2254 petition for habeas corpus relief filed on May15, 2005. In this petition, Melvin Smith ["Smith"], a state inmate, challenges a conviction for first degree rape imposed upon him by the Circuit Court of Russell County, Alabama on March 18, 1999. In their initial answers, the respondents erroneously argued that the petition is barred by the one-year limitation period applicable to 28 U.S.C. § 2254 petitions. However, after a thorough review of all the pleadings and evidentiary materials filed in this case, the court determined that Smith timely filed this petition.

On December 14, 2005, Smith filed responses addressing the exhaustion of his state court remedies. Upon consideration of these responses, the court deems it appropriate to require that the respondents file an answer to the claims for relief presented by Smith.[1] Accordingly, it is

ORDERED that on or before January 4, 2006 the respondents shall file an answer

---

[1] Smith outlines his "issues presented for review" on page 11 of his memorandum brief in support of the petition.

which addresses the claims pending before this court. In filing their answer to this order, the respondents are advised that they must comply with the provisions of Rule 5 of the rules governing § 2254 cases in the district courts. The respondents should attach to their answer those portions of the transcript and state court record which are relevant and necessary to the disposition of the issues presented by the petitioner. Additionally, the respondents should make specific reference to 28 U.S.C. § 2254(d)(1) of the AEDPA as this statute significantly "modifies the role of federal habeas courts in reviewing petitions filed by state prisoners." *Williams v. Taylor,* 529 U.S. 362, 403, 120 S.Ct. 1495, 1518 (2000). In sum, § 2254(d)(1) places new constraints on the power of a federal court to grant a state prisoner's application for habeas corpus relief with respect to those claims adjudicated on the merits in state court. Specifically, the statute allows this court to grant a writ of habeas corpus only "if the relevant state-court decision was either (1) '*contrary to* ... clearly established Federal law, as determined by the Supreme Court of the United States,' or (2) '*involved an unreasonable application of* ... clearly established Federal law, as determined by the Supreme Court of the United States.' (Emphases added.)" *Williams v. Taylor*, 529 U.S. at 404-405, 120 S.Ct. at 1519. "Under § 2254(d)(1) and the *Williams* decision, [a federal court] can grant relief only if the state court decision denying relief is 'contrary to' clearly established federal law or is an 'unreasonable application' of federal law." *Brown v. Head*, 272 F.3d 1308, 1313 (11th Cir. 2001). In the vast majority of cases, a federal district court will be faced with the contention that the state court unreasonably applied

2

federal law.

> In determining whether the state court's decision is an unreasonable application of the law set out in [applicable] Supreme Court decisions, we need not decide whether we would have reached the same result as the state court if we had been deciding the issue in the first instance. Instead, we decide only whether the state court's decision of the issue is objectively unreasonably. *See Williams v. Taylor*, 529 U.S. 362, 411, 120 S.Ct. 1495, 1522, 146 L.Ed.2d 389 (2000) ("Under §2254(d)(1)'s 'unreasonable application' clause, then, a federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly. Rather, that application must also be unreasonable."); *Brown v. Head*, 272 F.3d 1308, [1313] (11th Cir. 2001)("It is the objective reasonableness, not the correctness *per se*, of the state court decision that we are to decide.").

*Wright v. Secretary for the Dept. of Corrections*, 278 F.3d 1245, 1256 (11th Cir. 2002). This statute further directs that a federal court cannot grant relief with respect to claims adjudicated on the merits by the state courts "unless the adjudication of the claim . . . resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d)(2).

**Thus, if the respondents contend that this court is precluded from granting habeas relief because claims raised by the petitioner have been properly adjudicated by the state courts in accordance with clearly established Supreme Court precedent, the respondents must identify to this court the Supreme Court authority on which the state court relied in adjudicating petitioner's claims and the decision of the state court**

**on each claim. Moreover, if this court is barred from reviewing a petitioner's claims due to his failure to properly present any of the federal claims to the state courts, the respondents shall identify the defaulted claim(s) and provide a basis for the procedural default.**

Where the petitioner alleges ineffective assistance of counsel or insufficiency of the evidence **and** these claims must be addressed on their merits, the entire trial record must be filed. The entire trial record should also be filed if the respondents assert that a ruling of the trial court is entitled to a presumption of correctness or if they defend on grounds that a particular ruling did not render the trial "fundamentally unfair" or that a particular error is "harmless error." The Magistrate Judge recognizes that the burden of producing the state court record is sometimes unduly onerous. However, it is clear that pursuant to the procedure governing habeas corpus actions, "[t]he obligation to come forward with the state court record is squarely upon the Respondent, not upon the petitioner." *Bundy v. Wainwright*, 808 F.2d 1410, 1415 (11th Cir. 1987).

Done this 15th day of December, 2005.

**/s/ Delores R. Boyd**
DELORES R. BOYD

*FOR*

Vanzetta Penn Mcpherson
UNITED STATES MAGISTRATE JUDGE