IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| MELVIN SMITH, AIS #166695, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| VS. ) | CIVIL ACTION NO. |
| ) | 3:05-CV-0470-T |
| ) | |
| ARNOLD HOLT, et al., ) | |
| ) | |
| Respondents. ) | |

**RESPONSE TO COURT'S
JANUARY 6, 2006 ORDER**

COMES NOW Respondent Holt ("Holt") with the following response to the Magistrate's January 6, 2006 *Order*:

1. In his October 19, 2005 *Third Supplemental Answer*, Holt argued that, because it was not a properly filed petition, Smith's second Rule 32 petition -- the one he filed on June 13, 2002 -- did not act to toll the 28 U. S. C. Section 2244(d) statute of limitations. Eleven months elapsed between the finality of Smith's conviction on or about August 12, 2000, and the filing of his first Rule 32 petition on July 10, 2001.

2. By its *Order* of October 24, 2005, this court determined that Smith's June 13, 2002 Rule 32 petition was a properly filed petition, and <u>did</u> toll the 28 U. S. C. Section 2244 statute of limitations.

3. If Smith's second Rule 32 petition was good enough to toll the 28 U. S. C. statute of limitations from October 29, 2002 (the date of the *Certificate of Judgment* in Smith's first Rule 32 petition) until February 4, 2004( the date of the filing of Smith's third Rule 32 petition), it ought to be good enough to have its day in state court.

4. Besides, take -- for example -- the kind of claims raised by Smith in his second and third Rule 32 petitions. One of Smith's claims is that --

> his appellate counsel was ineffective because, had appellate counsel had the jury *voir dire* transcribed and included in the record, it would have shown that a juror with a bias against rapists improperly served on his jury.

[*See* **Respondents' Exhibits 11 and 16**]   Smith didn't raise this claim in his first Rule 32 petition, and, thinking it successive, the trial court summarily denied the claim when Smith raised it in his third Rule 32 petition. [*See* **Respondents' Exhibits 6 and 11**]

5. The only way to find out about this juror with a bias against rapists is to have the *voir dire* transcribed. And, the best was to have the *voir dire* transcribed

is to give Smith his day in state court on his second Rule 32 petition. As the 11th Circuit stated in <u>Maharaj v. Secretary for Dept. of Corrections</u> --

> In <u>Younger</u>, the Supreme Court held that, except in extraordinary circumstances, a federal court must abstain from deciding issues implicated in an ongoing criminal proceeding in state court. <u>Younger</u>, 401 U. S. at 53-54, 91 S. Ct. at 755. The Court expressed the national public policy against federal court interference with ongoing state proceedings, based in part on "the notion of 'comity,' that is, a proper respect for state functions ··· and a continuance of the belief that the National Government will fare best if the States and their institutions are left free to perform their separate functions in their separate ways." <u>Id</u>. at 44, 91 S. Ct. at 750. In <u>Rose</u>, which concerned the exhaustion requirement under § 2254, the Supreme Court stated that the exhaustion requirement is not jurisdictional but derives from <u>principles of comity, which "protect the state courts role in the enforcement of federal law and prevent disruption of state judicial proceedings</u>." <u>Rose</u>, 455 U. S. at 518, 102 S. Ct. at 1203. The Court reasoned that "[r]equiring dismissal of petitions containing both exhausted and unexhausted claims will relieve the district courts of the difficult if not impossible task of deciding when claims are related, and will reduce the temptation to consider unexhausted claims." <u>Id</u>. at 519, 102 S. Ct. at 1204. If a petitioner fails to exhaust state remedies, the district court should dismiss the petition without prejudice. <u>Id</u> at 519-20, 102 S. Ct. at 1203-04. In <u>Clisby</u>, we expressed our concern over the piecemeal litigation of federal habeas petitions filed by state prisoners and stated that "[p]olicy considerations clearly favor the contemporaneous consideration of allegations of constitutional violations grounded in the same factual basis: 'a one-proceeding treatment of a petitioner's case enables a more thorough review of his claims,

thus enhancing the quality of the judicial product'."
Clisby, 960 F.2d at 936 (internal citation omitted).

Maharaj v. Secretary for Dept. of Corrections, 304 F. 3d 1345 (2002), 1348-1349 (11th Cir. 2002) (emphasis added).

WHEREFORE, PREMISES CONSIDERED, Respondent Holt respectfully requests that the Magistrate Judge:

1) rescind its *Order* of December 15, 2005;

2) deny Smith's request that he be excused from the responsibility of exhausting his state remedies with respect to his second Rule 32 petition; and,

3) reinstitute its *Order* of December 1, 2005, requiring Smith to exhaust his state remedies with respect to the claims in his second Rule 32 petition.

Respectfully submitted,

Troy King (KIN047)
*Attorney General*
By:

/s/ Stephen N. Dodd
Stephen N. Dodd
*Assistant Attorney General*
ID #ASB-6492

## CERTIFICATE OF SERVICE

I hereby certify that on this 25th day of January, 2006, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, and I hereby certify that I have mailed by United States Postal Service the document to the following non-CM/ECF participants:  Melvin Smith, AIS #204766, P. O. Box 5107, Union Springs, AL  36089.

          s/ **Stephen N. Dodd**
Stephen N. Dodd (ASB-6492)
*Assistant Attorney General*
Attorney for Respondents
Alabama Attorney General's Office
11 South Union Street
Montgomery, AL  36130
Telephone: 334-242-7378
Fax:            334-242-2848
E-mail:       sdodd@ago.state.al.us

ADDRESS OF COUNSEL:
Office of the Attorney General
Criminal Appeals Division
11 South Union Street
Montgomery, AL  36130
(334) 242-7300

93343/81910-001