IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| MELVIN SMITH, AIS #166695, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| VS. | ) CIVIL ACTION NO. |
| | ) 3:05-CV-0470-T |
| ARNOLD HOLT, et al., | ) |
| | ) |
| Respondents. | ) |

**FIFTH SUPPLEMENTAL ANSWER**

III.

**Respondents' defenses** (continued)

13.1 Respondents deny that the claims specified herein in *paragraphs 5. 1), 5. 2), and 5. 3),* have been properly exhausted for state court purposes. In that -- 1) these issues are the kinds of claims required by Rule 32.2(a)(3) and (a)(5) of the Alabama Rules of Criminal Procedure to be raised at trial and on direct appeal, or in Rule 32; and, 2) they were not so raised by Smith -- there remains no available potential state remedy for these claims. Any attempt *now* to raise the claims in

state court would be precluded and, thus, futile. Because it would be futile for Smith to now seek state court relief on these claims, for state court purposes they have been procedurally defaulted. Because the claims are procedurally defaulted in state court, Smith is prohibited from raising them here in federal habeas corpus, without a showing of "cause and prejudice" for his having failed to properly pursue the issues in state court. Teague v. Lane, 489 U. S. 288, 109 S. Ct. 1060, 103 L. Ed. 2d 334 (1989); Wainwright v. Sykes, 433 U. S. 72, 97 S. Ct. 2497, 53 L. Ed. 2d 594 (1977); Engle v. Issac, 456 U. S. 107, 102 S. Ct. 1558, 71 L. Ed. 2d 783 (1982).

13.2 Respondents deny that the claim specified herein in *paragraphs 5. 4), 5. 5), and 5. 6)* have been properly exhausted for state court purposes. In that -- 1) the one-year statute of imitations of Rule 32.2(c) of the Alabama Rules of Criminal Procedure requires such claims to be raised within one year of the finality of a conviction; and, 2) they were not so raised by Smith -- there remains no available potential state remedy for these claims. Any attempt *now* to raise these claims in state court would be precluded and, thus, futile. Because it would be futile for Smith to now seek state court relief on these claims, for state court purposes they have been procedurally defaulted. Because the claims are procedurally defaulted in state court, Smith is prohibited from raising them here, in federal habeas corpus,

without a showing of "cause and prejudice" for his having failed to properly pursue the issues in state court. Teague; Wainwright; Engle.

13.3 Because they are procedurally defaulted, the claims specified herein in *paragraphs 5. 1), 5. 2), 5. 3), 5. 4), 5. 5), and 5. 6)* are, however, considered exhausted for federal habeas corpus purposes. See Kennedy v. Hopper, 156 F. 3d 1143, 1145 (11th Cir. 1998).

V.

**Respondents' arguments** (continued)

In support of their defenses, Respondents submit the following arguments:

A.

Procedural defenses (continued)

20. **Procedural Default**. Procedural default rules apply to claims that are not seasonably raised in state courts, either at trial, on direct appeal, or in state collateral proceedings. Wainwright v. Sykes, 433 U. S. 72 (1977); Murray v. Carrier, 477 U. S. 478 (1986); and Presnell v. Kemp, 835 F. 2d 1567 (11th Cir. 1988). When a procedural default bars litigation of a federal constitutional claim in state court, a state prisoner may not obtain federal habeas corpus relief on the basis of a claim unless he first establishes "cause and prejudice." Wainwright v. Sykes, 433 U.S. at 74; and Murray v. Carrier, 477 U.S. at 482. Because he did not raise it in a timely fashion in the trial court, Smith's *voir dire transcription* and

*voluntary election of self representation*, claims are defaulted. Likewise, Smith's *actual innocence* claim is defaulted because Smith did not properly raise it in one of his state Rule 32 petitions.

    a. **RE: <u>transcription of jury voir dire.</u>** Smith's claim, that his right to a fair trial was prejudiced by the jury *voir dire* not being transcribed, is a constitutional claim under Rule 32.1(a) of the <u>Alabama Rules of Criminal Procedure</u>. Ordinarily, Rule 32.1(a)-type claims must be presented at trial and on direct appeal, or they are defaulted. *See* Rules 32.2(a)(3) and (a)(5) of the <u>Alabama Rules of Criminal Procedure</u>. In affirming the denial of Smith's 2001 Rule 32 petition, however, the Alabama Court of Criminal Appeals held that, because the procedural mechanism for raising a claim like this on direct appeal was not available to Smith's appellate counsel, counsel was not ineffective in failing to do so. [See **Respondents' Exhibit 9**] The practical effect of this ruling was to create a situation where Smith was entitled to raise the issue in Rule 32. Smith, however, raised this claim for the first time[2] in his 2003 Rule 32 petition. By the time Smith raised the issue in his 2003 Rule 32 petition the claim was barred by the one-year Rule 32 statute of limitations. [See **Respondents' Exhibit 14**] Because he did not raise it in a timely fashion in the trial court, Smith's *voir dire transcription* issue is defaulted.

---

[2] Whether he raised the issue in his 2002 Rule 32 petition does not matter, because that petition was never exhausted in state court.

**b. RE: knowing and voluntary election of self-representation.** Smith's claim, that his right to a fair trial was prejudiced by the fact that the decision to represent himself at trial was made unknowingly and involuntarily, is a constitutional claim under Rule 32.1(a) of the Alabama Rules of Criminal Procedure. Rule 32.1(a)-type claims must be presented at trial and on direct appeal, or they are defaulted. *See* Rules 32.2(a)(3) and(a) (5) of the Alabama Rules of Criminal Procedure. Smith raised this claim for the first time in his 2003 Rule 32 petition. By the time he did so, however, the claim was barred by the one-year Rule 32 statute of limitations. [See **Respondents' Exhibit 14**] Because he did not raise it in a timely fashion in the trial court, Smith's *knowing and voluntary election of self-representation* issue is defaulted.

**c. RE: lesser included charge.** Smith's claim, that his right to a that his right to a fair trial was prejudiced by the fact that the he was entitled to a lesser included jury charge on sexual misconduct, but was not given one, is a constitutional claim under Rule 32.1(a) of the Alabama Rules of Criminal Procedure. Rule 32.1(a)-type claims must be presented at trial and on direct appeal, or they are defaulted. *See* Rules 32.2(a)(3) and(a) (5) of the Alabama Rules of Criminal Procedure. Smith raised this claim for the first time in his 2003 Rule 32 petition. By the time he did so, however, the claim was barred by the one-year Rule 32 statute of limitations. [See **Respondents' Exhibit 14**] Because he

did not raise it in a timely fashion in the trial court, Smith's *lesser included jury charge* issue is defaulted

**d. RE: ineffective assistance of appellate counsel for failure to have jury voir dire transcribed.** Smith raised this claim in his 2001 Rule 32 petition. [See **Respondents' Exhibit 6,** the record of Smith's first Rule 32 appeal in Smith v. State, CR 01-1261 mem. op. (Ala. Crim. App. Sept. 20, 2002), at C. 13-15] On appeal from the denial of his 2001 Rule 32 petition, the Alabama Court of Criminal Appeals held that, because the procedural mechanism for raising a claim like this on direct appeal was not available to Smith's appellate counsel, counsel was not ineffective. [See **Respondents' Exhibit 14**] When Smith re-raised[3] the issue in his 2003 Rule 32 petition, the one-year Rule 32 statute of limitations had already run. [See **Respondents' Exhibit 14**] Because he did not raise it in a timely fashion in the trial court, Smith's *ineffective assistance of appellate counsel claim concerning transcription of the jury voir dire* is defaulted.

**e. RE: ineffective assistance of trial counsel for failing to call Dr. Kim as a defense witness.** By the time Smith raised this claim in his 2003 Rule 32 petition, the one-year Rule 32 statute of limitations had already run. [See **Respondents' Exhibit 14**] Because he did not raise it in a timely fashion in the

---

[3] Whether he raised the issue in his 2002 Rule 32 petition does not matter, because that petition was never exhausted in state court.

trial court, Smith's *ineffective assistance of trial counsel for failing to call Dr. Kim as a defense witness* is defaulted.

f. **RE: ineffective assistance of trial counsel for failing to make out an insanity defense.** By the time Smith raised this claim in his 2003 Rule 32 petition, the one-year Rule 32 statute of limitations had already run. [See **Respondents' Exhibit 14**] Because he did not raise it in a timely fashion in the trial court, Smith's *ineffective assistance of trial counsel for failing to make out an insanity defense* is defaulted.

21. The application of Alabama's state procedural rules imposing procedural default is a determination of state law that Respondents contend is conclusive on this federal habeas corpus court. See Wainwright v. Goode, 464 U. S. 78, 83-84 (1983); Carrizales v. Wainwright, 699 F. 2d 1053 (11th Cir. 1983); Beverly v. Jones, 854 F. 2d 412, 416 (11th Cir. 1988). This Court is obligated to dispose of on procedural grounds claims like the one raised here by Smith, where and whenever possible. See Jones v. White, 992 F. 2d 1548, 1565-1566 (11th Cir. 1993). Unless he is able to establish "cause" and "actual prejudice" for his failure to properly pursue these claims through the state courts, this Court should not now consider the merits of Smith's procedurally defaulted claim,. See Harris v. Reed, 489 U. S. 255, 258, 109 S. Ct. 1038, 103 L. Ed. 2d 308 (1989); Coleman v.

Thompson, 501 U. S. 722, 750, 111 S. Ct. 2546, 115 L. Ed. 2d 640 (1991). Respondents do not believe Smith will be able to make this showing.

B.

Merits defenses (continued)

22. **Ineffective assistance of trial counsel.** The United States Supreme Court's decision in Strickland v. Washington, 466 U. S. 668, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984), is the controlling legal authority to be applied to an ineffective assistance of counsel. Robinson v. Moore, 300 F. 3d 1320, 1343 (11th Cir. 2002). To prevail on a claim of ineffective assistance of counsel under Strickland, a petitioner must show both "incompetence" and "prejudice". Chandler v. United States, 218 F. 3d 1305, 1312 (11th Cir. 2000) (*en banc*), *cert. denied*, 531 U. S. 1204, 121 S. Ct. 1217, 149 L. Ed. 2d 129 (2001).

In Ex parte Hill, 591 So. 2d 462, 463 (Ala. 1991), the Supreme Court of Alabama held that a judge who presided over a trial, or other proceeding, and who observed the conduct of the attorneys at those proceedings, need not hold a hearing on the effectiveness of the attorneys involved in the proceedings, based upon the conduct that he or she observed. Whether a criminal defendant has received the effective assistance is a mixed question of law and fact, and is subject to de novo review. *See* Bolender v. Singletary, 16 F. 3d 1547, 1558 at n. 12 (11th Cir. 1994).

a. <u>**RE: failure to call Dr. Kim as witness.**</u> Smith's defense at trial was that the victim, Annette Thomas, was a spurned lover who made up the accusation of rape against him when she found out that he (Smith) was not going to leave his wife and family for her (Thomas). Smith argues that a co-worker, Dr. Robert Kim, could confirm not only that Smith and Thomas were "an item", but that they had gone so far even as to make preliminary plans concerning moving to Washington, DC together. Smith contends that, by offering corroborating proof of the relationship with Annette Thomas, his "spurned lover" defense would have been enhanced.

Witnesses at trial testified that Annette Thomas presented at the hospital with a swollen face, a black eye, and scratches. [See **Respondents's Exhibit 1**, at C. 57]. Forensic testing found blood on her bra, and blood under her fingernails. [See **Respondents's Exhibit 1**, at C. 66]. Under these circumstances, even *had* Smith been able to produce a witness to corroborate his claim that he and Annette Thomas had had a sexual relationship, Smith cannot show that the outcome of his trial would have been any different because of this witness.

b. <u>**RE: failure to present an insanity defense.**</u> Smith also contends that his trial counsel was ineffective for failing to help him back an insanity defense. In this case, however, electing not to claim insanity was not an act of deficient representation. Smith's defense was that his sex with Annette Thomas was consensual. An insanity

defense would have been inconsistent with Smith's main theory of his case. Trial counsel was not deficient for choosing not to put on conflicting defenses.

WHEREFORE, PREMISES CONSIDERED, this Court should deny the petition and the relief requested herein by Smith, either on the grounds that Smith's claims are procedurally defaulted, or on the grounds that they are without merit.

Respectfully submitted,

Troy King (KIN047)
*Attorney General*
By:


/s/ Stephen N. Dodd
Stephen N. Dodd
*Assistant Attorney General*
ID #ASB-6492

## CERTIFICATE OF SERVICE

I hereby certify that on this 6th day of February, 2006, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, and I hereby certify that I have mailed by United States Postal Service the document to the following non-CM/ECF participants: Melvin Smith, AIS #204766, P. O. Box 5107, Union Springs, AL 36089.

s/ Stephen N. Dodd
Stephen N. Dodd (ASB-6492)
*Assistant Attorney General*
Attorney for Respondents
Alabama Attorney General's Office
11 South Union Street
Montgomery, AL 36130
Telephone: 334-242-7378
Fax:       334-242-2848
E-mail:    sdodd@ago.state.al.us

ADDRESS OF COUNSEL:
Office of the Attorney General
Criminal Appeals Division
11 South Union Street
Montgomery, AL 36130
(334) 242-7300

88184/81910-001