IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

MELVIN SMITH, AIS #166695,            )
                                      )
                                      )
                                      )
    Petitioner,                       )
                                      )
VS.                                   )   CIVIL ACTION NO.
                                      )   3:05-CV-0470-MHT
                                      )
ARNOLD HOLT, et al.,                  )
                                      )
    Respondents.                      )

**FIFTH SUPPLEMENTAL ANSWER**

V.

**Respondents' arguments** (continued)

In support of their defenses, Respondents submit the following arguments:

A.

Procedural defenses (continued)

21.1 **Actual innocence as "miscarriage of justice" excuse for procedural default.** The Habeas Corpus Act of 1867 was a piece of federal "Reconstruction" legislation. *See* Daniel M. Bradley, Jr., *Schlup v. Delo: The Burden of Showing Actual Innocence in Habeas Corpus Review and Congress' Efforts at Reform*, 23 New Eng. J. on Crim. & Civ. Confinement 463, 464 (1997). As such, the habeas

process places an *initial* burden on the states to explain to the federal courts why their criminal convictions do not violate the United States Constitution. See Mark M. Oh, *The Gateway of Successive Habeas Petitions: An Argument for* Schlup v. Delo's *Probability Standard for Actual Innocence Claims*, 19 Cardozo L. Rev. 2341, 2343 (1998). A state inmate who can make a colorable showing that, in the light of the protections of the United States Constitution, his state conviction was a "miscarriage of justice"[1], may obtain federal review of his otherwise procedurally defaulted habeas claims.

In order to make a showing of actual innocence, a petitioner must first come forward with "new reliable evidence" proving his innocence which was "not presented at trial." Johnson v. Nagle, 58 F. Supp. 2d 1303, 1353 (N. D. Ala. 1999), citing Schlup v. Delo, 115 S. Ct. 851 (1995). The petitioner must then "show that it is more likely than not that no reasonable juror would have convicted him in light of the new evidence." Schlup, 115 S. Ct. at 867. In the miscarriage of justice context, this involves demonstrating that, absent the independent constitutional error, he or she would likely have been found innocent of the crime or of the penalty. Id., 115 S. Ct. at___. This two-part burden is borne entirely by the habeas petitioner. Id., 115 S. Ct. at_861.

---

[1] Hereinafter, the concept of "miscarriage of justice" will be referred to as "actual innocence".

Here, Smith's claim is that he has a history of mental problems, and that, at the time of his conviction, he was not mentally fit to stand trial. Because his defense counsel did not request that his mental state be evaluated prior to trial, and because the trial court did not *sua sponte* cause such an evaluation to take place, a person not mentally fit to stand trial was convicted, in contravention of Due Process clause of the United States Constitution.

In Smith v. Newsome, 876 F. 2d 1461 (11th Cir. 1989), the Eleventh Circuit United States Court of Appeals looked at a situation like Smith's. There, too, Gene Smith argued that, at the time of hi trial, *he* was not mentally competent. The Court held:

> . . . (W)e have read the transcript of Gene's state habeas hearings where Gene spoke for himself. Although he did not perform at these hearings as a competent lawyer would, his performance appears rational in every way: he knew where he was; he knew why he was in court; he stated his contentions plainly; the contentions were not absurd; and he responded directly to questions. In these circumstances, Gene's general mental condition is not legal cause for his default.

876 F. 2d at 1466-67.

The same thing can be said of Melvin Smith's claims. The Court has the transcript of Smith's state court trial before it. [*See* **Respondents's Exhibit 1**] A review of the transcript will revel that, though it may not have been a *smart* thing for Smith to seek to represent himself, it was not a *crazy* thing.

WHEREFORE, PREMISES CONSIDERED, this Court should deny the petition and the relief requested herein by Smith, either on the grounds that Smith's claims are procedurally defaulted, or on the grounds that they are without merit.

        Respectfully submitted,

        Troy King (KIN047)
        *Attorney General*
        By:

        /s/ Stephen N. Dodd
        Stephen N. Dodd
        *Assistant Attorney General*
        ID #ASB-6492

## CERTIFICATE OF SERVICE

I hereby certify that on this 21st day of April, 2006, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, and I hereby certify that I have mailed by United States Postal Service the document to the following non-CM/ECF participants: Melvin Smith, AIS #204766, P. O. Box 5107, Union Springs, AL 36089.

s/ Stephen N. Dodd
Stephen N. Dodd (ASB-6492)
*Assistant Attorney General*
Attorney for Respondents
Alabama Attorney General's Office
11 South Union Street
Montgomery, AL 36130
Telephone: 334-242-7378
Fax:         334-242-2848
E-mail:    sdodd@ago.state.al.us

ADDRESS OF COUNSEL:
Office of the Attorney General
Criminal Appeals Division
11 South Union Street
Montgomery, AL 36130
(334) 242-7300

124084/81910-001