IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| Melvin Smith # 204766 )<br>Petitioner ) | |
| ) | Civil Action 3:05-CV-470-MHT |
| vs. ) | |
| Arnold Holt, et. al., )<br>Respondents ) | |

Response to Order

    Comes now petitioner Melvin Smith, Pro-Se in responding to the court's order dated April 24, 2006 and the respondents brief dated April 21, 2006. The petitioner Melvin Smith was denied his fundamental constitutional rights guaranteed by the U. S. Constitution and in violation of the same (see Faretta V. California 422 U. S. 806 (1975)) Glass V. State [MS-CR-03-0136; April 30, 2004 Ala. Crim. 2004) Riggins v. Nevada, 504 U. S. 127 (1992).

    The Respondents contend that the petitioners' claims are procedurally defaulted. The United States Supreme Court has recognized that a habeas petitioners' failure to comply with procedural requirements may be excused in narrow category of cases the court has deemed "fundamental miscarriages of justice". Coleman v. Thompson, 504 U.S. 722,750 (1991). A fundamental miscarriage of justice occurs when a constitutional violation "probably has caused the conviction of one who is actually innocent of the crime." Schlup v. Delo, 513 U.S. 298,325 (1995). A claim of actual innocence is a "gateway through which a habeas petitioner must pass to have his otherwise barred constitution al claim considered on the merits. "Schlup v. Delo, id. At 315 (quoting Herrera v. Collins, 506 U.S. 390, 404 (1993). When an individual makes a colorable claim of actual innocence, courts will forgive procedural defaults and hear the habeas petition.

    A person is "actually innocent" of a crime if it is "more likely than not that no reasonable juror would have convicted" the person of the underlying offense. Schlup V. Delo, 513 U.S. at 327. A petitioner must also establish that absent independent constitutional error, he or she would likely have been found innocent of the crime or penalty. Calderon v. Thompson, 523 U.S. 538 (1998). To be credible, "a claim of actual innocence must be based on reliable evidence not presented at trial id. (quoting Schulup V. Delo, 513 U.S. A324) (internal quotations omitted). Although the "prototypical example of "actual innocence"... is the case where the state has convicted the wrong person of the crime, "the exception is equally applicable where, as here, the state has charged a person with the wrong crime.

Sawyer v. Whitley, 505 U.S. 333, 339-41 (1992). As the Eighth Circuit recognized in Jones v. Delo, 56 F. 3d 878 (8th Cir. 1995), one is also actually innocent if the state has the "right" person but he is not guilty of the crime with which he is charged." Although an actual innocence exception is not included in AEDPA'S plain language, its' existence necessarily follows from its' application in the context of procedural default cases. As one District Court has stated the "Actual innocence exception to AEDPA'S statue of limitations is a logical extension of the rule that a habeas petitioner may circumvent a procedural default by proving his actual innocence." O'neal v. Lampert, 199 F. Supp. 2d 1064, 1066-67 (D. OR. 2002). In both arenas, an actual innocence exception balances the "societal interests in finality, comity, and conservation of scarce judicial resource with the individual interest in justice that arises in the extraordinary case." Schlup v. Delo, 513 U.S. AT 324' see also Jake Sussman, note: Unlimited innocence: Recognizing an "actual innocence" exception to AEDPA'S statue of limitations, 27 N.Y. U. REV. L. and SOC. Change 343, 387, (2001-02) ("The Power of habeas corpus courts to vindicate an innocent prisoner's right to freedom and liberty has long been justified by the court, and is now sewn firmly into the fabric of habeas corpus jurisprudence.") The recent Eleventh Circuit opinions support the existence of an "actual innocence" exception to AEDPA'S statue of limitations.

  In Wyzykowski v. Singletary, the court noted in dicta that denying an actual innocent petitioner's claim of habeas corpus would raise concerns regarding justice and present a serious issue about AEDPA'S constitutionality under the suspension clause. 226 F. 3d 1213, 1218 (11th Cir. 2000) The Wyzykowski court avoided directly resolving the issue, however, by remanding the case to determine if the petitioner was indeed actually innocent. Id., at 1219. Recent District court cases in this circuit apply the actual innocence doctrine without questioning its' applicability, thereby implicitly recognizing its' validity. See e.g., Sibley v. Culliver, 243 F. Supp. 2d 1278 (M.C. Ala 2003), Aff'd No. 03-11604, 2004 WL 1620831 (11th Cir. July 21, 2004) (finding the petitioner failed to demonstrate that newly discovered evidence would prove that he is actually innocent and therefore, failed to provide a basis for the court to conclude that the AEDPA statue of limitations should be equitably tolled). Which is not the case in Melvin Smith Habeas Corpus petition, but it was the contention of the state from their initial response that the petitioner's habeas corpus petition should be dismissed because of the AEDPA statue of limitations had run out; that being their first opportunity to raise that the petitioner had procedurally defaulted his claims. The state instead went on to maintain its' AEDPA statue of limitations argument; therefore waiving the procedural default assertions which were made for the first time ten (10) months after the filing of Melvin Smith's habeas corpus petition and seven (7) months after the states initial response was due. See e.g. Jones v. Nagle, 349 F. 3d 1305, 1308 (11th Cir. 2003) ("the state has waived its opportunity to assert this argument now.") see also Caver v. Straub, 349 F. 3d 340, 345-46 (6th Cir. 2003) (Rejecting, as waived, state's assertion of procedural default which was made for first time on appeal after state lost on merits of claim in district court): Stewart v. Hendricks, 71 Fed. Appx. 904, 906, 2003 U.S. App. Lexis 14516, at 7-8 (3d Cir. July 18, 2003) "The U.S. Supreme court has held that federal courts are not required to address a procedurally defaulted issue before deciding against a petitioner on the merits, see Hudson v. Jones, 351 F. 3d 212 (6the Cir. 2004)

  In Schriro v. Summerlin, 124 S. Ct. 2519, 2528 (2004) (Breyer, J., Joined by Stevens, Souter and Ginsburg, JJ., dissenting) ("Great Writ's basic objectives" include "protecting the innocent against erroneous conviction"); Dretke v. Haley, 124 S. Ct. 1847, 1853, 1854

(2004) (Stevens, J, dissenting) (Habeas corpus is, and has for centuries been, a 'bulwark against convictions that violate fundamental fairness.'") In a society devoted to the rule of law, the difference between violating or not violating a criminal statue can not be shrugged aside as a minor detail.") Justice Kennedy said in Dretke v. Haley, Supra 124 S. Ct. at 1856. It is in this context that the petitioner has petitioned this honorable court seeking relief of his conviction of first degree rape wherein he was tried unfairly, denied due process and equal protection clause of the U.S. Constitution in violation of the same; and those constitutional violations which as a whole occurred in this instant case has led to the conviction of an "actual innocent" man. If this honorable court will be so patient as to allow the petitioner the opportunity to show how the Russell County Circuit court violated Melvin Smith's U.S. Constitutional rights, but how it was so obvious and grievous that at each stage of the cause the state has resorted to unlawful tactics, and even false findings of the facts to cover-up this "miscarriage of justice." The petitioner will also show evidence of DNA to support these facts not presented at trial because the prosecution suppressed evidence favorable to the petitioner in violation of due process in order to get a conviction: Brady v. Maryland,373 U.S. 83 (1963) (see exhibits 1a-8a). Also while petitioner Melvin Smith was being held in the Russell County jail for a bad check or the legal term negotiating a non-negotiable instruments two detectives, Mr. Lon Russell and Mr. O'steen, interrogated petitioner without any counsel being present and without any type of waiver in violation of the U.S. Constitution see Miranda v. Arizona 384 U.S. 436, 16 L. Ed 2d 694, 86 S. Ct 1602. U.S. 436, 16 L. Ed 2d 694, 86 S. Ct 1602, Also see Butler v. McKellar 494 U.S. 407 (1990). As this honorable court can now see where the problems first began to manifest, the petitioner being on Psychiatric medications, and also without food while on insulin at the time was being unconstitutionally interrogated by the state and this is how the false statements that detective Lon Russell wrote down were brought into this case and have caused an "actual innocent" man to be convicted. The statement that petitioner said he had consensual sex was added by the detective; Melvin Smith never made such a statement. Petitioner being without food and psychiatric meds for paranoid schizophrenia, and other diagnosed mental illnesses (see mental health record already sent with habeas corpus petition) and as this honorable court is well aware of a diabetic who has been withheld food can become disorientated and mentally unaware of what is being said or done in his presence; see Riggins v. Nevada 504 U.S. 127 (1992) had the circuit court of Russell County not allowed this unconstitutionally obtain statement which contained false entries made by agent of the state in violation of the U.S. Constitution, also see Liteky v. U.S., 510 U.S. 540 (1994)-Arizona v. Fulminante, 499 U.S. 279 (1991). This prejudicial behavior by the court denied the petitioner a fair trial, aided the constitutional violations of the detectives, and has allowed a false statement now to be heard by the jury under the pretense that Melvin Smith made these statements which simply is not true. If this honorable court will continue to bear the facts in this cause the only thing the petitioner told the detectives was that he had oral sex with Annette Thomas. There was never any penetration during that incident as the rape kit which was never introduced into evidence and DNA if tested would have shown, but this was deliberately withheld to deceive the jury, and to convict petitioner of First Degree Rape instead of sexual misconduct, therefore furthering this miscarriage of justice and the conviction of an "actual innocent" man. Although the "Prototypical example of "actual innocence"… is the case where the state has convicted the wrong person of the crime, "the exception is equally applicable where, as here, the state has charged a person with the wrong crime, see Sawyer v. Whitley, 505 U.S.

333, 339-41 (1992). As the Eighth Circuit recognized in Jones v. Delo, 56 F. 3d 878 (8th Cir. 1995) [O]ne is also actually innocent if the state has the 'right' person but he is not guilty of the crime with which he is charged."

    The circuit court of Russell County after petitioner was released on bond January 28, 1997; on march 18, 1997 the petitioner was arraigned without the benefits of being represented by counsel. Why would the circuit court of Russell County at this critical stage of the proceedings not appoint counsel, already having in their possession a signed affidavit of substantial hardship, and the opportunity to oblige justice in a fair and lawful manner, instead looked for the alternative and opportunity to rail-road an "actual innocent" man. So the court on April 29, 1997 had the petitioner to report (see trial transcript pg 16-17). The petitioner reported to court and the judge compelled the petitioner to represent himself denying him an attorney at this critical stage (the arraignment) in order to further violate the petitioners 6th amendment of the U.S. Constitutional rights, and to stack the deck in favor of the prosecution. See Hamilton v. Alabama 368. U.S. 52(1961). Strickland v. Washington, 466 U.S. 668(1984) ex part Arthur 711 So. 2d 1097 (Al. 1997).

    The Alabama court of criminal appeals through inadequate and unsupported state fact findings says in its memorandum opinion of August 20, 2004 at page #3 in footnote #2 "we also note that our record indicate, and Smith admits in his petition, that he was represented by counsel from arraignment to sentencing; this petitioner had no counsel at the arraignment stage which is a critical stage of the proceeding in violation of the U.S. Constitution. See Hamilton v. Alabama 368 U.S. 52 (1961) 7 L ed 2c 114, 82 S. Ct 157. Under Alabama law the arraignment is a critical stage in a criminal proceeding, because, if the defense of insanity is not then pleaded, it may not be pleaded thereafter except in the trial judge's discretion, the importance of the arraignment in the present petitioners case is that he was a mentally ill defendant in need of the trial court's and the equal protection clause of the U.S. Constitution; the Russell County Circuit Court knowing Melvin Smith's was under psychiatric care, and being treated with mind-altering medications violated petitioner's constitutional rights and Alabama law, the circuit court already being aware that the petitioner could not know the importance of his arraignment nor was he properly advised, and because of these facts the consequence has been the conviction of an "actual innocent" man. Under Federal law it is a sine qua non to the trial itself because it is the preliminary stage where the accused is informed of the indictment and pleads to it, thereby formulating the issue to be tried. Again there is no waiver form appearing in the reporter's transcript or a colloquy between the petitioner and the court, to show that the petitioner was even able to make a literate, competent, and understanding at this critical stage of the proceeding. The criminal court of appeals goes on to say in itsAugust 20, 2004 opinion again with inadequate and unsupported fact findings and totally contrary to the record with unreasonable determination that "apparently, the Russell County Circuit Court clerk at one point mistakenly noted on a form that Smith represented himself, and he has been trying to use this as a way to present yet again a mental competency claim"... see Taylor v. Maddox, 366 F. 3d 992, 1000, 1014 (9th Cir. 2004) at 999 (section 2254 (d) (2)'s 'unreasonable determination" clause...applies most readily to situations where petitioner challenges the state court's finding based on the state record'"). Taylor v. Maddox, Supra, 366 F. 3d at 999 (section 2254 (d) (2)'s "'unreasonable determination' clause... applies most readily to situations where petitioner challenges the state court's finding based on the state record'"). Taylor v. Maddox, supra, 366 F. 3d at 999 attached to the petitioner's habeas corpus petition (as was also attached to Melvin Smith's

4

application for rehearing) is the Russell County Circuit Court's written order of February 14, 2002, where the trial court Judge, not the clerk stated that Smith elected to represent himself at trial: (see court's order of February 14, 2002) The state appellate courts "unreasonable determination" "that the circuit clerk at one point mistakenly noted on a form that Smith represented himself, and has been trying to use this as a way to present yet again a mental competency claim," the record clearly shows that it was not Smith the petitioner who stated this, but it was the trial court's Judge Greene; furthermore the state has never addressed the petitioner's mental competency claim at any time constantly avoiding to address it on it merits, only saying in a September 20, 2002 memo random on page 3 Part III "the circuit court specifically stated that claims regarding his mental status were not properly before that court because he had not raised them in his original petition. Therefore, these claims are not properly before this court, and the law is clear and well settled "in order for a claim, petition (issue) to be procedurally defaulted, the state must plead that the prior petition or claim had been adjudicated on its merits; which has not been done in Melvin Smith's case, the state has failed to address the petitioners' mental competency claim which when taken with the denial of counsel at the arraignment stage begins to manifest the violations that the Russell County Circuit Court of criminals appeals, and Alabama Supreme court sought to cover up with "unreasonable determination of the facts in light of the evidence that was presented at the state court evidentiary hearing", state appellate court's determination that "there was 'overwhelming evidence of Hall's guilt' independent of [improperly admitted evidence]" Also was "unreasonable determination in light of the evidence presented at Hall's trial"). See Hall v. Director of Corr., 334 F. 3d 976, 983, 984 (9th Cir. 2003) (per curiam) see also Norton v. Spencer, supra, 351 F. 3d 1, 7 (1st Cir 2003), cert denied, 124 S. Ct. 2876 (2004) at 7. Bradley v. Duncan, 315 F. 3d 1091, 1096-98 (9th Cir. 2002), cert denied, 124 S. Ct. 412 (2003) Miller v. Dormire, 310 F. 3d 600, 603-04 (8th Cir. 2002) Alexander v. Cockrell, 294 F. 3d 626, 630-31 (5th Cir. 2002) (per curiam). In light of the opinion of the Alabama Court of Criminals Appeals on September 20, 2002 memorandum opinion which has aided the continual incarceration of an "actual innocent petitioner. As stated, there is no where in the record where the trial court informed Melvin Smith of the dangers of self-representation and the record clearly show where the trial court judge, not the circuit clerk stated that the petitioner elected to represent himself at trial: The state is saying that the mental competency issue has been adjudicated on the merits (look at August 20, 2004 memorandum opinion, and September 20, 2002 memorandum opinions). Montoya v. State, 580 So. 2d 150 (Ala. Crim. App 1991). Blount v. State, 572 So. 2d 498 (Ala. Crim. App. 1990). Taylor v. State, 741 So. 2d 458 (Ala. Crim. App. 1999).

  The claim of mental competency is a substantive due process claim that is not subject to any of the procedural limitation periods. Ford v. State, 783 So. 2c 895 (Ala. Crim. App. 1999). Glass v. State: [MSCR-03-0136, April 30, 2004]___ so. 2d___ (Ala. Crim. App. 2004)… See also Ford v. State 831 So. 2d id at 641 (Ala. Crim. App. 2001). Faretta V. California, 422 U.S. 806, 45 L ed 2d 562, 92 S. Ct 2525. Nelson v. Alabama 292 F. 3d 1221 (11th Cir. 2002) and United States v. Cash 47 F. 3d 10 (11th Cir. 1995) also ex part Arthur, 711 So. 2d 1097 (Al. 1997) Ford v. State 515 So. 2d 34 (Ala. Crim. App. 1986) In the present case, the missing portions of the transcript is essential to show this honorable court how through the Russell County circuit courts deliberate intentions to cover up the violations of the petitioners U.S. Constitutional rights 4th, 5th, 6th, and 14th amendments of the U.S. Constitution and in doing so have caused the unlawful confinement of the petitioner an actual

5

innocent man. The missing portions of the transcript have served to violate and deny the petitioner the opportunity to show this honorable court how this was not a fair and impartial jury; Melvin Smith was denied a full and complete trial transcript: pursuant to the court reporters act, this was done to further aid in the conviction of an actually innocent man, directly violating the U.S. Constitutional rights of the petitioners due process, 4th, 6th, and 14th amendments of the Constitution of the United States, because these missing portions of the trial transcript will show this honorable court through malicious and prejudicial conduct in violation of the U.S. Constitution, the Alabama Supreme Court, The Federal District Court as well as the United States Supreme Court has held; "Where a criminal defendant is represented on appeal by counsel other than the attorney at trial, the absence of a substantial and significant portion of the record, even absent any showing of specific prejudice or error is sufficient to mandate a reversal." The Voir Dire examination of the petit jury are missing where one juror responded in the affirmative when asked whether she or a close friend or relative had ever been the victim of rape, this juror went on to serve on the jury, and this prejudice the petitioners' trial and this was error on the Russell County Circuit court to allow this juror to serve on the petitioners' jury again aiding in the conviction of an actually innocent man, this juror who had been the victim or close friend or relative of the same type of crime that the petitioner was being tried for: see Sitrone v. U.S., 341 F. 2d 353-85 S. Ct 1446 381 U.S. 902, 14 L. Ed 284 Also see U.S. v. Hanna, 21 F. 3d 42 (4th Cir. 1994). Sneed v. U.S., 527 F. 2d 590, 591 (4th Cir. 1975) these missing portions of the trial transcript serve in aiding miscarriages of justice in placing a juror on the jury who would surely find the petitioner guilty of rape because of her biased experience and this aided the trial court to cover up it's errors by concealing these portions of the record causing an actual innocent man to be convicted if these violations had not happened the outcome of the trial would have been different. The petitioner has been prejudice by these missing portions of the record because his fundamental constitutional rights have been violated, and it is a well established and regurally followed rule of law: see ex part Godbolt 546 So. 2d 991 (Al 1987) U.S.V. Preciado, 981 f. 2d 1206 (11th Cir. 1993) 28 U.S.C.A. 753 (b) also in Hansen v. U.S., 956 F. 2d 245 (11th Cir. 1992), the 11th Circuit Court of Appeals went on to say "denying access to court files to prisoners given the statutory inspection right granted by 28 U.S.C.A. 753 (b) works an invidious discrimination which can not past muster under the United States Constitutions equal protection of the (5th) Fifth Amendment due process clause when the important substantial right of access to the court is implicated, these many portions also cover up the Asst. District Attorney Max Smith's remarks calling Melvin Smith a rapist, and a liar during closing arguments to the jury in violation of the American bar Association A.B.A. standard of criminal justice 358 (b). Why would this trial court fail to transcribe the entire record in this case, except to hide its conduct and to rail-road Melvin Smith the petitioner and cover up the prosecutor misconduct, U.S. v. Russell 411 U.S. 423 (1973) also the prosecutor knowingly used perjured testimony to convict petitioner in violation of petitioners right to a fair trial, U.S. v Bagley 473, U.S. 667 (1985) Napue v. Illinois, 360 U.S. 264 (1959). The petitioner Melvin Smith was denied a fair trial because of prosecutor's misstatements of the facts causing an actual innocent man to be convicted, Berger v. U.S., 295 U.S. 78 (1935). Prosecutor misconduct deprived Melvin Smith of his U.S. Constitutional rights because the prosecutor withheld favorable DNA evidence, Darden v. Wainwright 477, U.S. 168 (1986). The petitioner an actual innocent was based on evidence insufficient to establish guilt beyond a reasonable doubt denying him a fair trial, Jackson v.

Virginia 443 U.S. 307 1979) Melvin Smith an actual innocent man was convicted because the prosecutor made material witnesses unavailable. Chief Jay King, Officer Ray Tapley both of the Hurtsboro police Dept. who investigated the case from the onset and had over 50 years of law enforcement experience both were prepared to testify that they did not believe Annette Thomas under oath, in violation of due process, see U.S. v. Valenzuela-Bernal, 458 U.S. 858 (1982) U.S. v. Goodwin 457 U.S. 368 (1982) Kyles v. Whitley, 514 U.S. 419 1995) Brady v. Maryland, 373 U.S. 83 (1963). The prosecutor deliberately misled the defense about the witnesses and evidence it intended to introduce denying Melvin Smith due process, see Grey v. Netherland, 516 U.S. 152 1996). The prosecutor Max Smith, in bad faith failed to collect (preserve) evidence potentially favorable to the petitioner an actual innocent man, see Arizona v. Youngblood, 488 U.S. 51 (1988) (Also see exhibits 1a-8a attached here to some on front and back). The prosecutors conduct and continuous violations caused Melvin Smith an innocent man to be convicted for rape in the first degree which otherwise he would not have been convicted of had the jury known about the evidence and had not the trial court admitted inadmissible evidence which should not have been admitted, Miranda v. Arizona, 384 U.S. 436 (1966) Escobedo v. Illinois, 378 U.S. 478 (1964) Schlup v. Delo 513 U.S. 298 (1995) "To be credible, a claim of actual innocence must be based on reliable evidence not presented at trial. (Not a paranoid schizophrenia diagnosed mental ill person statement coerced under duress). This is how the petitioner an actual innocent man is still being held in violation of the U.S. Constitution, but now the petitioner will show this honorable court some more evidence of why he the petitioner was subject to this grievous miscarriage of justice by the ineffective assistance of counsel, who had he investigated the charge and had he not been laboring under a prejudicial conflict of interest which cause the petitioner to be convicted of first degree rape the petitioner being "actually innocent". As the court will see from the exhibits already sent in this case (see exhibit of September 20, 2002; August 20, 2004; see appellate brief of August 26, 2002) the state contends that they have already adjudicated the petitioners' ineffective assistance of counsel claims (also see trial courts' February 14, 2002 order) but they have failed to clearly do so, in one of the state's briefs on August 26, 2002 on page 10 the state says Smith knowingly and voluntarily elected to represent himself at trial, then in its September 20, 2002 the Alabama Court of Criminal Appeals on page #2 part II does not adjudicate the ineffective assistance of trial counsel claim on its merits, and in its August 20, 2004 memorandum again does not adjudicate this claim but simply says in the memorandum on page 3 paragraph #2 that Smith ineffective assistance of trial counsel is precluded, therefore again the state has tried to mislead this honorable court by contending that this habeas petition is procedurally defaulted but claims of ineffective assistance "are not procedurally barred", see Smith v. Mullin, 2004 U.S. App. Lexis 15635, at 12 (10th Cir. July 29, 2004) Clinkscale v. Carter, 375 F. 3d 430, 441 (6th Cir. 2004) (no procedural default of ineffective assistance of counsel claim that was raised on direct appeal and that appellate court declined to review because of court's preference to hear such claims in post conviction proceedings.): Hollaway v. Horn, 335 F. 3d 707, 713 (3rd Cir. 2004) Hollaway v. Horn, supra at 707-18: Pirtle v. Morgan, 313 F. 3d 1160, 1168 (9th Cir. 2002), cert denied, 539 U.S. 916 (2003) (Relying on Ylst v. Nunnemaker, supra, to hold that state's "re-litigation rule does not serve as a bar to habeas review").

    The ineffective assistance of trial counsel is the very reason the petitioner is incarcerated, and the petitioner is actually innocent, the petitioner's 6th amendments of the U.S. Constitution having been violated by his trial counsel Greg Graham whose failure to

investigate caused an actual innocent man to be convicted, Horn v. Zant, 941 F. 2d 1449 (11th Cir. 1991)...Davis v. Angels, 200 U.S. District Lex 3259. Furthermore the trial counsel Greg Graham working with the Asst. District Attorney in a conflict of interest because they grew up together as childhood friends, did advise the petitioner Melvin Smith to say that he had sexual intercourse with Ms. Annette Thomas on the morning of the alleged incident when in fact the petitioner did not have sexual intercourse, but only performed oral sex, therefore Melvin Smith an actual innocent man's conviction was obtained as the result of his trial counsel's knowing use of perjured testimony, petitioner was denied effective assistance of counsel and a fair trial, Strickland v. Washington, 466 U.S. 668 (1984) also see Nix v. Whiteside, 475 U.S. 157 (1986). Petitioner an actual innocent man was denied due process, effective assistance of counsel in violation of the 6th Amendment of the U.S. Constitution as a result of the cumulative errors of his trial counsel, error that, although not prejudicial individually, are cumulatively prejudicial see Mak v. Blodgett, 970 F. 2d 614 (9th Cir. 1992) apply Strickland v. Washington, 466 U.S. 668 (1984) Greg Graham aided the prosecution by his soliciting testimony about a knife and wallet that was never introduced into evidence nor even existed causing an actual innocent man to be convicted through his ineffective assistance, giving the jury unsupported and prejudicial hearsay evidence denying the petitioner his 6th amendment right, Douglas v. Alabama, 380 U.S. 415 (1965) Dutton v. Evans, 400 U.S. 74 (1970). Greg Graham failed to subpoena key witnesses and expert testimony which had he done the petitioner would not have been convicted, (see exhibits 1a-8a) Chief Jay King and Officer Ray Tapley have worked in law enforcement over fifty (50) years and would have testified that they believed Annette Thomas was lying about being raped, and Dr. Robert Kim would have corroborated the petitioners testimony showing the jury Melvin Smith was not lying causing a different outcome at trial and their testimony was vital in showing that petitioner was actually innocent. Because Greg Graham was laboring in conflict of interest he failed to subject the prosecution's case to meaningful adversarial testing; see Strickland v. Washington, supra at 694 "Counsel's function is to assist the defendant and hence counsel owes the client, a duty of loyalty, a duty to avoid conflicts of interests, see Cuyler v. Sullivan, 64 L ed 2d 333, 100 S. Ct 1708 at 346, Powell v. Alabama, 287 U.S. at 68-69 77 L ed 158, 53 S. Ct 55, 84 ALR 527. McMann v. Richardson, 397 U.S. 759, 771, N14, 25 L ed 2d 763 90 S. Ct 1441 (1970). In Melvin Smith habeas corpus petition and throughout his post conviction claims for relief he has present this claim but the trial court and appellate courts have not adjudicated it on the merits, ineffective assistance of counsel is a jurisdictional claim not subject to any procedural bars or preclusions which the state is contending is this cause which is before the court, it would be obvious that the Russell County Circuit judge appointed Greg Graham to this case in order to deprive petitioner of a fair trial; Mr. Graham had never tried a rape case; why was he appointed? Because the court wanted to convict Melvin Smith of rape first degree therefore by appointing trial counsel Greg Graham to represent the petitioner, Asst. District Attorney Max Smith's childhood friend, someone to help him get a conviction of an actual innocent man that being the reason and that is why he did not investigate, nor do what effective counsel is supposed to, Strickland v. Washington, 466, U.S. 668 (1984) Schlup v. Delo, 513 ULS. 298 (1995). Also appellate counsel was ineffective for his failure to file on direct appeal ineffective assistance on trial counsel, therefore causing the issue to be preclude by state statue because of appellate counsel Richard Chancey's deliberate failure to raise this on direct appeal which he was hired to do in violation of petitioners 6th amendment, Douglas v.

California, 372 U.S. 353 (1963). Mr. Richard Chancey was paid five (5) thousand dollars to perfect a direct appeal which he did not do, appellate counsels' ineffectiveness is the cause of the procedural default if there is one for his failure to secure a complete trial transcript, pursuant to Alabama rules of appellate procedure rule 10 (g), (28 U.S.C. 753 (b) appellate counsel had many more viable and stronger issues to raise than he did on appeal denying the petitioner an actual innocent due process and equal protection of law pursuant to the 6th and 14th amendments of the U.S. constitution, see Evitis V. Lucey 83 L ed 2c 821, ex part Wilhite, 485 So. 2d 787, 789 (Al. 1986) see also Grey v. Greene, 778 F. 3d 350 (11th Cir. 1985). Bryant v. State, 793 So. 2d 1138 (Ala. Crim. App 1998). Payne v. State, 791 So. 2d 383 (Ala Crim. App. 1999).

    In O'Sullivan v. Boerckel, 526 U.S. 838, 119 s. Ct 1728, 144 L. ed 2d 1(1999) 28 U.S.C.S. 2254 (c) " the question presented requires only that state prisoners give state courts a fair opportunity to act on such prisoners' claims' because states courts like federal courts, are obliged to enforce federal law. Petitioner has given state courts a fair opportunity to act on his claims as required, Smith v. Jones, 256 F. 3d 1135, 1140-46, in accordance with existing case law the Federal claims in Melvin Smith petition were all raised in accordance with existing state procedure rules, and an actual innocent petitioner surely should not be punished for doing what is in resorting to the only means left to him in filing for his liberty this habeas corpus petition after giving the state a fair opportunity to address his claims which they have failed to do; in Teague v. Lane, 489 U.S. 288 (1989)" A prior state court procedural default does not bar consideration of a federal claim on either direct or habeas review unless the last state court rendering a judgment in the case clearly and expressly states that its judgment rests on a state procedural bar; however, with respect to a federal claim that is later raised in a federal habeas corpus proceedings, "this plain" statement rule (1) assumes that a state court has had the opportunity to address the claim; and (2) is an applicable to a case where the claim has never been presented to the state courts." In the instant case the fundamental fairness rule must be applied and any default be overlooked because Melvin Smith is as an "actual innocent" man and all of his claims are constitutional and his U.S. Constitutional rights are being violated by his incarceration, see Hollaway v. Haley 209 F. 3d 1243, 1254 N9 (11th Cir. ) cert. Denied 531 U.S. 1017 (2000) had the circuit court of Russell County given the petitioner a fair trial, trial and appellate counsel performed at the standard guaranteed by the U.S. Constitution, and had the prosecution not withheld and misled, suppress favorable evidence (see exhibits 1A-8A) and had not the trial court acted prejudicial by denying petitioner counsel at the arraignment, admitting inadmissible testimony and overlooking justice in violation of the petitioner 4th, 5th, 6th, 8th, and 14th amendments of the United Stated Constitution, Mackey v. U.S. 401 667, 692, 28 L Ed 2d 404, 91 S. Cr 1160 causing the conviction of an actually innocent man: (see also exhibits 1B-6B) (Affidavit In Support of Mandamus)

## "CAUSE AND PREJUDICE"

Had Russell County Circuit Court appointed counsel at arraignment stage of the proceedings which it failed to do, causing the competency claim to be precluded, but it was the courts' failure at the arraignment stage that caused this preclusion, thereby the petitioner was prejudiced.

Furthermore had appellate counsel filed ineffective assistance of counsel on direct appeal, the ineffective assistance claim would not have been procedurally defaulted, therefore the default has been caused by the ineffective assistance of appellate counsel's failure to preserve the claim by his failure to file ineffectiveness of trial counsel on direct appeal, and because the petitioner is incarcerated it has prejudiced him; neither of the petitioner's claims has been adjudicated on the merits, because the state has contended that they were precluded at every level, furthering this miscarriage of justice on an actual innocent man. See Hollaway v. Haley 209 F. 3d 1243, "constitutionally ineffective assistance of counsel can constitute cause for habeas petitioner's procedural default."

Respectfully Submitted

*Melvin Smith* #204766

Done this 5th day of September 2006

CERTIFICATE OF SERVICE

I hereby certify that I have mailed by United States Postal Service a copy to the following parties on this 5th day of September 2006:

C.C. Assistant Attorney General
Stephen N. Dodd
11 South Union Street
Montgomery, Al 36130

Office of the Clerk
United States District Court
P. O. Box 711
Montgomery, Alabama 36101-0711

*Melvin Smith #204766*
Melvin Smith # 204766
P. O. Box 5107
Union Springs, Al 36089