# Exhibit 1B - 6B

## AFFIDAVIT IN SUPPORT OF MANDAMUS FROM MAY 15, 2003

Petitioner request permission to send Exhibit 1C - 3C when he recieves them from the witness

done - September 13, 2006    Sincerely

Melvin Smith

Melvin Smith #204766

IN THE COURT OF CRIMINAL APPEALS

IN THE CIRCUIT COURT OF RUSSELL COUNTY

<u>MELVIN SMITH #204766</u>
Appellant,

VS.

<u>STATE OF ALABAMA</u>
APPELLEE,

COPY

CR.-02-0132
CR.-02-1248
CASE NO: CC97-95.61

## <u>AFFIDAVIT IN SUPPORT</u>
## <u>OF MANDAMUS</u>

Comes now Petitioner Melvin Smith pursuant to the Appropriate Rules and Authority Respectfully moves this Honorable Court and its Presiding Judge; The Honorable H.W. "Bucky" McMillian to order Trial Court to grant Melvin Smith's petition due to Court's plain and Reversable errors in this cause.

On Oct 25, 2002 Judge McMillian did order in CR.02-0132, CC97-95.61 transferred back to Russell County Circuit Court in which Circuit Court failed to obey or comply with order; therefore petitioner <u>Melvin Smith</u> respectfully ask for summary Judgement that CC97-95.61 be granted or that this case be sent back to the Trial Court with instructions to fix this case promptly. This case is clearly an unfair Trial and there are numerous violations of State and Federal Laws. The Circuit Court could have and should have corrected these when it had the opportunity instead of trying to shift the Responsibility of it's errors on

2. OF 5

Mr. Smith and denying documented facts that were presented to it (them) in the Record. THe Record clearly shows that . . .

Ⓐ Trial Court failed to provide Mr. Melvin Smith with an attorney during critical stages of the proceedings (Strickland vs. Washington)

Ⓑ Trial Court failed to inquire into Mr. Melvin Smith's competence (Mental Health Records clearly show that Mr. Smith had been diagnosed with a number of mental illnesses prior to, during and after proceedings.

Ⓒ Trial Court failed to conduct a hearing to see if Mr Smith could knowingly and intelligently understand that He was waiving his Right to counsel (Due process violation)

Ⓓ THe waiver was invalid and defective according to State and Federal LAWS (Done two (2) years prior to trial and was not signed by Trial Judge, defendent and his Attorney see Record) . . .

Ⓔ Trial Court Lacked Jurisdiction (because of invalid waiver and violation of Due process) . . .

Ⓔ Attorney Greg Graham failed to investigate and perform to the standard guaranteed by and in the Constitution of the United States (Strickland vs Washington) . . .

(G) Appellate Counsel Richard Chancey was ineffective because he had mental health records prior to sentencing but failed to present them to court as grounds for a new trial (see trial transcript page 157 )... Mr. Chancey was ineffective because he failed to present and file mental illness issue on direct Appeal.

The United States of America Constitution guarantees the Right to a fair trial Judge McMillian, Sir with all due respect Mr. Melvin Smith and his family has not had a fair trial and what is so wrong your honor is that the trial court places the blame on Mr. Smith a Legally mental ill defendent with no Legal training instead of on those trained professionals whose responsibility and blame it truly falls on to ensure that Justice is served which it has not been in this case, A innocent man remains behind bars away from his wife and children in order to keep the trial court from accepting it's Responsibility to provide a fair trial where the adversarial proceeding are put to the test, not Just a defendent theown to the wolves, Therefore Mr. Smith Respectfully ask the court to order the Russell County Circuit court to grant CC97-95.61 and to set aside sentence and Judgement

And Return Mr. Smith to Court for a new trial or with specific instructions to fix this case at the Lowest Level immediately.

Furthermore CC97-95.61 has already been allowed to proceed prior and Ruled on (see CR.02032) September 6, 2002 but because trial court violated Rule 32.2, 32.2(B) and 32.6(A) of Al. Code and 32.4(A) of the Arizona Rules of Criminals procedures. It is further noted that the court respectfully should have reversed and Remanded CC97-95.61 with more specific orders to trial court to grant Mr. Smith a New Trial or other Relief of some sort, because of Trial Court's Ruling on Petitioner's to Set aside sentence and Judgement where it (Trial Court) had no Jurisdiction to make such Ruling (see Exhibit A)

Russell County Circuit Court has Failed to obey and comply with Judge McMillian's order transferring cause back to them. Trial Court has not notified Mr. Smith nor has it tried to correct it's violations of State and Federal Laws and this miscarriage of Justice by Returning Mr. Melvin Smith #204766 to court for a new Trial or Evidentiary hearing on these issue which are properly before

the Court At Least foR the Record's
sAke And Justice oR to gRANt Relief iN
sAid CASe.

        THe Appellate Court by tRAnsfeRRiNg
CAse bAck to TRIAl CouRt without specifics
oRdeRs to TRiAl CouRt to set Aside seNteNce
And JudgemeNt seems <u>Respectfully</u> ANd I
emphAsize <u>Respectfully</u> to oNly peRpeRtRAte
Justice iN lighT OF AN uNfAiR tRIAl wheRe
the tRIAl couRt Received the evideNce of
MR.SmitH's MeNtAl CoNditions ANd histoRy
but fAiled to coRRect the eRRoRs, whetheR
delibeRAte oR oveRsight who kNows!

                    CoNClusioN

MR.SmitH's CC97-95.61 should be gRANted
oN summARy JudgemeNt; becAuse TRIAl couRt
wAs oRdeRed to tRANsfeR cAuse foR fuRtheR
Action AfteR issuANce of CeRtificAte of
JudgemeNt iN CC97-95.60 iT fAiled to obey
And comply; theRefoRe the MotioN to seT
Aside seNteNce And JudgemeNt should
be gRANted withiN 30 dAys And MR.SmitH
ReleAsed oR MR.SmitH should At the leAst
be Allowed to pRoceed <u>FoRmA PAupeRiAs</u>
so thAt Justice cAN be AcHeived iN
this CASe.

# Certificate of Service

I hereby certify that I have served a copy of this Affidavit in support of Mandamus on the Appellee'(s) as follows:

<u>Hon. H.W. "Bucky" McMillian Presiding Judge of the Alabama Court of Criminal Appeals</u> P.O. Box-301555 Montgomery, AL 36130-1555

<u>Hon. George R. Greene, Judge</u> - P.O. Box 820 Phenix City, AL 36868-0820

<u>Hon. Kathy S. Coulter, Clerk</u> - P.O. Box 518 Phenix City, AL 36868-0518

<u>Office of the Attorney General</u> - 11 South Union Street Montgomery, AL. 36130 by placing a copy of the same in the U.S. mail post-age pre-paid, this <u>15</u> day <u>May</u>, 2003.

<u>Southern Poverty Law Center Investigative Division</u> - P.O. Box 2087 Montgomery AL. 36102-2087

Respectfully Submitted,

Melvin Smith

Melvin Smith #204766 Bullock Corr. Facility P.O. Box 5107 Union Springs, AL 36089