IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| MELVIN SMITH, AIS #166695, ) | |
| ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| VS. ) | CIVIL ACTION NO. |
| ) | 3:05-CV-0470-MHT |
| ) | |
| ARNOLD HOLT, et al., ) | |
| ) | |
| Respondents. ) | |

**ANSWER TO COURT'S AUGUST 23, 20007
ORDER TO SHOW CAUSE**

I.

*Facts and Proceedings in State Courts*

1. [see *Compilation Exhibit A*]

II.

*Petitioner Smith's Claims Relevant To
August 23, 2007 Order To Show Cause*

2. The Court's August 23, 2007 Order to Show Cause submits the following claims on behalf of Smith:

a) that his (Smith's) constitutional rights under Faretta v. California, 422 U. S. 806 (1975) were violated when he was arraigned prior to being appointed counsel;

b) that his (Smith's) Sixth Amendment right to counsel was violated when he was interrogated by police officers in the absence of counsel;

c) that the prosecution unconstitutionally withheld from him (Smith), prior to his trial, exculpatory DNA evidence; and,

d) that his (Smith's) constitutional rights were violated when he was arraigned prior to an inquiry into his mental capacity being conducted.

[See August 23, 2007 *Order to Show Cause*]

### III.

*Respondent's defenses*

3. Respondents deny that any of Ray's claims have any substantive merit.

4. Respondents deny that Ray has exhausted in state court the claims set out herein in *numbered paragraphs 2 a), 2 b), 2 c), and 2 d)*. It would be futile now for Ray to attempt to exhaust these claims in state court because, among other reasons, of the fact that the one-year ALA. R. CRIM. P., Rule 32.2(c) statute of limitations has run. Because it would be futile for Ray to seek further state court relief on these claims, for state court purposes the claims are procedurally defaulted. Because the claims are procedurally defaulted in state court, Ray is prohibited from raising them now in federal habeas corpus without a showing of

"cause and prejudice" for his having failed to properly pursue the issue in state court. See Teague v. Lane, 489 U.S. 288, 109 S. Ct. 1060, 103 L. Ed. 2d 334 (1989); Wainwright v. Sykes, 433 U.S. 72, 97 S. Ct. 2497, 53 L. Ed. 2d 594 (1977); Engle v. Isaac, 456 U.S. 107, 102 S. Ct. 1558, 71 L. Ed. 2d 783 (1982).

5. Respondents aver that Ray has failed to state a cause of action cognizable under 28 U. S. C. Section 2254.

6. Respondents deny each and every other material allegation in the petition, except those that may be admitted.

IV.

*Exhibits*

7. [see *Compilation Exhibit A*]


V.

*Respondents' defenses and arguments*

8. In support of their defenses, Respondents submit the following arguments:

## PROCEDURAL DEFAULT

A. <u>Faretta</u>. In what the Respondents have referred to throughout as Smith's second[1] Rule 32 petition (CC 97-0095-62, Russell County Circuit Court), the Alabama Court of Criminal Appeals determined[2] that Smith's <u>Faretta</u> claim was precluded from consideration in Rule 32 because the claim was raised and addressed in what the State has referred to throughout as Smith's first Rule 32 petition (CC 97-0095.60, Russell County Circuit Court)[3]. It should first be noted that there are two kinds, or theories, of procedural default in federal habeas corpus -- the kind that arises when a claim is improperly raised in state court, and the kind that arises when a claim sought to be raised in federal habeas corpus is found to never have been *first* raised in state court.

In response to Smith's state court claim that his <u>Faretta</u> rights had been violated, the Alabama Court of Criminal Appeals determined that the 2004 version of this claim was procedurally defaulted under the **first kind of procedural default**, i.e., because it was the same as, or substantially similar to, a claim Smith raised in his first Rule 32 petition in 2002. [See **Respondents' Exhibit 14**] Because Smith's <u>Faretta</u> claim was procedurally defaulted in state court, Ray is

---

[1] Smith filed a Rule 32 petition in 2003 but, because the petition was, apparently, filed during a time period when Smith's first Rule 32 petition -- the 2001 petition -- was still pending, it was never actually acted or ruled upon. See Respondent's *Compilation Exhibit A*, at p. 3.

[2] <u>Smith v. State</u>, CR 01-1261 mem. op. (Ala. Crim. App. Sept. 20, 2002).

[3] <u>Smith v. State</u>, CR 03-1286 mem. op. (Ala. Crim. App. Aug. 20, 2004).

prohibited from raising it here and now in federal habeas corpus without a showing of "cause and prejudice" for his having failed to properly pursue the issue in state court.  See Teague v. Lane, 489 U.S. 288, 109 S. Ct. 1060, 103 L. Ed. 2d 334 (1989); Wainwright v. Sykes, 433 U.S. 72, 97 S. Ct. 2497, 53 L. Ed. 2d 594 (1977); Engle v. Isaac, 456 U.S. 107, 102 S. Ct. 1558, 71 L. Ed. 2d 783 (1982).  Respondent submits that Ray has not made, and cannot make this showing.

    B. Denial of counsel.  On direct appeal, Smith argued that a statement he gave to investigating police officers was due to have been suppressed under the Fifth Amendment, in that it was obtained from him in violation of his constitutional right to freedom from being compelled incriminate himself.  The Court of Criminal Appeals determined that the claim was procedurally defaulted because it was never properly presented by Smith to the trial court. *See* Smith v. State, CR 98-1545 mem. op. (Ala. Crim. App. Jan. 28, 2000).   [See **Respondents' Exhibit 14**]

    This failure to submit a claim to the state court before trying to submit it to the federal court is the **second kind of procedural default**. Because Smith's Sixth Amendment denial of counsel claim is procedurally defaulted from consideration in federal habeas corpus because it was never submitted to the state courts,  Ray is prohibited from raising it here and now in federal habeas corpus without a showing of "cause and prejudice" for his having failed to properly pursue the issue in state

court. Teague; Wainwright; Engle. Respondent does not believe that Smith can make, or has made, this showing, either.

C. Brady material. Smith never raised the issue of Brady in the trial court, which would have been the place to have done so. For the same reasons noted in B. above, this claim is also procedurally defaulted in federal habeas corpus.

D. Arraignment. Smith never raised in the trial court the issue of denial of counsel at arraignment which, as with the claims addressed in B. and C. above, would have been the place to do it. For the same reasons noted in B. and C. above, this claim is also procedurally defaulted in federal habeas corpus.

WHEREFORE, PREMISES CONSIDERED, this Court should deny the relief requested herein by Smith, both as outlined in his original habeas filings, and as expounded on by the Court in its August 23, 2006 *Order to Show Cause*.

Respectfully submitted,

Troy King (KIN047)
*Attorney General*
By:


/s/ Stephen N. Dodd
Stephen N. Dodd
*Assistant Attorney General*
ID #ASB-6492

## CERTIFICATE OF SERVICE

I hereby certify that on this 1st day of October, 2007, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, and I hereby certify that I have mailed by United States Postal Service the document to the following non-CM/ECF participants: Melvin Smith, AIS #204766, P. O. Box 5107, Union Springs, AL 36089.

 

**s/ Stephen N. Dodd**
Stephen N. Dodd (ASB-6492)
*Assistant Attorney General*
Attorney for Respondents
Alabama Attorney General's Office
11 South Union Street
Montgomery, AL 36130
Telephone: 334-242-7378
Fax: 334-242-2848
E-mail: sdodd@ago.state.al.us

ADDRESS OF COUNSEL:
Office of the Attorney General
Criminal Appeals Division
11 South Union Street
Montgomery, AL 36130
(334) 242-7300

325100/81910-001