IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

<table>
<tr><td>MELVIN SMITH, #204766,</td><td>)</td><td></td></tr>
<tr><td>Petitioner,</td><td>)<br>)<br>)</td><td></td></tr>
<tr><td>v.</td><td>)</td><td>CIVIL ACTION NO. 3:05-CV-470-MHT</td></tr>
<tr><td>ARNOLD HOLT, <em>et al.</em>,</td><td>)<br>)<br>)</td><td></td></tr>
<tr><td>Respondents.</td><td>)</td><td></td></tr>
</table>

**ANSWER**

I.

**Facts and Proceedings in State Courts**

1.  On March 18, 1999, Melvin Smith ("Smith") was convicted of the first-degree rape of Annette Thomas. [See **Respondents' Exhibit 1,** the record of Smith's direct appeal in <u>Smith v. State</u>, CR 98-1545 mem. op. (Ala. Crim. App. Jan. 28, 2000), at R. 151]

2.  On direct appeal, Smith raised the following claims:

1)  the trial court erred by not conducted a hearing on his suppression motion prior to trial;

2)  the trial court erred by denying his request for a continuance; and,

3)  the trial court erred by not conducted a hearing on his <em>motion in limine</em> prior to trial.

[See **Respondents' Exhibits 2 and 3**]   On January 28, 2000, the Alabama Court of Criminal Appeals affirmed Smith's conviction in <u>Smith v. State</u>, CR 98-1545 mem. op . (Ala. Crim. App. Jan. 28, 2000).  [See **Respondents' Exhibit 4**]

3.  Smith filed an <em>Application for Rehearing</em> on February 11, 2000, which was overruled on February 25, 2000.  Smith filed a petition for writ of certiorari in the Alabama Supreme Court on March 10, 2000, which was denied on May 12, 2000.  A <em>Certificate of Judgment</em> was issued on May 12, 2000, finalizing Smith's conviction.  [See **Respondents' Exhibit 5**]

COMPILATION  EXHIBIT  A

4.  On July 10, 2001, Smith filed his first Rule 32 petition.  [See

**Respondents' Exhibit 6,** the record of Smith's first Rule 32 appeal in

Smith v. State, CR 01-1261 mem. op. (Ala. Crim. App. Sept. 20, 2002), at

C. 3-15]  On August 23, 2001, the trial court summarily denied Smith's first

Rule 32 petition.  [See **Respondents' Exhibit 6,** at C. 23-24]

5.  On appeal from the denial of his first Rule 32 petition, Smith raised

the following claims:

1) the trial court erred by failing to inquire into his mental
capacity before allowing him to direct his own defense;

2) the State's indictment was void because it was factually
inadequate;

3) the State's indictment was void because it was legally
inadequate;

4) the State's evidence, which consisted primarily of the
testimony of the victim, Annette Thomas, was insufficient to
sustain his conviction;

5) the State's arrest warrant was illegal;

6) Smith's trial counsel was ineffective; and,

7) Smith's appellate counsel was ineffective.

[See **Respondents' Exhibit 6,** at C. 3-15]  On September 20, 2002, the

Alabama Court of Criminal Appeals affirmed the denial of Smith's first Rule

32 petition in Smith v. State, CR 01-1261 mem. op . (Ala. Crim. App. Sept.

20, 2002).  [See **Respondents' Exhibit 9**]

6.  Smith filed an *Application for Rehearing*, which was overruled on

October 11, 2002.   Smith filed no petition for writ of certiorari in the

Alabama Supreme Court, and, on October 29, 2002, a *Certificate of*

*Judgment* was issued.  [See **Respondents' Exhibit 10**]

2

6.1. On June 13, 2002, Melvin Smith ("Smith") filed another Rule 32 petition. [See **Respondents' Exhibit 16**]  On September 6, 2002, the trial court summarily denied Smith's June 2002 Rule 32 petition. [See **Respondents' Exhibit 17**]  Smith appealed the denial of his June 2002 Rule 32 petition, and on October 25, 2002, the Alabama Court of Criminal Appeals dismissed Smith's appeal, noting that, in CR 01-1261, he already had a Rule 32 petition attacking the conviction in question on appeal before that court. [See **Respondents' Exhibit 18**]

6.1.1 On October 25, 2002, the Alabama Court of Criminal Appeals issued an *Order* suspending action in the appeal of Melvin Smith v. State, CR 02-0132 (CC 97-95.61, Russell County Circuit Court), and transferring the case back to the Russell County Circuit Court. [See **Respondents' Exhibit 18**]  This ruling, in effect, obviated the trial court's September 6, 2002 summary denial of Smith's June 10, 2002 Rule 32 petition. [See **Respondents' Exhibit 17**]

6.1.2 There has been no Russell County Circuit Court action on Smith's June 10, 2002 Rule 32 petition since the Alabama Court of Criminal Appeals's October 25, 2002 *Order*. [See **Respondents' Exhibit 22**]  The petition, therefore, is currently pending in the Russell County Circuit Court.

6.2 On January 13, 2003, Melvin Smith ("Smith") filed a motion *for in forma pauperis* status, and attempted to file with it a third Rule 32 petition. [See **Respondents' Exhibit 20**]  On March 12, 2003, the trial court summarily denied Smith's *in forma pauperis* motion, and returned to Smith it *and* its accompanying Rule 32 petition. [See **Respondents' Exhibits 20 and 21**]  Smith's Rule 32 petition was never actually filed by the Russell County Circuit Clerk's office. [See **Respondents' Exhibit 21**]  Smith took no appeal. [See **Respondents' Exhibit 21**]

3

6.3  The October 25, 2002 *Order* of the Alabama Court of Criminal Appeals says that, because Smith already had an earlier Rule 32 petition pending in CR 01-1261, the state trial court lacked jurisdiction to rule on Smith's June 13, 2002 Rule 32 petition. [See **Respondents' Exhibit 18**]  The *Certificate of Judgment* in CR 01-1261 was issued on October 29, 2002.  [See **Respondents' Exhibit 10**]

7.  On February 4, 2004, Smith filed his second Rule 32 petition.  [See **Respondents' Exhibit 11**, the record of Smith's second Rule 32 appeal in Smith v. State, CR 02-1286 mem. op. (Ala. Crim. App. Aug. 20, 2004), at C. 3-43]  On April 5, 2004, the trial court summarily denied Smith's second Rule 32 petition, on the grounds of the Rule 32 statute of limitation.  [See **Respondents' Exhibit 11**, at C. 48]

5.  On appeal from the denial of his second Rule 32 petition, Smith raised the following claims:

> 1) his right to a fair trial was denied when the *voir dire* portion of his trial was not transcribed;
>
> 2) he was denied a fair trial because the record of his conviction does not affirmatively demonstrate that his election to represent himself at trial  was knowing, voluntary, and intelligently made;
>
> 3) he was entitled to a lesser included charge jury instruction on sexual misconduct;
>
> 4) his trial counsel was ineffective for failing to call a Dr. Kim as a defense witness;
>
> 5) his trial counsel was ineffective for failing to make out an insanity defense; and,
>
> 6) his appellate counsel was ineffective for failing to see to it that the transcript of *voir dire* was included in the court record.

[See **Respondents' Exhibit 11**, at C. 3-43]  On August 20, 2004, the Alabama Court of Criminal Appeals affirmed the denial of Smith's second Rule 32 petition in Smith v. State, CR 03-1286 mem. op . (Ala. Crim. App. Aug. 20, 2004).  [See **Respondents' Exhibit 14**]

4

6. Smith filed an *Application for Rehearing* on September 2, 2004, which was overruled on September 20, 2004. Smith filed a petition for writ of certiorari in the Alabama Supreme Court on October 8, 2004, and on December 10, 2004, a *Certificate of Judgment* was issued. [See **Respondents' Exhibit 15**]

7. On May 20, 2005, Smith filed a federal petition for writ of habeas corpus.

## II.

### Petitioner Smith's present claims

8. In his petition for writ of habeas corpus, Smith raises what appear to be the following claims:

1) his right to a fair trial was denied when the *voir dire* portion of his trial was not transcribed;

2) he was denied a fair trial because the record of his conviction does not affirmatively demonstrate that his election to represent himself at trial was knowing, voluntary, and intelligently made;

3) actual innocence;

4) his trial counsel was ineffective for failing to call a Dr. Kim as a defense witness;

5) his trial counsel was ineffective for failing to make out an insanity defense; and,

6) his appellate counsel was ineffective for failing to see to it that the transcript of *voir dire* was included in the court record.

*See* Smith's *Petition for Writ of Habeas Corpus*, at p. 4.

## III.

### Respondents' defenses

9. Respondents deny that Smith's right to a fair trial was denied when the *voir dire* portion of his trial was not transcribed.

10. Respondents deny that Smith was denied a fair trial because the record of his conviction does not affirmatively demonstrate that his election to represent himself at trial was not knowingly, voluntarily, and intelligently made.

11. Respondents deny that Smith is actually innocent.

12. Respondents deny that Smith's trial counsel was ineffective for failing to call a Dr. Kim as a defense witness.

13. Respondents deny that Smith's trial counsel was ineffective for failing to make out an insanity defense.

13.1 Respondents deny that the claims specified herein in *paragraphs 5. 1), 5. 2), and 5. 3),* have been properly exhausted for state court purposes. In that -- 1) these issues are the kinds of claims required by Rule 32.2(a)(3) and (a)(5) of the Alabama Rules of Criminal Procedure to be raised at trial and on direct appeal, or in Rule 32; and, 2) they were not so raised by Smith -- there remains no available potential state remedy for these claims. Any attempt *now* to raise the claims in state court would be precluded and, thus, futile. Because it would be futile for Smith to now seek state court relief on these claims, for state court purposes they have been procedurally defaulted. Because the claims are procedurally defaulted in state court, Smith is prohibited from raising them here in federal habeas corpus, without a showing of "cause and prejudice" for his having failed to properly pursue the issues in state court. Teague v. Lane, 489 U. S. 288, 109 S. Ct. 1060, 103 L. Ed. 2d 334 (1989); Wainwright v. Sykes, 433 U. S. 72, 97 S. Ct. 2497, 53 L. Ed. 2d 594 (1977); Engle v. Issac, 456 U. S. 107, 102 S. Ct. 1558, 71 L. Ed. 2d 783 (1982).

6

13.2 Respondents deny that the claim specified herein in *paragraphs 5. 4)*, *5. 5)*, *and 5. 6)* have been properly exhausted for state court purposes. In that -- 1) the one-year statute of imitations of Rule 32.2(c) of the <u>Alabama Rules of Criminal Procedure</u> requires such claims to be raised within one year of the finality of a conviction; and, 2) they were not so raised by Smith -- there remains no available potential state remedy for these claims. Any attempt *now* to raise these claims in state court would be precluded and, thus, futile. Because it would be futile for Smith to now seek state court relief on these claims, for state court purposes they have been procedurally defaulted. Because the claims are procedurally defaulted in state court, Smith is prohibited from raising them here, in federal habeas corpus, without a showing of "cause and prejudice" for his having failed to properly pursue the issues in state court. <u>Teague</u>; <u>Wainwright</u>; <u>Engle</u>.

13.3 Because they are procedurally defaulted, the claims specified herein in *paragraphs 5. 1), 5. 2), 5. 3), 5. 4), 5. 5),* and *5. 6)* are, however, considered exhausted for federal habeas corpus purposes. See <u>Kennedy v. Hopper</u>, 156 F. 3d 1143, 1145 (11th Cir. 1998).

14. Respondents admit that Smith has exhausted in state court his claims here.

15. Respondents aver that Smith has failed to state a cause of action cognizable under Title 28 U. S. C. § 2254.

16. Respondents deny each and every other material allegation in the petition except those that may be admitted.

IV.

## Exhibits[1]

17. The following exhibits are filed herewith:

| | |
|---|---|
| Exhibit 1 | the record of the appeal of Smith's direct appeal in <u>Smith v. State</u>, CR 98-1545 mem. op. (Ala. Crim. App. Jan. 28, 2000); |
| Exhibit 2 | the brief filed by Smith in his direct appeal; |
| Exhibit 3 | the brief filed by the State in Smith's direct appeal; |
| Exhibit 4 | the Alabama Court of Criminal Appeals' memorandum opinion in <u>Smith v. State</u>, CR 98-1545 mem. op. (Ala. Crim. App. Jan. 28, 2000); |
| Exhibit 5 | the *Certificate of Judgment* from Smith's direct appeal; |
| Exhibit 6 | the record of the appeal of Smith's first Rule 32 in <u>Smith v. State</u>, CR 01-1261 mem. op. (Ala. Crim. App. Sept. 20, 2000); |
| Exhibit 7 | the brief filed by Smith in his first Rule 32 appeal; |
| Exhibit 8 | the brief filed by the State in Smith's first Rule 32 appeal; |
| Exhibit 9 | the Alabama Court of Criminal Appeals' memorandum opinion in <u>Smith v. State</u>, CR 01-1261 mem. op. (Ala. Crim. App. Sept. 20, 2000); |
| Exhibit 10 | the *Certificate of Judgment* from the affirmance of the denial of Smith's first Rule 32 petition; |
| Exhibit 11 | the record of the appeal of Smith's second Rule 32 in <u>Smith v. State</u>, CR 98-1545 mem. op. (Ala. Crim. App. Jan. 28, 2000); |
| Exhibit 12 | the brief filed by Smith in his second Rule 32; |
| Exhibit 13 | the brief filed by the State in Smith's second Rule 32; |

| | |
|---|---|
| Exhibit 14 | the Alabama Court of Criminal Appeals' memorandum opinion in <u>Smith v. State</u>, CR 03-1286 mem. op. (Ala. Crim. App. Aug. 20, 2004); and, |
| Exhibit 15 | the *Certificate of Judgment* from the affirmance of the denial of Smith's second Rule 32 petition. |
| Exhibit 16 | the *Motion to Set Aside Judgment and Sentence* filed on June 13, 2002 by Smith in CC 97-095.61 (Russell County Circuit Court), which was treated by the state trial court as a Rule 32 petition; |
| Exhibit 17 | trial court order denying Smith's *Motion to Set Aside Judgment and Sentence*; in CC 97-095.61 (Russell County Circuit Court); and, |
| Exhibit 18 | the Order by the Alabama Court of Criminal Appeals in CR 02-0132 dismissing Smith's appeal from the denial of his *Motion to Set Aside Judgment and Sentence*. |
| Exhibit 19 | the *Submission of Exhibits* motion filed by Respondents on September 2, 2005. |
| **Exhibit 20** | January 13, 2003 motion *for in forma pauperis* status. |
| **Exhibit 21** | Smith's accompanying Rule 32 petition |
| Exhibit 22 | the case action summary from Smith's June 13, 2002 Rule 32 petition, showing the petition was never amended after October 25, 2002. |

A.

Procedural defense

18. **Statute of Limitation**[2]. Under the Anti-terrorism and Effective

Death Penalty Act of 1996 ("AEDPA"), Title 28 U. S. C. Section 2244(d)

provides --

> (1) a 1-year period of limitation shall apply to an
> application for a writ of habeas corpus by a person in
> custody pursuant to the judgment of a State court. The
> limitation period shall run from the latest of --
>
> (A) the date on which the judgment became final by the
> conclusion of direct review or the expiration of the time
> for seeking such review;
>
> (B) the date on which the impediment to filing an
> application created by State action in violation of the
> Constitution or laws of the United States is removed, if
> the applicant was prevented from filing such by State
> action;
>
> (C) the date on which the constitutional right asserted
> was initially recognized by the Supreme Court, if the
> right has been newly recognized by the Supreme Court
> and made retroactive applicable to cases on collateral
> review; or
>
> (D) the date on which the factual predicate of the claim
> or claims presented could have been discovered through
> the exercise of due diligence.
>
> (2) The time during which a *properly filed* application for
> State post-conviction or other collateral review with
> respect to the pertinent judgment or claim is pending
> shall not be counted toward any period of limitation
> under this subsection.

(emphasis added)

19. The effective date of the AEDPA was April 24, 1996. *See* Hunter v. United States, 101 F. 3d 1565, 1568 (11th Cir. 1996). Because Smith was convicted after April 24, 1996, under 28 U. S. C. Section 2244(d) he had one year from the finality of his conviction in which to file his federal habeas corpus petition. By the time Smith filed his first Rule 32 petition on July 10, 2001, well over a year had lapsed from the May 12, 2000 date of the *Certificate of Judgment* from his conviction. As a result, Smith's federal habeas petition was barred by the one-year statute of limitation of Title 28 U. S. C. Section 2244 before he ever started filing his state postconviction petitions.

19.1 Statute of limitations. Smith's 2001 Rule 32 petition was filed on July 10, 2001. His 2002 Rule 32 petition was filed on June 13, 2002. The AEDPA statute of limitations had already run by the time Smith filed his first postconviction petition -- the 2001 Rule 32 petition -- much less by the time he filed his June 2002 petition. As a result, Smith's federal habeas petition was barred by the one-year statute of limitation of Title 28 U. S. C. Section 2244 before he ever started filing *any* of his state postconviction petitions.

18. Nor should the Title 28 U. S. C. §2244 statute of limitation be equitably tolled for Smith. *See, e.g.,* Helton v. Secretary for Dept. of Corrections, 259 F. 3d 1310, 1314 (11th Cir. 2001). A legal prerequisite for eligibility for equitable tolling is that the petitioner's reason for a failure to file his petition on time be due to "extraordinary circumstances beyond his control". Sandvik v. United States, 177 F. 3d 1269, 1271 (11th Cir. 1999). Smith has shown nothing here to support a contention that his failure to file his federal habeas corpus petition within one year of the finality of his conviction was for a reason or reasons "beyond his control".

year statute of limitation of Title 28 U. S. C. Section 2244 before he ever

started filing *any* of his state postconviction petitions.

19.2 <u>Statute of limitations</u>.  Smith's 2001 Rule 32 petition was filed

on July 10, 2001.  His 2002 Rule 32 petition was filed on June 13, 2002.  He

attempted to file his 2003 Rule 32 petition -- his third Rule 32 petition -- on

January 13, 2003, but, because Smith's efforts were so obviously successive,

the Russell County Circuit Court denied his *in forma pauperis* status and

returned his Rule 32 petition to him unfiled.

What is of significance here is that the AEDPA statute of limitations

had already run by the time Smith filed his first postconviction petition -- the

2001 Rule 32 petition -- much less by the time he filed his January 2003

petition. As a result, Smith's federal habeas petition was barred by the one-

19.2  Smith's June 13, 2002 Rule 32 was not verified.  [See **Respondents'**

**Exhibit 16**]  In <u>Smith v. State</u>, 2005 WL 435138, at * 12 (Ala. Crim. App. Feb. 25,

2005), the Alabama Court of Criminal Appeals held that Rule 32.6(a) of the

<u>Alabama Rules of Criminal Procedure</u> imposes a form requirement on Rule 32

petitions, including verification, and that an unverified Rule 32 petition was not n

proper form.  2005 WL 435138, at * 12.  The Court stated that such a deficiency

could be corrected by amendment, and that, once corrected, the filing date would

relate back to the date of the original filing.  2005 WL 435138, at * 12.

19.3  In <u>Drew v. Department of Corrections</u>, 297 F. 3d 1278, *1285 (11th Cir. 2002), the 11th Circuit Court of Appeals observed that, under <u>Artuz v. Bennett</u>, 531 U. S. 4, 121 S. Ct. 361, 148 L. Ed. 2d 213 (2000), an application for postconviction relief is properly filed when its delivery and acceptance "are in compliance with the applicable laws and rules governing filings." 297 F. 3d at 1285.  Because Smith's June 13, 2002 Rule 32 petition was not verified, it was not in proper form according to state law.  Because it was not in proper form, and has never been brought into proper form by amendment[1], under <u>Drew</u> it is not a properly filed petition.  [See **Respondents' Exhibit 22**]

19.4  Because Smith's June 13, 2002 Rule 32 petition was not properly filed, it did not act to toll the statute of limitation of Title 28 U. S. C. §2244(d)(1)(A). Because Smith's June 13, 2002 Rule 32 petition did not toll the AEDPA statute of limitations, the one year Smith had in which to file his federal habeas corpus petition ran out between the October 29, 2002 date of the *Certificate of Judgment* in CR 01-1261, and the February 14, 2004 filing date of Smith Rule 32 petition in CR 03-1286.

19.5  Smith's AEDPA statute of limitations began running on August 10, 2000. When, eleven moths later, Smith filed his first Rule 32 petition on or about July 10, 2001, the AEDPA statute of limitations began to toll.  When Smith filed his second Rule 32 petition on June 10, 2002, the statute of limitations continued to toll.

19.6  Since Smith's June 10, 2002 Rule 32 petition is still pending in the Russell County Circuit Court pursuant to the Alabama Court of Criminal Appeals's October 25, 2002 *Order*, the AEDPA statute of limitations was continuing its tolling when Smith filed the instant federal petition for writ of habeas corpus on May 20, 2005.

13

```
                              05/12/00   08/10/00
                                 COJ
        DA            _____/ - - - - -/

                         /_____/
                            90 days

                                      07/10/01         10/29/02
                                       Filed             COJ
        1st R. 32                      /_____/

                                            06/13/02  10/25/02
                                             Filed    Dismissed
        2nd R.32                             /_____/

                                                        01/13/03
                                                         Filed
        3rd R. 32                                        /_____  - - -

                                                        02/14/04  12/10/04
                                                         Filed      COJ
        4th R. 32                                        /_____/
```

Procedural defenses (continued)

20. **Procedural Default**. Procedural default rules apply to claims that are not seasonably raised in state courts, either at trial, on direct appeal, or in state collateral proceedings. Wainwright v. Sykes, 433 U. S. 72 (1977); Murray v. Carrier, 477 U. S. 478 (1986); and Presnell v. Kemp, 835 F. 2d 1567 (11th Cir. 1988). When a procedural default bars litigation of a federal constitutional claim in state court, a state prisoner may not obtain federal habeas corpus relief on the basis of a claim unless he first establishes "cause and prejudice." Wainwright v. Sykes, 433 U.S. at 74; and Murray v. Carrier, 477 U.S. at 482. Because he did not raise it in a timely fashion in the trial court, Smith's *voir dire transcription* and *voluntary election of self representation*, claims are defaulted. Likewise, Smith's *actual innocence* claim is defaulted because Smith did not properly raise it in one of his state Rule 32 petitions.

14

a. **RE:  transcription of jury voir dire.**  Smith's claim, that his right to a fair trial was prejudiced by the jury *voir dire* not being transcribed, is a constitutional claim under Rule 32.1(a) of the <u>Alabama Rules of Criminal Procedure</u>.  Ordinarily, Rule 32.1(a)-type claims must be presented at trial and on direct appeal, or they are defaulted.  *See* Rules 32.2(a)(3) and(a) (5) of the <u>Alabama Rules of Criminal Procedure</u>.  In affirming the denial of Smith's 2001 Rule 32 petition, however, the Alabama Court of Criminal Appeals held that, because the procedural mechanism for raising a claim like this on direct appeal was not available to Smith's appellate counsel, counsel was not ineffective in failing to do so. [See **Respondents' Exhibit 9**]  The practical effect of this ruling was to create a situation where Smith was entitled to raise the issue in Rule 32.  Smith, however, raised this claim for the first time[2] in his 2003 Rule 32 petition. By the time Smith raised the issue in his 2003 Rule 32 petition the claim was barred by the one-year Rule 32 statute of limitations.  [See **Respondents' Exhibit 14**] Because he did not raise it in a timely fashion in the trial court, Smith's *voir dire transcription* issue is defaulted.

b. **RE:  knowing and voluntary election of self-representation.**  Smith's claim, that his right to a fair trial was prejudiced by the fact that the decision to represent himself at trial was made unknowingly and involuntarily, is a constitutional claim under Rule 32.1(a) of the <u>Alabama Rules of Criminal Procedure</u>.  Rule 32.1(a)-type claims must be presented at trial and on direct appeal, or they are defaulted.  *See* Rules 32.2(a)(3) and(a) (5) of the <u>Alabama Rules of Criminal Procedure</u>.  Smith raised this claim for the first time in his 2003 Rule 32 petition.  By the time he did so, however, the claim was barred by the one-year Rule 32 statute of limitations.  [See **Respondents' Exhibit 14**]  Because he did not raise it in a timely fashion in the trial court, Smith's *knowing and voluntary election of self-representation* issue is defaulted.

15

c. **RE: lesser included charge.** Smith's claim, that his right to a that his right to a fair trial was prejudiced by the fact that the he was entitled to a lesser included jury charge on sexual misconduct, but was not given one, is a constitutional claim under Rule 32.1(a) of the <u>Alabama Rules of Criminal Procedure</u>. Rule 32.1(a)-type claims must be presented at trial and on direct appeal, or they are defaulted. *See* Rules 32.2(a)(3) and(a) (5) of the <u>Alabama Rules of Criminal Procedure</u>. Smith raised this claim for the first time in his 2003 Rule 32 petition. By the time he did so, however, the claim was barred by the one-year Rule 32 statute of limitations. [See **Respondents' Exhibit 14**] Because he did not raise it in a timely fashion in the trial court, Smith's *lesser included jury charge* issue is defaulted

d. **RE: ineffective assistance of appellate counsel for failure to have jury voir dire transcribed.** Smith raised this claim in his 2001 Rule 32 petition. [See **Respondents' Exhibit 6,** the record of Smith's first Rule 32 appeal in <u>Smith v. State</u>, CR 01-1261 mem. op. (Ala. Crim. App. Sept. 20, 2002), at C. 13-15] On appeal from the denial of his 2001 Rule 32 petition, the Alabama Court of Criminal Appeals held that, because the procedural mechanism for raising a claim like this on direct appeal was not available to Smith's appellate counsel, counsel was not ineffective. [See **Respondents' Exhibit 14**] When Smith re-raised[3] the issue in his 2003 Rule 32 petition, the one-year Rule 32 statute of limitations had already run. [See **Respondents' Exhibit 14**] Because he did not raise it in a timely fashion in the trial court, Smith's *ineffective assistance of appellate counsel claim concerning transcription of the jury voir dire* is defaulted.

e. **RE: ineffective assistance of trial counsel for failing to call Dr. Kim as a defense witness.** By the time Smith raised this claim in his 2003 Rule 32 petition, the one-year Rule 32 statute of limitations had already run. [See **Respondents' Exhibit 14**] Because he did not raise it in a timely fashion in the

trial court, Smith's *ineffective assistance of trial counsel for failing to call Dr. Kim as a defense witness* is defaulted.

    f. **RE: ineffective assistance of trial counsel for failing to make out an insanity defense.** By the time Smith raised this claim in his 2003 Rule 32 petition, the one-year Rule 32 statute of limitations had already run. [See **Respondents' Exhibit 14**] Because he did not raise it in a timely fashion in the trial court, Smith's *ineffective assistance of trial counsel for failing to make out an insanity defense* is defaulted.

    21. The application of Alabama's state procedural rules imposing procedural default is a determination of state law that Respondents contend is conclusive on this federal habeas corpus court. See Wainwright v. Goode, 464 U. S. 78, 83-84 (1983); Carrizales v. Wainwright, 699 F. 2d 1053 (11th Cir. 1983); Beverly v. Jones, 854 F. 2d 412, 416 (11th Cir. 1988). This Court is obligated to dispose of on procedural grounds claims like the one raised here by Smith, where and whenever possible. See Jones v. White, 992 F. 2d 1548, 1565-1566 (11th Cir. 1993). Unless he is able to establish "cause" and "actual prejudice" for his failure to properly pursue these claims through the state courts, this Court should not now consider the merits of Smith's procedurally defaulted claim,. See Harris v. Reed, 489 U. S. 255, 258, 109 S. Ct. 1038, 103 L. Ed. 2d 308 (1989); Coleman v. Thompson, 501 U. S. 722, 750, 111 S. Ct. 2546, 115 L. Ed. 2d 640 (1991). Respondents do not believe Smith will be able to make this showing.

    21.1 **Actual innocence as "miscarriage of justice" excuse for procedural default**. The Habeas Corpus Act of 1867 was a piece of federal "Reconstruction" legislation. *See Daniel M. Bradley, Jr., Schlup v. Delo: The Burden of Showing Actual Innocence in Habeas Corpus Review and Congress' Efforts at Reform*, 23 New Eng. J. on Crim. & Civ. Confinement 463, 464 (1997). As such, the habeas

process places an *initial* burden on the states to explain to the federal courts why their criminal convictions do not violate the United States Constitution. *See* Mark M. Oh, *The Gateway of Successive Habeas Petitions:  An Argument for Schlup v. Delo's Probability Standard for Actual Innocence Claims*, 19 Cardozo L. Rev. 2341, 2343 (1998).  A state inmate who can make a colorable showing that, in the light of the protections of the United States Constitution, his state conviction was a "miscarriage of justice"[1], may obtain federal review of his otherwise procedurally defaulted habeas claims.

In order to make a showing of actual innocence, a petitioner must first come forward with "new reliable evidence" proving his innocence which was "not presented at trial."  Johnson v. Nagle, 58 F. Supp. 2d 1303, 1353 (N. D. Ala. 1999), citing Schlup v. Delo, 115 S. Ct. 851 (1995).  The petitioner must then "show that it is more likely than not that no reasonable juror would have convicted him in light of the new evidence."  Schlup, 115 S. Ct. at 867.  In the miscarriage of justice context, this involves demonstrating that, absent the independent constitutional error, he or she would likely have been found innocent of the crime or of the penalty.  Id., 115 S. Ct. at___.  This two-part burden is borne entirely by the habeas petitioner. Id., 115 S. Ct. at 861.

Here, Smith's claim is that he has a history of mental problems, and that, at the time of his conviction, he was not mentally fit to stand trial.  Because his defense counsel did not request that his mental state be evaluated prior to trial, and because the trial court did not *sua sponte* cause such an evaluation to take place, ~~a~~ Smith says a person not mentally fit to stand trial was convicted, in contravention of Due Process clause of the United States Constitution.

18

In <u>Smith v. Newsome</u>, 876 F. 2d 1461 (11th Cir. 1989), the Eleventh Circuit United States Court of Appeals looked at a situation like Smith's. There, too, Gene Smith argued that, at the time of hi trial, *he* was not mentally competent. The Court held:

> . . . (W)e have read the transcript of Gene's state habeas hearings where Gene spoke for himself. Although he did not perform at these hearings as a competent lawyer would, his performance appears rational in every way: he knew where he was; he knew why he was in court; he stated his contentions plainly; the contentions were not absurd; and he responded directly to questions. In these circumstances, Gene's general mental condition is not legal cause for his default.

876 F. 2d at 1466-67.

The same thing can be said of Melvin Smith's claims. The Court has the transcript of Smith's state court trial before it. [*See* **Respondents's Exhibit 1**]  A review of the transcript will revel that, though it may not have been a *smart* thing for Smith to seek to represent himself, it was not a *crazy* thing.

### B.

### Merits defenses (continued)

22. **Ineffective assistance of trial counsel.**  The United States Supreme Court's decision in <u>Strickland v. Washington</u>, 466 U. S. 668, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984), is the controlling legal authority to be applied to an ineffective assistance of counsel.  <u>Robinson v. Moore</u>, 300 F. 3d 1320, 1343 (11th Cir. 2002). To prevail on a claim of ineffective assistance of counsel under <u>Strickland</u>, a petitioner must show both "incompetence" and "prejudice".  <u>Chandler v. United States</u>, 218 F. 3d 1305, 1312 (11th Cir. 2000) (*en banc* ), *cert. denied,* 531 U. S. 1204, 121 S. Ct. 1217, 149 L. Ed. 2d 129 (2001).

19

In *Ex parte Hill*, 591 So. 2d 462, 463 (Ala. 1991), the Supreme Court of Alabama held that a judge who presided over a trial, or other proceeding, and who observed the conduct of the attorneys at those proceedings, need not hold a hearing on the effectiveness of the attorneys involved in the proceedings, based upon the conduct that he or she observed. Whether a criminal defendant has received the effective assistance is a mixed question of law and fact, and is subject to de novo review. *See* Bolender v. Singletary, 16 F. 3d 1547, 1558 at n. 12 (11th Cir. 1994).

a. **RE:  failure to call Dr. Kim as witness.**  Smith's defense at trial was that the victim, Annette Thomas, was a spurned lover who made up the accusation of rape against him when she found out that he (Smith) was not going to leave his wife and family for her (Thomas). Smith argues that a co-worker, Dr. Robert Kim, could confirm not only that Smith and Thomas were "an item", but that they had gone so far even as to make preliminary plans concerning moving to Washington, DC together. Smith contends that, by offering corroborating proof of the relationship with Annette Thomas, his "spurned lover" defense would have been enhanced.

Witnesses at trial testified that Annette Thomas presented at the hospital with a swollen face, a black eye, and scratches. [See **Respondents's Exhibit 1**, at C. 57]. Forensic testing found blood on her bra, and blood under her fingernails. [See **Respondents's Exhibit 1**, at C. 66]. Under these circumstances, even *had* Smith been able to produce a witness to corroborate his claim that he and Annette Thomas had had a sexual relationship, Smith cannot show that the outcome of his trial would have been any different because of this witness.

b. **RE: failure to present an insanity defense.**  Smith also contends that his trial counsel was ineffective for failing to help him back an insanity defense. In this case, however, electing not to claim insanity was not an act of deficient representation. Smith's defense was that his sex with Annette Thomas was consensual. An insanity

defense would have been inconsistent with Smith's main theory of his case. Trial counsel was not deficient for choosing not to put on conflicting defenses.

WHEREFORE, PREMISES CONSIDERED, this Court should deny the petition and the relief requested herein by Smith, either on the grounds that Smith's claims are procedurally defaulted, or on the grounds that they are without merit.

Respectfully submitted,

Troy King (KIN047)
*Attorney General*
By:

/s/ Stephen N. Dodd
Stephen N. Dodd
*Assistant Attorney General*
ID #ASB-6492