IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| MELVIN SMITH, AIS #204766,    ) | |
| ) | |
| ) | |
| Petitioner,   ) | |
| ) | |
| VS.   ) | CIVIL ACTION NO. |
| ) | 3:05-CV-0470-MHT |
| ) | |
| ARNOLD HOLT, et al.,   ) | |
| ) | |
| Respondents.   ) | |

**FIRST SUPPLEMENT TO
HOLT'S et al., *ANSWER* TO
COURT'S AUGUST 23, 20007 *ORDER TO SHOW CAUSE***

V.

*Respondents' defenses and arguments* (continued)

8. In support of their defenses, Respondents submit the following arguments:

PROCEDURAL DEFAULT (continued)

Procedural default in federal habeas corpus applies to claims that are not seasonably raised in state courts, either at trial, on direct appeal, or in state collateral proceedings. Wainwright v. Sykes, 433 U. S. 72 (1977); Murray v. Carrier, 477 U. S. 478 (1986); and Presnell v. Kemp, 835 F. 2d 1567 (11th Cir.

1988). When a procedural default bars litigation of a federal constitutional claim in state court, a state prisoner may not obtain federal habeas corpus relief on the basis of a claim unless he first establishes "cause and prejudice." Wainwright v. Sykes, 433 U.S. at 74; and Murray v. Carrier, 477 U.S. at 482.

A federal habeas corpus claim can be procedurally defaulted in one or more of seven principle ways  -- **(1)** when the claim was not timely raised in the state court of first instance [*Alabama "contemporaneous objection" rule, and/or Rule 32.2(a)(3) of the Alabama Rules of Criminal Procedure*]; **(2)** when the claim was raised in the state court of first instance, but not re-raised on appeal [*Rule 32.2(a)(5)*]; **(3)** when the claim was raised in the state court of first instance, and on appeal, but not then not pursued through the stage of a petition for certiorari to the state supreme court [*O'Sullivan v. Boerkel, 119 S. Ct. 1728 (1999)*]; **(4)** when the claim is a "type-1" successive claim, i.e., when, in a subsequent state court proceeding, the claim at issue was raised in a fashion that was the same as, or similar to, the way in which it had already been raised in a prior state court proceeding [*Rule 32.2(b) - first sentence*]; **(5)** when it is a "type-2" successive claim, i.e., when, in a subsequent state court proceeding, a claim is sought to be raised under circumstances that demonstrate that the claim could have been raised in a previous state court proceeding, but, for whatever reason, was not [*Rule 32.2(b) - second sentence*]; **(6)** when the claim is raised outside of the relevant state

postconviction statute of limitations [*Rule 32.2(c)*]; or, **(7)** when the claim is raised outside the federal habeas corpus statute of limitations [*28 U. S. C. Section 2244(d)(1)*]

In affirming the denial of his 2004 Rule 32 petition, the Alabama Court of Criminal Appeals held that Smith's Faretta-related claims were precluded because they were "type-1" successive, i.e., because they had been raised in Smith's 2001 Rule 32 petition.  [See **Respondents's Exhibit 14**]   This Court pointed out in its October 2, 2007 *Order* that the Alabama Court of Criminal Appeals's *Memorandum Opinion* affirming the denial of Smith's 2001 Rule 32 petition states that Smith's Faretta-related claims were defaulted under Rule 32.2(a) (3), i.e., because they were not presented to the trial court in Smith's 2001 Rule 32 petition.  Because the "type-1" successive petition rule of Rule 32.2(b) of the Alabama Rules of Criminal Procedure requires that a claim be addressed on its merits before it can be said to be "type-1" successive, this Court's positions is -- rightfully so -- that the Faretta-related claims raised in Smith's 2004 Rule 32 cannot be properly dismissed as "type-1" successive.  True enough.

However, even if the Alabama Court of Criminal Appeals's statement that Smith's 2004 Faretta-related claims were successive is not correct, at least two of the other six types of procedural default listed above *do* correctly apply to Smith's 2004 Faretta-related claims.  The Alabama Court of Criminal Appeals could and

should have just as easily said that Smith's 2004 Faretta-related Rule 32 claims were procedurally defaulted because they were not presented to the state trial court back in 1999 [*Alabama "contemporaneous objection" rule*, and/or *Rule 32.2(a)(3) of the Alabama Rules of Criminal Procedure*], or because they were not raised by Smith in his direct appeal [*Rule 32.2(a)(5)*].

The fact of the matter is that the record of Smith's trial shows that an individual named "L. Joel Collins" was appointed on February 11, 1997, by Russell County Circuit Court Judge Wayne T. Johnson, to represent Smith. [See **Respondents's Exhibit 1**, at C. 16] The record also shows that, a little over a month later, on March 18, 1997, Smith was arraigned. [See **Respondents's Exhibit 1**, at C. 17]

It also appears that, at the time of his arraignment, Smith was seeking to *retain* his own legal counsel. This is reflected in the fact that Judge Johnson made an entry on the *Order* of arraignment to the effect that Smith --

> ". . . (had until) April 29, 1997 . . . to report (back to the court who) he ha(d) retained (as) an attorney."

[See **Respondents's Exhibit 1**, at C. 17]

Smith was represented at arraignment by an appointed lawyer named L. Joel Collins or, at least, that is what the record shows. Smith's claim to the contrary is bogus.

Because Smith was, in fact, represented by appointed counsel at arraignment, it makes sense that he could not have thought of using the anomaly of the state trial judge's entry on the *Order* of arraignment -- relative to the selection of counsel by Smith -- as a means of attempting to scare up a "structural" ground for his habeas complaint, until well after his trial had come and gone. That is, simply, the way of the writ writer. It is also the way of the writ writer, fortunately, that, by that time, it was too late for Smith to try to raise such a claim.

WHEREFORE, PREMISES CONSIDERED, this Court should deny the relief requested herein by Smith, both as outlined in his original habeas filings, and as expounded on by the Court in its August 23 and October 2, 2007 *Orders to Show Cause*.

    Respectfully submitted,

    Troy King (KIN047)
    *Attorney General*
    By:


    /s/ Stephen N. Dodd
    Stephen N. Dodd
    *Assistant Attorney General*
    ID #ASB-6492

## CERTIFICATE OF SERVICE

I hereby certify that on this 12th day of October, 2007, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, and I hereby certify that I have mailed by United States Postal Service the document to the following non-CM/ECF participants: Melvin Smith, AIS #204766, P. O. Box 5107, Union Springs, AL 36089.

                **s/ Stephen N. Dodd**
                Stephen N. Dodd (ASB-6492)
                *Assistant Attorney General*
                Attorney for Respondents
                Alabama Attorney General's Office
                11 South Union Street
                Montgomery, AL 36130
                Telephone: 334-242-7378
                Fax:         334-242-2848
                E-mail:    sdodd@ago.state.al.us

ADDRESS OF COUNSEL:
Office of the Attorney General
Criminal Appeals Division
11 South Union Street
Montgomery, AL 36130
(334) 242-7300

330355/81910-001