IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| MELVIN SMITH, AIS #204766, ) | |
| ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| VS. ) | CIVIL ACTION NO. |
| ) | 3:05-CV-0470-MHT |
| ) | |
| ARNOLD HOLT, et al., ) | |
| ) | |
| Respondents. ) | |

**SECOND SUPPLEMENT TO
HOLT et al.'S, *ANSWER* TO
COURT'S AUGUST 23, 20007 *ORDER TO SHOW CAUSE***

V.

*Respondents' defenses and arguments* (continued)

8.2 In support of their defenses, Respondents submit the following arguments:

PROCEDURAL DEFAULT (continued)

The Court has asked the following question:

> The trial court denied the <u>Faretta</u> claim in Smith's second Rule 32 on the procedural default ground that, because it was raised and decided on its merits in Smith's first Rule 32, the claim was successive. In actuality, however, the claim was

> arguably procedurally defaulted in state court *not* because it <u>had</u> <u>been</u> raised in Smith's first Rule 32 petition but, rather, because it <u>had</u> ***not*** <u>been</u> raised in Smith's first Rule 32 petition, but *could have been*.
>
> What is the effect, for purposes of determining whether the Court of Criminal Appeals's disposal of Smith's <u>Faretta</u> claim was based on "adequate and independent state law grounds", of the fact that the Court of Criminal Appeals *Opinion* affirming the dismissal of Smith's second Rule 32 petition correctly identified that a state law procedural default was in play with respect to Smith's <u>Faretta</u> claim but, unfortunately, incorrectly identified that ground? In other words, the "right procedural decision, wrong procedural ground" question?

The Eleventh Circuit United States Court of Appeals does not appear to have directly addressed a situation such as his. Fortunately, the Second Circuit has.

In <u>Garcia v. Lewis</u>, 188 F.3d 71 (2nd Cir. 1999), the Second Circuit found New York state court's enforcement of its "contemporaneous objection rule" to be an "adequate" state law rationale for the state appellate court to base, on the grounds of procedural default, its decision to reject Garcia's constitutional claim. 188 F. 3d at 78. The Court observed:

> The Supreme Court has suggested that in determining the adequacy of a state procedural bar that precludes consideration of a federal claim, we

2

should inquire whether there was a "fair or substantial basis" in state law for the default. *See* Lawrence v. State Tax Comm'n, 286 U. S. 276, 282, 52 S. Ct. 556, 76 L. Ed. 1102 (1932) ("Even though the claimed constitutional protection be denied on non-federal grounds, it is the province of this Court to inquire whether the decision of the state court rests upon a fair or substantial basis. If unsubstantial, constitutional obligations may not be thus avoided."); *see also* Demorest v. City Bank Farmers Trust Co., 321 U. S. 36, 42, 64 S. Ct. 384, 88 L. Ed. 526 (1944) (noting that "'if there is no evasion of the constitutional issue, and the non-federal ground of decision has fair support, this Court will not inquire whether the rule applied by the state court is right or wrong, or substitute its own view of what should be deemed the better rule, for that of the state court'") (*quoting* Broad River Power Co. v. South Carolina, 281 U.S. 537, 540, 50 S. Ct. 401, 74 L. Ed. 1023 (1930)). To this end, when "'there can be no pretence that the [state] Court adopted its view in order to evade a constitutional issue, and the case has been decided upon grounds that have no relation to any federal question, this Court accepts the decision whether right or wrong.'" Wolfe v. North Carolina, 364 U. S. 177, 195, 80 S. Ct. 1482, 4 L. Ed. 2d 1650 (1960) (*quoting* Nickel v. Cole, 256 U. S. 222, 225, 41 S. Ct. 467, 65 L. Ed. 900 (1921)) (alteration in Wolfe).

\* \* \*

[I]t is not for us to second-guess a state court's determination as to which there is a fair and substantial basis in state law. Where, as here, "there is no evasion of the constitutional issue, and the non-federal ground of decision has fair support," *Demorest*, 321 U.S. at 42, 64 S. Ct. 384, it would be improper for us to "inquire whether the

> rule applied by the state court is right or wrong, or substitute [our] view of what should be deemed the better rule, for that of the state court," *id.* (citation and internal quotation marks omitted). Rather, as we can discern "'no pretence that the [state] Court adopted its view in order to evade a constitutional issue, and the case has been decided upon grounds that have no relation to any federal question, [we will] accept[ ] the [state court] decision whether right or wrong.'" *Wolfe,* 364 U.S. at 195, 80 S. Ct. 1482 (quoting *Nickel,* 256 U.S. at 225, 41 S. Ct. 467) (first alteration in *Wolfe*).

Garcia v. Lewis, 188 F. 3d at 76-82 (emphasis added); *see also* Rhagi v. Artuz, 309 F. 3d 103, 107 (2nd Cir. 2002).

In his first Rule 32 petition, Smith argued: (1) that his counsel was ineffective for, essentially, not pleading him "not guilty by reason of insanity" at his arraignment; and, (2) that his appellate counsel was ineffective for failing to raise on direct appeal a claim that Smith's trial counsel was ineffective for failing to plead him "not guilty by reason of insanity". [See **Respondents's Exhibits 6, 7, 8, and 9**] The trial court ruled that these claims were defaulted at the trial level because Smith did not include them in his written Rule 32 petition. [See **Respondents's Exhibit 9**] The Alabama Court of Criminal Appeals ruled that, because the claims shad not been properly presented in the state trial court, they were procedurally barred from review on appeal. [See **Respondents's Exhibit 9**]

4

In his second Rule 32 petition, Smith re-raised the claim, not in the context of ineffective assistance of counsel this time but, rather, in the context of ***denial*** of counsel, i.e., Faretta. [See **Respondents's Exhibit 11**] This time, Smith argued *not* that his trial counsel was ineffective for failing to plead him not guilty by reason of insanity but, rather, that, in point of fact -- now that he had had time to think about it (fish) -- he had not even *had* counsel at the time of arraignment, and that, therefore, his right to counsel had not just been negatively affected but, rather, had been actually denied. [See **Respondents's Exhibit 11**] Gadzooks!

Next, the state Rule 32 court held that, because it could have been raised by him in his first Rule 32 petition, but was not, Smith's Faretta claim was successive. [See **Respondents's Exhibit 11**] The Alabama Court of Criminal Appeals also found the claim successive, but not because it could have been raised in Smith's first Rule 32 petition. Rather, the appellate court held that the claim was successive because it *had been* raised and addressed in Smith's first Rule 32. [See **Respondents's Exhibit 14**] Hence, the rub.

All this being said, however, something else was noted in Garcia v. Lewis is that is instructive here. The Second Circuit wisely said --

5

> In our view, the Appellate Division reached a reasonable conclusion when it deemed Garcia's claim unpreserved. A contrary holding would only encourage the kind of "sandbagging" that procedural forfeiture rules reasonably discourage, *see* Wainwright, 433 U. S. at 89, 97 S. Ct. 2497, and that "undermines the [justification] for the writ." Brown, 142 F. 3d at 543; *see also* Reed v. Farley, 512 U. S. 339, 349, 114 S. Ct. 2291, 129 L. Ed. 2d 277 (1994).

Garcia v. Lewis, 188 F. 3d at 82. Fortunately for the Second Circuit, they were dealing with sandbagging of the ordinary variety, not the egregious kind of combination "fishing" and "sand bagging" Respondent Holt has had to deal with in this case since he filed his first response herein over two years ago.

The bottom line here is that there *is*, and *has always been*, absolutely no evidence in the state court record of the kind of "evasion" of a constitutional claim by the State of Alabama that would cause a federal court legitimate concern about the adequacy and independence of the Alabama state court's decisions herein. In fact, for what it is worth, the record shows just the opposite, and even the poor old, much maligned Alabama Court of Criminal Appeals was able to see it. [See **Respondents's Exhibit 1**, at C. 16; **Respondents's Exhibit 14**, at n. 2]  This case is about fishing and

6

sandbagging by a defendant, not about the evasion of a constitutional claim by an Alabama state court.

WHEREFORE, PREMISES CONSIDERED, this Court should deny the relief requested herein by Smith, both as outlined in his habeas filings over the course of the last two years, and as expounded on by the Court in its *Orders to Show Cause* of August 23, October 2, and October 15, 2007.

Respectfully submitted,

Troy King (KIN047)
*Attorney General*
By:


/s/ Stephen N. Dodd
Stephen N. Dodd
*Assistant Attorney General*
ID #ASB-6492

## CERTIFICATE OF SERVICE

I hereby certify that on this 25th day of October, 2007, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, and I hereby certify that I have mailed by United States Postal Service the document to the following non-CM/ECF participants: Melvin Smith, AIS #204766, P. O. Box 5107, Union Springs, AL 36089.

                                              **s/ Stephen N. Dodd**
Stephen N. Dodd (ASB-6492)
*Assistant Attorney General*
Attorney for Respondents
Alabama Attorney General's Office
11 South Union Street
Montgomery, AL 36130
Telephone: 334-242-7378
Fax:        334-242-2848
E-mail:    sdodd@ago.state.al.us

ADDRESS OF COUNSEL:
Office of the Attorney General
Criminal Appeals Division
11 South Union Street
Montgomery, AL 36130
(334) 242-7300

335942/81910-001