IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| MELVIN SMITH, #204766, | ) |
| Petitioner, | ) ) ) |
| v. | ) CIVIL ACTION NO. 3:05-CV-470-MHT ) |
| ARNOLD HOLT, *et al.*, | ) ) |
| Respondents. | ) |

**ORDER**

Upon review of the supplemental answer filed by the respondents on October 25, 2007 (Court Doc. No. 72), and as this response is somewhat rambling and fails to adequately address the directives of the order entered on October 15, 2007 (Court Doc. No. 71),[1] it is

ORDERED that on or before November 13, 2007 the respondents shall file a supplement to this answer which addresses the affect, if any, that the procedural default determination issued by the Alabama Court of Criminal Appeals on petitioner's appeal from the denial of his 2001 Rule 32 petition with respect to the *Faretta* claim raised in such appeal - Smith argued he lacked competence to defend himself and did not have the capacity to make a determination with respect to self-representation - i.e., this claim is "not properly before this [appellate] court" as petitioner failed to raise it in his original Rule 32

---

[1] Specifically, although the respondents reference procedural default with respect to the pending *Faretta* claim and as it appears that such claim is defaulted due to Smith's failure to present the claim in the July 10, 2001 Rule 32 petition filed with the trial court, the respondents fail to identify the precise basis underlying their assertion of default.

petition before the trial court, *Respondents' Exhibit 9 - Court Doc. No. 17-12* at 3, has on the claim now pending before this court. *See O'Sullivan v. Boerckel*, 526 U.S. 838, 119 S.Ct. 1728 (1999); *Brownlee v. Haley*, 306 F.3d 1043, 1065 (11th Cir. 2002); *Holladay v. Haley*, 209 F.3d 1243, 1254 n. 9 (11th Cir.), *cert. denied*, 531 U.S. 1017 (2000); *Atkins v. Singletary*, 965 F.2d 952, 955 (11th Cir. 1992) (citations omitted) ("Federal review of a petitioner's claim is barred by the procedural-default doctrine if the last state court to review the claim states clearly and expressly that its judgment rests on a procedural bar, and that bar provides an adequate and independent state ground for denying relief.").[2]

Done this 26th day of October, 2007.

/s/ Wallace Capel, Jr.
WALLACE CAPEL, JR.
UNITED STATES MAGISTRATE JUDGE

---

[2] The record in this case indicates that this determination constitutes the last ruling by a state court **relevant** to a federal court's determination of the potential procedural default of the *Faretta* issue as the petitioner failed to file a petition for writ of certiorari with the Alabama Supreme Court upon the denial of his appeal by the Alabama Court of Criminal Appeals. Although the respondents argue that the *Faretta* claim is procedurally defaulted in this federal habeas action because the Alabama Court of Criminal Appeals ***could have*** deemed this claim procedurally defaulted due to the petitioner's failure to present the to the trial court during his 1999 criminal trial and/or due to his failure to raise the claim on direct appeal of his conviction, the appellate court chose not to rely on either of these reasons for default; instead, when the petitioner first raised a *Faretta* claim on appeal from the denial of his 2001 Rule 32 petition, the Alabama Court of Criminal Appeals found the claim barred from review as the claim had not been raised in the initial Rule 32 petition filed in the trial court. *Respondents' Exhibit 9 - Court Doc. No. 17-12* at 3. ***On appeal of the denial of a subsequent Rule 32 petition filed by Smith in February of 2004, the Alabama Court of Criminal Appeals appropriately denied review of the claim as successive, a proper procedural bar under state procedural rules, as the appellate court in the prior Rule 32 action had previously deemed the claim procedurally barred from review***.