IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

MELVIN SMITH, AIS #204766, )
)
)
Petitioner, )
)
VS. ) CIVIL ACTION NO.
) 3:05-CV-0470-MHT
)
ARNOLD HOLT, et al., )
)
Respondents. )

**THIRD SUPPLEMENT TO**
**HOLT et al.'S, *ANSWER* TO**
**COURT'S AUGUST 23, 20007 *ORDER TO SHOW CAUSE***

I.

**Facts and Proceedings in State Courts** (continued)

4.1 On July 10, 2001, Smith filed a Rule 32 petition, raising the following claims:

1) the State's indictment was void because it was factually inadequate;

2) the State's indictment was void because it was legally inadequate;

3) the State's evidence, which consisted primarily of the testimony of the victim, Annette Thomas, was insufficient to sustain his conviction;

4) the State's arrest warrant was illegal;

5) Smith's trial counsel was ineffective; and,

5) Smith's appellate counsel was ineffective.

[See **Respondents' Exhibit 6,** the record of Smith's 2001 Rule 32 appeal in Smith v. State, CR 01-1261 mem. op. (Ala. Crim. App. Sept. 20, 2002), at C. 3-15]  On August 23, 2001, the trial court summarily denied Smith's 2001 Rule 32 petition.  [See **Respondents' Exhibit 6,** at C. 23-24]

V.

**Respondents' defenses and arguments** (continued)

8.2  In support of their defenses, Respondents submit the following arguments:

PROCEDURAL DEFAULT (continued)

The Court has asked the following question:

> Consider the following.  On July 10, 2001, Smith filed a Rule 32 petition, raising the following claims:
>
> > 1) the State's indictment was void because it was factually inadequate;
> >
> > 2) the State's indictment was void because it was legally inadequate;
> >
> > 3) the State's evidence, which consisted primarily of the testimony

of the victim, Annette Thomas, was insufficient to sustain his conviction;

4) the State's arrest warrant was illegal;

5) Smith's trial counsel was ineffective; and,

6) Smith's appellate counsel was ineffective.

[See **Respondents' Exhibit 6,** at C. 3-15] On October 10, 2001, the state trial court held a hearing on Smith's 2001 Rule 32 petition. Later, it denied Smith's petition.

In the *Brief* he filed in the appeal of this 2001 Rule 32, Smith claimed that he *attempted* to raise the issue of Faretta at the hearing on his 2001 petition, but was prevented from doing so by the trial court, who said that argument on the claim could not be heard at the hearing because Smith had not included it in his written petition. [See **Respondents' Exhibit 6,** at C. 3-15]

Following this, the Alabama Court of Criminal Appeals, unfortunately, appears to have accepted as true what Smith claimed in *Brief* about having tried to raise a Faretta claim in his 2001 Rule 32, going so far as to speak to it in its *Opinion* affirming the summary denial of the petition as if the so-called attempted raising of the so-called Faretta claim below was, in fact, a proven fact. [See **Respondents' Exhibit 9**]

These things considered**, w**hat is the effect, for purposes of determining whether the Alabama state courts's disposal of Smith's so-called Faretta claim was based on "adequate and independent state law grounds", of the fact that the Court of

> Criminal Appeals *Opinion* affirming the dismissal of Smith's 2004 Rule 32 petition correctly identified that a state law procedural default was in play with respect to Smith's Faretta claim but, unfortunately, incorrectly identified that ground as successiveness, rather than as procedural default for failure to timely raise the claim at the trial court level, i.e., in Smith's 2001 Rule 32 petition?

In its *Opinion* affirming the summary denial of Smith's 2004 Rule 32 petition, the Alabama Court of Criminal Appeals held:

> "Claim 2 (Faretta) was precluded because Smith has raised, and we have addressed, this claim in a prior Rule 32. *See* Smith v. State, (No. CR-01-1261, 868 So. 2d 485 (Ala. Crim. App. 2002) (table).

[**Respondents' Exhibit 9]** The way the Court of Criminal Appeals addressed the Faretta claim in Smith's 2001 Rule 32 petition was as follows:

> "These claims are not properly before this Court. *See* Morrison v. State, 551 So. 2d 435 (Ala. Crim. App. 1989).

[**Respondents' Exhibit 14]** The case cited by the Court in disposing of 2001 Rule 32 petition -- Morrison v. State, 551 So. 2d 435 (Ala. Crim. App. 1989) -- says:

> This particular allegation is made for the first time on the appeal of the denial of the petition for post-conviction relief. It was not a ground of the petition or amended petition. A petitioner for post-conviction relief may not raise on appeal grounds not presented in the petition or presented at the hearing on the petition.

551 So. 2d at 437.

Thus, what happened here was that Smith failed to raise his Faretta claim in his 2001 Rule 32 petition and, having done so, subsequently misrepresented to the Alabama Court of Criminal Appeals that he *had*, in fact, tried to timely raise the Faretta claim, but had been prevented in doing so by the trial court. The Court of Criminal Appeals, in turn, allowed itself to believe what Smith had claimed in his *Brief* about his (Smith's) having tried to raise the claim in the trial court, and itself addressed -- albeit, in dicta -- the allegation by holding that Smith had defaulted the claim when he failed to include it in his 2001 Rule 32 written petition. [**Respondents' Exhibit 14]**

So, what does all this mean? You can read the transcript and record of Smith's 2001 Rule 32 from cover to cover, and you will not find any mention of Faretta in Smith's petition, in the State's *Response* to that petition, by the trial court in a ruling from the bench, or by the trial court in

its *Order* denying Smith's 2001 Rule 32 petition. [**Respondents' Exhibit 14]**

The Alabama Court of Criminal Appeals was, therefore, correct when it found and ruled that Smith's Faretta claim was defaulted because it had not been presented to the Rule 32 Court. A procedural default does not bar consideration of a federal claim on either direct or habeas review unless the last state court rendering a judgment in the case "clearly and expressly" states that its judgment rests on a state procedural bar. Brown v. Jones, 2007 WL 3232179, at *10 (S. D. Ala. 2007), *citing* Coleman v. Thompson, 501 U. S. 722, 739, 111 S. Ct. 2546, 2559, 115 L. Ed. 2d 640 (1991). The question for this case becomes -- "Is the last reasoned decision addressing the procedural bar at issue for Smith an adequate and independent state ground?" *See*, *e.g.*, Lang v. Secretary, 2007 WL 1120333, at *4 (M. D. Fla. 2007), *citing* Ylst v. Nunnemaker, 501 U.S. 797 (1991); Harmon v. Barton, 894 F. 2d 1268 (11th Cir. 1990).

Smith "dissembled" when he tried to make the Alabama Court of Criminal Appeals believe that he raised Faretta in is 2001 Rule 32. Smith's 2001 Rule 32 petition was all about ineffective assistance of counsel. It was only later, in his 2004 Rule 32 petition, that he finally got around to raising Faretta. By that time, however, it was too late.

The only mistake the Alabama Court of Criminal Appeals made was believing Smith's bald claim that he had tried to argue Faretta at the state Rule 32 court level, but had been prevented from doing so by the trial court. Smith was not prevented from raising the issue -- he simple failed to do so. And, by failing to do so, he forfeited the issue, both in subsequent state court proceedings, and in this federal habeas corpus petition.

The Alabama state court's denial of Smith's 2001 Rule 32 petition state was accomplished on adequate and independent state ground, i.e., procedural default.  The Alabama Court of Criminal Appeals was correct in recognizing it as such.

Furthermore, because Smith could have raised his Faretta claim in his 2001 Rule 32 petition, but did not, the Alabama Court of Criminal Appeal's 2004 decision was also correct.  Smith's 2004 Faretta claim was, in fact, successive -- it should have been raised in his 2001 petition, and Smith failed to show in his 2004 petition a good reason for why he had not raised the claim in his 2001 petition. It is not necessary to "look through" the 2004 decision to evaluate the reasoning of the 2001 decision -- both were correct in proper, meaning the 2001 decision is an "adequate and independent" state ground in its own right.

WHEREFORE, PREMISES CONSIDERED, this Court should deny the relief requested herein by Smith, both as outlined in his habeas filings over the course of the last two years, and as expounded on by the Court in its *Orders to Show Cause* of August 23, October 2, October 15, 2007, and November 13, 2007.

    Respectfully submitted,

    Troy King (KIN047)
    *Attorney General*
    By:


    /s/ Stephen N. Dodd
    Stephen N. Dodd
    *Assistant Attorney General*
    ID #ASB-6492

**CERTIFICATE OF SERVICE**

I hereby certify that on this 28th day of November, 2007, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, and I hereby certify that I have mailed by United States Postal Service the document to the following non-CM/ECF participants**:** Melvin Smith, AIS #204766, P. O. Box 5107, Union Springs, AL 36089.

**s/ Stephen N. Dodd**
Stephen N. Dodd (ASB-6492)
*Assistant Attorney General*
Attorney for Respondents
Alabama Attorney General's Office
11 South Union Street
Montgomery, AL 36130
Telephone: 334-242-7378
Fax: 334-242-2848
E-mail: sdodd@ago.state.al.us

ADDRESS OF COUNSEL:
Office of the Attorney General
Criminal Appeals Division
11 South Union Street
Montgomery, AL 36130
(334) 242-7300

347353/81910-001