IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| MELVIN SMITH, #204766, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) CIVIL ACTION NO. 3:05-CV-470-MHT |
| | ) |
| ARNOLD HOLT, *et al.*, | ) |
| | ) |
| Respondents. | ) |

**O R D E R**

The respondents filed an answer and supplements thereto pursuant to the provisions of Rule 5, *Rules Governing Section 2254 Cases in the United States District Courts*, in which they contend that the present habeas corpus petition is due to be denied because the claims raised therein entitle petitioner to no relief from this court. Specifically, the respondents argue that those claims not presented to the state courts in accordance with the state's procedural rules are procedurally defaulted. *See O'Sullivan v. Boerckel*, 526 U.S. 838, 119 S.Ct. 1728, 144 L.Ed.2d 1 (1999); *Smith v. Jones*, 256 F.3d 1135, 1140-1146 (11th Cir. 2001), *cert. denied*, 534 U.S. 1136, 122 S.Ct. 1081, 151 L.Ed.2d 982 (2002); *Brownlee v. Haley*, 306 F.3d 1043, 1065 (11th Cir. 2002); *Holladay v. Haley*, 209 F.3d 1243, 1254 n. 9 (11th Cir.), *cert denied*, 531 U.S. 1017 (2000); *Bailey v. Nagle*, 172 F.3d 1299, 1303 (11th Cir. 1999); *Collier v. Jones*, 901 F.2d 770, 773 (11th Cir. 1990);*Teague v. Lane*, 489 U.S. 288 (1989). Moreover, to the extent that Smith's claims were properly adjudicated on the merits by the state courts, these claims provide no basis for federal habeas relief. *See*

*Williams v. Taylor*, 529 U.S. 362, 404-405, 120 S.Ct. 1495, 1518- 1523 (2000). With respect to Smith's claim of actual innocence, the respondents maintain that he has failed to meet his burden of proof on this claim. It is likewise clear to the court that Smith has failed to demonstrate entitlement to the exceedingly narrow exception allowing review of procedurally defaulted claims due to a fundamental miscarriage of justice as Smith has presented no new, reliable evidence not available to him at the time of trial demonstrating his factual innocence. *Bousely v. United States*, 523 U.S. 614, 623 118 S.Ct. 1604, 1611 (1998) ("'[A]ctual innocence' means factual innocence, not mere legal innocence.").

A procedural default bars consideration of the merits of a claim unless the petitioner can establish "cause" for the failure to follow the state's procedural rules and show "prejudice" resulting from this failure. *See Edwards v. Carpenter*, 529 U.S. 446, 451 (2000); *Wainwright v. Sykes*, 433 U.S. 72 (1977). However, even if the petitioner fails to show cause and prejudice, a procedural default will not preclude a federal court from considering a habeas petitioner's federal constitutional claim where the petitioner is able to show that the court's failure to address his claim would result in a "fundamental miscarriage of justice." *Schlup v. Delo*, 513 U.S. 298, 320 (1995); *Murray v. Carrier*, 477 U.S. 478 (1986). The miscarriage of justice exception allows federal courts to address procedurally defaulted claims if the petitioner shows that "a constitutional violation has probably resulted in the conviction of one who is actually innocent." *Carrier*, 477 U.S. at 496.

With respect to those claims which have been adjudicated on the merits in the state courts, 28 U.S.C. § 2254(d)(1) places new constraints on the power of a federal district court to grant a state prisoner's application for habeas corpus relief. In sum, the statute directs that this court may grant a writ of habeas corpus only "if the relevant state-court decision was either (1) '*contrary to* ... clearly established Federal law, as determined by the Supreme Court of the United States,' or (2) '*involved an unreasonable application of* ... clearly established Federal law, as determined by the Supreme Court of the United States.' (Emphases added.)" *Williams v. Taylor*, 529 U.S. at 404-405, 120 S.Ct. at 1519. "Under § 2254(d)(1) and the *Williams* decision, [a federal court] can grant relief only if the state court decision denying relief is 'contrary to' clearly established federal law or is an 'unreasonable application' of federal law." *Brown v. Head*, 272 F.3d 1308, 1313 (11th Cir. 2001). In the vast majority of cases, a federal district court will be faced with the contention that the state court unreasonably applied federal law.

> In determining whether the state court's decision is an unreasonable application of the law set out in [applicable] Supreme Court decisions, we need not decide whether we would have reached the same result as the state court if we had been deciding the issue in the first instance. Instead, we decide only whether the state court's decision of the issue is objectively unreasonably. *See Williams v. Taylor*, 529 U.S. 362, 411, 120 S.Ct. 1495, 1522, 146 L.Ed.2d 389 (2000) ("Under §2254(d)(1)'s 'unreasonable application' clause, then, a federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly. Rather, that application must also be unreasonable."); *Brown v. Head*, 272 F.3d 1308, [1313]

3

>   (11th Cir. 2001)("It is the objective reasonableness, not the correctness *per se*, of the state court decision that we are to decide.").

*Wright v. Secretary for the Dept. of Corrections*, 278 F.3d 1245, 1256 (11th Cir. 2002). Additionally, the statute makes it clear that a federal court cannot grant relief with respect to claims adjudicated on the merits by the state courts "unless the adjudication of the claim . . . resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d)(2).

Accordingly, it is

ORDERED that on or before December 14, 2007 the petitioner may file a response to the answers filed by the respondents. Any pleadings, documents or evidence filed after this date will not be considered by the court except in exceptional circumstances. The petitioner is advised that at any time after December 14, 2007 the court shall "determine whether an evidentiary hearing is required. If it appears that an evidentiary hearing is not required, the [court] shall make such disposition of the petition as justice shall require." Rule 8(a), *Rules Governing Section 2254 Cases in the United States District Courts*.

The petitioner is instructed that when responding to the respondents' answers he may file sworn affidavits or other documents in support of his claims. Affidavits should set forth specific facts which demonstrate that the petitioner is entitled to relief on those grounds presented in the habeas corpus petition. If documents which have not previously been filed with the court are referred to in the affidavits, sworn or certified copies of those

papers must be attached to the affidavits or served with them.  When the petitioner attacks the respondents' answers by use of affidavits or other documents, the court will, at the proper time, consider whether to expand the record to include such materials.  *See* Rule 7, *Rules Governing Section 2254 Cases in the United States District Courts*.

The petitioner is cautioned that in responding to the respondents' assertion that his claims for relief are procedurally defaulted he must state specific reasons why he failed to comply with the state's procedural rules or otherwise did not present or pursue these claims in state court either at the trial court level, on appeal or in available post-conviction proceedings.  The petitioner is advised that the reasons presented must be legally sufficient and that the facts surrounding or relating to the reasons for the failure must be stated with specificity.  If the petitioner asserts that this court should address the procedurally defaulted claims under the fundamental miscarriage of justice exception, the petitioner must show specific reasons for the application of this exception.

Done this 29th day of November, 2007.

                                        /s/ Wallace Capel, Jr.
                                WALLACE CAPEL, JR.
                                UNITED STATES MAGISTRATE JUDGE