IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| Melvin Smith, #204766<br>    Petitioner, | )<br>)<br>) Civil Action No. 3:05-CV-470-MHT |
| v. | )<br>) |
| Arnold Holt, et al.,<br>    Respondents. | )<br>) |

### Petitioner's Response to Respondents Answer and Courts November 29, 2007 Order

Comes now Petitioner Melvin Smith #204766, pro-se, and in response to the respondents contentions that Melvin Smith's Habeas Corpus Petition is "procedurally defaulted" because the claims raised therein entitle the petitioner to no relief from the Federal Courts.

### Facts and Proceedings In State Court

The petitioner was arrested in October 1996, spent three (3) months in the Russell County Jail before being released on bond, January 1997. In March 1997, the trial court arraigned the petitioner without representation of counsel. Furthermore, the trial court, on April 29, 1997, again without counsel, arraignment compelled petitioner to represent himself, violating his U.S. Constitutional rights. The trial court violated his U.S. Constitutional rights when it failed to conduct a hearing to make specific findings of fact to determine his ability to represent himself at arraignment and at trial; Prosecutor Max Smith suppressed DNA evidence that was favorable to the petitioner violating his U.S. Constitutional rights and detectives interrogated him without counsel present which

resulted in an incriminating, false statement which was used at trail. [See Transcript and Case Summary]

Argument

While it is clearly evident by the record that Melvin Smith is being unconstitutionally incarcerated because his United States Constitutional rights were clearly violated by the State in this case. In Respondent answer to show cause they contend that these claims are procedurally defaulted because they were not presented to the State Courts, which is an attempt to mislead this Court. For instance, the Respondents contend that the Petitioner never gave the State Courts an opportunity to address his Mental Competency Claims on the merits, which the trial Court and the Court of Criminal Appeals refused to do! In O'Sullivan V. Boerckel 526 U.S. 838 119 S. Ct., 1728, 144, L. Ed. 2d (1999) the Court requires only that State prisoners give State Courts a fair opportunity to act on such claims, because State Courts, like Federal Courts, are obligated to enforce Federal Law (a principle that the Alabama Court have overlooked continually). Which the Petitioner did, but the trial Court, Court of Criminal Appeals, and the Alabama Supreme Court refused to adjudicate the petitioner's mental health claims on its merits only, stating that "the claim was not properly before their court." Lindsey V. Smith 820 F. 2d 1137 (11th Cir. 1987), cert. denied, 489 US 1059, 109 S. Ct. 1327, 103 L. Ed. 2d 595 (1989) the ;Magistrate incorrectly cited the opinion in concluding that a Federal Court should treat such summary denial as resting on procedural default; for the proposition that "A summary denial of a State coram nobis petition cannot be construed to be a decision by the State Court on the merits of the claims." Harris V. Reed 489 US 255, 109 S. Ct. 1038, 103 {910 F. 2d 773} L. Ed. 2d 308 "Plain Statement" rule that "A

procedural default does not bar consideration of a Federal claim on either direct or habeas review unless the last State Court rendered a judgment in the case 'clearly and expressly' states that its judgment rests on a state procedural bar." The State Court did not rest its judgment on a [procedural default in its 2001 denial of the Petitioners Rule 32 petition on his mental competency claim, but plainly stated that it" was not properly before this court as did the trial court; if the court extends the plain statement rule announced in Michigan V. Long 463 U.S. 1032, 103 S. Ct 3469, 77 L. Ed. 2d 1201 (1983) Collier V. Jones 910 F. 2d 770910 F. 2d 770 (1990) (Citing Caldwell V. Mississippi 472 U.S. 320, 327, 105 S. Ct. 2633, 2638, 86 L. Ed. 2d 231 (1985), quoting Long, 463. U.S. At 1041, 103 S. Ct. At 3476, 77 L. Ed. 2d at 1214)." Under these circumstances, as in this present petition, a Federal Court cannot presume that the State Court's ruling rests on a procedural default. Therefore, because of the "Plain Statement" rule. Furthermore, in Williams V. Taylor 529 US 362, 146 L. Ed. 2d 389, 120 S. Ct. 1495 (2000) the Petitioner was prejudiced by the denial of counsel at the arraignment stage, because the arraignment is a critical stage of the proceedings and denial of that right violated Melvin Smith's United States Constitutional rights under Strickland V. Washington 446 US 668, 80 L. Ed. 2d 674, 104 S. Ct. 2052. The arraignment is the most important stage of the proceedings when a mentally ill defendant is being tried because if certain pleadings are not made at this stage the right to raise them later would be procedurally barred as in the present case, but if this claim is not heard it would cause a fundamental miscarriage of justice, because the trial court had the mental health records, and history and yet refused to assure that the counsel appointed to represent the Petitioner at the arraignment be present or even know that he was appointed to represent him, because he was not present and the arraignment went on

(See record) In <u>Williams V. Taylor</u> 529 US 362 it was held that under §2254(d)(1)'s "contrary to" clause, a Federal Court may grant a writ of habeas corpus if a State Court applies a rule that contradicts the governing law as has been done in this present case where the petitioner was not given a counsel during his arraignment; a gross violation in the case at hand, because of the mental competency issues presented to the Court (See Petitioner's Mental Health Exhibits). The Petitioner's sixth Amendment right was denied him contrary to the governing laws of the United States of America. Also, in <u>Teague V. Lane</u> 489 US 288, 103 L. Ed. 2d 334, 109 S. Ct. 1060 Justice Brennan and Marshall expressed the view that they would reach the merits of the petitioner's sixth Amendment argument and hold in his favor and that the Supreme Court's precedents did not justify the Court's limiting in the present case the cognizibility of the Constitutional claims on Federal habeas corpus review." The counsel at the arraignment stage is not only a basic right of citizenship, it is a sworn duty of each Court to uphold this right and protect those rights, not to abuse men like the petitioner. For the respondents to cry procedural default in this case, and for the court to agree would be a total disregard for the United States Constitution and the people who trust in justice. Fundamental fairness requires that the default be overlooked. A prior state court procedural default does not bar consideration of a federal claim on either direct or habeas review, unless it is clearly and expressly stated by the "plain statement" rule. The respondents refused to adjudicate the petitioners mental health claims, plainly stating that it was not "properly before the court" to avoid its merits, in Haines and the court added that in considering a motion to dismiss, a "pro-se complaint" should be held to "less stringent standards than the formal pleadings drafted by lawyers," <u>Haines V. Kerner</u>, 404 US 519 (1972), <u>Conley V. Gibson</u> 355 US 41, 45-46,

78 S. Ct. 99, 101-02, 2 L. Ed. 2d 80 (1957), FFA V Rice 85 F. 3d at 536; Standard of Review; Also see Sanders V. USA 113 F. 3d At 187, USA V. Sanchez 88 F. 3d At 1246-47 Militello V. Bardell, 970 FS At page 1023 (1997); Williams V. District of Columbia, 916 FS At pg 4.

For the trial court and court of criminal appeals to hold Melvin Smith the petitioner to the standard of a lawyer when he was doing everything he knew to present to the state courts a fair opportunity to address these claims; O'Sullivan V. Boerckel, 526 US 838, 844, 144 L. Ed. 2d 119 S. Ct. 1728 (1999); Mackey 401 US At 682. Habeas Corpus always has been a collateral remedy providing an avenue of upsetting judgments that have become otherwise final; Justice Harlan wrote, Teague V. Lane 489 US 288, 103 L. Ed. 2d 334, 109 S. Ct. 106 The Court wrote that it has not "always followed an unwavering line in its conclusions as to the availability of the Great Writ, its development of the habeas corpus has been attended, seemingly with some backing and filling." The respondents interests is not justice, but to maintain their reputation and to cover-up these constitutional violations done to the petitioner in this case, at the cost of sacrificing justice and the rights of the petitioner Melvin Smith. That is why the respondents want this petition dismissed. In Fay V. Noia 372, US 391, 9 L. Ed. 2d 837, 83 S. Ct. 822 the United States Supreme Court decision involved a failure to appeal a state conviction at all and which decision established a standard whereby a state-court procedural default did not bar federal habeas corpus review unless the prisoners had deliberately bypassed state procedures. Melvin Smith has been diligent in filing appeals in the courts; he has not failed to fight for his liberty against this miscarriage of justice portrayed upon him by the respondents. Also see Smith V. Jones 256 F. 3d 1135, 1140-

1146 (11th Cir. 2001) cert. denied, 534 US 1136, 1225 S. Ct. 1081, 151 L. Ed. 2d 982 (2002), the District Court held that the specific instance of ineffectiveness Kennedy had not raised in state court were nor procedurally barred from review. The court also held that the Teague rule is such that it is not applicable for the benefit of habeas petitioners, and in the Brownlee V Haley 306 F. 3d 1043, 1065 (11th Cir. 2002); state court's findings lacked even fair support in the record. The trial court in the petitioner case refuse to hear the mitigating evidence at sentencing (see transcript of sentencing on April 30, 1999). Furthermore, it is clear that in order for the petitioner to receive justice in this federal habeas corpus is necessary to prevent a serious and grievous miscarriage of justice, see Fay and Boerckel.

    The state in this present case just refused to correct their own mistakes when the opportunity was given them, and the respondents know that if the trial court had assured the petitioner of counsel at the arraignment stage, because of the mental competency pleadings that must be made at that stage of the proceedings or else they are procedurally barred, which the trial court judge was aware of at the time. In the Wain Wright V Stykes 433 US 72, 53 L. Ed 2d 594, 97 S. Ct. 2497 the court citing Fay V Noia 372 US 391, 9 L. Ed. 2d 837, 83 S. Ct. 822 and Francis V Henderson (1976) 435 US 536 48 L. Ed. 2d 149, 96 S. Ct. 1708, the "cause" and "prejudice" exception to the Francis rule will afford an adequate guarantee that the rule will not prevent a federal habeas corpus court from adjudicating for the first time the federal constitutional claims of a defendant who, as in the case of Melvin Smith, "in the absence of such an adjudication, will be the victim of a miscarriage of justice." O'Sullivan V Boerckel 526 US 838, 119 S. Ct. 1728 (1999), requires only that the state prisoner give state court a fair opportunity to act on such

prisoners claims; Atkins V Singletary 965 F. 2d 952, 955 (11th Cir. 1992). When the trial court, and Court of Criminal Appeals stated that Smith's mental competency was "not properly before the court" it was a refusal by the state courts to address the petitioner's attempt to give the courts a fair opportunity to adjudicate the claim, which they refused on every occasion, when the state-court should have addressed the claims by holding the pro-se petitioner to "less stringent standards." Haines V Kerner 404 US 519. Leaving the petitioner no other avenue, but to continue to try to get his claim before the court in any manner he had available to him.

The petitioner was not deliberately avoiding or delaying his claims. Fay V Noia 372, US 391, 9 L. Ed. 2d 837, 83 S. Ct. 822. When a Federal District Court reviews a state prisoner's habeas corpus petition pursuant to 28 USCS § 2254 the Court does not review a judgment, but the lawfulness of the petitioners custody simpliciter, where the court must decide whether the petitioner is in custody in violation of the Constitution or laws, or treaties of the United States of America.

In Bailey V Nagle, 172 F. 3d 1299, 1303 (11th Cir. 1999) the court in dividing the claim s stated that the last state court rendering judgment must clearly and expressly state that its judgment rested on a procedural bar which was not done in the present case, but on the opinion of the trial court which was "this claim is not properly before the court" and contrary to the "Haines" rule, and Harris V Reed 489 US 255, 109 S. Ct. 1038, 103 {910 F. 2d 773} L. Ed. 2d 308 (1989). The petitioner Melvin Smith did not understandingly and knowingly and intelligently waive his right to counsel nor is he guilty of rape 1st degree. When the state convicted the petitioner of the wrong crime, it is like convicting the wrong man for a crime he has not committed; Schlup V Delo 513 US

298, 130 L. Ed. 2d 808, 115 S. Ct. 851, and it is the constitutional violations of 1st, 5th, 6th, 8th, and 14th Amendment that cause this to happen. Murray V Carrier 477 US 478 (1986) Bradly V United States 397, US 742, 748 25 L. Ed. 2d 747, 90 S. Ct. 1463 (1970) Smith V O'Grady 312 US 329, 334, 85 L. Ed. 859, 61 S. Ct. 572 (1941).

The petitioner went so far as to present his claim to the US Justice Department, The Southern Poverty Law Center, and in a desperate cry for justice the presiding Judge of the Court of Criminal Appeals himself Honorable "Bucky" McMillian in the Affidavit in support of mandamus (See petitioner exhibit ( 6c )

The petitioner could do no more than what he has done, the US Constitutional violations should not be excused, and if excused they would cause a fundamental miscarriage of Justice in this case.

## Conclusion

Melvin Smith prayerfully asks this Court to grant the relief asked for by the Petitioner, and not to allow this miscarriage of Justice to continue. The Petitioner has been unconstitutionally incarcerated, separated from his wife and their children over seven (7) years because of this injustice inflicted on this family by the respondents and explained throughout this habeas corpus petition.

Done this 12th day of December 2007.

Respectfully Submitted,

*Melvin Smith* #204766

Melvin Smith #204766

Certificate of Service

I hereby certify that on this 12th day of December 2007, I, the Petitioner, Melvin Smith, have mailed by United States Postal Service a copy of this document to the following: Motion to Add Additional Attachments and Supplemental Response sent Also At the same time.

Office of the Clerk
United States District Court
PO Box 711
Montgomery, Al 36101-0711

Stephen N. Dodd
Alabama Attorney General's Office
11 South Union Street
Montgomery, AL 36130-0152

Respectfully Submitted,

*Melvin Smith #204766*

Melvin Smith #204766