| | | |
|---|---|---|
| STATE OF ALABAMA | ) | IN THE CIRCUIT COURT OF |
| | ) | |
| PLAINTIFF, | ) | RUSSELL COUNTY, ALABAMA |
| | ) | |
| VS. | ) | CASE NO.: CC 97-95.60 |
| | ) | |
| MELVIN SMITH | ) | |
| | ) | |
| DEFENDANT. | ) | |

### ORDER

Upon consideration of sworn testimony taken in open court, the court finds that the Petition for relief filed by Petitioner, Melvin Smith pursuant to Rule 32 of the Alabama Rules of Criminal Procedure is due to be dismissed.

On August 22, 2001 this Court previously dismissed all of the Petitioner's claim except his claim, which alleged ineffective assistance of appellate counsel. Petitioner claimed that the Hon. Richard Chancey failed to file a motion for new trial on the basis of ineffective assistance of trial counsel and failed to file a motion for additional time to better prepare an appellate argument.

The Court finds from the evidence that the Petitioner, Melvin Smith, knowingly and voluntarily waived assistance of counsel. He appeared before the Hon. Wayne Johnson on April 29, 1997 and after being advised of his right to be represented by counsel, he voluntarily refused the appointment of counsel. On February 17, 1999, Petitioner appeared in the Circuit Court of Russell County and again voluntarily waived his right to be represented by counsel. The Court appointed the Hon. Greg Graham to advise the Defendant during trial should the Defendant decide to seek legal advice. Mr. Graham did participate in the trial and assisted the Defendant, Melvin Smith, but the failure to investigate the Defendant's case or interview witnesses is due directly to the Petitioner's insistence on representing himself.

Mr. Chancey cannot be held as rendering ineffective legal assistance on appeal. A failure to raise the issue of ineffective

assistance of counsel is due directly to the Defendant's insistence that he not be represented by counsel. It is therefore ORDERED that the petition for relief is hereby dismissed.

**DONE** this the 14th day of February, 2002.

_____
JUDGE, CIRCUIT COURT

IN THE Court of CRIMINAL APPEALS
~~IN THE Circuit Court of Russell County~~

(1) OF 5

COPY

Melvin Smith #204766
Appellant,

Vs.

State of Alabama
Appellee,

CR.-02-0132
CR.-02-1248
Case No: CC97-95.

## AFFIDAVIT IN Support OF MANDAMUS

Comes now Petitioner Melvin Smith pursuant to the Appropriate Rules and Authority Respectfully moves this Honorable Court and its Presiding Judge; The Honorable H.W. "Bucky" McMillian to order Trial Court to grant Melvin Smith's petition due to Court's plain and Reversable Errors in this Cause.

On Oct 25, 2002 Judge McMillian did order in CR.02-0132, CC97-95.61 transferred back to Russell County Circuit Court in which Circuit Court failed to obey or comply with order; therefore petitioner Melvin Smith respectfully ask for Summary Judgement that CC97-95.61 be granted or that this case be sent back to the Trial Court with instruction to fix this case promptly. This case is clearly an unfair trial and there are Numerous Violations of State and Federal Laws, The Circuit Court could have and should have corrected these when it had the

Mr. Smith and denying documented facts that were presented to it (them) in the Record. The Record clearly shows that...

(A) Trial Court failed to provide Mr. Melvin Smith with an Attorney during critical stages of the proceedings (Strickland vs. Washington)

(B) Trial Court failed to inquire into Mr. Melvin Smith's competence (Mental Health records clearly show that Mr. Smith had been diagnosed with a number of mental illnesses prior to, during and after proceedings.

(C) Trial Court failed to conduct a hearing to see if Mr. Smith could knowingly and intelligently understand that he was waiving his Right to Counsel (Due process violation)

(D) The waiver was invalid and defective according to State and Federal Laws (Done two (2) years prior to trial and was not signed by Trial Judge, defendent and his Attorney see Record)...

(E) Trial Court lacked Jurisdiction (because of invalid waiver and violation of Due process)...

(F) Attorney Greg Graham failed to investigate and perform to the standard guaranteed by and in the Constitution of the United States (Strickland vs Washington)...


(G) Appellate Counsel Richard Chancey was ineffective because he had mental health records prior to sentencing but failed to present them to court as grounds for a new trial (see trial transcript page 157)... Mr. Chancey was ineffective because he failed to present and file mental illness issue on direct appeal.

The United States of America Constitution guarantees the right to a fair trial Judge McMillian, Sir with all due respect Mr. Melvin Smith and his family has not had a fair trial and what is so wrong your Honor is that the trial court places the blame on <u>Mr. Smith</u> a legally mental ill defendent with no legal training instead of on those trained professionals whose responsibility and blame it truly falls on to ensure that justice is served which it has not been in this case, "A innocent man remains behind bars away from his wife and children in order to keep the trial court from accepting it's responsibility to provide a fair trial where the adversarial proceeding are put to the test; not just a defendent thrown to the wolves; Therefore Mr. Smith respectfully ask the Court to Order the Russell County Circuit Court to grant CC97-95.61 and to set aside sentence and judgement

And Return Mr. Smith to Court for a new trial or with specific instructions to fix this case at the lowest level immediately. Furthermore CC97-95.61 has already been allowed to proceed prior and ruled on (see "CR.02-0132") September 6, 2002 but because trial court violated Rule 32.2, 32.2(B) and 32.6(A) of AL Code and 32.4(A) of the Arizona Rules of Criminal procedures. It is further noted that the court respectfully should have reversed and remanded CC97-95.61 with more specific orders to trial court to grant Mr. Smith a new trial or other relief of some sort, because of trial court's ruling on Petitioner's to set aside sentence and Judgement where it (Trial Court) had no Jurisdiction to make such ruling (see Exhibit A

Russell County Circuit Court has failed to obey and comply with Judge McMillian's Order transferring cause back to them. Trial Court has not notified Mr. Smith nor has it tried to correct it's violations of State and Federal Laws and this miscarriage of Justice by Returning Mr. Melvin Smith #204766 to court for a new trial or Evidentiary hearing on these issue which are properly before

the Court at Least for the Record's sake and Justice or to grant Relief in said case.

The Appellate Court by transferring case back to Trial Court without specifics orders to Trial Court to set aside Sentence and Judgement seems <u>Respectfully</u> and I emphasize <u>Respectfully</u> to only perpetrate Justice in light of an unfair trial where the trial court received the evidence of Mr. Smith's Mental Conditions and history but failed to correct the errors, whether deliberate or oversight who knows!

## Conclusion

Mr. Smith's CC97-95.61 should be granted on Summary Judgement; because Trial Court was ordered to transfer cause for further action after issuance of Certificate of Judgement in CC97-95.60 it failed to obey and comply; therefore the Motion to Set aside sentence and Judgement should be granted within 30 days and Mr. Smith Released or Mr. Smith should at the least be allowed to proceed <u>Forma Pauperias</u> so that Justice can be achieved in this case.

## Certificate of Service

I hereby certify that I have served a copy of this Affidavit in Support of Mandamus on the Appellee'(s) as follows:

Hon. H.W. "Bucky" McMillian, Presiding Judge of the Alabama Court of Criminal Appeals
P.O. Box-301555 Montgomery, AL 36130-1555

Hon. George R. Greene, Judge - P.O. Box 820
Phenix City, AL 36868-0820

Hon. Kathy S. Coulter, Clerk - P.O. Box 518
Phenix City, AL 36868-0518

Office of the Attorney General - 11 South Union Street Montgomery, AL. 36130 by placing a copy of the same in the U.S. mail postage pre-paid, this 15 day May, 2003.

Southern Poverty Law Center Investigative Division - P.O. Box 2087
Montgomery AL. 36102-2087

Respectfully Submitted,

Melvin Smith #204766
Bullock Corr. Facility
P.O. Box 5107
Union Springs, AL 36089

**ARGUMENTS**

I. **The trial court was correct in the way it summarily disposed of all Smith's claims that were not ineffective assistance of counsel claims.**

Smith's Rule 32 petition raised claims concerning his arrest warrant, his indictment, the sufficiency of the State's evidence, and whether his waiver of trial counsel was intelligently made. All of these were claims Smith could and should have raised at trial, and on direct appeal. They are, therefore, as the trial court found in its August 23, 2001 Order, precluded under ALA. R. CRIM. P., Rules 32.2(a)(3) and (a)(5).

II. **The trial court disposition of Smith's ineffective assistance of counsel claims was also ultimately proper.**

The trial court was also correct in the way it disposed of Smith's ineffective assistance of trial counsel claims. Smith was convicted on March 17, 1999. (DA. R. 151) He was sentenced on April 30, 1999. (DA. R. 158) Smith's trial counsel's motion to withdraw from the case was granted on June 15, 1999. (DA. C. 77)

Because Smith's appellate counsel was not appointed until more than forty-two days after Smith's sentencing,

8

RECEIPT OF
APPELLATE Counsel
RICHARD CHANCEY

**Receipt No. 146179**
- DATE: 4/27/99
- RECEIVED FROM: SouthTrust Bank
- Amount: $800.00
- Eight Hundred & no/100 DOLLARS
- FOR: Atty Fee / Melvin Smith
- ACCOUNT: 4,000.00
- PAYMENT: 800.00
- BAL. DUE: 3,200.00
- CHECK
- BY: RLC

For Deposit Only
Richard L. Chancey
Attorney at Law

**Receipt No. 146190**
- DATE: 5/3/99
- RECEIVED FROM: Willie Bell Johnson (Southtrust)
- Amount: $1200.00
- One thousand two hundred & no/100 DOLLARS
- FOR: Melvin Smith
- PAYMENT: 1200 —
- CHECK
- BY: RLC

Richard L. Chancey
Attorney At Law
P.O. Box 1369
Phenix City, AL 36867

Mr. Melvin Smith #204766
P.O. Box 5107
Union Springs, AL 36089

Office of the Clerk
United States District Cou[rt]
P.O. Box 711
Montgomery, ALABAMA 361[01]