IN THE DISTRICT COURT OF THE UNITED STATES

FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

MELVIN SMITH #204766   )
   Petitioner   )
      )
Vs.   ) Civil Action 3:05-CV- 470-MHT
      )
ARNOLD HOLT et. al.,   )
   Respondents   )
      )

## SUPPLEMENTAL ANSWER CONTINUED

Comes now Melvin Smith "Pro-se" accordingly do present to the Court these facts which caused the procedural default. These were cause by the trial court's and the appointed counsel and the appellate counsel's ineffectiveness.

## "CAUSE AND PREJUDICE"

The trial court and the court of criminal appeals did error in stating that the claims in the petitioner's 2001-rule 32 petition were precluded by the one year statue, because at the time of the petitioner's conviction he fell under the two year statue. This in itself was a violation of the petitioner's Constitutional rights, which was a contributing factor to the procedural default to occur, the state-court's refusal to apply the proper decision was contrary to and also involved and unreasonable application of clearly established law; WILLIAMS v. TAYLOR, 529 U.S.362,146 L Ed 2d 389, 120 S.Ct 1495(2000), STRICKLAND v. WASHINGTON,446 U.S.668,80 L Ed 2d 674,104 S.Ct2052. The trial court unlawful, and deliberate erroneous decisions, and the counsel's failure to investigate, which he was obligated to conduct was the cause, and it also prejudiced the petitioner under the meaning of STRICKLAND v. WASHINGTON; by denying the petitioner counsel at the arraignment, the trial court's decision was both "contrary to"

3

and "involved and unreasonable application of "clearly established federal law, as determined by the United States Supreme Court. The court went on to say that, a federal court may grant a writ of habeas corpus if a state court(a)applies a rule that contradicts the governing law set forth in the United States Supreme Court's cases, or (b)decides a case differently than the Supreme Court has on a set of materially indistinguishable facts; and under{2254(d)(1)'s "unreasonable application" clause, a federal court may grant a writ of habeas corpus if a state court identifies the correct governing legal principle from the Supreme Court's decision but unreasonably applies that principle to the of a prisoner's case, as was done in the present case of Melvin Smith the petitioner, when the state court placed the blame for the failure to investigate on the petitioner, rather than the counsel appointed to represent the petitioner in these proceedings( see rule 32 denial from 2-14-2001); WILLIAMS v.TAYLOR at 391; STRICKLAND v. WASHINGTON, and if the petitioner represented himself then the trial court failed to conduct a hearing on the matter of his ability to do so, seeing that the petitioner had been diagnosed with paranoid schizophrenia in violation of his Constitutional rights guaranteed by the United States of America, FARETTA v. CALIFORNIA.

These actions by the trial court caused the procedural default, and the petitioner is being prejudiced because he is in prison and his liberty has been taken away. The trial court failed to protect the petitioner's right to counsel at the arraignment stage, the pleadings that were necessary at that stage were procedurally barred, prejudicing the petitioner and causing a miscarriage of justice to occur; SCHLUP v. DELO,513 U.S. 298,130 L Ed 2d 808,115 S.Ct 851; also when the district attorney withheld favorable DNA maliciously in violation of the petitioner's United States Constitutional rights. The DNA would have cooborated the petitioner's testimony at trial and no reasonable juror would have found the petitioner guilty of rape first degree after Ms. Thomas was caught lying, and with the evidence that the DNA was not consistent with the petitioner's (see petitioner exhibit 1a-8a department of forensic sciences), MURRAY v. CARRIER, 477U.S.478, 91 L Ed 2d 397, 106 S.Ct 2639 at 495 these Constitutional errors resulted in the conviction of one who was actually innocent of rape first degree.

The counsel's failure to investigate is a Constitutional violation of the petitioner's 6th Amendment right to effective counsel as guaranteed by the United States Constitution, this also aided the cause and prejudiced the petitioner, STRICKLAND v. WASHINGTON; The trial court committed a violation of the petitioner's Constitutional Rights when it allowed

investigators to interrogate the petitioner without counsel, and also by allowing those false statements to be introduce into evidence at trial, again in violation of Melvin Smith's United States Constitutional Rights, BRADY v. MARYLAND, 373 U.S.10 L Ed 2d, 215 83, S.Ct 1194. In WILLIAMS v. TAYLOR, 529 U.S. 362,146 L Ed 2d 389, 120 S.Ct.1495, the Court wrote in its opinion that "close examination of the state court judgment, a federal court is firmly convinced that a federal Constitutional Right has been violated. Our difference is as to the cases in which, at first blush, a state-court judgment seems entirely reasonable, but thorough analysis by a federal court produces a firm conviction that, that judgment is infected by Constitutional error. In our view, such an erroneous judgment is "unreasonable" within the meaning of the Act even though that conclusion was not immediately apparent. If, after carefully weighing all the reasons for accepting a state – court's judgment, a federal court is convinced that a prisoner's custody- or, as in this case violates the Constitution, that independent judgment should prevail". The petitioner Melvin Smith was prejudiced by these Constitutional violations, because the probability that, but for the trial court's denial of counsel at the arraignment stage HAMILTON v. ALABAMA,368 U.S. 52,82 S.Ct.157, 7 L Ed 2d, and the trial court's failure to conduct a hearing concerning his mental competency, the result of the proceedings would have been different and counsel's failure to investigate. There is no possible way after analyzing the record that the Court can have confidence in the outcome of this trial, at 694, 80 L Ed 2d 674,104S.Ct 2052. The rule in STRICKLAND qualifies as "clearly established Federal Law" and it is because of these Constitutional violations which caused the procedural default in the first place and surely the petitioner was prejudiced by these violations of his Constitutional Rights, because he is presently in prison and he is being unconstitutionally confined by the respondents due to these Constitutional violations inflicted by the trial court and his counsel's failure to investigate. Melvin Smith the petitioner is entitle to relief, because the state-courts failed to apply the STRICKLAND test at the time that the state-court entertained the petitioner's ineffective of counsel claims. The trial court's explanations of his claims are "contrary to" and involved an unreasonable application of that established law. As well as their denial of the petitioner's mental competency claim, and denying the petitioner counsel at the arraignment; again all these actions show the cause and how they prejudice the petitioner, and are absolutely contrary to and involves an unreasonable application of federal law, see WILLIAMS v. TAYLOR; there are just to many Constitutional violations in this case to be coincidental; therefore they were

intentionally done to unconstitutionally tilt the scales of justice in the state's favor. Furthermore, the trial court's refusal, and counsel's failure to investigate caused and allowed the testimony of the Chief of police in Hurtsboro to go unheard, which would have again been favorable to the petitioner, and would have had tremendous weight on the outcome of the trial; because Chief Jay King did the initial and only investigation of this case and his conclusion was that Melvin Smith had not raped Ms. Thomas nor was there any indication of a knife involved,(see sworn affidavit attached hereto);CARDWELL v. GREENE, 152 F.3d 331(ca4), cert denied, 525U.S.1037,142 F.Ed 2d 491,119 S.Ct 587(1998). In U.S. v. RON PAIR ENTERPRISES,INC.,489 U.S. 235,241, 103 L.Ed 2d,290,109S.Ct.1026(1989);{2254(e)(2)which begins with a conditional clause, "If the applicant has failed to develop the factual basis of a claim in state-court proceedings," which directs attention to the prisoner's efforts in state- court, we (the Court ) ask first whether the factual basis was indeed developed in state-court, a question susceptible, in the normal course, of a simple yes or no answer. The respondents would have the analysis begin and end there. Under its no-fault reading of the statue, if there is no factual development in the state-court, the Federal habeas court may not inquire into the reasons for the default when determining whether the opening clause of {2254(e)(2)applies. The Court went on to say we do not agree with the interpretation of the word "failed". We do not deny "fail" is sometimes used in a neutral way, not importing fault or want of diligence. So the phrase "we fail to understand his argument" can mean simply "we cannot understand his argument". This is not the sense in which the word "failed" is used here, however. The Court goes on to state plainly that under [1e] at the opening clause of {2254(e)(2) a failure to develop the factual basis of a claim is not established unless there is a lack of diligence, or some greater fault, attributable to the prisoner or the prisoner's counsel. In this we agree with the Court of appeals and with all other courts of appeals which have addressed the issue. See, e.g., BAJA v. DUCHARME,187 F. 3d 1075,1078-1079(ca9 1999); MILLER v. CHAMPION,161 F.3d1249(CA10 1998); CARDWELL,152 F.3d, at 337; McDonald v. JOHNSON, 139 F.3d, 1056,1059(ca5 1998); BURRIS v. PARKE,116 F. 3d, 256,258(ca71997); and also KEENEY v. TAMAYO-REYES,504U.S.1,118 L.Ed 2d 318,112 S.Ct.1715(1992)[529 US 433]. By not allowing the petitioner to call Hurtsboro's police Chief Jay King and not calling Dr.Robert Kim who had prior knowledge of the petitioner's relationship with Ms. Thomas, and who himself (Dr. Kim)had made effort to obtain Annette Thomas a job in Washington, D.C. for the petitioner at the Department of Finance and

6

Auditing. These tactics which aided this miscarriage of justice by the state, not only prejudiced the petitioner Melvin Smith but it also stop him from being able to develop these facts in the state-court and was one of the causes of the procedural default and prejudice Melvin Smith, because the trial court would not allow any of his collaborating witnesses to be called at his trial, making the trial unfair and allowing a fundamental miscarriage of justice to occur; WAINWRIGHT v. SYKES, 433 US 72,87-88,53 L Ed 2d 594, 97 S.Ct.2497(1977); KEENEY, supra, at8,118 L Ed 2d,318,112 S.Ct.1715. See also WILLIAMS v. TAYLOR, ante, at 412-413,146 L Ed 2d, at423(majority opinion) interpreting{2254(e)(2)(B)[28USCS}{2254(e)(2)(B)] "The "failed" to develop" clause does not bear this harsh reading, which would attribute to Congress a purpose or design to bar evidentiary hearing for diligent prisoners with meritorious claims just because the prosecution's conduct went undetected in state-court as it did in the petitioner Melvin Smith case, but should be evident at this stage. The Court went on to say "We see no indication that Congress by this language intended to remove the distinction between a prisoner who is at fault and one who is not. Remembering O'SULLIVAN v. BOERCKEL,526 US 838,844,144 L Ed 2d 1,119 S.Ct.1728 and the language therein "For state-courts to have their rightful opportunity to adjudicate federal rights, the prisoner must be diligent in developing the record and presenting, " if possible" all claims of Constitutional error. Emphasis on "if possible," UNITED STATES v. LOCKE, ante, at 105, 146 L Ed 2d 69, 120 S.Ct.1135 (2000). The voir dire was not transcribed is directly related to the Asst. D.A's attempt to cover-up this miscarriage of justice and mislead this Court. Numerous of the petitioner's United States Constitutional Rights were violated, see WILLIAMS v.NETHERLAND, CIV. ACTION NO.3:96-cv529(ED VA, Apr.13,1998),App.529,557,also see SMITH v. PHILLIPS, 455 US 209,217,219-221,71 L Ed 2d 78,102 S.Ct.940(1982), DONNELLY v. DECHRISTOFORO,416 US 637,647-648,40 L Ed 2d 431,94S.Ct.1868(1974); It has taken the petitioner some time to develop these facts and his failure to argue them was of no fault of his own, seeing that he was mentally incapacitated, and these things were very well camouflaged at the onset of these proceedings, and through much pain staking effort have become more evident that the petitioner has suffered a fundamental miscarriage of justice, caused by these facts presented in the petitioner's writ; FAY v. NOIA,372 US 391,9 L Ed 2d 837, 83S.Ct.822. In ENGLE v. ISAAC, 456 US 107,71 L Ed 2d 783,102S.Ct.1558, "the cause and prejudice standard will be met in those cases where review of a state

prisoner's claim is necessary to correct "a fundamental miscarriage of justice" at 135. COLEMAN v. THOMPSON,501 US 1277,115 L Ed 2d 1109,112 S.Ct.27, MURRAY v. CARRIER,477 US 478, 496, 91 L Ed 2d 397,106 S.Ct.2639(1986)( "Where a Constitutional violation has probably resulted in the conviction of one who is actually innocent, a federal habeas court may grant the writ even in the absence of a showing of cause for the procedural default"). SMITH v. MURRAY,477 US 527,537[91 L Ed 2d 434,106 S.CT.2661](1986). "HARRIS v. REED, 489 US 255,103 L Ed 2d 308,109 S.Ct.1038 (1989)" "If the procedural default is the result of ineffective assistance of counsel, or the denial of counsel, the Sixth Amendment itself requires that responsibility for the default be imputed to the state." 477 US at 488, 91 L Ed 2d 397,106 S.Ct.2639. in other words, it is not the gravity of the attorney's error that matters, but that it constitutes a violation of the petitioner's right to counsel, so that the error must be seen as an external factor "imputed to the state." See also EVITTS v. LUCEY,469 US 387,396,83 L Ed 2d 821,105 S.Ct.830(1985); also HAMILTON v. ALABAMA,368 US 52,82 S.Ct.157,7 L Ed 2d.
This petitioner's habeas corpus should be granted and the relief sought therein, the right to counsel at every stage of the proceedings is the cause and the petitioner is prejudice by the state-court failure to protect his right: Furthermore there are numerous other Constitutional violations such as appointed counsel's failure to investigate, failure to conduct hearing into Melvin Smith's mental competency these are clear just to mention a few.

Respectfully submitted

*Melvin Smith #204766*

MELVIN SMITH #204766
Done this _18th_ day of
_March_ 2008

CERTIFICATE OF SERVICE

8

I the petitioner Melvin Smith#204766 have mailed on this ___18th___ day of ___March___ 2008 to the following:

OFFICE of the Clerk
United States District Court
P.O.Box 711
Montgomery, Alabama 36101-0711


Stephen N. Dodd
11 South Union Street
Montgomery, Alabama 36130-0152


                                           Respectfully Submitted
                                           Melvin Smith #204766
                                           Done this __18th__ day of

March 2008

9

Mr. MELVIN SMITH #204766
P.O. BOX 5107
UNION SPRINGS, ALABAMA 36089



OFFICE OF THE CLERK
UNITED STATES DISTRICT COURT
P.O. BOX 711
MONTGOMERY, ALABAMA 36101-0711

36101+0711-11 B007