IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA EASTERN DIVISION

MELVIN SMITH #204766 )
    Petitioner )
     )
Vs. ) Civil Action 3:05-CV-470-MHT
     )
     )
ARNOLD HOLT et. al., )
    Respondents )
     )

Comes now Melvin Smith "Pro-se" prayerfully ask this honorable court to grant his petition because of the state's refusal to adjudicate these claims in violationof the United States Constitutional right to counsel: <u>Strickland Vs. Washington</u> 446 U.S. 668, 80L Ed2d 674, 104 S. Ct 2052. The state denied Melvin Smith the petitioner counsel at the arraignment stage of these legal proceedings in total violation of Melvin Smith #204766 U.S. Constitutional rights of his 6th and 14th amendments as guaranteed by the U.S. Constitution. Thus depriving him of his federal equal civil rights, illegally, coruptly and knowingly in advance of trial. As the Court is aware of, the arraignment is the most critical stage of the proceedings, especially in the case where mental illness is an issue because this is when certain pleadings must be done, and if not they are waived or are not allowed to be pleaded; as the state knew. This was deliberate and done by the state, and their refusal to adjucate this jurisdiction claim is evidence of the denial of counsel at the arraignment stage of the proceedings.

The petitioner, Melvin Smith's Mental health records, diagnosis of paranoid schizophrenia are mentioned throughout the record, even pointed out to the trial court during the sentencing phase which the trial court refused to accept because they were not presented earlier in the proceedings. These mental health records have been presented to this Honorable Court as they were presented to the trial court, Court of Criminal Appeals and Alabama Supreme Court with specific diagnosis which they refuse to adjucate this claim on its merit which an evidentiary hearing will clearly show that Melvin Smith's mental competency was ignored in violation of his United States Constitutional Rights guaranteed by the United States of America <u>Faretta Vs. California</u>

In denyingthe petitioner's Rule 32 the trial court did not consider how the state was in contempt of the court, when it blatantly refusedto obey the Court of Criminal Appeals October 25 2002 order for over (5) years. Where is the justice in such behavior by the state? For these reasons the Habeas Corpus Petition should be granted. The record itself shows that these claims are true and the petitioner does *Not Abandon* any of his claims.

Done this 18th day of March 2008      Respectfully Submitted

                                                                *Melvin Smith #204766*

                                                          Melvin Smith #204766