IN THE DISTRICT COURT OF THE
UNITED STATES OF THE MIDDLE
DISTRICT OF ALABAMA
EASTERN DIVISION

Melvin Smith,
    Petitioner,

Vs.   ) Civil Action 3:05-CV-470-MHT
    )
    )
Arnold Holt, et. al.,   )
    Respondents.   )

<u>Objection to Magistrates Recommendation</u>

Comes now the Petitioner Melvin Smith, Pro-Se, through inmate assistance in accordance with said rules objects to the Magistrates recommendation that his habeas corpus Petition be denied and dismissed with prejudice; for the following reason which will show the District Court that this trial was tainted by overwhelming and deliberate US Constitutional violations by the State. The Petitioner's Constitutional rights guaranteed by the United States have been violated by this gross miscarriage of justice by the State and by not granting the Petitioner's habeas corpus the Court would further this injustice.

I.

The Magistrates recommendation of the claim by the Petitioner that he was denied a full and complete transcript containing voir dire examinations and closing arguments prejudiced his direct appeal; therefore, the Magistrate failed to properly distinguish that the ineffectiveness of the appellate counsel is a substantive due process claim and can not be precluded by a period of limitations, <u>Washington V. Strickland</u> the appellate counsel had an obligation under the United States Constitution to secure a transcript which he failed to do in violation of the Constitutional rights guaranteed to the Petitioner as a

citizen of the United States of America. Furthermore, at the time of Smith's 2001 Rule 32 Petition the applicable period of limitation had not expired because the Petitioner came under the two (2) year statue not the one (1) year statue of limitation. All legal work was done by inmates not the Petitioner Melvin Smith. The Magistrates recommendation fails to consider that Melvin Smith, the Petitioner in the present cause before this District Court was on numerous medications for his mental illnesses and that there were diagnosed as early as 1985 by the Unites States Army and the Petitioner presented not only the 1997 progress notes, but he also presented to the Court other evidence from the Social Security Administration, the Merit System Protection Board, as well as qualified mental health physician Dr. Albert Von Oldenburg and other doctor from the V.A. who are experts in the field of mental illnesses. Furthermore, it is their expert opinion that should be considered in this area of the Petitioner's diagnosis, not the Magistrate who has never treated a mentally incompetent person and lacks the professional training to do so. Furthermore, ten out of ten mental health professions will plainly diagnose Melvin Smith incompetent to represent himself at any stage of the trial proceeding, nor could he make a knowing choice, yes voluntarily, but their isn't any way that it was knowingly considering what his doctors had diagnosed him as "being like a child" (See 1997 progress note, also M.S.P.B. opinion by Administrative Judge Richard Klein who refused to let Melvin Smith represent himself in an administrative proceeding, because of his diagnosed mental condition). The State clearly violated Smith's equal protection under the law guaranteed by the Constitution by failing to protect his not to be tried while in an incompetent State of being and by allowing him to be arraigned without counsel present. Faretta V. California, 422 US 806 (1975). If the Court would have conducted a hearing

appropriate findings of facts would have shown Smith to be unable to represent himself at any stage, especially the arraignment which is a critical stage of the proceedings.

Smith was never informed by the Court that Joel Collins had been appointed on Feb. 11, 1997 to represent at the arraignment nor was Mr. Collins present at the Petitioner's arraignment on March 18, 2007, and nor was he present on April 29, 1997; which the trial Court failed to inform Melvin Smith and to make sure the appointed counsel be present without requiring a pleading of Smith at his arraignment, essentially denying him counsel in violation of his 6th Amendment right to counsel at every stage of the proceeding and because of his mental illness it becomes even more frightening due to his paranoid schizophrenia. By requiring or compelling the Petitioner to make a pleading at the arraignment without counsel the State violated Melvin Smiths' 4th, 6th, and 14th Amendments of the Constitution of the United States, while the Magistrate clearly points out that Joel Collins was appointed to represent the Petitioner, he fails to make it known that Mr. Collins failed to be present at this critical stage of the proceedings, nor did the Court inform Melvin Smith that it had appointed Joel Collins to represent him at the arraignment therefore, the Petitioner was forced to make a pleading at the arraignment without counsel being there; Strickland V. Washington, 466 US 668, 80 L.Ed. 2 674, 104 S. Ct. 1052 (1984). For the trial Court to appoint counsel, but not require him to be at the arraignment, and to not inform the Petitioner amounts to denial of counsel at the arraignment stage of the proceedings in violation of the Constitution of the United States.

II.

The Petitioner could not have made a knowingly waiver of his right to representation by counsel, because the trial Court failed to conduct a hearing under

Faretta V. California, 422 US 806 (1975) when evidence existed and was present at the Russell County Jail of Melvin Smith's mental condition which the Magistrate failed to consider in his recommendation. The trial Court had access to these records even taking the Petitioner to numerous appointments.

### III.

The trial Court did err in summarily denying Smith's third Rule 32 Petition, in his recommendation the Magistrate fails to point out that claim three (3) had never been adjudicated not was it successive as the State claimed, therefore a response from the district attorney was required which again the Magistrate failed to point out in his recommendation.

### IV.

The Magistrate in his recommendation fails again to consider that because of Smith's mental illnesses that he was vulnerable to the suggestion that he had committed rape when no rape had actually occurred. Police Chief Jay King who did the only investigation of this case and sent in a sworn Affidavit said that this was not a rape as the State claims. The Petitioner was charged with the wrong crime which makes him actually innocent.

### V.

The recommendation by the Magistrate that the trial counsel's failure to investigate does not amount to ineffective assistance of counsel because he was only appointed to assist Smith is totally contrary when looked in light of the events. First, why would trial counsel who as the State testified and the Magistrate seems to accept this refuted testimony even in light of convincing contrary evidence; that evidence being the

pre-trial motions Greg Grantham filed. Greg Grantham filed these pre-trial motions, because he was told by the Petitioner from the onset that he had to handle the case, even filing a motion for more time to prepare a defense. Mr. Graham was not informed the same day as the trial as the trial Court and Mr. Graham suggest and as the Magistrate's recommendation fails to consider these vital pre-trial motions in his recommendation. It makes no sense in light of the pre-trial motions filed by Mr. Graham the trial counsel (see record) the State deliberately denied the Petitioner counsel until the last minute in violation of his US Constitutional rights in order to obtain a conviction in this case; Strickland V. Washington, 466, US 668, 80 L.Ed. 2 674, 104 S. Ct. 2052 (1984). Mr. Graham had an obligation to investigate, by not doing so he performed below the standard guaranteed by the Constitution Strickland V. Washington. In violation of the Petitioner's 6th Amendment rights, the Petitioner's appointed counsel was obligated by the US Constitution to conduct an investigation which he failed to do.

VI.

The appellate counsel was ineffective because he failed to file ineffective assistance of counsel on the trial counsel for his failure to investigate and his failure to subpoena key witnesses, namely Chief Jay King of the Hurtsboro Police Department and Dr. Robert Kim. The Magistrate's recommendation fails to consider these facts and furthermore States that the appellate counsel's failure to get a complete trial transcript is acceptable standard of performance on direct appeal is disturbing and contrary to the Constitution of the US Constitution.

VII.

The Petitioner was coerced into saying he had sexual intercourse by numerous suggestions by the State because of his mental illness. The rape kit will show that the Petitioner never penetrated that vagina, yes he had oral sex with her but there was never any penetration and no semen was found. Which had the Magistrate studied the record he would have made a different recommendation; Brady V. Maryland, 373 US 83 (1963).

## Conclusion

The Petitioner should be granted relief by the Court, because of the numerous US Constitutional violations the trial Court failed to make sure the Petitioner's appointed counsel was there during his arraignment on March 18, 1997 even failing to notify the Petitioner that they had appointed Joel Collins to represent him at his arraignment. Also the State failed to conduct a hearing into the Petitioners mental competency in violation of the US Constitution; Faretta V. California, ibid; Glass V. State [MS-CR-03-0136 April 30, 2004] Ala Crim. 2004; Riggins V. Nevada, 504 US 127 (1992).

Administrative Judge Richard Klein refused to allow Melvin Smith to represent himself during an administrative proceeding because of his mental illnesses, how could a criminal Court allow and why (Respondent EX11@30-50) Coleman V. Thompson, 501 US 722, 750 (1991). Although the "prototypical example of 'actual innocence' is the case where the State has convicted the wrong person of the crime;" the exception is equally applicable where, as here, the State has charged and convicted the Petitioner with the wrong crime; Schlup V. Delo, 513 US 324; Sawyer V. Whitley, 505 US 333, 339-41 (1992); Jones V. Delo, 56 F. 3d 878 (8th Cir. 1995).

WHEREFORE, premises considered, the Petitioner prays that the District Court will grant the appropriate relief.

Done this the 15th day of April, 2008.

Prayerfully Submitted,

*/s/ Melvin Smith* #204766
Melvin Smith #204766

## Certificate of Service

I, Melvin Smith #204766 have mailed a copy by US Postal service on the 15th day of April, 2008 to the following:

Office of the Clerk
United States District Court
P.O. Box 711
Montgomery, AL 36101-0711

Stephen N. Dodd
11 South Union Street
Montgomery, AL 36130-0152

Done this the 15th day of April, 2008.

Prayerfully Submitted,

Melvin Smith #204766

Mr. Melvin Smith #204766
P.O. Box 5107
Union Springs, Alabama 36089

 

Office of the Clerk
United States District Court
P.O. Box 711
Montgomery, Alabama 36101-0711

36101+0711-11 B007